# 18-1589(L)

## 18-1910(XAP)

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

◆

UNITED STATES OF AMERICA,

*Appellee-Cross-Appellant,*

—against—

REZA ZARRAB, aka Riza Sarraf, CAMELIA JAMSHIDY, aka Kamelia Jamshidy, HOSSEIN NAJAFZADEH, MOHAMMAD ZARRAB, aka Can Sarraf, aka Kartalmsd, MEHMET ZAFER CAGLAYAN, aka Abi, SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI,

*Defendants,*

MEHMET HAKAN ATILLA,

*Defendant-Appellant-Cross-Appellee.*

―――――――

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## APPENDIX
## VOLUME I OF IV
### (Pages A1 to A250)

GEOFFREY S. BERMAN
UNITED STATES ATTORNEY FOR
  THE SOUTHERN DISTRICT OF
  NEW YORK
SARAH K. EDDY
MICHAEL D. LOCKARD
ASSISTANT UNITED STATES
  ATTORNEYS
One St. Andrew's Plaza, Room 743
New York, New York 10007
(212) 637-2200

*Attorneys for Appellee-Cross-Appellant*
*  United States of America*

JOHN P. ELWOOD
JOSHUA S. JOHNSON
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW,
  Suite 500 West
Washington, DC 20037
(202) 639-6500

VICTOR J. ROCCO
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400

*Attorneys for Defendant-Appellant-*
*  Cross-Appellee Mehmet Hakan*
*  Atilla*

**TABLE OF CONTENTS**

PAGE

Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A1

Decision & Order (Sept. 29, 2016), [Dkt. 87] . . . . . . . . . . . . . . . . . . . . . . . A107

Decision & Order (Oct. 17, 2016), [Dkt. 90] . . . . . . . . . . . . . . . . . . . . . . . . A133

Third Superseding Indictment (Apr. 7, 2017), [Dkt. 212] . . . . . . . . . . . . . A169

Fourth Superseding Indictment (Sept. 6, 2017), [Dkt. 293] . . . . . . . . . . . . A198

Excerpts from Memorandum of Law in Support of
 Defendant Mehmet Hakan Atilla's Motion to Dismiss
 Superseding Indictment S4, or Alternatively for Severance
 (Oct. 9, 2017), [Dkt. 307] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A251

Excerpts from Government's Memorandum of Law in Opposition to
 Defendant Mehmet Hakan Atilla's Motions to Dismiss the
 Superseding Indictment and for Severance (Oct. 16, 2017),
 [Dkt. 308] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A274

Excerpts from Reply Memorandum of Law in Support of
 Defendant Mehmet Hakan Atilla's Motion to Dismiss
 Superseding Indictment S4, or Alternatively for Severance (Oct.
 23, 2017), [Dkt. 311] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A277

Defense's Letter to Court (Nov. 3, 2017), [Dkt. 326] . . . . . . . . . . . . . . . . . A289

Defense's Letter with Endorsement from Court (Nov. 3, 2017),
 [Dkt. 327] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A292

Excerpt from Defense's Letter to Court (Nov. 5, 2017), [Dkt. 329] . . . . . . A295

Tr. 1-9 (Nov. 6, 2017), [Dkt. 342] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A298

ii

PAGE

Tr. 1-3 (Nov. 20, 2017), [Dkt. 502] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A307

Order (Nov. 20, 2017), [Dkt. 350] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A310

District Court's Oral Ruling on Defendant Mehmet Hakan Atilla's
    Motion to Dismiss Superseding Indictment S4, or Alternatively
    for Severance, Tr. 12-23 (Nov. 16, 2017), [Dkt. 351] . . . . . . . . . . . . . A311

Defense's Motion for a Continuance (Nov. 27, 2017), [Dkt. 360] . . . . . . . A324

Order (Nov. 28, 2017), [Dkt. 363] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A331

Trial Tr. 1-4, 17-64, 117-24, 141-48, 165-76, 205 (Nov. 28, 2017),
    [Dkt. 400] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A334

Trial Tr. 206-09, 258-377 (Nov. 29, 2017), [Dkt. 404] . . . . . . . . . . . . . . . . A356

Trial Tr. 378-517, 526-27 (Nov. 30, 2017), [Dkt. 406] . . . . . . . . . . . . . . . . A388

Trial Tr. 528-31, 548-623, 628-30 (Dec. 1, 2017), [Dkt. 408] . . . . . . . . . . A425

Trial Tr. 631-749 (Dec. 4, 2017), [Dkt. 410] . . . . . . . . . . . . . . . . . . . . . . . . . A447

Trial Tr. 750-850 (Dec. 5, 2017), [Dkt. 412] . . . . . . . . . . . . . . . . . . . . . . . . . A474

Trial Tr. 851-948 (Dec. 6, 2017), [Dkt. 414] . . . . . . . . . . . . . . . . . . . . . . . . . A501

Trial Tr. 949-1096 (Dec. 7, 2017), [Dkt. 416] . . . . . . . . . . . . . . . . . . . . . . . . A527

Trial Tr. 1097-1241 (Dec. 8, 2017), [Dkt. 418] . . . . . . . . . . . . . . . . . . . . . . . A565

Trial Tr. 1242-45, 1286-93, 1326-73, 1378-93, 1402-04
    (Dec. 11, 2017), [Dkt. 420] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A603

Trial Tr. 1405-1524, 1545-52, 1557-64, 1577-80, 1617-20
    (Dec. 12, 2017), [Dkt. 422] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A624

iii

PAGE

Trial Tr. 1621-24, 1641-52, 1697-1704, 1729-40, 1745-52, 1765-68
(Dec. 13, 2017), [Dkt. 424]...................................... A661

Trial Tr. 1769-72, 1789-1830, 1843-50, 1875-78 (Dec. 14, 2017),
[Dkt. 426] .................................................... A674

Trial Tr. 1879-82, 1923-26, 1931-34, 1942-46, 1979-86, 2023-26
(Dec. 15, 2017), [Dkt. 428].................................... A688

Trial Tr. 2027-30, 2155-58, 2163-64 (Dec. 18, 2017), [Dkt. 430] ....... A697

Trial Tr. 2165-68, 2201-2236, 2245-2340 (Dec. 19, 2017),
[Dkt. 432] .................................................... A701

Trial Tr. 2341-2428 (Dec. 20, 2017), [Dkt. 434] ...................... A736

Trial Tr. 2529-40 (Jan. 3, 2018), [Dkt. 440] ......................... A759

Order with Attached Letters from Defense and Government
(Dec. 5, 2017), [Dkt. 369]...................................... A763

Government's Letter to Court (Dec. 6, 2017), [Dkt. 370] .............. A779

Defense's Motion for a Mistrial (Dec. 14, 2017), [Dkt. 377]........... A782

Excerpts from Government's Memorandum of Law in Opposition to
Mehmet Hakan Atilla's Motion for a Mistrial (Dec. 14, 2017),
[Dkt. 378] .................................................... A799

Defense's Motion for a Judgment of Acquittal Under Federal Rule of
Criminal Procedure 29(a) (Dec. 15, 2017), [Dkt. 381]............. A810

Excerpts from Government's Opposition to Defense's Motion for a
Judgment of Acquittal Under Federal Rule of
Criminal Procedure 29(a) (Dec. 16, 2017), [Dkt. 382]............. A818

iv

PAGE

Defense's Motion to Admit Recording and Transcript of
    Reza Zarrab's September 15, 2016 Phone Call
    with his Uncle (Dec. 18, 2017), [Dkt. 384] ........................ A822

Government's Opposition to Defense's Motion to Admit Recording
    and Transcript of Reza Zarrab's September 15, 2016 Phone Call
    with his Uncle (Dec. 18, 2017), [Dkt. 385] ........................ A834

Defense's Motion for a Mistrial (Dec. 20, 2017), [Dkt. 389] ............ A837

Corrected Decision & Order (Dec. 21, 2017), [Dkt. 393] ............... A843

Decision and Order (Jan. 2, 2018), [Dkt. 399] ......................... A847

Government Trial Exhibit 226-T (Transcript of Feb. 6, 2013
    Recorded Phone Call) ........................................... A854

Government Trial Exhibit 261-T (Transcript of July 9, 2013
    Recorded Phone Call) ........................................... A856

Government Trial Exhibit 269-T (Transcript of Sept. 26, 2013
    Recorded Phone Call) ........................................... A861

Government Trial Exhibit 295-T (Transcript of Apr. 10, 2013
    Recorded Phone Call with Time Stamp of 11:45:46 AM) ........... A863

Government Trial Exhibit 297-T (Transcript of Apr. 10, 2013
    Recorded Phone Call with Time Stamp of 6:58:31 PM) ............ A870

Government Trial Exhibit 6022 (Oct. 15, 2014 Email
    with Attachment) ............................................... A875

Government Trial Exhibit 6023 (Oct. 18, 2014 Email
    with Attachments) .............................................. A877

Government Trial Exhibit 6027 (Oct. 20, 2014 Email
    with Attachments) .............................................. A883

v

PAGE

Government Trial Exhibit 7020 (State Department Cable
    Summarizing Feb. 12, 2013 Meeting Between Treasury
    Department Officials and Halkbank Officials) . . . . . . . . . . . . . . . . . . . . . A886

Government Trial Exhibit 7028 (State Department Cable
    Summarizing Sept. 2012 Meeting Between Treasury
    Department Officials and Halkbank Officials) . . . . . . . . . . . . . . . . . . . . . A891

Government Trial Exhibit 7029 (State Department Cable
    Summarizing Feb. 28, 2013 Meeting Between Treasury
    Department Officials and Halkbank Officials) . . . . . . . . . . . . . . . . . . . . . A897

Defense Trial Exhibit 200 (Center for Strategic and International
    Studies, "Treasury's Role in National Security" (May 10, 2012)) . . . A900

Defense Trial Exhibit 201 (Dow Jones, U.S. Treasury's Top
    Terrorism Cop: How Financial Tools Fight Foes,
    Wall St. J. Blog, June 2, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A915

Defense Trial Exhibit 212 (Summary of Treasury Under Secretary
    David Cohen's Oct. 10, 2014 Meeting with Halkbank Officials) . . . . A919

Defense Trial Exhibit 320-T (May 16, 2013 Email from
    Mehmet Hakan Atilla) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A921

Court Exhibit OO (Jury Note – Jan. 3, 2018), [Dkt. 483] . . . . . . . . . . . . . . A927

Court Exhibit PP (Court's Response to Jury Note – Jan. 3, 2018),
    [Dkt. 484] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A928

Decision and Order (Feb. 7, 2018), [Dkt. 493], Which Includes as
    Attachments Government Demonstrative Exhibit 9502
    (Chart Created by Reza Zarrab to Describe Purported Gold
    Transactions) and Government Demonstrative Exhibit 9503
    (Chart Created by Reza Zarrab to Describe Purported Food
    Transactions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A929

vi

PAGE

Excerpts from Government's Sentencing Submission (Apr. 4, 2018),
[Dkt. 505] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A957

Order (Apr. 9, 2018), [Dkt. 507] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A960

Oct. 23, 2017 Letter from Turkish Embassy to U.S. Department of
State, Exhibit A to Defense's Letter in Response to
Court's Apr. 10, 2018 Order (Apr. 13, 2018), [Dkt. 509] . . . . . . . . . . A961

Excerpt from Government's Letter in Response to
Court's Apr. 10, 2018 Order (Apr. 13, 2018), [Dkt. 510] . . . . . . . . . . A962

Order (Apr. 16, 2018), [Dkt. 511] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A965

Sentencing Hr'g Tr. 1-12, 17-36, 77-83 (May 16, 2018),
[Dkt. 520] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A966

Judgment (May 16, 2018), [Dkt. 518] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A977

Defendant Mehmet Hakan Atilla's Notice of Appeal (May 25, 2018),
[Dkt. 525] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A982

Government's Notice of Appeal (June 25, 2018), [Dkt. 532] . . . . . . . . . . . A983

APPEAL,ECF,PRIOR

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:15-cr-00867-RMB All Defendants

Case title: USA v. Zarrab et al        Date Filed: 12/15/2015
Magistrate judge case number: 1:17-mj-02197-UA

---

Assigned to: Judge Richard M. Berman

**Defendant (1)**

**Reza Zarrab**        represented by    **Harry H. Rimm**
*also known as*                                   Sullivan & Worcester LLP(NY)
Riza Sarraf                                    1633 Broadway, 32nd Floor
New York, NY 10019
(212) 660-3000
Fax: (212) 660-3001
Email: hrimm@sandw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Aaron Todd Wolfson**
Lewis Baach Kaufmann Middlemiss
405 Lexington Avenue
62nd Floor
New York, NY 10174
(212)-822-0164
Email: aaron.wolfson@lewisbaach.com
*TERMINATED: 12/19/2016*
*Designation: Retained*

**Adam Michael Abensohn**
Quinn Emanuel Urquhart & Sullivan
LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7229
Fax: (212) 849-7100
Email:
adamabensohn@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Benjamin Brafman**

Brafman & Associates, P.C.
767 Third Avenue
New York, NY 10017
212-750-7800
Fax: 212-750-3906
Email: bbrafman@braflaw.com
*ATTORNEY TO BE NOTICED*

**Christine H. Chung**
Selendy & Gay PLLC
1290 Avenue of the America
New York, NY 10104
(212)-390-9000
Email: cchung@selendygay.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Daniel Rickert Koffmann**
Quinn Emanuel Urquhart & Sullivan
LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7617
Fax: (212) 849-7100
Email:
danielkoffmann@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Edmund G Lacour**
Kirkland & Ellis LLP (Washington)
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005
(202) 879-5000
Fax: (202) 879-5200
Email: edmund.lacour@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Edward Casey O'Callaghan**
Clifford Chance US, LLP (NYC)
31 West 52nd Street
New York, NY 10019
212-878-8000
Fax: 212-878-9375
Email:
edward.ocallaghan@cliffordchance.com
*ATTORNEY TO BE NOTICED*

Case 18-1910, Document 25, 09/05/2018, 2383239, Page10 of 257

**A3**

**Erich Christopher Ferrari**
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., Nw Suite 400
Washington, DC 20004
(202)-280-6370
Fax: (877)-448-4885
Email: ferrari@ferrariassociatespc.com
*ATTORNEY TO BE NOTICED*

**George D Kleinfeld**
Clifford Chance US LLP (DC)
2001 K Street, N.W.
Washington, DC 20006
202 912 5126
Email:
george.kleinfeld@cliffordchance.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jeffrey M Harris**
Kirkland & Ellis LLP (Washington)
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005
(202) 879-5000
Fax: (202) 879-5200
Email: jeffrey.harris@kirkland.com
*TERMINATED: 08/02/2017*
*PRO HAC VICE*
*Designation: Retained*

**Joshua D. Kirshner**
Brafman & Associates, P.C.
767 Third Avenue
New York, NY 10017
(212)-750-7800
Fax: (212)-750-3906
Email: jkirshner@braflaw.com
*ATTORNEY TO BE NOTICED*

**Marc Antony Agnifilo**
Brafman & Associates, P.C.
767 Third Avenue
New York, NY 10017
(212) 750-7800
Fax: (212) 750-3906
Email: magnifilo@braflaw.com
*ATTORNEY TO BE NOTICED*

**Paul D. Clement**
Kirkland & Ellis LLP (Washington)
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005
(202) 879-5000
Fax: (202) 879-5200
Email: paul.clement@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Tara Jordan Plochocki**
Lewis Baach PLLC
1899 Pennsylvaina Ave, NW
Suite 600
Washington, DC 20006
(202) 833-8900
Email: tara.plochocki@lewisbaach.com
*TERMINATED: 12/19/2016*
*PRO HAC VICE*
*Designation: Retained*

**Viet D. Dinh**
Kirkland & Ellis LLP (Washington)
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005
(202) 879-5000
Fax: (202) 879-5200
Email: viet.dinh@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Anthony Burck**
Quinn Emmanuel Urquhart & Sullivan,
LLP
777 6th Street NW 11th floor
Washington, DC 20005
202-538-8000
Fax: 202-538-8100
Email:
williamburck@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (1) | |

Case 18-1910, Document 25, 09/05/2018, 2383239, Page12 of 257

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1s)

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1ss)

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1sss)

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1ssss)

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1sssss)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
INTERNATIONAL EMERGENCY
ECONOMIC POWERS ACT)
(2)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
INTERNATIONAL EMERGENCY
ECONOMIC POWERS ACT)
(2s)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
INTERNATIONAL EMERGENCY
ECONOMIC POWERS ACT)
(2ss)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
INTERNATIONAL EMERGENCY
ECONOMIC POWERS ACT)
(2sss)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
IEEPA)
(2ssss)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE
INTERNATIONAL EMERGENCY
ECONOMIC POWERS ACT)
(2sssss)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3s)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3ss)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3sss)

18:1344A.F BANK FRAUD
(3ssss)

18:1344A.F BANK FRAUD
(3sssss)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4s)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4ss)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4sss)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK

Case 18-1910, Document 25, 09/05/2018, 2383239, Page14 of 257

FRAUD
(4ssss)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(4sssss)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(5ssss)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(5sssss)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(CONSPIRACY)
(6ssss)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(6sssss)

18:371.F CONSPIRACY TO COMMIT
AN OFFENSE AGAINST THE U.S.
(7sssss)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

Assigned to: Judge Richard M. Berman

**Defendant (2)**
**Camelia Jamshidy**
*also known as*
Kamelia Jamshidy

Case 18-1910, Document 25, 09/06/2018, 2383239, Page15 of 257

| **Pending Counts** | **Disposition** |
|---|---|
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (1) | |
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (1s) | |
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (1ss) | |
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (1sss) | |
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (1ssss) | |
| 50:1705.F PENALTIES, VIOLATES ANY LICENSE OR ORDER (CONSPIRACY TO VIOLATE THE INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT) (2) | |
| 50:1705.F PENALTIES, VIOLATES ANY LICENSE OR ORDER (CONSPIRACY TO VIOLATE THE INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT) (2s) | |
| 50:1705.F PENALTIES, VIOLATES ANY LICENSE OR ORDER (CONSPIRACY TO VIOLATE THE INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT) (2ss) | |
| 50:1705.F PENALTIES, VIOLATES ANY LICENSE OR ORDER (CONSPIRACY TO VIOLATE THE INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT) (2sss) | |
| 50:1705.F PENALTIES, VIOLATES ANY LICENSE OR ORDER (CONSPIRACY TO VIOLATE THE | |

Case 18-1910, Document 25, 09/06/2018, 2383239, Page16 of 257

IEEPA)
(2ssss)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3s)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3ss)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3sss)

18:1344A.F BANK FRAUD
(3ssss)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4s)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4ss)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4sss)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(4ssss)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(5ssss)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY

Case 18-1910, Document 25, 08/06/2018, 2383239, Page17 of 257

(CONSPIRACY)
(6ssss)

## Highest Offense Level (Opening)

Felony

| **Terminated Counts** | **Disposition** |
|---|---|

None

## Highest Offense Level (Terminated)

None

| **Complaints** | **Disposition** |
|---|---|

None

---

Assigned to: Judge Richard M. Berman

## Defendant (3)

**Hossein Najafzadeh**

| **Pending Counts** | **Disposition** |
|---|---|

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1)

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1s)

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1ss)

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1sss)

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1ssss)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
INTERNATIONAL EMERGENCY
ECONOMIC POWERS ACT)
(2)

Case 18-1910, Document 25, 09/06/2018, 2383239, Page18 of 257

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
INTERNATIONAL EMERGENCY
ECONOMIC POWERS ACT)
(2s)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
INTERNATIONAL EMERGENCY
ECONOMIC POWERS ACT)
(2ss)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
INTERNATIONAL EMERGENCY
ECONOMIC POWERS ACT)
(2sss)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
IEEPA)
(2ssss)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3s)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3ss)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3sss)

18:1344A.F BANK FRAUD
(3ssss)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4s)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4ss)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4sss)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(4ssss)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(5ssss)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(CONSPIRACY)
(6ssss)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Judge Richard M. Berman

**Defendant (4)**

**Mohammad Zarrab**
*also known as*
Can Sarraf

*also known as*
Kartalmsd

| **Pending Counts** | **Disposition** |
|---|---|

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1)

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1s)

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1ss)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
INTERNATIONAL EMERGENCY
ECONOMIC POWERS ACT)
(2)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
INTERNATIONAL EMERGENCY
ECONOMIC POWERS ACT)
(2s)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
IEEPA)
(2ss)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(3s)

18:1344A.F BANK FRAUD
(3ss)

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4)

Case 18-1910, Document 25, 08/06/2018, 2383239, Page21 of 257

18:1956-4999.F MONEY
LAUNDERING - FRAUD, OTHER
(CONSPIRACY)
(4s)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(4ss)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(5ss)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(CONSPIRACY)
(6ss)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Judge Richard M. Berman

**Defendant (5)**

| **Mehmet Hakan Atilla**<br>*TERMINATED: 05/16/2018* | represented by | **Gerald J Di Chiara**<br>Gerald J. Di Chiara, Esq.<br>3 Park Avenue. 31st Floor<br>New York, NY 10016<br>(212) 679-1958<br>Fax: (212) 307-6984<br>Email: JDiChiaraG@AOL.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
|---|---|---|
| | | **Joshua Lewis Dratel**<br>Law Offices of Joshua L. Dratel, P.C. |

29 Broadway, Suite 1412
New York, NY 10006
(212) 732-0707
Fax: (212) 571-6341
Email: jdratel@joshuadratel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Cathy Ann Fleming**
Fleming Ruvoldt PLLC
1700 Broadway, 28th fl.
New York, NY 10019
212-706-1850
Fax: 212-706-1899
Email: cfleming@flemingruvoldt.com
*ATTORNEY TO BE NOTICED*

**David Michael Rosenfield**
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
(212)-592-1513
Fax: (212)-545-3383
Email: drosenfield@herrick.com
*ATTORNEY TO BE NOTICED*

**Jonathan Adam Stern**
Fleming Ruvoldt PLLC
1700 Broadway
New York, NY 10019
(201)-518-7883
Email: jstern@flemingruvoldt.com
*ATTORNEY TO BE NOTICED*

**Joseph B. Evans**
McDermott, Will & Emery, LLP (NY)
340 Madison Avenue
New York, NY 10173
(212) 547-5767
Fax: (646) 417-7672
Email: jbevans@mwe.com
*ATTORNEY TO BE NOTICED*

**Robert J. Fettweis**
Fleming Ruvoldt PLLC
250 Moonachie Road, Suite 501
Moonachie, NJ 07074
201-518-7878

Fax: 201-518-7879
Email: rfettweis@flemingruvoldt.com
*ATTORNEY TO BE NOTICED*

**Thomas Elliott Thornhill**
Herrick, Feinstein LLP (NYC)
2 Park Avenue
New York, NY 10016
212-592-1400
Fax: 212-592-1500
Email: tthornhill@herrick.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Todd R. Harrison**
McDermott, Will & Emery, LLP (NY)
340 Madison Avenue
New York, NY 10173
(212)-547-5400
Fax: (212)-547-5444
Email: tdharrison@mwe.com
*ATTORNEY TO BE NOTICED*

**Victor J. Rocco**
Herrick, Feinstein LLP (NYC)
2 Park Avenue
New York, NY 10016
212-592-1400
Fax: 212-592-1500
Email: vrocco@herrick.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (1s) | IMPRISONMENT: 32 months on each count. Each term of imprisonment on each count to run concurrently with one another. |
| 50:1705.F PENALTIES, VIOLATES ANY LICENSE OR ORDER (CONSPIRACY TO VIOLATE THE IEEPA) (2s) | IMPRISONMENT: 32 months on each count. Each term of imprisonment on each count to run concurrently with one another. |
| 18:1344A.F BANK FRAUD (3s) | IMPRISONMENT: 32 months on each count. Each term of imprisonment on each count to run concurrently with one another. |

| | |
|---|---|
| 18:1349.F ATTEMPT AND CONSPIRACY TO COMMIT BANK FRAUD<br>(4s) | IMPRISONMENT: 32 months on each count. Each term of imprisonment on each count to run concurrently with one another. |
| 18:1956-4900.F MONEY LAUNDERING - BANKRUPTCY (CONSPIRACY)<br>(6s) | IMPRISONMENT: 32 months on each count. Each term of imprisonment on each count to run concurrently with one another. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 50:1705.F PENALTIES, VIOLATES ANY LICENSE OR ORDER (CONSPIRACY TO VIOLATE THE INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT)<br>(2) | Dismissed |
| 18:1349.F ATTEMPT AND CONSPIRACY TO COMMIT BANK FRAUD<br>(3) | Dismissed |
| 18:1956-4900.F MONEY LAUNDERING - BANKRUPTCY<br>(5s) | Acquitted by Jury. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 18:1349.F CONSPIRACY TO COMMIT BANK FRAUD, 50:1705.F IEEPA CONSPIRACY | |

---

Assigned to: Judge Richard M. Berman

**Defendant (6)**

**Mehmet Zafer Caglayan**
*also known as*
Abi

| **Pending Counts** | **Disposition** |
|---|---|

Case 18-1910, Document 25, 08/06/2018, 2383239, Page25 of 257

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
IEEPA)
(2)

18:1344A.F BANK FRAUD
(3)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(4)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(5)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(CONSPIRACY)
(6)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Judge Richard M. Berman

**Defendant (7)**

**Suleyman Aslan**

| **Pending Counts** | **Disposition** |
|---|---|

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
IEEPA)
(2)

18:1344A.F BANK FRAUD
(3)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(4)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(5)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(CONSPIRACY)
(6)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

Assigned to: Judge Richard M. Berman

**Defendant (8)**

**Levent Balkan**

| **Pending Counts** | **Disposition** |
| --- | --- |

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
IEEPA)
(2)

18:1344A.F BANK FRAUD
(3)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(4)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(5)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(CONSPIRACY)
(6)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Judge Richard M. Berman

**Defendant (9)**

**Abdullah Happani**

| **Pending Counts** | **Disposition** |
|---|---|

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED STATES
(1)

50:1705.F PENALTIES, VIOLATES
ANY LICENSE OR ORDER
(CONSPIRACY TO VIOLATE THE
IEEPA)
(2)

18:1344A.F BANK FRAUD
(3)

18:1349.F ATTEMPT AND
CONSPIRACY TO COMMIT BANK
FRAUD
(4)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(5)

18:1956-4900.F MONEY
LAUNDERING - BANKRUPTCY
(CONSPIRACY)
(6)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **USA** | represented by | **Emil Joseph Bove , III** |
|---|---|---|
| | | US Attorneys Office, SDNY |
| | | One St. Andrew's Plaza |
| | | New York, NY 10007 |
| | | (212) 637-2444 |
| | | Fax: (212) 637-2443 |
| | | Email: Emil.Bove@usdoj.gov |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Michael Dennis Lockard**
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2193
Fax: (212) 637-2527
Email: michael.lockard@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Sidhardha Kamaraju**
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-6523
Fax: (212) 637-2443
Email: sidhardha.kamaraju@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**David William Denton , Jr.**
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
212-637-2744
Email: david.denton@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Dean Constantine Sovolos**
U.S. Attorney's Office, Southern
District of New York
One St. Andrew's Plaza
New York, NY 10007
(212)-637-2213
Email: dean.sovolos@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/15/2015 | 2 | SEALED INDICTMENT as to Sealed Defendant 1 (1) count(s) 1, 2, 3, 4, Sealed Defendant 2 (2) count(s) 1, 2, 3, 4, Sealed Defendant 3 (3) count(s) 1, 2, 3, 4. (jm) (Entered: 03/22/2016) |

| 12/17/2015 | 1 | SEALED DOCUMENT placed in vault. (rz) (Entered: 12/17/2015) |
|---|---|---|
| 03/21/2016 | 3 | Order to Unseal Indictment as to Sealed Defendant 1, Sealed Defendant 2, Sealed Defendant 3. (Signed by Magistrate Judge Andrew J. Peck on 3/21/16) (jm) (Entered: 03/22/2016) |
| 03/21/2016 | | INDICTMENT UNSEALED as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh. (jm) (Entered: 03/22/2016) |
| 03/21/2016 | | Case Designated ECF as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh. (jm) (Entered: 03/22/2016) |
| 03/21/2016 | | Case as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh ASSIGNED to Judge Judge Richard M. Berman. Judge Judge Unassigned no longer assigned to the case. (jm) (Entered: 03/22/2016) |
| 03/21/2016 | | Attorney update in case as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh. Attorney Michael Dennis Lockard,Emil Joseph Bove, III,Sidhardha Kamaraju for USA added. (jm) (Entered: 03/22/2016) |
| 03/30/2016 | 7 | (S1) SUPERSEDING INDICTMENT FILED as to Reza Zarrab (1) count(s) 1s, 2s, 3s, 4s, Camelia Jamshidy (2) count(s) 1s, 2s, 3s, 4s, Hossein Najafzadeh (3) count(s) 1s, 2s, 3s, 4s. (jm) (Entered: 03/30/2016) |
| 04/14/2016 | 10 | NOTICE OF ATTORNEY APPEARANCE: Marc Antony Agnifilo appearing for Reza Zarrab. Appearance Type: Retained. (Agnifilo, Marc) (Entered: 04/14/2016) |
| 04/14/2016 | 11 | NOTICE OF ATTORNEY APPEARANCE: Joshua D. Kirshner appearing for Reza Zarrab. Appearance Type: Retained. (Kirshner, Joshua) (Entered: 04/14/2016) |
| 04/14/2016 | 12 | NOTICE OF ATTORNEY APPEARANCE: Benjamin Brafman appearing for Reza Zarrab. Appearance Type: Retained. (Brafman, Benjamin) (Entered: 04/14/2016) |
| 04/26/2016 | 13 | ORDER as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh. A conference (arraignment) is hereby scheduled for Wednesday, April 27, 2016, at 10:00 a.m. in Courtroom 17B of the Daniel Patrick Moynihan Courthouse at 500 Pearl Street, New York, New York 10007. The assistant U.S. Attorneys are requested to notify counsel and the parties. (Signed by Judge Richard M. Berman on 4/26/2016)(bw) (Entered: 04/26/2016) |
| 04/27/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman:Arraignment as to Reza Zarrab (1) Count 1,1s,2,2s,3,3s,4,4s held on 4/27/2016. AUSA Sid Kamaraju present; Defendant Reza Zarrab present with defense attorneys Benjamin Brafman, Marc Agnifilo, Joshua Kirshner present; Court Reporter present; Turkish Interpreter George Esayan present; defendant arraigned; defendant waives a public reading and a plea of not guilty is entered; defense does not request a detention hearing today - written submission to be made by defense counsel; Next conference is scheduled for 6/16/16 at 11:00 am; speedy trial time is excluded for the reasons set forth on the record from 4/27/16 to 6/16/16 pursuant to 18 USC 3161(h)(7)(A) and (B). (jw) (Entered: 04/27/2016) |

| 04/27/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman: Plea entered by Reza Zarrab (1) Count 1s,2s,3s,4s Not Guilty. (jw) (Entered: 04/27/2016) |
|---|---|---|
| 04/27/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman as to Reza Zarrab; Pretrial Conference set for 6/16/2016 at 11:00 AM before Judge Richard M. Berman. (jw) (Entered: 04/27/2016) |
| 04/27/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman:Initial Appearance as to Reza Zarrab held on 4/27/2016. (jw) (Entered: 06/03/2016) |
| 05/04/2016 | 14 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Conference held on 4/27/16 before Judge Richard M. Berman. Court Reporter/Transcriber: Ellen Simone, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/31/2016. Redacted Transcript Deadline set for 6/9/2016. Release of Transcript Restriction set for 8/5/2016. (McGuirk, Kelly) (Entered: 05/04/2016) |
| 05/04/2016 | 15 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Conference proceeding held on 4/27/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 05/04/2016) |
| 05/18/2016 | 16 | LETTER MOTION addressed to Judge Richard M. Berman from Benjamin Brafman dated 5-18-2016 re: Bail Application . Document filed by Reza Zarrab. (Attachments: # 1 Appendix Exhibits Part 1, # 2 Appendix Exhibits Part 2, # 3 Appendix Exhibits Part 3, # 4 Cover Letter)(Brafman, Benjamin) (Entered: 05/18/2016) |
| 05/19/2016 | 17 | ENDORSED LETTER as to (15-Cr-867-01) Reza Zarrab addressed to Judge Richard M. Berman from Attorney Ben Brafman dated May 18, 2016 re: We respectfully enclose a formal Memorandum in support of our application for Bail on behalf of Mr. Zarrab. ENDORSEMENT: Govt to respond by Noon on 5/25/16. Conference on 6/2/16 at 10:00 A.M. SO ORDERED: (Signed by Judge Richard M. Berman on 5/19/2016)(bw) (Entered: 05/19/2016) |
| 05/25/2016 | 18 | MEMORANDUM in Opposition by USA as to Reza Zarrab re 16 LETTER MOTION addressed to Judge Richard M. Berman from Benjamin Brafman dated 5-18-2016 re: Bail Application .. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Lockard, Michael) (Entered: 05/25/2016) |
| 05/26/2016 | 19 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION for Leave to File Reply Memorandum to Government's Memorandum in Opposition to Defendant's Motion for Bail . Document filed |

| | | |
|---|---|---|
| | | by Reza Zarrab. (Brafman, Benjamin) Modified on 5/26/2016 (ka). (Entered: 05/26/2016) |
| 05/26/2016 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Reza Zarrab: Notice to Attorney Benjamin Brafman to RE-FILE Document 19 MOTION for Leave to File Reply Memorandum to Government's Memorandum in Opposition to Defendant's Motion for Bail. Use the event type Letter Motion found under the event list Motions. (ka)** (Entered: 05/26/2016) |
| 05/26/2016 | 20 | LETTER MOTION addressed to Judge Richard M. Berman from Benjamin Brafman dated May 26, 2016 re: Leave to File Reply Memorandum . Document filed by Reza Zarrab. (Brafman, Benjamin) (Entered: 05/26/2016) |
| 05/26/2016 | 21 | MEMO ENDORSEMENT granting 20 LETTER MOTION filed by Reza Zarrab (1), addressed to Judge Richard M. Berman from Attorney Benjamin Brafman dated May 26, 2016 re: Leave to File Reply Memorandum. We respectfully submit, that given the Government's inaccurate and fundamentally flawed arguments contained in their opposition to our bail application, it is imperative that the Court permit us to submit a brief Reply Memorandum. Because of the intervening Holiday, we respectfully ask permission to file our Reply by Noon on Tuesday, May 31, 2016. ENDORSEMENT: Application Granted. SO ORDERED: (Signed by Judge Richard M. Berman on 5/26/2016) (bw) (Entered: 05/26/2016) |
| 05/26/2016 | | Set/Reset Deadlines/Hearings as to Reza Zarrab (1): Replies due by 5/31/2016. (bw) (Entered: 05/26/2016) |
| 05/31/2016 | 22 | REPLY MEMORANDUM OF LAW in Support as to Reza Zarrab re: 16 LETTER MOTION addressed to Judge Richard M. Berman from Benjamin Brafman dated 5-18-2016 re: Bail Application . . (Brafman, Benjamin) (Entered: 05/31/2016) |
| 05/31/2016 | 23 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated 5-31-16 re: Reply Memorandum (Brafman, Benjamin) (Entered: 05/31/2016) |
| 05/31/2016 | 24 | LETTER MOTION addressed to Judge Richard M. Berman from Sidhardha Kamaraju dated May 31, 2016 re: Permission to File a Response to Defendant's Reply . Document filed by USA as to Reza Zarrab. (Kamaraju, Sidhardha) (Entered: 05/31/2016) |
| 06/01/2016 | 25 | ENDORSED LETTER as to (S1-15-Cr-867-01) Reza Zarrab addressed to Judge Richard M. Berman from AUSAs Michael D. Lockard, Sidhardha Kamaraju, dated May 31, 2016 re: The Government respectfully requests permission to submit a brief response to the defendant's reply memorandum filed earlier today. ENDORSEMENT: Application granted in part as follows: limit of 10 pp double-spaced and file by 12:30 p.m. today. SO ORDERED: (Signed by Judge Richard M. Berman on 6/1/2016)(bw) (Entered: 06/01/2016) |
| 06/01/2016 | 26 | ENDORSED LETTER as to (S1-15-Cr-867-01) Reza Zarrab addressed to Judge Richard M. Berman from Attorney Ben Brafman dated May 31, 2016 re: We respectfully enclose the original affirmation of Joseph Jaffe, Chief |

Case 18-1910, Document 25, 08/06/2018, 2383239, Page33 of 257

| | | |
|---|---|---|
| | | Compliance Officer, Deputy General Counsel and Senior Managing Director of Guidepost Solutions, LLC as referenced in our Reply Memorandum in Support of Mr. Zarrab's Bail Application filed earlier today. Due to the sensitive nature of the security concerns discussed in the affirmation, we respectfully request that your Honor file this affirmation under seal. ENDORSEMENT: The Court believes that openness -- not sealing -- is invariably the best approach. The only privacy related matter in the Jaffe affirmation appears to be the address in paragraph 7 which may be redacted. The Jaffe affirmation should be refiled today on the public docket without the address. SO ORDERED: (Signed by Judge Richard M. Berman on 6/1/2016)(bw) (Entered: 06/01/2016) |
| 06/01/2016 | 27 | PROTECTIVE ORDER as to Reza Zarrab...regarding procedures to be followed that shall govern the handling of confidential material.... (Signed by Judge Richard M. Berman on 6/1/2016)(ft) (Entered: 06/01/2016) |
| 06/01/2016 | 28 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** RESPONSE in Opposition by USA as to Reza Zarrab re: 16 LETTER MOTION addressed to Judge Richard M. Berman from Benjamin Brafman dated 5-18-2016 re: Bail Application .. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Lockard, Michael) Modified on 6/1/2016 (ka). (Entered: 06/01/2016) |
| 06/01/2016 | 29 | AFFIRMATION of Joseph Jaffe in Support as to Reza Zarrab re: 22 Reply Memorandum of Law in Support of Motion. (Brafman, Benjamin) (Entered: 06/01/2016) |
| 06/01/2016 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh: Notice to Attorney Michael Dennis Lockard to RE-FILE Document 28 Response in Opposition to Motion,. Use the event type Reply Memorandum in Opposition to Motion found under the event list Replies, Opposition and Supporting Documents. (ka)** (Entered: 06/01/2016) |
| 06/01/2016 | 30 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated 6-1-16 re: Letter Consenting to Government's Application (Brafman, Benjamin) (Entered: 06/01/2016) |
| 06/02/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman: Bail Hearing as to Reza Zarrab held on 6/2/2016. AUSA Sid Kamaraju present; AUSA Michael Lockard present; Defendant Reza Zarrab present with defense attorneys Benjamin Brafman, Marc Agnifilo, Joshua Kirshner present; Court Reporter Rebecca Forman present; Turkish Interpreter Ecegul Elterman present; bail hearing held; evidence introduced; government to make written submission by 6/3/16; defense to respond by 6/7/16; see transcript of proceedings held for a complete record of hearing. (jw) Modified on 6/21/2016 (jbo). (Entered: 06/03/2016) |
| 06/06/2016 | 31 | LETTER MOTION addressed to Judge Richard M. Berman from Benjamin Brafman dated June 6, 2016 re: Motion Schedule and Trial Date . Document filed by Reza Zarrab. (Brafman, Benjamin) (Entered: 06/06/2016) |
| 06/07/2016 | 32 | |

| | | |
|---|---|---|
| | | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated 6-7-16 re: Government's "Letter" dated 6-3-16 (Brafman, Benjamin) (Entered: 06/07/2016) |
| 06/07/2016 | 33 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** RESPONSE in Opposition by USA as to Reza Zarrab re: 16 LETTER MOTION addressed to Judge Richard M. Berman from Benjamin Brafman dated 5-18-2016 re: Bail Application .. *Supplemental Response* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Lockard, Michael) Modified on 6/8/2016 (ka). (Entered: 06/07/2016) |
| 06/08/2016 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Reza Zarrab: Notice to Attorney Michael Dennis Lockard to RE-FILE Document 33 Response in Opposition to Motion. Use the event type Letter found under the event list Other Documents. (ka)** (Entered: 06/08/2016) |
| 06/09/2016 | 34 | ORDER as to (15-Cr-867-01) Reza Zarrab. The Court is interested in viewing the (3) three Zarrab passports, i.e., the two held by defense counsel and one held by Pretrial Services. Counsel for the defense and for the Government are requested to make the passports available to the Court by noon on Monday, June 13, 2016 by hand delivering them to Chambers in secure envelopes. Copies should be prepared for opposing counsel and for counsels' files. The Court will return all three passports to Pretrial Services. (Signed by Judge Richard M. Berman on 6/9/2016); cc: Pretrial Services. (bw) (Entered: 06/09/2016) |
| 06/13/2016 | 35 | LETTER MOTION addressed to Judge Richard M. Berman from Sidhardha Kamaraju dated 06/13/2016 re: Adjournment of the 06/16/16 Conference Until 06/20/16 . Document filed by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh. (Kamaraju, Sidhardha) (Entered: 06/13/2016) |
| 06/14/2016 | 36 | MEMO ENDORSEMENT terminating 35 LETTER MOTION Reschedule Conference as to Reza Zarrab...ENDORSEMENT...Conference adjourned to 6/20/2016 at 9:00am.. (Signed by Judge Richard M. Berman on 6/14/2016) (jw) (Entered: 06/14/2016) |
| 06/14/2016 | | Set/Reset Deadlines/Hearings as to Reza Zarrab: Pretrial Conference set for 6/20/2016 at 09:00 AM before Judge Richard M. Berman (jw) (Entered: 06/14/2016) |
| 06/15/2016 | 37 | LETTER MOTION addressed to Judge Richard M. Berman from Sidhardha Kamaraju dated 06/15/2016 re: Exclusion of Time Until 06/20/2016 . Document filed by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh. (Kamaraju, Sidhardha) (Entered: 06/15/2016) |
| 06/15/2016 | 38 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Arraignment held on 6/2/16 before Judge Richard M. Berman. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal |

| | | |
|---|---|---|
| | | or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/11/2016. Redacted Transcript Deadline set for 7/21/2016. Release of Transcript Restriction set for 9/16/2016. (Siwik, Christine) (Entered: 06/15/2016) |
| 06/15/2016 | 39 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Arraignment proceeding held on 6/2/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Siwik, Christine) (Entered: 06/15/2016) |
| 06/15/2016 | 40 | MEMO ENDORSEMENT granting 37 LETTER MOTION filed by USA as to Reza Zarrab (1), Camelia Jamshidy (2), Hossein Najafzadeh (3), addressed to Judge Richard M. Berman from AUSA Sidhardha Kamaraju dated 06/15/2016 re: Exclusion of Time Until 06/20/2016. The Government writes to request an exclusion of time until June 20, 2016, the date of the next conference in this matter, pursuant to 18 U.S.C. § 3161(h)(7)(A), and in the interests of justice. ENDORSEMENT: Time is excluded until 6/20/16 for the reasons set forth above. SO ORDERED: (Signed by Judge Richard M. Berman on 6/15/2016) (bw) (Entered: 06/15/2016) |
| 06/16/2016 | 41 | DECISION & ORDER denying 16 LETTER MOTION Based upon the facts presented here, and after having reviewed carefully the parties' submissions and applicable authorities, and for the reasons stated above, the Court concludes that the Government has shown by a preponderance of the evidence that Mr. Zarrab poses a risk of flight and that no condition or combination of conditions, including privately funded armed guards, will reasonably assure his appearance at trial. The Court respectfully denies Mr. Zarrab's application for bail [#16] (Signed by Judge Richard M. Berman on 6/16/2016) (jw) (Entered: 06/16/2016) |
| 06/20/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman: Pretrial Conference as to Reza Zarrab held on 6/20/2016. AUSA Sid Kamaraju present; AUSA Michael Lockard present; Defendant Reza Zarrab present with defense attorneys Ben Brafman, Marc Agnifilo; and Joshua Kirshner present; motion schedule set: motion by 7/15/16; response by 8/5/16; reply by 8/19/16; oral argument scheduled for 9/6/16 at 11:00 am; trial is scheduled for 1/23/17; speedy trial time is excluded for the reasons set forth on the record from 6/20/16 through 1/23/17 pursuant to 18 USC 3161(h)(7)(A) and (B). (Status Conference set for 9/6/2016 at 11:00 AM before Judge Richard M. Berman.) (jbo) (Entered: 06/21/2016) |
| 06/21/2016 | 42 | ENDORSED LETTER as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh addressed to Judge Richard M. Berman from Benjamin Weiser, The New York Times & John Riley, Newsday, dated June 2, 2016 re: We hereby request that the court make public the redacted address in the affirmation from the Guidepost executive that is filed in U.S. v Zarrab as Docket No. 29. This is the proposed address, if Mr. Zarrab is granted bail, to |

| | | |
|---|---|---|
| | | house him while he is awaiting trial, a subject of great public interest. We also request that the court make available a copy of the CD containing a video recording of Mr. Zarrab's interview with the FBI, which is cited in both the government's submission in Doc. 28, and a defense letter, Doc. 29. Both parties have asked that the video be sealed. But portions of the interview appear to be directly relevant to a key issue before the court - did Mr. Zarrab understand the questions being posed to him in English and did that affect his answers? ENDORSEMENT: Would the Government and the defense respond (jointly if feasible) on or before 6/23/16 (Noon). I meant to discuss at our recent conference. SO ORDERED: (Signed by Judge Richard M. Berman on 6/21/2016)(bw) (Entered: 06/21/2016) |
| 06/28/2016 | 43 | ENDORSED LETTER as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh addressed to Judge Richard M. Berman from Ilhan Tamr dated 6/22/2016 re: We would like to request from your honor to kindly make available to us a copy of the CD containing a video recording of Mr. Zarrab's interview with the FBI, which is cited in both the government's submission in Doc. 28, and a defense letter, Doc. 29. ENDORSEMENT: Thank you for your letter. The issue is under consideration at this time. (Signed by Judge Richard M. Berman on 6/28/2016)(ft) (Entered: 06/28/2016) |
| 06/29/2016 | 44 | NOTICE OF ATTORNEY APPEARANCE: Aaron Todd Wolfson appearing for Reza Zarrab. Appearance Type: Retained. (Wolfson, Aaron) (Entered: 06/29/2016) |
| 06/30/2016 | 45 | MOTION for Viet D. Dinh to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12484528. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Reza Zarrab. (Attachments: # 1 Certificate of Good Standing, # 2 Text of Proposed Order) (Dinh, Viet) (Entered: 06/30/2016) |
| 06/30/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 45 MOTION for Viet D. Dinh to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12484528. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 06/30/2016) |
| 06/30/2016 | 46 | NOTICE OF ATTORNEY APPEARANCE: Christine H. Chung appearing for Reza Zarrab. Appearance Type: Retained. (Chung, Christine) (Entered: 06/30/2016) |
| 07/05/2016 | 47 | MOTION for George D. Kleinfeld to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12497127. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Reza Zarrab. (Attachments: # 1 Exhibit Certificate of good standing, # 2 Text of Proposed Order)(Kleinfeld, George) (Entered: 07/05/2016) |
| 07/05/2016 | 48 | NOTICE OF ATTORNEY APPEARANCE: Edward Casey O'Callaghan appearing for Reza Zarrab. Appearance Type: Retained. (O'Callaghan, Edward) (Entered: 07/05/2016) |
| 07/05/2016 | | |

| | | |
|---|---|---|
| | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 47 MOTION for George D. Kleinfeld to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12497127. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb) (Entered: 07/05/2016)** |
| 07/06/2016 | 49 | ORDER FOR ADMISSION PRO HAC VICE FOR GEORGE D. KLEINFELD as to Reza Zarrab. IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above-captioned action in the United States District Court fo the Southern Distict of New York, upon payment of the required fee. (Signed by Judge Richard M. Berman on 7/6/2016)(ft) (Entered: 07/06/2016) |
| 07/07/2016 | 50 | MOTION for Paul Clement to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12510729. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Reza Zarrab. (Attachments: # 1 Text of Proposed Order, # 2 Certificates of Good Standing) (Clement, Paul) Modified on 7/7/2016 (wb). Modified on 7/7/2016 (wb). (Entered: 07/07/2016) |
| 07/07/2016 | 51 | MOTION for Jeffrey M. Harris to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12510828. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Reza Zarrab. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Good Standing) (Harris, Jeffrey) (Entered: 07/07/2016) |
| 07/07/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 51 MOTION for Jeffrey M. Harris to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12510828. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb) (Entered: 07/07/2016)** |
| 07/07/2016 | 52 | MOTION for Edmund G. LaCour Jr. to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12510871. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Reza Zarrab. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Good Standing) (Lacour, Edmund) (Entered: 07/07/2016) |
| 07/07/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 52 MOTION for Edmund G. LaCour Jr. to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12510871. Motion and supporting papers to be reviewed by Clerk's Office staff., 50 MOTION for Paul Clement to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12510729. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb) (Entered: 07/07/2016)** |
| 07/08/2016 | 53 | NOTICE OF ATTORNEY APPEARANCE: Adam Michael Abensohn appearing for Reza Zarrab. Appearance Type: Retained. (Abensohn, Adam) (Entered: 07/08/2016) |
| 07/08/2016 | 54 | |

|  |  |  |
|---|---|---|
|  |  | NOTICE OF ATTORNEY APPEARANCE: William Anthony Burck appearing for Reza Zarrab. Appearance Type: Retained. (Burck, William) (Entered: 07/08/2016) |
| 07/09/2016 | 55 | NOTICE OF ATTORNEY APPEARANCE David William Denton, Jr appearing for USA. (Denton, David) (Entered: 07/09/2016) |
| 07/14/2016 | 56 | LETTER MOTION addressed to Judge Richard M. Berman from Christine H. Chung dated July 14, 2016 re: Seeking Permission to File Memorandum in Excess of 25 pages . Document filed by Reza Zarrab. (Chung, Christine) (Entered: 07/14/2016) |
| 07/15/2016 | 57 | MEMO ENDORSEMENT as to (S1-15-Cr-867-01) Reza Zarrab on re: 56 LETTER MOTION filed by Reza Zarrab, addressed to Judge Richard M. Berman from Attorney Christine H. Chung dated July 14, 2016 re: Seeking Permission to File Memorandum in Excess of 25 pages. ENDORSEMENT: The Court's experience is that 25pp is the correct number*. We will authorize and additional 10 pp to each side for their main motion to dismiss briefs. Standard page limits apply to other motions, replies, etc. (Signed by Judge Richard M. Berman on 7/15/2016) *i.e. more than adequate.(bw) (Entered: 07/15/2016) |
| 07/15/2016 | 58 | LETTER MOTION addressed to Judge Richard M. Berman from Christine H. Chung dated July 15, 2016 re: Extension Of Time To File . Document filed by Reza Zarrab. (Chung, Christine) (Entered: 07/15/2016) |
| 07/15/2016 | 59 | MEMO ENDORSEMENT granting 58 LETTER MOTION request a one-day extension, from today to Monday, July 18, in the event that the time is needed to finalize the brief and confer about it with Mr. Zarrab, who is incarcerated. We have conferred with counsel for the government, who consent to our request on the condition that if we file our brief on Monday, the due dates for the government's opposition and Mr. Zarrab's reply would extend to Monday, August 8 and Monday, August 22, respectively...ENDORSEMENT...Extension granted. (Signed by Judge Richard M. Berman on 7/15/2016) (jw) (Entered: 07/18/2016) |
| 07/18/2016 | 60 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Tara J. Plochocki to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12547091. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Reza Zarrab as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh. (Attachments: # 1 NY Certificate of Good Standing, # 2 CA Certificate of Good Standing, # 3 DC Certificate of Good Standing, # 4 Text of Proposed Order)(Plochocki, Tara) Modified on 7/18/2016 (wb). (Entered: 07/18/2016) |
| 07/18/2016 |  | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh to RE-FILE Document No. 60 MOTION for Tara J. Plochocki to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12547091. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of California;. Re-file** |

| | | |
|---|---|---|
| | | **the motion as a Corrected Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (wb)** (Entered: 07/18/2016) |
| 07/18/2016 | 61 | NOTICE OF ATTORNEY APPEARANCE: Daniel Rickert Koffmann appearing for Reza Zarrab. Appearance Type: Retained. (Koffmann, Daniel) (Entered: 07/18/2016) |
| 07/18/2016 | 62 | **FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY -** MOTION to Suppress . Document filed by Reza Zarrab. (Attachments: # 1 Exhibit)(Brafman, Benjamin) Modified on 7/19/2016 (ka). (Entered: 07/18/2016) |
| 07/18/2016 | 63 | **FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY -** MOTION to Dismiss *the Superseding Indictment*. Document filed by Reza Zarrab. (Chung, Christine) Modified on 7/19/2016 (ka). (Entered: 07/18/2016) |
| 07/19/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - PDF ERROR(MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS) as to Reza Zarrab** Notice to Attorney Benjamin Brafman to RE-FILE Document 62 MOTION to Suppress.***NOTE: First file Motion to Suppress(PDF), then re-file and link supporting Memorandum to Motion to Suppress. (ka)** (Entered: 07/19/2016) |
| 07/19/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - PDF ERROR as to Reza Zarrab:** Notice to Attorney tine H. Chung to RE-FILE Document 63 MOTION to Dismiss *the Superseding Indictment*.***NOTE: First file Motion to dismiss the Superseding Indictment(PDF), then re-file and link supporting Memorandum to Motion to dismiss the Superseding Indictment. SEPARATE DOCKET ENTRY FOR EACH. (ka)* (Entered: 07/19/2016) |
| 07/19/2016 | 64 | MOTION to Suppress . Document filed by Reza Zarrab. (Brafman, Benjamin) (Entered: 07/19/2016) |
| 07/19/2016 | 65 | MEMORANDUM in Support by Reza Zarrab re 64 MOTION to Suppress .. (Attachments: # 1 Exhibit)(Brafman, Benjamin) (Entered: 07/19/2016) |
| 07/19/2016 | 66 | MOTION to Dismiss *the Superseding Indictment*. Document filed by Reza Zarrab. (Chung, Christine) (Entered: 07/19/2016) |
| 07/19/2016 | 67 | MEMORANDUM in Support by Reza Zarrab re 66 MOTION to Dismiss *the Superseding Indictment*.. (Chung, Christine) (Entered: 07/19/2016) |
| 07/20/2016 | 68 | ORDER (on Motion For Admission Pro Hac Vice) as to (S1-15-Cr-867-01) Reza Zarrab. The motion of Tara J. Plochocki for admission to practice Pro Hac Vice in the above-captioned action is granted. Applicant has declared that she is a member in good standing of the bars of the New York, California, and the District of Columbia; and that her contact information is as follows: Applicant's Name: Tara J. Plochocki...[See this Order]... Applicant having requested admission Pro Hac Vice to appear for all purposes as counsel for |

| | | Defendant Reza Zarrab in the above-entitled action; IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above-captioned cased in the United States District Court for the Southern District ofNew York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including Rules governing discipline of attorneys. (Signed by Judge Richard M. Berman on 7/20/2016)(bw) (Entered: 07/20/2016) |
|---|---|---|
| 07/20/2016 | 69 | ORDER FOR ADMISSION PRO HAC VICE: granting 50 Motion to Appear Pro Hac Vice as to Reza Zarrab (1). The motion of Paul Clement, for admission to practice Pro Hac Vice in the above captioned matter is granted. Applicant has declared that he is a member in good standing of District of Columbia, Virginia, and Wisconsin state bars; and that his contact information is as follows:...[See this Order]... Applicant having requested admission Pro Hac Vice to appear for all purposes as counsel for Reza Zarrab in the above entitled action; IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge Richard M. Berman on 7/20/2016) (bw) (Entered: 07/20/2016) |
| 07/20/2016 | 70 | ORDER FOR ADMISSION PRO HAC VICE: granting 51 Motion to Appear Pro Hac Vice as to Reza Zarrab (1). The motion of Jeffrey M. Harris, for admission to practice Pro Hac Vice in the above captioned matter is granted. Applicant has declared that he is a member in good standing of District of Columbia and California state bars; and that his contact information is as follows:...[See this Order]... Applicant having requested admission Pro Hac Vice to appear for all purposes as counsel for Reza Zarrab in the above entitled action; IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge Richard M. Berman on 7/20/2016) (bw) (Entered: 07/20/2016) |
| 07/20/2016 | 71 | ORDER FOR ADMISSION PRO HAC VICE: granting 52 Motion to Appear Pro Hac Vice as to Reza Zarrab (1). The motion of Edmund G. LaCour Jr., for admission to practice Pro Hac Vice in the above captioned matter is granted. Applicant has declared that he is a member in good standing of District of Columbia, Alabama, and Texas state bars; and that his contact information is as follows:...[See this Order]... Applicant having requested admission Pro Hac Vice to appear for all purposes as counsel for Reza Zarrab in the above entitled action; IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge Richard M. Berman on 7/20/2016) (bw) (Entered: 07/20/2016) |
| 07/20/2016 | 72 | ORDER as to (15-Cr-867-01) Reza Zarrab. The Government's response to the Defendant's Motion To Suppress, dated July 19, 2016, is due by August 8, |

| | | |
|---|---|---|
| | | 2016 (and should be consolidated with the Government's response to the Defendant's Motion To Dismiss). The Defendant's reply, if any, is due by August 22,2016 (and should be consolidated with the Motion To Dismiss reply which is due on that date). Brief oral argument currently scheduled for 11 :00 a.m. for September 6, 2016 will consider both motions. (Signed by Judge Richard M. Berman on 7/20/2016)(bw) (Entered: 07/20/2016) |
| 08/02/2016 | 73 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Conference held on 6/20/16 before Judge Richard M. Berman. Court Reporter/Transcriber: Alena Lynch, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/26/2016. Redacted Transcript Deadline set for 9/5/2016. Release of Transcript Restriction set for 11/3/2016. (McGuirk, Kelly) (Entered: 08/02/2016) |
| 08/02/2016 | 74 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Conference proceeding held on 6/20/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 08/02/2016) |
| 08/08/2016 | 75 | MEMORANDUM in Opposition by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh re 66 MOTION to Dismiss *the Superseding Indictment*., 64 MOTION to Suppress .. (Denton, David) (Entered: 08/08/2016) |
| 08/22/2016 | 76 | REPLY MEMORANDUM OF LAW in Support as to Reza Zarrab re: 66 MOTION to Dismiss *the Superseding Indictment*., 64 MOTION to Suppress . . (Chung, Christine) (Entered: 08/22/2016) |
| 08/23/2016 | 77 | ORDER as to Reza Zarrab. Oral argument devoted to both defense motions (i.e., suppression and dismissal of the Indictment) will be held on September 6, 2016 at 9:30am (not 11:00 am). Each side will have 45 minutes to cover both motions. Defense may reserve time for rebuttal. Among the issues the parties address at oral argument should be: whether a suppression hearing is necessary and/or helpful; inevitable discovery; whether the Government search warrant includes password/access to the contents of Defendant Zarrab's phone. (Oral Argument set for 9/6/2016 at 09:30 AM before Judge Richard M. Berman.) (Signed by Judge Richard M. Berman on 8/23/2016)(ft) (Entered: 08/23/2016) |
| 08/23/2016 | 78 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Christine H. Chung dated August 23, 2016 re: Expert Disclosure Notice for R. Richard Newcomb (Chung, Christine) (Entered: 08/23/2016) |
| 08/30/2016 | 79 | MOTION for Recusal . Document filed by Reza Zarrab. (Chung, Christine) (Entered: 08/30/2016) |
| 08/30/2016 | 80 | MEMORANDUM in Support by Reza Zarrab re 79 MOTION for Recusal .. (Chung, Christine) (Entered: 08/30/2016) |
| 08/30/2016 | 81 | |

| | | |
|---|---|---|
| | | DECLARATION of Christine H. Chung in Support as to Reza Zarrab re: 79 MOTION for Recusal .. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18)(Chung, Christine) (Entered: 08/30/2016) |
| 08/31/2016 | 82 | ORDER as to (15-Cr-867-01) Reza Zarrab. The Government is requested to respond to the Defense motion, dated August 30, 2016, on or before September 14, 2016. The Defense may submit a reply by September 21, 2016. The September 6, 2016 conference is cancelled. (Signed by Judge Richard M. Berman on 8/31/2016)(bw) (Entered: 08/31/2016) |
| 09/14/2016 | 83 | MEMORANDUM in Opposition by USA as to Reza Zarrab re 79 MOTION for Recusal .. (Denton, David) (Entered: 09/14/2016) |
| 09/21/2016 | 84 | NOTICE OF ATTORNEY APPEARANCE Dean Constantine Sovolos appearing for USA. (Sovolos, Dean) (Entered: 09/21/2016) |
| 09/21/2016 | 85 | REPLY MEMORANDUM OF LAW in Support as to Reza Zarrab re: 79 MOTION for Recusal . . (Chung, Christine) (Entered: 09/21/2016) |
| 09/27/2016 | 86 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Christine H. Chung dated September 27, 2016 re: Zarrab's Motion To Recuse and Motion To Dismiss (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Chung, Christine) (Entered: 09/27/2016) |
| 09/29/2016 | 87 | DECISION & ORDER denying 79 Motion for Recusal as to Reza Zarrab (1). For the reasons set forth above, Defendant Reza Zarrab's motion to recuse the Court[#79] is denied. The Court will hold oral argument on the pending motion to dismiss and will also discuss the pending motion to suppress at a conference with the parties on October 5, 2016 at 10:30 a.m. (See Order, dated Aug. 21, 2016, at 1) ("Among the issues the parties address at oral argument should be: whether a suppression hearing is necessary and/or helpful; inevitable discovery; whether the Government search warrant includes password/access to the contents to Defendant Zarrab's phone.").) (Signed by Judge Richard M. Berman on 9/29/2016) (ft) (Entered: 09/29/2016) |
| 10/05/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman: Oral Argument as to Reza Zarrab held on 10/5/2016. AUSA Sid Kamaraju present; AUSA Michael Lockard present; AUSA David Denton present; AUSA Dean Sovolos present; Defendant present with defense attorneys Paul Clement, Edmund LaCour, Benjamin Brafman, Joshua Kirshner, Christine Chung; Court Reporter Lisa Fellis present; no Turkish interpreter present; case will be recalled when interpreter is present; ------------x recall ------------x all appearances remain the same; Turkish Interpreter George Esayan present; oral argument held. (jbo) (Entered: 10/05/2016) |
| 10/14/2016 | 88 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Conference held on 10/5/16 before Judge Richard M. Berman. Court Reporter/Transcriber: Lisa Picciano Fellis, (212) 805-0300, Transcript may be viewed at the court public |

Case 18-1910, Document 25, 09/06/2018, 2383239, Page43 of 257

| | | |
|---|---|---|
| | | terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/7/2016. Redacted Transcript Deadline set for 11/17/2016. Release of Transcript Restriction set for 1/15/2017. (McGuirk, Kelly) (Entered: 10/14/2016) |
| 10/14/2016 | 89 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Conference proceeding held on 10/5/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 10/14/2016) |
| 10/17/2016 | 90 | DECISION & ORDER as to (15-Cr-867-01) Reza Zarrab....[See this Decision & Order]... On July 18, 2016, Zarrab filed a motion to dismiss the Indictment in its entirety.(See Footnote 3 on this Decision & Order) (Def.'s Motion to Dismiss, dated July 18, 2016 ("Mot. to Dismiss").) Zarrab argues, among other things, that as a foreign [non-U.S.] national, "he is free to engage in transactions with Iranian businesses without running afoul of U.S. laws that criminalize U.S. sanctions against Iran... So long as he does not engage in such transactions in or from the U.S., he is unencumbered by restrictions placed on U.S. citizens as a function of U.S. foreign policy." (Mot. to Dismiss at 1.) Zarrab also contends that, despite what he argues are "obvious" limitations on U.S. sanctions law, "not to mention the presumptions against extraterritoriality," he, nevertheless, "stands accused of violating U.S. law for agreeing with foreign persons in foreign countries to direct foreign banks to send funds transfers from foreign companies to other foreign banks for foreign companies. This is prosecutorial overreach of the first order." (Id.) (emphasis in original.) Zarrab argues that the Government has "manufactured" "unprecedented" charges against him "out of the incidental involvement of a U.S. bank at some mid-point in the payment chain of a transaction that originated from a foreign country and occurred between two foreign entities." (Id. at 2-3) (emphasis in original.) On August 8, 2016, the Government filed its opposition to Zarrab's motion to dismiss. (Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss, dated Aug. 8, 2016 ("Opp.").) The Government contends, among other things, that "what certainly is unprecedented is Zarrab's novel proposition that the United States is not entitled to prosecute those who willfully seek to exploit the American financial system to help a nation that, through its sponsorship of terrorism and fomenting of global unrest, presents a significant threat to this country's national security." (Opp. at 3-4.) The Government argues that "Zarrab is not charged with offenses arising out of incidental use of the United States banking system in connection with legitimate foreign business, as his motion wrongfully contends. To the contrary, Zarrab's and his co-conspirators' use of the U.S. financial system to process U.S.-dollar transactions for Iranian banks and entities, including companies and entities owned by the Government of Iran and listed on the U.S. OFAC list of Specially Designated Nationals ('SDNs'), was knowing and intentional." (Opp. at 2.) According to the Government, Zarrab surreptitiously concealed the identity of his Iranian clients because he |

| | | |
|---|---|---|
| | | "was aware that U.S. banks would not knowingly and voluntarily process his U.S.-dollar financial transfers if they learned that the transactions were for the benefit of blocked Iranian entities." (Id. at 2.) According to the Government, "[p]ut simply, without Zarrab and his network of exchange houses and front companies to secretly conduct sanctions-evading international financial transfers, Zarrab's Iranian co-conspirators would have been excluded from access to the U.S. financial system and the ability to engage in U.S. dollar transactions through U.S. correspondent banks. Zarrab's charged conduct goes to the heart of what U.S. sanctions laws are intended to prohibit." (Id.) On August 22, 2016, Zairab filed a reply. (Def.'s Reply, dated Aug. 22, 2016 ("Reply").)(See Footnote 4 on this Decision & Order) Helpful oral argument was held on October 5, 2016. (See Tr. of Proceedings, dated October 5, 2016 ("Tr.").) For the reasons set forth below, the defense motion to dismiss the superseding Indictment is denied.(See Footnote 5 on this Decision & Order).... [See this Decision & Order]... IV.Conclusion & Order: For the foregoing reasons, the Court respectfully denies Defendant's motion to dismiss the Indictment [#66]. (Signed by Judge Richard M. Berman on 10/17/2016)(bw) (Entered: 10/17/2016) |
| 10/18/2016 | 91 | ORDER as to Reza Zarrab. Having reviewed the Defendant's motion, dated July 18,2016, seeking: to suppress statements of Reza Zarrab and property seized from Mr. Zarrab, and including Zarrab's Affidavit dated July 13, 2016; the Government response dated August 8, 2016, opposing the Defendant's motion; and Defendant's reply dated August 22, 2016; and, having heard oral argument on October 5, 2016, the Court believes that a suppression hearing is appropriate. "[A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992) (internal quotation marks and citation omitted). A suppression hearing will be held on November 22, 2016 at 10:00 am (or such other date as the parties and the Court may agree is better suited to respective calendars). Direct testimony of each witness shall b~ presented via affidavit not to exceed 10 pp per witness, double spaced, and filed with the Court on or before November 7, 2016 at 12:00 noon (along with a list and brief bio of each witness). Counsel will have the opportunity to conduct live cross examination and redirect examination at the hearing. The parties should also indicate whether they wish to file post hearing findings of fact and conclusions of law. (Signed by Judge Richard M. Berman on 10/18/2016)(jw) (Entered: 10/18/2016) |
| 10/19/2016 | 92 | JOINT LETTER MOTION addressed to Judge Richard M. Berman from Christine Chung and Benjamin Brafman dated October 19, 2016 re: Modification of Protective Order . Document filed by Reza Zarrab. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Chung, Christine) (Entered: 10/19/2016) |
| 10/20/2016 | 93 | MEMO ENDORSEMENT granting 92 LETTER MOTION to respectfully request that the blanket protective order entered in this case on June 1, 2016 be modified to permit Mr. Zarrab and his counsel to show materials produced by |

| | | |
|---|---|---|
| | | the government to witnesses in preparing his defense. We have conferred with the government and have reached an impasse regarding this matter...ENDORSEMENT..Government to respond by 10/24/2016 at 12:00 noon. (Signed by Judge Richard M. Berman on 10/20/2016) (jw) (Entered: 10/20/2016) |
| 10/20/2016 | | Set/Reset Deadlines/Hearings as to Reza Zarrab:Government Responses due by 10/24/2016 at 12:00 noon. (jw) (Entered: 10/20/2016) |
| 10/24/2016 | 94 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MEMORANDUM in Opposition by USA as to Reza Zarrab re 92 JOINT LETTER MOTION addressed to Judge Richard M. Berman from Christine Chung and Benjamin Brafman dated October 19, 2016 re: Modification of Protective Order .. (Attachments: # 1 Exhibit A)(Denton, David) Modified on 10/24/2016 (ka). (Entered: 10/24/2016) |
| 10/24/2016 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Reza Zarrab: Notice to Attorney David William Denton, Jr. to RE-FILE Document 94 Memorandum in Opposition to Motion. Use the event type in Opposition to Motion found under the event list Replies, Opposition and Supporting Documents. (ka)** (Entered: 10/24/2016) |
| 10/24/2016 | 95 | LETTER RESPONSE in Opposition by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated October 24, 2016 re: 92 JOINT LETTER MOTION addressed to Judge Richard M. Berman from Christine Chung and Benjamin Brafman dated October 19, 2016 re: Modification of Protective Order .. (Attachments: # 1 Exhibit A)(Denton, David) (Entered: 10/24/2016) |
| 10/24/2016 | 96 | ENDORSED LETTER as to Reza Zarrab addressed to Judge Richard M. Berman from Michael D. Lockard, Sidhardha Kamaraju, David W. Denton, Jr and Dean C. Sovolos dated 10/24/2016 re: For the reasons set forth above, the Government respectfully submits that the defendant's motion to modify the Protective Order should be denied...ENDORSEMENT: The parties should meet & confer forthwith & should be able to resolve these issues between themselves. Please advise followup your "meet and confer" meetings. (Signed by Judge Richard M. Berman on 10/21/2016)(jw) (Entered: 10/24/2016) |
| 10/28/2016 | 97 | LETTER MOTION addressed to Judge Richard M. Berman from Viet D. Dinh dated 10/28/2016 re: Leave to File Defendant Reza Zarrab's Motion to Suppress Emails and Leave to File Motion to Suppress Emails or Exhibits Thereto Under Seal . Document filed by Reza Zarrab as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh. (Dinh, Viet) (Entered: 10/28/2016) |
| 10/31/2016 | 98 | MEMO ENDORSEMENT as to (S1-15-Cr-867-01) Reza Zarrab on re: 97 LETTER MOTION filed by Reza Zarrab addressed to Judge Richard M. Berman from Attorney Viet D. Dinh dated 10/28/2016 re: Leave to File. We write to request leave to file Defendant Reza Zarrab's Motion to Suppress Emails and Memorandum of Law in Support of that motion as well as to obtain a briefing schedule for said motion. ENDORSEMENT: Please advise the Court today how the attached application "fits" into the schedule contained in the Court's Order dated Oct. 18, 2016, i.e. please address substitution and |

| | | |
|---|---|---|
| | | procedural fit. Govt to respond by Nov. 2, 2016 at Noon. SO ORDERED: (Signed by Judge Richard M. Berman on 10/31/2016)(bw) (Entered: 10/31/2016) |
| 10/31/2016 | 99 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 10/31/2016 re: the Court's ORDER dated 10/31/2016 re: LETTER MOTION filed by Reza Zarrab dated 10/28/2016 re: Leave to File. (Dinh, Viet) Modified on 11/1/2016 (ka). (Entered: 10/31/2016) |
| 11/01/2016 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR as to Reza Zarrab: Notice to Attorney Viet D. Dinh to RE-FILE Document 99 Letter. ERROR(S): Date of Letter missing from document. (ka)** (Entered: 11/01/2016) |
| 11/01/2016 | 100 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 10/31/2016 re: the Court's ORDER dated 10/31/2016 re: LETTER MOTION filed by Reza Zarrab dated 10/28/2016 re: Leave to File. (Dinh, Viet) (Entered: 11/01/2016) |
| 11/02/2016 | 101 | LETTER by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated November 2, 2016 re: Defendant's Proposed Second Suppression Motion Document filed by USA. (Denton, David) (Entered: 11/02/2016) |
| 11/02/2016 | 102 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 11/02/2016 re: LETTER by USA dated 11/02/2016 and Leave to File (Attachments: # 1 Exhibit Transcript of June 20, 2016 conference)(Dinh, Viet) (Entered: 11/02/2016) |
| 11/03/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman:Status Conference as to Reza Zarrab held on 11/3/2016 as to Reza Zarrab. AUSA Michael Lockard present on phone; AUSA Sid Kamaraju present on phone; Defense attorneys Ben Brafman, Joshua Kirshner, Viet Dinh and Edmund LaCour present on phone; Court Reporter Tara Jones present; defendants appearance is waived; conference held re: motion to suppress and current schedule; government requests an additional day or two to file affidavits of witnesses for 11/22/16 suppression hearing with no objection from the defense; Court proposes that the government file a response to defenses additional suppression motion by 11/14/16; additional affidavits to be filed by 11/17/16; parties to meet and confer and submit a joint letter to Court of any proposed modifications to the current schedule; going forward, defense applications are to be coordinated through Mr. Brafman; see transcript of proceedings held for a complete record. (jw) (Entered: 11/03/2016) |
| 11/07/2016 | 103 | JOINT LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Christine Quinn and Benjamin Brafman dated November 7, 2016 re: Modification To Protective Order (Chung, Christine) (Entered: 11/07/2016) |
| 11/07/2016 | 104 | LETTER by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh addressed to Judge Richard M. Berman from USA dated November 7, 2016 re: |

|  |  | Superseding Indictment Document filed by USA. (Attachments: # 1 Exhibit Superseding Indictment)(Denton, David) (Entered: 11/07/2016) |
|---|---|---|
| 11/07/2016 | 106 | (S2) SUPERSEDING INDICTMENT FILED as to Reza Zarrab (1) count(s) 1ss, 2ss, 3ss, 4ss, Camelia Jamshidy (2) count(s) 1ss, 2ss, 3ss, 4ss, Hossein Najafzadeh (3) count(s) 1ss, 2ss, 3ss, 4ss, Mohammad Zarrab (4) count(s) 1, 2, 3, 4. (jm) (Entered: 11/09/2016) |
| 11/08/2016 | 105 | MOTION for Leave to File Under Seal Exhibit to Memorandum of Law in Support of Motion to Suppress Emails . Document filed by Reza Zarrab. (Dinh, Viet) (Entered: 11/08/2016) |
| 11/09/2016 | 109 | LETTER MOTION addressed to Judge Richard M. Berman from Viet D. Dinh dated 11/09/2016 re: Leave to File on Public Docket Motion to Suppress Emails, Memorandum of Law, and All Exhibits Thereto Except 2014 Search Warrant, Which Would Be Filed Under Seal . Document filed by Reza Zarrab. (Dinh, Viet) (Entered: 11/09/2016) |
| 11/09/2016 | 111 | MEMO ENDORSEMENT as to Reza Zarrab on re: 104 Letter filed by USA as to Reza Zarrab( Arraignment set for 11/14/2016 at 11:00 AM before Judge Richard M. Berman.)...ENDORSEMENT...Arraignment on Monday, November 14, 2016 at 11:00am. (Signed by Judge Richard M. Berman on 11/9/2016)(jw) (Entered: 11/09/2016) |
| 11/09/2016 | 112 | MOTION to Suppress *Emails*. Document filed by Reza Zarrab. (Dinh, Viet) (Entered: 11/09/2016) |
| 11/09/2016 | 113 | ORDER as to Reza Zarrab. The Court appreciates the parties' efforts (progress) to resolve their protective order Additional specifics in writing are needed from each side so that the Court can better understand and evaluate how an adequate defense may be inhibited by the parties' agreement and how the Government's interests may be jeopardized by the most recent defense discovery proposal. Counsel are requested to file their responses to this Order by November 14, 2016 (Defense) and November 17, 2016 (Government). (Signed by Judge Richard M. Berman on 11/9/2016)(jw) (Entered: 11/09/2016) |
| 11/09/2016 |  | Set/Reset Deadlines/Hearings as to Reza Zarrab:Defense Replies due by 11/14/2016. Government Responses due by 11/17/2016. (jw) (Entered: 11/09/2016) |
| 11/09/2016 | 114 | MEMORANDUM in Support by Reza Zarrab re 112 MOTION to Suppress *Emails*.. (Attachments: # 1 Exhibits)(Dinh, Viet) (Entered: 11/09/2016) |
| 11/09/2016 | 115 | LETTER MOTION addressed to Judge Richard M. Berman from Viet D. Dinh dated 11/09/2016 re: Authorization to Provide 2014 Search Warrant Application to Ministry of Justice of the Republic of Turkey . Document filed by Reza Zarrab. (Dinh, Viet) (Entered: 11/09/2016) |
| 11/10/2016 | 116 | MEMO ENDORSEMENT as to Reza Zarrab on re: 115 LETTER MOTION addressed to Judge Richard M. Berman from Viet D. Dinh dated 11/09/2016 re: Authorization to Provide 2014 Search Warrant Application to Ministry of Justice of the Republic of Turkey filed by Reza Zarrab. ENDORSEMENT: |

| | | Govt to respond by 2:00 P.M. today. (Responses due by 11/10/2016) (Signed by Judge Richard M. Berman on 11/10/2016)(ft) (Entered: 11/10/2016) |
|---|---|---|
| 11/10/2016 | 117 | LETTER MOTION addressed to Judge Richard M. Berman from BENJAMIN BRAFMAN dated NOVEMBER 10, 2016 re: PROPOSED SCHEDULE . Document filed by Reza Zarrab. (Brafman, Benjamin) (Entered: 11/10/2016) |
| 11/11/2016 | 118 | MEMO ENDORSEMENT as to (S1-15-Cr-867-01) Reza Zarrab on re: 117 LETTER MOTION filed by Reza Zarrab, addressed to Judge Richard M. Berman from Attorney Benjamin Brafman dated NOVEMBER 10, 2016 re: PROPOSED SCHEDULE. Government Response to defense Motion to Suppress Emails (docket 112) on or before November 14, 2016. Defense Reply on or before November 17, 2016 at 12:00 noon. Subject to ruling that a hearing is unnecessary, direct testimony of each witness shall be presented via affidavit not to exceed 10 pp per witness double spaced, and filed with the Court on or before November 24, 2016 at 12:00 noon (along with a list and brief bio of each witness). Hearings will be held on the Motion to Suppress Reza Zarrab's iPhone and Certain Statements (docket 64) and/or the Motion to Suppress Emails (docket 112) on November 30, 2016 at 9:15 AM. ENDORSEMENT: Amended Schedule. SO ORDERED: (Signed by Judge Richard M. Berman on 11/11/2016)(bw) (Entered: 11/14/2016) |
| 11/14/2016 | 119 | ORDER as to Reza Zarrab. The Government to advise the Court by 3:00pm today if it has any objections the filing of its November 10, 2016 letter on the public docket. (Signed by Judge Richard M. Berman on 11/14/2016)(ft) (Entered: 11/14/2016) |
| 11/14/2016 | 120 | LETTER by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated November 14, 2016 re: Suppression Hearing Affidavits Document filed by USA. (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Affidavit, # 4 Affidavit)(Denton, David) (Entered: 11/14/2016) |
| 11/14/2016 | 121 | MEMORANDUM in Opposition by USA as to Reza Zarrab re 112 MOTION to Suppress *Emails*.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4a, # 5 Exhibit 4b)(Denton, David) (Entered: 11/14/2016) |
| 11/14/2016 | 122 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated November 14, 2016 re: Response To Court's Order Dated 11/09/2016 re: Addtional Specifics (Attachments: # 1 Exhibit 1)(Chung, Christine) (Entered: 11/14/2016) |
| 11/14/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman: Arraignment as to Reza Zarrab (1) Count 1ss,2ss,3ss,4ss held on 11/14/2016. Plea entered by Reza Zarrab Not Guilty. AUSA Michael Lockard, Sid Kamaraju, David Denton and Dean Sovolos present; Defense attorneys Christine Chung, Benjamin Brafman, Joshua Kirshner, Aaron Wolfson present; Turkish Interpreter Asiye Kay present; Court Reporter Steven Greenblum present; defendant arraigned on superseding indictment S2; defendant waives a public reading and enters a plea of not guilty; defense advises the Court it may need to file additional motions in light of superseding indictment, including duplicity motion and/or severance motion; see transcript of proceedings held for a complete record; speedy trial time is excluded for the reasons set forth in |

Case 18-1910, Document 25, 09/06/2018, 2383239, Page49 of 257

|  |  | the record from 11/14/16 to 1/23/17 pursuant to 18 USC 3161(h)(7)(A) and (B). (jbo) (Entered: 11/15/2016) |
|---|---|---|
| 11/15/2016 | 123 | ENDORSED LETTER as to Reza Zarrab, Camelia Jamshidy, Hossein Najfazdeh, Mohammad Zarrab addressed to Judge Richard M. Berman from AUSAs Michael D. Lockard, Sidhardha Kamaraju, David W. Denton, Jr., Dean C. Sovolos dated November 10, 2016 re: Pursuant to the Court's Order dated November 10, 2016, the Government writes in opposition to the defendant's application for authorization to provide to the Ministry of Justice of the Republic of Turkey the affidavit in support of an application for a search warrant dated September 24, 2014 (the "September 2014 Affidavit"), which is covered by the protective order entered in this case on June 1, 2016 (the "Protective Order"). ENDORSEMENT: Clerk to docket and file. SO ORDERED: (Signed by Judge Richard M. Berman on 11/15/2016)(bw) (Entered: 11/15/2016) |
| 11/15/2016 | 124 | MEMO ENDORSEMENT denying 115 LETTER MOTION filed by Reza Zarrab (1), addressed to Judge Richard M. Berman from Attorney Viet D. Dinh, Attorney Benjamin Brafman, dated 11/09/2016 re: Authorization to Provide 2014 Search Warrant Application to Ministry of Justice of the Republic of Turkey. ENDORSEMENT: The Protective Order, dated June 1, 2016, was developed -- and agreed to -- by experienced and sophisticated counsel for the defense and for the government, prior to submission to the Court to be "so ordered". Based upon the record herein, the Court perceives no basis to depart from the parties' Protective Order agreement and to determine that access to the September 2014 Affidavit is necessary for the purpose of preparing the defense of this case. The defense application herein is respectfully denied. SO ORDERED: (Signed by Judge Richard M. Berman on 11/15/2016) (bw) (Entered: 11/15/2016) |
| 11/17/2016 | 125 | REPLY MEMORANDUM OF LAW in Support as to Reza Zarrab re: 112 MOTION to Suppress *Emails*. . (Brafman, Benjamin) (Entered: 11/17/2016) |
| 11/17/2016 | 126 | SEALED DOCUMENT placed in vault. (mps) (Entered: 11/17/2016) |
| 11/17/2016 | 127 | LETTER RESPONSE in Opposition by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated November 17, 2016 re: 92 JOINT LETTER MOTION addressed to Judge Richard M. Berman from Christine Chung and Benjamin Brafman dated October 19, 2016 re: Modification of Protective Order .. (Attachments: # 1 Text of Proposed Order)(Denton, David) (Entered: 11/17/2016) |
| 11/18/2016 | 128 | LETTER MOTION addressed to Judge Richard M. Berman from USA dated November 18, 2016 re: Curcio Hearing . Document filed by USA as to Reza Zarrab. (Attachments: # 1 Exhibit Proposed Script)(Denton, David) (Entered: 11/18/2016) |
| 11/21/2016 | 129 | MEMO ENDORSEMENT 128 LETTER MOTION The Government respectfully submits this letter to advise the Court of potential conflicts of interest presented by the representation of the defendant, Reza Zarrab, by the law firm Kirkland & Ellis, LLP and to request that the Court hold a hearing pursuant to US v. Curcio. For the Court's convenience, the Government has |

| | | |
|---|---|---|
| | | enclosed a set of proposed questions to be put to the defendant as part of the Curcio inquiry...ENDORSEMENT...Defense counsel to respond in written by close of business (5pm) today (includes proposed curcio questions). (Signed by Judge Richard M. Berman on 11/21/2016) (jw) (Entered: 11/21/2016) |
| 11/21/2016 | 130 | LETTER RESPONSE to Motion by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated November 21, 2016 re: 128 LETTER MOTION addressed to Judge Richard M. Berman from USA dated November 18, 2016 re: Curcio Hearing .. (Attachments: # 1 Zarrab's Proposed Curcio Questions)(Brafman, Benjamin) (Entered: 11/21/2016) |
| 11/22/2016 | 131 | ORDER as to (15-Cr-867-01) Reza Zarrab. A Curcio hearing, as described in the Government's letter (Mr. Lockard, Mr. Kamaraju, Mr. Denton) of November 18, 2016 and the Defense letter (Mr. Dinh and Mr. Brafman) of November 21, 2016, is (absolutely) necessary in this case. And, such a hearing must be held sufficiently in advance of the currently scheduled November 30 hearing. (Indeed, a Curcio hearing must be conducted before any further proceedings in this matter.) The Curcio hearing is necessary to explore and determine actual or potential conflicts of interest which may result from the fact that Kirkland & Ellis, in addition to representing Mr. Zarrab in this case, also represents Bank of America and Deutsche Bank, whose interests the Government contends may be adverse to Mr. Zarrab's interests. The Court requires the following in advance of any Curcio hearing: 1- Assurances that defense counsel thoroughly have discussed all aspects of the proposed Curcio hearing with Mr. Zarrab, and with Deutsche Bank and Bank of America, including written position statements from Deutsche Bank and Bank of America (who may, if they wish, testify at the Curcio hearing.) 2- Appointment of independent counsel carefully to review the Curcio issues with Mr. Zarrab, including without limitation, the proposed "ethical wall" mentioned in Mr. Dinh's and Mr. Brafman's letter, and to report to the Court in writing. The Court intends to appoint the CJA attorney on duty today as independent counsel. If that person is not available, the Court will seek CJA counsel i.e., on duty tomorrow, etc. 3- A brief supplement to Mr. Dinh's and Mr. Brafman's letter indicating when defense counsel became aware of the conflict of interest issues, i.e., whether that occurred upon receipt of the Government's letter or before. 4- A scheduling conference on November 23, 2016 at 9:30 am in Courtroom 17B (500 Pearl Street). (Signed by Judge Richard M. Berman on 11/22/2016)(bw) (Entered: 11/22/2016) |
| 11/22/2016 | 132 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Conference held on 11/14/16 before Judge Richard M. Berman. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/16/2016. Redacted Transcript Deadline set for 12/27/2016. Release of Transcript Restriction set for 2/23/2017. (McGuirk, Kelly) (Entered: 11/22/2016) |
| 11/22/2016 | 133 | LETTER MOTION addressed to Judge Richard M. Berman from Benjamin Brafman dated 11/22/16 re: 131 Order, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,, re: |

Case 18-1910, Document 25, 08/06/2018, 2383239, Page51 of 257

| | | Requesting Adjournment of 11/23/16 scheduling conference to 11/28/16 . Document filed by Reza Zarrab. (Brafman, Benjamin) (Entered: 11/22/2016) |
|---|---|---|
| 11/22/2016 | 134 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Conference proceeding held on 11/14/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 11/22/2016) |
| 11/22/2016 | 135 | MEMO ENDORSEMENT as to (S2-15-Cr-867-01) Reza Zarrab on re: 133 LETTER MOTION addressed to Judge Richard M. Berman from Attorney Benjamin Brafman dated 11/22/16 re: We write in response to the Court's order (docket 131) scheduling, among other directives, a scheduling conference for tomorrow, November 23, 2016 at 9:30 a.m. We, with the consent of the government, respectfully request an adjournment of the scheduling conference until Monday, November 28, 2016 or a date thereafter convenient to the Court as I (who this Court asked to serve as lead counsel in this matter) and Mr. Dinh (whose firm is central to the instant issue) are unavailable tomorrow and throughout the holiday weekend. Should the Court deny our request, representatives from mine and Mr. Dinh's firms will appear in Court. Additionally, should the CJA counsel appointed by the Court visit Mr. Zarrab, we respectfully request that the Court order a Turkish language interpreter to attend any meeting. ENDORSEMENT: We do need a relatively brief conference tomorrow (Nov. 23) at 9:30 A.M. Please send experienced representatives. Interpreter has been ordered. CJA counsel, Harry Rimm, has been appointed. Curcio hearing will occur on Nov. 28, 2016 at 9:30. Be sure to consult clients. SO ORDERED: (Signed by Judge Richard M. Berman on 11/22/2016)(bw) (Entered: 11/22/2016) |
| 11/22/2016 | | Attorney update in case as to Reza Zarrab (1). Attorney Harry H. Rimm for Reza Zarrab added. [*** NOTE: Refer to Memo Endorsement, doc.# 135, filed on 11/22/2016. ***] (bw) (Entered: 11/28/2016) |
| 11/23/2016 | 136 | ORDER as to (15-Cr-867-01) Reza Zarrab. Following today's conference, the schedule is being changed at the defense request as follows: Curcio hearing will be held on Wednesday, November 30, 2016 at 10:00 am. Suppression/Franks hearing will be held on Monday, December 5, 2016 at 9:30am. (Signed by Judge Richard M. Berman on 11/23/2016)(bw) (Entered: 11/23/2016) |
| 11/23/2016 | 137 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated 11-23-16 re: Curcio Hearing (Brafman, Benjamin) (Entered: 11/23/2016) |
| 11/23/2016 | 138 | LETTER MOTION addressed to Judge Richard M. Berman from USA dated Novemberr 23, 2016 re: Suppression Hearing . Document filed by USA as to Reza Zarrab. (Denton, David) (Entered: 11/23/2016) |
| 11/23/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman: Status Conference as to Reza Zarrab held on 11/23/2016. AUSA Michael Lockard |

| | | present; Defense attorneys Joshua Kirshner, Edmund LaCour, Aaron Wolfson, Adam Abensohn and defendant Reza Zarrab present; Andrew Solomon on behalf of Harry Rimm, CJA present; Court Reporter Jennifer Thun present; Turkish Interpreter George Esayan present; conference held re: Curcio/scheduling; see transcript of proceedings held for a complete record. (jbo) (Entered: 11/28/2016) |
|---|---|---|
| 11/28/2016 | 139 | ORDER as to (15-Cr-867-01) Reza Zarrab. Defense counsel are requested to furnish the information sought by the Court in its Order dated November 22, 2016 by 5:00pm today. Defense counsel are also requested to advise the Court by 5:00 pm today if representatives from Deutsche Bank and Bank of America will be testifying at the Curcio hearing. (Signed by Judge Richard M. Berman on 11/28/2016)(bw) (Entered: 11/28/2016) |
| 11/28/2016 | 140 | MEMO ENDORSEMENT as to (S2-15-Cr-867-01) Reza Zarrab on re: 138 LETTER MOTION addressed to Judge Richard M. Berman from USA, by AUSAs Michael D. Lockard, Sidhardha Kamaraju, David W. Denton, Jr., dated November 23, 2016 re: Suppression Hearing. The Government respectfully submits this letter with respect to the suppression hearing currently scheduled for December 5, 2016. The Government respectfully moves to preclude the defendant from calling Special Agent Scott Geissler as a witness in the suppression hearing in this case; requests that the Court denies the defendant's request for a Franks hearing; and notifies the Court that, if a hearing on the email search warrant were to be held, the Government anticipates offering testimony as to inevitable discovery. ENDORSEMENT: Defense may respond by 11/30/16 at Noon. SO ORDERED: (Signed by Judge Richard M. Berman on 11/28/2016)(bw) (Entered: 11/28/2016) |
| 11/28/2016 | 141 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated 11-28-2016 re: Court's orders dated November 22 and November 28, 2016 (Brafman, Benjamin) (Entered: 11/28/2016) |
| 11/28/2016 | 142 | LETTER MOTION addressed to Judge Richard M. Berman from USA dated November 28, 2016 re: Adjournment of Suppression Hearing . Document filed by USA as to Reza Zarrab. (Denton, David) (Entered: 11/28/2016) |
| 11/28/2016 | 143 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Harry H. Rimm dated November 28, 2016 re: Schedule in Connection with Appointment to Serve as Independent Counsel to Review Curcio Issues with Reza Zarrab (Rimm, Harry) (Entered: 11/28/2016) |
| 11/29/2016 | 144 | ORDER as to (15-Cr-867-01) Reza Zarrab. With respect to the Defense counsels' letter, dated November 28, 2016, enclosing proposed conflicts statements on behalf of Bank of America and Deutsche Bank, the Court requires the following additional publicly filed information: From the Government: 1- Paragraph citations to the S2 Superseding Indictment in which Deutsche Bank and Bank of America are specifically referenced; 2- Brief proffer of bank testimony which may be adduced by the Government at trial. From the Defense: 3- Waiver statements addressed to the Court and on each bank's corporate letterhead; 4- With respect to Deutsche Bank, what is the significance of the apparent limitation to the Bank's "New York Branch"; 5- Clearly shown name of Bank signatory and title of the signatory, and a |

| | | description of their duties and responsibilities. These materials to be filed by 5:00pm today. (Signed by Judge Richard M. Berman on 11/29/2016)(bw) (Entered: 11/29/2016) |
|---|---|---|
| 11/29/2016 | 145 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Harry H. Rimm dated November 29, 2016 re: Meeting with Reza Zarrab (Rimm, Harry) (Entered: 11/29/2016) |
| 11/29/2016 | 146 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated 11/29/16 re: Court Order Dated November 29, 2016 (Waiver Statements) (Attachments: # 1 DB Conflict Waiver Letter, # 2 BOA Conflict Waiver Letter)(Brafman, Benjamin) (Entered: 11/29/2016) |
| 11/29/2016 | 147 | LETTER by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated November 29, 2016 re: Information Requested in Order Dated Nov. 29, 2016 Document filed by USA. (Denton, David) (Entered: 11/29/2016) |
| 11/29/2016 | 148 | LETTER RESPONSE to Motion by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated 11/29/16 re: 138 LETTER MOTION addressed to Judge Richard M. Berman from USA dated Novemberr 23, 2016 re: Suppression Hearing .. (Brafman, Benjamin) (Entered: 11/29/2016) |
| 11/30/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman: Curcio Hearing as to Reza Zarrab held on 11/30/2016. AUSA Michael Lockard, David Denton and Dean Sovolos present; Defense attorneys Benjamin Brafman, Joshua Kirshner Edmund LaCour, Aaron Wolfson, Christine Chun, Viet Dinh and defendant Reza Zarrab present; CJA counsel Harry Rimm present; Court Reporter present; Turkish Interpreters Asiye Kay and George Esayan present; Court begins Curcio hearing; Defendant is sworn; testimony is given; Court receives into evidence waivers from Deutsche Bank and Bank of America; Curcio hearing to continue on 12/14/16 at 9:30 am with suppression hearing to follow; additional waivers are to be submitted by 12/7/16; supplemental briefing re: inevitable discovery is due from the government by 12/5/16; defense to respond by 12/7/16; 12/5/16 hearing is vacated; 1/23/17 trial date is vacated; trial is rescheduled for 10/16/17 at request of defense; counsel to submit joint proposed pretrial submission schedule to court; speedy trial time is excluded for the reasons set forth on the record from 11/30/16 to 10/16/17 pursuant to 18 USC 3161(h)(7)(A) and (B). (jbo) (Entered: 11/30/2016) |
| 11/30/2016 | | Set/Reset Hearings as to Reza Zarrab: Curcio Hearing set for 12/14/2016 at 09:30 AM before Judge Richard M. Berman. (jbo) (Entered: 11/30/2016) |
| 11/30/2016 | 149 | NOTICE of Change of Address as to Reza Zarrab. New Address: Kirkland & Ellis LLP, 655 Fifteenth Street, NW, Washington, DC, 20005, (202) 879-5000. (Dinh, Viet) (Entered: 11/30/2016) |
| 11/30/2016 | 150 | NOTICE of Change of Address as to Reza Zarrab. New Address: Kirkland & Ellis LLP, 655 Fifteenth Street, NW, Washington, DC, 20005, (202) 879-5000. (Clement, Paul) (Entered: 11/30/2016) |
| 11/30/2016 | 151 | |

| | | NOTICE of Change of Address as to Reza Zarrab. New Address: Kirkland & Ellis LLP, 655 Fifteenth Street, NW, Washington, DC, 20005, (202) 879-5000. (Harris, Jeffrey) (Entered: 11/30/2016) |
|---|---|---|
| 11/30/2016 | [152](#) | NOTICE of Change of Address as to Reza Zarrab. New Address: Kirkland & Ellis LLP, 655 Fifteenth Street, NW, Washington, DC, 20005, (202) 879-5000. (Lacour, Edmund) (Entered: 11/30/2016) |
| 12/01/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman: Status Conference as to Reza Zarrab held on 12/1/2016. AUSAs Sid Kamaraju, Michael Lockard, and David Denton present on phone; Defense attorneys Benjamin Brafman and Joshua Kirshner present on phone; Defendant's appearance waived; Court Reporter Ellen Simone present; Court discusses alternative trial dates with counsel; See transcript of proceedings held for a complete record. (jbo) (Entered: 12/08/2016) |
| 12/02/2016 | [153](#) | LETTER by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated December 2, 2016 re: Additional Information Regarding Banks Represented by Kirkland & Ellis Document filed by USA. (Denton, David) (Entered: 12/02/2016) |
| 12/05/2016 | [154](#) | LETTER by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated December 5, 2016 re: Inevitable Discovery Document filed by USA. (Attachments: # [1](#) Exhibit A)(Denton, David) (Entered: 12/05/2016) |
| 12/06/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman: Status Conference as to Reza Zarrab held on 12/6/2016. AUSAs Sid Kamaraju, David Denton and Dean Sovolos present on phone; Defense attorneys Benjamin Brafman and Joshue Kirshner present on phone; Defendant's appearance is waived; Court Reporter Andrew Walker is present; conference held re: trial dates; See transcript of proceedings held for a complete record. (jbo) (Entered: 12/08/2016) |
| 12/07/2016 | [155](#) | TRANSCRIPT of Proceedings as to Reza Zarrab re: Hearing held on 11/30/16 before Judge Richard M. Berman. Court Reporter/Transcriber: Ellen Simone, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/28/2016. Redacted Transcript Deadline set for 1/7/2017. Release of Transcript Restriction set for 3/7/2017. (McGuirk, Kelly) (Entered: 12/07/2016) |
| 12/07/2016 | [156](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Hearing proceeding held on 11/30/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 12/07/2016) |
| 12/07/2016 | [157](#) | |

| | | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 12/07/2016 re: Inevitable Discovery (Dinh, Viet) (Entered: 12/07/2016) |
|---|---|---|
| 12/07/2016 | 158 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 12/07/2016 re: Additional Information for Curcio Hearing (Attachments: # 1 Exhibit HSBC Waiver, # 2 Exhibit Standard Chartered Waiver, # 3 Exhibit UBS Waiver)(Dinh, Viet) (Entered: 12/07/2016) |
| 12/08/2016 | 159 | ORDER as to (15-Cr-867-1) Reza Zarrab. Based upon the record herein, including without limitation, Defense Counsels' Curcio letter dated December 7, 2016, the schedule in this case is being revised as follows: 1- The Curcio hearing will be held on December 14, 2016 at 9:30am. It is clear to the Court that a final ruling cannot be made on that date and will require the filing of post hearing findings of fact and conclusions of law. The Court will also discuss with counsel the need for opinion(s) of independent ethics counsel. 2- The suppression hearing(s) are adjourned to April 24, 2017 at 9:30am. The Court has under advisement the parties' Franks hearing submissions. 3- Trial will begin on August 21, 2017 at 9:30am. (Signed by Judge Richard M. Berman on 12/8/2016)(bw) (Entered: 12/08/2016) |
| 12/08/2016 | 160 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 12/08/2016 re: JPMorgan Chase Waiver Letter (Attachments: # 1 Exhibit JP Morgan Chase Waiver)(Dinh, Viet) (Entered: 12/08/2016) |
| 12/09/2016 | 161 | MEMO ENDORSEMENT as to (S2-15-Cr-867-01) Reza Zarrab on re: 160 LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Attorney Viet D. Dinh dated 12/08/2016 re: JPMorgan Chase Waiver Letter. This letter is respectfully submitted in response to the Court's order at the November 30, 2016 hearing requesting letters from certain Kirkland & Ellis LLP bank clients related to the upcoming Curcio hearing. Earlier today, we received an additional consent and waiver agreement from JPMorgan Chase Bank. A copy of that agreement is attached. ENDORSEMENT: Defense counsel are requested to have all of these waiver letters re-addressed directly to the Court or, alternatively, to have the authors each write separately to the Court referencing their letters and stating that the Court may rely upon the waivers and representations contained therein. SO ORDERED: (Signed by Judge Richard M. Berman on 12/9/2016)(bw) (Entered: 12/09/2016) |
| 12/09/2016 | | ***DELETED DOCUMENT. Deleted document number 162. "TRANSCRIPT of Proceedings as to Reza Zarrab re: Conference held on 11/23/16 before Judge Richard M. Berman." The document was incorrectly filed in this case. [*** NOTE: This document was originally docketed on 12/9/2016 by (McGuirk, Kelly). Court Reporters Office/SDNY requested the deletion of this docket entry on 12/9/2016. ***] (bw) (Entered: 12/09/2016) |
| 12/12/2016 | 162 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Conference held on 11/23/16 before Judge Richard M. Berman. Court Reporter/Transcriber: Jennifer Thun, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be |

| | | |
|---|---|---|
| | | obtained through PACER. Redaction Request due 1/2/2017. Redacted Transcript Deadline set for 1/12/2017. Release of Transcript Restriction set for 3/12/2017. (McGuirk, Kelly) (Entered: 12/12/2016) |
| 12/12/2016 | 163 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Conference proceeding held on 11/23/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 12/12/2016) |
| 12/12/2016 | 164 | JOINT LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Christine H. Chung and George D. Kleinfeld dated December 12, 2016 re: Withdrawal of Counsel (Chung, Christine) (Entered: 12/12/2016) |
| 12/13/2016 | 165 | MOTION for Erich C. Ferrari to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13089363. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Reza Zarrab as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Ferrari, Erich) (Entered: 12/13/2016) |
| 12/13/2016 | 166 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Harry H. Rimm dated December 13, 2016 re: Meeting with Reza Zarrab (Rimm, Harry) (Entered: 12/13/2016) |
| 12/13/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 165 MOTION for Erich C. Ferrari to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13089363. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 12/13/2016) |
| 12/13/2016 | 167 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 12/13/2016 re: Independent Ethics Opinion (Attachments: # 1 Ethics Opinion of Stephen Gillers, # 2 Revised Proposed Curcio Questions) (Dinh, Viet) (Entered: 12/13/2016) |
| 12/13/2016 | 168 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 12/13/2016 re: Bank Letters (Dinh, Viet) (Entered: 12/13/2016) |
| 12/14/2016 | 169 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 12/14/2016 re: Standard Chartered Supplemental Letter (Attachments: # 1 Exhibit Standard Chartered Supplemental Letter)(Dinh, Viet) (Entered: 12/14/2016) |
| 12/14/2016 | 170 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 12/14/2016 re: UBS Supplemental Letter (Attachments: # 1 UBS Supplemental Letter)(Dinh, Viet) (Entered: 12/14/2016) |
| 12/14/2016 | | Minute Entry for proceedings held before Judge Richard M. Berman:Curcio Hearing as to Reza Zarrab held on 12/14/2016 ( Curcio Hearing set for 12/20/2016 at 10:00 AM before Judge Richard M. Berman.) AUSAs Michael |

| | | |
|---|---|---|
| | | Lockard, Sid Kamaraju, David Denton and Dean Sovolos present; Defense attorneys Benjamin Brafman, Viet Dinh, Edmund Lacour, Joshua Kirshner, Erich Ferrari, Christine Chung present with defendant; CJA counsel Harry Rimm present; Turkish Interpreters George Esayan and Asiye Kay present; Court Reporter Vincent Bologna; Curcio hearing is continued; Court received additional bank waivers; Citibank will not submit a waiver; Wells Fargo position is outstanding; hearing will continue on 12/2016 at 10:00 assuming position of Wells Fargo is known; parties to submit findings of fact; conclusions of law; and proposed Order to Court on 12/21/16; Court permits withdrawal of law firms Quinn Emanuel Urquhart & Sullivan and CliffordChance US LLP;Court permits pro hac vice application of Erich Ferrari;see transcript of proceeding held for a complete record. (jw) (Entered: 12/14/2016) |
| 12/14/2016 | 171 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 12/14/2016 re: JPMorgan Chase Supplemental Letter (Attachments: # 1 Exhibit JPMorgan Chase Supplemental Letter)(Dinh, Viet) (Entered: 12/14/2016) |
| 12/15/2016 | 172 | MEMO ENDORSEMENT granting 165 Motion for Erich C. Ferrari to Appear Pro Hac Vice as to Reza Zarrab (1). ENDORSEMENT: IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge Richard M. Berman on 12/15/2016) (ft) (Entered: 12/15/2016) |
| 12/15/2016 | 173 | MEMO ENDORSEMENT as to Reza Zarrab on re: 164 Letter filed by Reza Zarrab. ENDORSEMENT: Application Granted. (Signed by Judge Richard M. Berman on 12/15/2016)(ft) (Entered: 12/15/2016) |
| 12/16/2016 | 174 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Conference held on 12/1/16 before Judge Richard M. Berman. Court Reporter/Transcriber: Ellen Simone, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/6/2017. Redacted Transcript Deadline set for 1/17/2017. Release of Transcript Restriction set for 3/16/2017. (McGuirk, Kelly) (Entered: 12/16/2016) |
| 12/16/2016 | 175 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Conference proceeding held on 12/1/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 12/16/2016) |
| 12/16/2016 | 176 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION for Aaron T. Wolfson to Withdraw as Attorney . Document filed by Reza Zarrab. (Wolfson, Aaron) Modified on 12/19/2016 (ka). (Entered: 12/16/2016) |

| 12/16/2016 | 177 | LETTER by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated December 16, 2016 re: Curcio Proceedings Document filed by USA. (Denton, David) (Entered: 12/16/2016) |
|---|---|---|
| 12/16/2016 | 178 | MEMO ENDORSEMENT as to Reza Zarrab on re: 177 Letter filed by USA. ENDORSEMENT: The Govt is directed to submit to the Court forthwith the written opinion of independent ethics counsel in support of its conclusion(s) regarding conflicts of interest. Such independent opinion should consider and address, among other things, defense counsel's contrary view. (Signed by Judge Richard M. Berman on 12/16/2016)(ft) (Entered: 12/16/2016) |
| 12/19/2016 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Reza Zarrab: Notice to Attorney Aaron Todd Wolfson to RE-FILE Document 176 MOTION for Aaron T. Wolfson to Withdraw as Attorney. Use the event type Letter Motion found under the event list Motions. (ka)** (Entered: 12/19/2016) |
| 12/19/2016 | 179 | ORDER as to (15-Cr-867-01) Reza Zarrab. The Court is adjourning the continued Curcio hearing from December 20, 2016 to January 5, 2017 at 9:00am. The Court has requested a further submission by the Government which is need prior to continued proceedings, along with the response from Wells Fargo. (Signed by Judge Richard M. Berman on 12/19/2016)(bw) (Entered: 12/19/2016) |
| 12/19/2016 | 180 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Hearing held on 12/14/16 before Judge Richard M. Berman. Court Reporter/Transcriber: Vincent Bologna, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/9/2017. Redacted Transcript Deadline set for 1/19/2017. Release of Transcript Restriction set for 3/20/2017. (McGuirk, Kelly) (Entered: 12/19/2016) |
| 12/19/2016 | 181 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Hearing proceeding held on 12/14/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 12/19/2016) |
| 12/19/2016 | 182 | LETTER MOTION addressed to Judge Richard M. Berman from Aaron T. Wolfson dated December 16, 2016 re: Withdrawal of Counsel *(Wolfson, Aaron)*. Document filed by Reza Zarrab. (Wolfson, Aaron) (Entered: 12/19/2016) |
| 12/19/2016 | 183 | LETTER MOTION addressed to Judge Richard M. Berman from USA dated 12/19/2016 re: 178 Memo Endorsement, re: Reconsideration or Stay . Document filed by USA as to Reza Zarrab. (Lockard, Michael) (Entered: 12/19/2016) |
| 12/19/2016 | 184 | |

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
|------------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     | LETTER MOTION addressed to Judge Richard M. Berman from Viet D. Dinh dated 12/19/2016 re: Filing Date for Proposed Findings of Fact and Conclusions of Law . Document filed by Reza Zarrab. (Dinh, Viet) (Entered: 12/19/2016)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
| 12/19/2016 | 185 | MEMO ENDORSEMENT granting 182 LETTER MOTION as to Reza Zarrab (1). ENDORSEMENT: Application granted. (Signed by Judge Richard M. Berman on 12/19/2016) (ft) (Entered: 12/19/2016)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                            |
| 12/20/2016 | 186 | MEMO ENDORSEMENT as to (15-Cr-867-01) Reza Zarrab on re: 183 LETTER MOTION addressed to Judge Richard M. Berman from USA (by AUSAs Michael D. Lockard, Sidhardha Kamaraju, David W. Denton, Jr.; Dean C. Sovolos, Special AUSA) dated 12/19/2016 re: 178 Memo Endorsement, re: Reconsideration or Stay. The Government respectfully writes concerning the Court's Order dated December 16, 2016 (the "Order"), directing the Government to "submit to the Court forthwith the written opinion of independent ethics counsel in support of its conclusion(s) regarding conflicts of interest." For the reasons discussed below, to the extent the Order was a direction to the Government to retain an independent ethics expert, we respectfully seek reconsideration or a stay of that portion of the Order. The Government has not retained a legal ethics expert with respect to this matter for two principal reasons. ENDORSEMENT: The parties are encouraged to support their contentions in the strongest way available. If the Government elects not to include on independent ethics opinion, that is entirely up to them. SO ORDERED: (Signed by Judge Richard M. Berman on 12/20/2016)(bw) (Entered: 12/20/2016) |
| 12/20/2016 | 187 | MEMO ENDORSEMENT as to (S2-15-Cr-867-01) Reza Zarrab on re: 184 LETTER MOTION filed by Reza Zarrab addressed to Judge Richard M. Berman from Attorney Viet D. Dinh dated 12/19/2016 re: Filing Date for Proposed Findings of Fact and Conclusions of Law. This letter is respectfully submitted to request clarification regarding the date the Court would like the parties to file proposed findings of fact and conclusions of law ("FOFCOL") related to the Curcio hearing and to request that the Court allow proposed FOFCOL to be filed after the Curcio hearing is completed. ENDORSEMENT: It would be most helpful to the Court to have findings of fact and legal conclusions at this time. (Often, courts require pre + post hearing FOFCOL). Counsel may, for this purpose, assume that Mr. Zarrab had been asked the questions that Mr. Rimm, as independent counsel, reviewed with him. If those Q + A's should ultimately change, counsel will be given the opportunities to supplement their submissions. SO ORDERED: (Signed by Judge Richard M. Berman on 12/20/2016)(bw) (Entered: 12/20/2016) |
| 12/21/2016 | 188 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 12/21/2016 re: Defendant's Proposed Findings of Fact and Conclusions of Law re: Curcio Proceedings (Attachments: # 1 Exhibit Defendant's Proposed Findings of Fact and Conclusions of Law re Curcio Proceedings)(Dinh, Viet) (Entered: 12/21/2016) |
| 12/21/2016 | 189 | REQUEST FOR SPECIAL FINDINGS OF FACT *AND CONCLUSIONS OF LAW* by USA as to Reza Zarrab. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 |

| | | |
|---|---|---|
| | | Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Text of Proposed Order Proposed Order)(Kamaraju, Sidhardha) (Entered: 12/21/2016) |
| 12/21/2016 | 190 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 12/21/2016 re: Wells Fargo Consent Agreement (Attachments: # 1 Exhibit Kirkland Consent Request, # 2 Exhibit Wells Fargo Consent Email) (Dinh, Viet) (Entered: 12/21/2016) |
| 01/04/2017 | 191 | ORDER as to Reza Zarrab. The parties proposed findings of fact and conclusions of law are very helpful. Counsel will also be given the opportunity to argue the conflicts issues (10-15 minutes per side) at tomorrow's Curcio proceeding (Signed by Judge Richard M. Berman on 1/4/2017)(jw) (Entered: 01/04/2017) |
| 01/05/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Curcio Hearing as to Reza Zarrab held on 1/5/2017. AUSAs Sid Kamaraju, David Denton, Dean Sovolos, Michael Lockard present; Also present are FBI agents McReynolds and Geissler; Defendant and defense attorneys Benjamin Brafman, Joshua Kirshner, Viet Dinh and Edmund LaCour present; Also present is CJA counsel Harry Rimm; Turkish Interpreter Asiye Kary present; Court Reporter Khris Sellin present; Curcio hearing continued; Defendant is sworn; testimony is taken; evidence is entered. Curcio hearing concludes; See transcript of proceedings held for a complete record. (jbo) (Entered: 01/05/2017) |
| 01/13/2017 | 192 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Hearing held on 1/5/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Khristine Sellin, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/3/2017. Redacted Transcript Deadline set for 2/13/2017. Release of Transcript Restriction set for 4/13/2017. (McGuirk, Kelly) (Entered: 01/13/2017) |
| 01/13/2017 | 193 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Hearing proceeding held on 1/5/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/13/2017) |
| 01/19/2017 | 194 | ORDER as to Reza Zarrab. In connection with the Curcio proceedings in this case, the Court requests the parties' responses to these supplemental questions |

| | | |
|---|---|---|
| | | listed herein. (Signed by Judge Richard M. Berman on 1/19/2017)(ft) (Entered: 01/19/2017) |
| 01/25/2017 | 195 | LETTER by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab addressed to Judge Richard M. Berman from USA dated 1/25/2017 re: Court's January 19, 2017 Request for Supplemental Information Document filed by USA. (Kamaraju, Sidhardha) (Entered: 01/25/2017) |
| 01/25/2017 | 196 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 01/25/2017 re: Court's Jan. 19, 2017 Order Requesting Responses to Supplemental Questions (Attachments: # 1 Exhibit Suppl. Ltr. of Prof. Stephen Gillers, # 2 Exhibit Zarrab Waiver Agreement)(Dinh, Viet) (Entered: 01/25/2017) |
| 02/15/2017 | 197 | DECISION & ORDER: as to (15-Cr-867-01) Reza Zarrab. Having reviewed the record herein including, without limitation, the Government submissions, dated November 18, 2016, November 29, 2016, December 2, 2016, December 16, 2016, January 25, 2017; the Defense submissions, dated November 12, 2016, November 13, 2016, November 28, 2016, November 29, 2016, December 2, 2016, December 13, 2016, December 21, 2016, January 25, 2017; an (unsigned 2 page) waiver agreement ("Zarrab Conflicts of Interest Waiver") between Zarrab and Kirkland and Ellis ("Kirkland" or "K&E") executed on or after November 16, 2016(See Footnote on this Decision & Order); waivers from seven bank clients of Kirkland and Ellis, namely HSBC, JPMorgan Chase, Wells Fargo, Standard Chartered, UBS, Bank of America and Deutsche Bank(See Footnote 2 on Decision & Order); proposed findings of fact and conclusions of law submitted by the Government and the Defense, each dated December 21, 2016; independent counsel Harry Rimm's submissions, dated November 28, 2016, November 29, 2016, December 13, 2016; and having heard oral argument by counsel on November 23, 2016, November 30,2016, December 14,2016, January 5, 2017, the Court finds and directs as follows:... [See this Decision & Order]... Conclusion and Order: For the reasons stated above, the Government's letter motion [#177] to disqualify K&E is respectfully denied. (Signed by Judge Richard M. Berman on 2/15/2017)(bw) (Entered: 02/15/2017) |
| 02/24/2017 | 198 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 02/24/2017 re: Court's Feb. 15, 2017 Order Requesting Curcio Update (Dinh, Viet) (Entered: 02/24/2017) |
| 03/09/2017 | 199 | ENDORSED LETTER as to Reza Zarrab addressed to Judge Richard M. Berman from Harry H. Rimm dated 3/9/2017 re: Reimbursement of Time. ENDORSEMENT: Application Granted. SO ORDERED. (Signed by Judge Richard M. Berman on 3/9/2017)(ft) (Entered: 03/09/2017) |
| 03/22/2017 | 200 | SEALED DOCUMENT placed in vault. (rz) (Entered: 03/22/2017) |
| 03/27/2017 | 201 | LETTER by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated March 27, 2017 re: Curcio Proceedings Document filed by USA. (Denton, David) (Entered: 03/27/2017) |
| 03/27/2017 | 202 | |

| | | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated 03/27/2017 re: Letter by USA re: Curcio Proceedings (Brafman, Benjamin) (Entered: 03/27/2017) |
|---|---|---|
| 03/27/2017 | 203 | LETTER by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated March 27, 2017 re: Curcio Proceedings Document filed by USA. (Denton, David) (Entered: 03/27/2017) |
| 03/27/2017 | | SEALED ORAL ORDER as to Sealed Defendant 1. (Signed by Magistrate Judge James C. Francis on 3/27/2017)(dif) [1:17-mj-02197-UA] (Entered: 03/28/2017) |
| 03/27/2017 | 1 | COMPLAINT as to Mehmet Hakan Atilla (1). In Violation of 18 U.S.C. 1349; 50 U.S.C. 1705 (Signed by Magistrate Judge James C. Francis) (dif) [1:17-mj-02197-UA] (Entered: 03/28/2017) |
| 03/27/2017 | | Arrest of Mehmet Hakan Atilla. (dif) [1:17-mj-02197-UA] (Entered: 03/28/2017) |
| 03/28/2017 | 204 | ORDER as to (15-Cr-867-01) Reza Zarrab. The Court will hold a conference on Tuesday, April 4, 2017 at 9:00 am. In advance of the conference, the parties are requested to submit briefs of no more than 12 pages double spaced setting forth legal authorities on the following issues: 1- Whether Messrs. Giuliani and Mukasey and/or their law firms have been retained by, or on behalf of, Reza Zarrab as legal counsel or in some other capacity; 2- If so, explain whether such engagement(s) in any way relate to and/or may impact the prosecution of Mr. Zarrab for the crimes alleged in the Indictment; 3- Whether Messrs. Giuliani or Mukasey intend to or are required to file notices of appearance in this case; 4- Whether the roles of Messrs. Giuliani and Mukasey are legally distinguishable (for purposes of filing notices of appearance) from the role(s) of the eight defense attorneys who currently have notices of appearance on file (or the eight other defense counsel who have withdrawn from the case after filing such notices) and, if so, how are they different; 5- Whether a Curcio hearing, as requested by the Government, should be held. The Defense brief is due by noon on Thursday, March 30, 2017; the Government's response is due by 4:00 pm on Friday, March 31, 2017; and any Defense reply is due by 10:00 am on Monday, April 3, 2017. (The Defense is requested to file first as they would appear to be most knowledgeable about Messrs. Giuliani's and Mukasey's roles.) In connection with these proceedings, the Court advises the parties of its prior relationships to Messrs. Giuliani and Mukasey which are as follows: 1- The Court served on Mr. Giuliani's Mayoral transition team (1993). The Court was appointed to the New York State Family Court by Mayor Giuliani in 1995; 2- The Court served as a colleague with Mr. Mukasey on the Southern District New York bench from 1998 to 2006. These prior relationships do not, in the Court's view, affect its ability to continue to be fair and impartial in this matter. (Signed by Judge Richard M. Berman on 3/28/2017)(bw) (Entered: 03/28/2017) |
| 03/28/2017 | 3 | CJA 23 Financial Affidavit by Mehmet Hakan Atilla. (Signed by Judge Magistrate Judge James C. Francis) (CJA Attorney Gerald Dichiara Appointed) (dif) [1:17-mj-02197-UA] (Entered: 03/28/2017) |
| | | |

| 03/28/2017 | | Attorney update in case as to Mehmet Hakan Atilla. Attorney Gerald Dichiara for Mehmet Hakan Atilla added.. (dif) [1:17-mj-02197-UA] (Entered: 03/28/2017) |
|---|---|---|
| 03/28/2017 | 4 | Minute Entry for proceedings held before Magistrate Judge James C. Francis: Initial Appearance as to Mehmet Hakan Atilla held on 3/28/2017., Deft Appears with CJA Attorney Gerald Dichiara with turkish interpreter and AUSA Michael Lockard and David Denton for the government. Detention on Consent w/o Prejudice; ( Preliminary Hearing set for 4/10/2017 at 10:00 AM before Judge Unassigned.) (dif) [1:17-mj-02197-UA] (Entered: 03/28/2017) |
| 03/30/2017 | 205 | LETTER MOTION addressed to Judge Richard M. Berman from Benjamin Brafman dated 03/30/17 re: 204 Order, Set Deadlines/Hearings,,,,,,,,,,,,,,,, re: Response to 03/28/17 Court Order . Document filed by Reza Zarrab. (Brafman, Benjamin) (Entered: 03/30/2017) |
| 03/31/2017 | 206 | LETTER by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated March 31, 2017 re: March 28 Order re: Curcio Proceedings Document filed by USA. (Denton, David) (Entered: 03/31/2017) |
| 03/31/2017 | 207 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated 03.31.2017 re: Response to Government's March 31, 2017 Letter (Brafman, Benjamin) (Entered: 03/31/2017) |
| 04/03/2017 | 208 | ORDER as to Reza Zarrab. The conference is rescheduled from 9:00 am on April 4, 2017 to 9:30 am on April 4, 2017. (Signed by Judge Richard M. Berman on 4/3/2017)(ft) (Entered: 04/03/2017) |
| 04/03/2017 | | Set/Reset Deadlines/Hearings as to Reza Zarrab: Status Conference set for 4/4/2017 at 09:30 AM before Judge Richard M. Berman. (ft) (Entered: 04/03/2017) |
| 04/04/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Status Conference as to Reza Zarrab held on 4/4/2017. AUSA Michael Lockard and Dean Sovolos present; Also present is FBI agent McReynolds; Defendant present with defense attorneys Benjamin Brafman, Marc Agnifilo, Joshua Kirshner and Erich Ferrari present; Court Reporter Karen Gorlaski present; conference held re: Curcio issues related to Messrs. Giuliani and Mukasey; Court will issue a written Order (jw) (Entered: 04/04/2017) |
| 04/05/2017 | 209 | DECISION & ORDER as to (15-Cr-867-01) Reza Zarrab. I. Background: The Court held a conference on April 4, 2017, after receiving a letter from the Government, dated March 27, 2017, requesting a (second) Curcio hearing in this case. According to the Government, a Curcio hearing is needed to examine whether there are conflicts of interest related to the addition to the defense team of former New York City Mayor Rudolph Giuliani (also former United States Attorney for the Southern District of New York), and former United States Attorney General Michael B. Mukasey (also former Chief Judge of the District Court for the Southern District of New York). The conflicts which the Government wishes to have the Court explore relate to the work of their law firms, i.e., the alleged legal representations by the law firms Greenberg Traurig (in the case of Mr. Giuliani) and Debevoise & Plimpton (in the case of Mr. |

Case 18-1910, Document 25, 09/06/2018, 2383239, Page64 of 257
A57

Mukasey) of certain banks whose interests are or may be adverse to the interests of Defendant Reza Zarrab. The banks in question are Deutsche Bank, Bank of America, JP Morgan Chase, Citibank, HSBC, Standard Chartered, UBS, and Wells Fargo. The Government also seeks to have explored at the Curcio hearing, Greenberg Traurig's status of "agent" to the Republic of Turkey.(See Footnote 1 on this Decision & Order). The defense letter response stated: "[U]nlike the attorneys associated with Kirkland & Ellis, no lawyers from Greenberg Traurig or Debevoise & Plimpton will have any involvement in the trial preparation or trial in this case and neither Mr. Giuliani nor Mr. Mukasey intends to file a notice of appearance before Your Honor. Their roles will not require any appearance in Court...." (Defendant's Letter to Court, filed Mar. 27, 2017, at 2.) The Government wrote in reply, asserting, among other things, that "[p]reparation for trial and participation at trial... are not the only stages of representation that implicate the defendant's right to conflict-free counsel.... In this case, the Government has been expressly advised that Mr. Giuliani and Mr. Mukasey have been retained by the defendant and are involved in, and will continue to be involved in, efforts to explore a potential disposition of the criminal charges in this matter. To the extent that the defendant relies on the advice and efforts of these attorneys, and to the extent that there exist potential conflicts of interest that could impair the defendant's right to conflict-free representation, Curcio proceedings are appropriate...." (Government's Reply Letter to Court, filed Mar. 27, 2017, at 1-2.)(See Footnote 2 on this Decision & Order). The Court has made clear, and does so here, that nothing it may have said having to do with the Government's request for a Curcio hearing in any way is meant to suggest or imply that Mr. Zarrab is guilty of any of the crimes he is charged with in the Indictment. (See H'rg Tr., dated Apr. 4, 2017, at 5-6.) Mr. Zarrab is presumed to be innocent of those charges and that presumption applies unless and until he were to be found guilty in proceedings in this Court. In that connection, trial of these criminal charges will begin on August 21, 2017. The Court also makes clear that nothing it says or does is intended to disparage esteemed counsel) including: Mr. Brafman and his team of co-counsel; the acting United States Attorney Joon Kim and his team; former United States Attorney Preet Bharara, during whose tenure the case was commenced; or Rudolph Giuliani and Michael Mukasey, who have served our City and Country over many years as dedicated public servants and attorneys....[See this Decision & Order]... IV. Conclusion & Order: Based upon the record herein, including the parties' written submissions and oral arguments, and bearing firmly in mind the Court's responsibilities to ensure that Mr. Zarrab is treated fairly and has (or knowingly waives) conflict-free counsel, and to safeguard and ensure the integrity of these proceedings, see Wheat, 486 U.S. at 160, the Court confirms that these matters are unquestionably the Court's "business." And, the Court orders and directs as follows: 1. The Court will conduct a Curcio hearing on April 24, 2017, beginning at 9:30 a.m.(See Footnote 5 on this Decision & Order). The Government and the defense have acknowledged or agreed that a Curcio hearing is appropriate, and that the work of Messrs. Giuliani and Mukasey and their firms may impact the outcome of these criminal proceedings. (See Defendant's Letter to Court, dated Mar, 31, 2017, at 2.) It is incumbent upon the Court, among other things, to investigate any conflicts or potential conflicts

| | | |
|---|---|---|
| | | and, thereafter, to determine whether Mr. Zarrab is fully aware of any (actual or potential) conflicts of interest which may exist as a result of Messrs. Giuliani and Mukasey's representation of him. See Cain, 671 F.3d at 293-94. The Court will also determine whether any conflicts are of such a nature as can be knowingly and voluntarily waived by Mr. Zarrab, and whether he, in fact, chooses to do so. See United States v. Lussier, 71 F.3d 456, 461 (2d Cir. 1995) ("[T]he court must follow the procedures set out in [Curcio] to secure a knowing, voluntary, and intelligent waiver from the defendant of his right to a non-conflicted attorney."). 2. The alleged conflicts to be considered relate to: (a) Greenberg Traurig s and Debevoise & Plimpton's representation of "victim banks," and (b) Greenberg Traurig's status and work as agent of the Republic of Turkey. See United States v. Isaacson, 853 F. Supp. 83, 88 (E.D.N.Y. 1994). (See Footnote 7 on this Decision & Order). 3. Mr. Brafman is requested forthwith to meet and confer with Messrs. Giuliani and Mukasey and thereafter to submit to the Court by affidavit/affirmation, along with supporting exhibits, the information described below. Such affidavit(s) may be filed under seal and presented for the Court's in camera review, particularly if they contain privileged information. Such affidavit(s) shall be submitted to the Court on or before April 14, 2017 (noon) and shall include the following:...[See this Decision & Order]... 4. On an ongoing basis, the parties are directed promptly to advise the Court if they are or become aware of other actual or potential conflicts of interest. 5. The parties shall meet and confer in good faith to develop a joint list of Curcio questions to be posed by the Court at the Curcio hearing. The list shall be submitted to the Court on or before April 18, 2017 (noon). If the parties do not agree on the questions to be posed, they may submit questions separately. (Signed by Judge Richard M. Berman on 4/5/2017)(bw) (Entered: 04/05/2017) |
| 04/05/2017 | | Set/Reset Deadlines/Hearings as to Reza Zarrab (1): Brief due by 4/18/2017 (noon). Curcio Hearing set for 4/24/2017 at 09:30 AM before Judge Richard M. Berman. [*** NOTE: Refer to Decision & Order, doc.#209, filed on 4/5/2017. ***] (bw) (Entered: 04/05/2017) |
| 04/05/2017 | 210 | LETTER by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab addressed to Judge Richard M. Berman from USA dated April 5, 2017 re: Defendant Reza Zarrab's Motion for a Franks Hearing Document filed by USA. (Kamaraju, Sidhardha) (Entered: 04/05/2017) |
| 04/05/2017 | 211 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Viet D. Dinh dated 04/05/2017 re: Response to Government Letter re Franks Hearing (Dinh, Viet) (Entered: 04/05/2017) |
| 04/05/2017 | 5 | **FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE -** NOTICE OF ATTORNEY APPEARANCE: Thomas Elliott Thornhill appearing for Mehmet Hakan Atilla. Appearance Type: Retained. (Thornhill, Thomas) Modified on 4/5/2017 (ka). [1:17-mj-02197-UA] (Entered: 04/05/2017) |
| 04/05/2017 | 6 | **FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE -** NOTICE OF ATTORNEY APPEARANCE: Victor J. Rocco appearing for |

| | | Mehmet Hakan Atilla. Appearance Type: Retained. (Rocco, Victor) Modified on 4/5/2017 (ka). [1:17-mj-02197-UA] (Entered: 04/05/2017) |
|---|---|---|
| 04/05/2017 | 7 | **FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE -** NOTICE of Change of Address as to Mehmet Hakan Atilla. New Address: Herrick, Feinstein LLP, 2 Park Ave., NY, NY, USA 10016, 212-592-1400. (Rocco, Victor) Modified on 4/5/2017 (ka). [1:17-mj-02197-UA] (Entered: 04/05/2017) |
| 04/05/2017 | 8 | **FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE -** NOTICE of Change of Address as to Mehmet Hakan Atilla. New Address: Herrick, Feinstein LLP, 2 Park Ave., NY, NY, USA 10016, 212-592-1400. (Thornhill, Thomas) Modified on 4/5/2017 (ka). [1:17-mj-02197-UA] (Entered: 04/05/2017) |
| 04/05/2017 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Thomas Elliott Thornhill as to Mehmet Hakan Atilla: to MANUALLY RE-FILE Document Notice of Attorney Appearance, Document No. 5. This case is not ECF. (ka)** [1:17-mj-02197-UA] (Entered: 04/05/2017) |
| 04/05/2017 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Victor J. Rocco as to Mehmet Hakan Atilla: to MANUALLY RE-FILE Document Notice of Attorney Appearance, Document No. 6. This case is not ECF. (ka)** [1:17-mj-02197-UA] (Entered: 04/05/2017) |
| 04/05/2017 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Victor J. Rocco as to Mehmet Hakan Atilla: to MANUALLY RE-FILE Document Notice of Change of Address, Document No. 7. This case is not ECF. (ka)** [1:17-mj-02197-UA] (Entered: 04/05/2017) |
| 04/05/2017 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Thomas Elliott Thornhill as to Mehmet Hakan Atilla: to MANUALLY RE-FILE Document Notice of Change of Address, Document No. 8. This case is not ECF. (ka)** [1:17-mj-02197-UA] (Entered: 04/05/2017) |
| 04/05/2017 | 9 | **FILING ERROR - ELECTRONIC FILING IN NON-ECF CASE -** LETTER MOTION addressed to Magistrate Judge James C. Francis IV re: 4 Initial Appearance, Set Deadlines/Hearings,, re: Request to Adjourn April 10, 2017 hearing . Document filed by Mehmet Hakan Atilla. (Thornhill, Thomas) Modified on 4/6/2017 (ka). [1:17-mj-02197-UA] (Entered: 04/05/2017) |
| 04/06/2017 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF CASE ERROR. Note to Attorney Thomas Elliott Thornhill as to Mehmet Hakan Atilla: to MANUALLY RE-FILE Document Letter Motion, Document No. 9. This case is not ECF. (ka)** [1:17-mj-02197-UA] (Entered: 04/06/2017) |
| 04/07/2017 | 212 | (S3) SUPERSEDING INDICTMENT FILED as to Reza Zarrab (1) count(s) 1sss, 2sss, 3sss, 4sss, Camelia Jamshidy (2) count(s) 1sss, 2sss, 3sss, 4sss, |

| | | |
|---|---|---|
| | | Hossein Najafzadeh (3) count(s) 1sss, 2sss, 3sss, 4sss, Mohammad Zarrab (4) count(s) 1s, 2s, 3s, 4s, Mehmet Hakan Atilla (5) count(s) 2, 3. (jm) (Entered: 04/07/2017) |
| 04/07/2017 | 216 | NOTICE of Change of Address as to Mehmet Hakan Atilla. New Address: Herrick, Feinstein LLP, 2 Park Avenue, New York, NY, USA 10016, (212) 592-1400. (Rocco, Victor) (Entered: 04/07/2017) |
| 04/07/2017 | 217 | NOTICE of Change of Address as to Mehmet Hakan Atilla. New Address: Herrick, Feinstein LLP, 2 Park Avenue, New York, NY, USA 10016, (212) 592-1400. (Thornhill, Thomas) (Entered: 04/07/2017) |
| 04/12/2017 | 218 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Conference held on 4/4/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Karen Gorlaski, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/3/2017. Redacted Transcript Deadline set for 5/15/2017. Release of Transcript Restriction set for 7/11/2017. (McGuirk, Kelly) (Entered: 04/12/2017) |
| 04/12/2017 | 219 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Conference proceeding held on 4/417 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/12/2017) |
| 04/13/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Arraignment as to Reza Zarrab (1) Count 1sss,2sss,3sss,4sss and Mehmet Hakan Atilla (5) Count 2,3 held on 4/13/2017. AUSAs David Denton, Sid Kamaraju and Dean Sovolos present; Also present is FBI agents McReynolds and Geissler; Defendant Reza Zarrab present with defense attorneys Benjamin Brafman and Erich Ferrari; Defendant Mehmet Hakan Atilla with defense attorneys Victor Rocco and Thomas Thornhill; Turkish Interpreter George Esayan present for both defendants; Court Reporter Pamela Utter present; Defendants arraigned on S3 Indictment; Defendants waive a public reading and enter pleas of not guilty; Counsel for defendant Atilla to submit a letter by 4/21/17 re: Curcio hearing scheduled for 4/24/17 re: defendant Zarrab; Court will also hold a conference on 4/24/17 at 9:30 am re: scheduling (including any proposed change in the trial schedule); Counsel for defendant Atilla to submit information related to Atilla Curcio matters including attorney/law firm representation of victim banks and Republic of Turkey by 5/1/17; Curcio hearing for defendant Atilla scheduled for 5/18/17 at 9:30 am; speedy trial time is excluded for the reasons set forth on the record from 4/13/17 to 8/21/17 pursuant to 18 USC 3161(h)(7)(A) and (B). (bw) (Entered: 04/17/2017) |
| 04/13/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Plea (on S3-15-Cr-867) entered by Reza Zarrab (1) Count 1sss,2sss,3sss,4sss; and Mehmet Hakan Atilla (5) Count 2,3 --- Not Guilty. (bw) (Entered: 04/17/2017) |

| | | |
|---|---|---|
| 04/13/2017 | | ORAL ORDER as to Reza Zarrab (1), Mehmet Hakan Atilla (5). Time excluded from 4/13/2017 until 8/21/2017. Status Conference set for 4/24/2017 at 09:30 AM before Judge Richard M. Berman. (bw) (Entered: 04/17/2017) |
| 04/13/2017 | | ORAL ORDER as to Mehmet Hakan Atilla (5). Brief (Defendant's letter) due by 4/21/2017. Curcio Hearing set for 5/18/2017 at 09:30 AM before Judge Richard M. Berman. (bw) (Entered: 04/17/2017) |
| 04/17/2017 | 220 | TRANSCRIPT of Proceedings as to Reza Zarrab, Mehmet Hakan Atilla re: Arraignment held on 4/13/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/8/2017. Redacted Transcript Deadline set for 5/18/2017. Release of Transcript Restriction set for 7/17/2017. (McGuirk, Kelly) (Entered: 04/17/2017) |
| 04/17/2017 | 221 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab, Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Arraignment proceeding held on 4/13/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/17/2017) |
| 04/18/2017 | 222 | ORDER as to (15-Cr-867-01) Reza Zarrab. The Curcio hearing in this action is hereby rescheduled from 9:30 a.m. to 10:30 a.m. on Monday, April 24, 2017. (Signed by Judge Richard M. Berman on 4/18/2017)(bw) (Entered: 04/18/2017) |
| 04/18/2017 | 223 | LETTER by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla addressed to Judge Richard M. Berman from USA dated 4/18/2017 re: The Court's April 5, 2017 Order Document filed by USA. (Attachments: # 1 Exhibit A)(Kamaraju, Sidhardha) (Entered: 04/18/2017) |
| 04/18/2017 | 224 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated April 18, 2017 re: Response to Court's Order of April 5, 2017 (Brafman, Benjamin) (Entered: 04/18/2017) |
| 04/19/2017 | 225 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated April 14, 2017 re: Response to Judge Berman's Order of April 5, 2017 (Brafman, Benjamin) (Entered: 04/19/2017) |
| 04/21/2017 | 226 | ORDER as to (15-Cr-867-01) Reza Zarrab. Agenda for Monday, April 24, 2017: The most recent Defense submissions (affidavits, etc.) should enable the Government and the Defense jointly to develop and submit appropriate Curcio questions---we can discuss such a joint submission on Monday, April 24, 2017. The Court also intends on Monday to appoint independent counsel to confer with Mr. Zaarab in order to ensure that he understands any actual or potential |

| | | |
|---|---|---|
| | | conflicts, as was done previously. The Court likely will request additional information, such as up-to-date foreign agent filings. The Court will also hear from each of the parties should they wish to be heard, and set an adjourn date on which Curcio questions will be posed. (Signed by Judge Richard M. Berman on 4/21/2017)(bw) (Entered: 04/21/2017) |
| 04/21/2017 | 227 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman re: hearing and trial date (Rocco, Victor) (Entered: 04/21/2017) |
| 04/21/2017 | 228 | MEMO ENDORSEMENT as to (S3-15-Cr-867-05) Mehmet Hakan Atilla on re: 227 LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Attorney Victor J. Rocco dated April 21, 2017 re: hearing and trial date. ENDORSEMENT: Defendant and counsel are required to attend on Monday, April 24, 2017 at 10:30. He can discuss his position in open court then. SO ORDERED: (Signed by Judge Richard M. Berman on 4/21/2017) (bw) (Entered: 04/21/2017) |
| 04/21/2017 | | Set/Reset Deadlines/Hearings as to Mehmet Hakan Atilla (5): Status Conference set for 4/24/2017 at 10:30 AM before Judge Richard M. Berman. (bw) (Entered: 04/21/2017) |
| 04/24/2017 | 229 | MEMO ENDORSEMENT as to (15-Cr-867-01) Reza Zarrab on "E-Mail" addressed to Joshua Kirshner from Christine Murray on 04-19-2017 12:14 PM Re: Zarrab affidavits / Good Friday. ENDORSEMENT: Clerk's office to docket and file. SO ORDERED: (Signed by Judge Richard M. Berman on 4/24/2017)(bw) (Entered: 04/24/2017) |
| 04/24/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Status Conference as to Reza Zarrab, Mehmet Hakan Atilla held on 4/24/2017, as to Reza Zarrab, Mehmet Hakan Atilla( Suppression Hearing set for 5/18/2017 at 11:00 AM before Judge Richard M. Berman.) AUSAs Michael Lockard, Sid Kamaraju, David Denton and Dean Sovolos present;Also present is FBI Special Agent Jennifer McReynolds;Defendant Reza Zarrab present with defense attorneys Benjamin Brafman, MarcAgnifilo, Joshua Kirshner and Erich Ferrari; Defendant Mehmet Hakan Atilla present with defense attorneys Victor Rocco andThomas Thornhill; Court Reporter Rose Prater present; Turkish Interpreters Asiye Kay and George Esayan present; conference held; Court appoints CJA counsel for defendants on Curcio issues; Curcio information for defendant Zarrab are due April 27, 2017 at 12:00 noon; proposed Curcio questions for defendant Zarrab due thereafter; Curcio hearing of defendant Zarrab will be held on May 2, 2017 at 2:00 pm; Curcio hearing of defendant Atilla will be held on May 18, 2017 at 10:00 am; defense submissions for defendant Atilla describing potential conflicts relating to bank representation and Turkey representation are due April 27, 2017 at 12:00 noon;suppression hearing is adjourned to May 18, 2017 at 11:00 am (at parties request); see transcript of proceedings held for a complete record. (jw) (Entered: 04/28/2017) |
| 04/24/2017 | | Set/Reset Deadlines/Hearings as to Reza Zarrab: Curcio Hearing set for 5/2/2017 at 02:00 PM before Judge Richard M. Berman (jw) (Entered: 04/28/2017) |
| | | |

| | | |
|---|---|---|
| 04/24/2017 | | Set/Reset Deadlines/Hearings as to Mehmet Hakan Atilla: Curcio Hearing set for 5/18/2017 at 10:00 AM before Judge Richard M. Berman.. (jw) (Entered: 04/28/2017) |
| 04/27/2017 | 230 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated April 27, 2017 re: Response to Court's Order of April 24, 2017 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Kirshner, Joshua) (Entered: 04/27/2017) |
| 04/27/2017 | 231 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman re: Curcio hearing (Rocco, Victor) (Entered: 04/27/2017) |
| 04/28/2017 | 232 | LETTER by USA as to Reza Zarrab addressed to Judge Richard M. Berman from USA dated 04/28/2017 re: Enclosing Joint Proposed Curcio Questions Document filed by USA. (Attachments: # 1 Proposed Curcio Questions) (Kamaraju, Sidhardha) (Entered: 04/28/2017) |
| 05/01/2017 | 233 | ORDER as to (15-Cr-867-01) Reza Zarrab. The Court would like counsel to be prepared to discuss, along with the other Curcio topics, the following questions on Tuesday, May 2, 2017: 1. Whether Messrs. Giuliani and Mukasey and/or their firms--or any other defense counsel in this case--have also been retained by Iran, Halk bank, Turkey (apart from what already has been submitted), or the United States. If yes, explain. 2. With respect to joint Curcio Question 16.e, who does the phrase "making arguments" refer to? Arguments to whom? 3. Whether Greenberg Traurig's representation of both Mr. Zarrab and the Republic of Turkey is an actual conflict? Is it waivable? Cite relevant case authorities and rules. 4. Who is Greenberg Traurig's client when Mr. Giuliani meets with Turkish (or United States) officials to discuss Mr. Zarrab's case? Turkey or Mr. Zarrab? Can such discussions ever be privileged or is any privilege waived? 5. May Messrs. Giuliani or Mukasey participate or take positions adverse to Mr. Zarrab in negotiations between the United States and Turkey? 6. Do office holders and/or members (or affiliates) of the Governments of the United States or Turkey do business with Mr. Zarrab and/or any of his affiliates? If yes, explain. (Signed by Judge Richard M. Berman on 5/1/2017)(bw) (Entered: 05/01/2017) |
| 05/01/2017 | 234 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Victor J. Rocco dated May 1, 2017 re: Mehmet Hakan Atilla's Proposed Questions for Curcio Hearing on May 18, 2017 (Attachments: # 1 Exhibit Defendant Atilla's Proposed Curcio Examination)(Rocco, Victor) (Entered: 05/01/2017) |
| 05/01/2017 | 235 | LETTER by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from USA dated 5/1/17 re: Proposed Questions for Atilla Curcio Document filed by USA. (Attachments: # 1 Government's Proposed Curcio Questions)(Kamaraju, Sidhardha) (Entered: 05/01/2017) |
| 05/03/2017 | 236 | ORDER as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla. The Court would like defense counsel to submit to the Court by May 5, 2017 at 12:00 noon a list of the matters on which Messrs. Mukasey and Giuliani have represented (personally or by their firms) the United States of America and/or any of its agencies (paid |

| | | |
|---|---|---|
| | | or pro bono). See Transcript of proceedings held on May 2, 2017 at 7. (Signed by Judge Richard M. Berman on 5/3/2017)(bw) (Entered: 05/03/2017) |
| 05/05/2017 | 237 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from BENJAMIN BRAFMAN dated MAY 5, 2017 re: SUPPRESSION HEARING (Brafman, Benjamin) (Entered: 05/05/2017) |
| 05/11/2017 | 238 | MEMO ENDORSEMENT as to Reza Zarrab re: Affidavit of Rudolph W. Giuliani...ENDORSEMENT...Clerk to docket and file. (Signed by Judge Richard M. Berman on 5/11/2017)(jw) (Entered: 05/11/2017) |
| 05/11/2017 | 239 | MEMO ENDORSED as to Reza Zarrab re: Affidavit of Michael B. Mukasey...ENDORSEMENT...Clerk to docket and file. (Signed by Judge Richard M. Berman on 5/11/2017)(jw) (Entered: 05/11/2017) |
| 05/11/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Curcio Hearing as to Reza Zarrab held on 5/11/2017. AUSAs Sid Kamaraju, David Denton and Dean Sovolos present; Defendant Reza Zarrab present with defense attorneys Benjamin Brafman and Erich Ferrari; CJA counsel James DeVita present; Court Reporter Rebecca Forman present; Turkish Interpreters Asiye Kay and Seyhan Sirtalan present; Curcio hearing continues; Court has additional areas of inquiry for counsel and requests counsel to provide written supplements to the Court; suppression hearing is cancelled at request of defense; counsel to submit joint proposed schedule for the submission of documents and continued Curcio hearing; See transcript of proceedings held for a complete record. (jbo) (Entered: 05/12/2017) |
| 05/12/2017 | 240 | TRANSCRIPT of Proceedings as to Reza Zarrab, Mehmet Hakan Atilla re: Conference held on 4/24/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/2/2017. Redacted Transcript Deadline set for 6/12/2017. Release of Transcript Restriction set for 8/10/2017. (McGuirk, Kelly) (Entered: 05/12/2017) |
| 05/12/2017 | 241 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab, Mohammad Zarrab. Notice is hereby given that an official transcript of a Conference proceeding held on 4/24/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 05/12/2017) |
| 05/12/2017 | 242 | TRANSCRIPT of Proceedings as to Reza Zarrab, Mehmet Hakan Atilla re: Conference held on 5/2/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due |

| | | 6/2/2017. Redacted Transcript Deadline set for 6/12/2017. Release of Transcript Restriction set for 8/10/2017. (McGuirk, Kelly) (Entered: 05/12/2017) |
|---|---|---|
| 05/12/2017 | 243 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab, Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Conference proceeding held on 5/2/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 05/12/2017) |
| 05/15/2017 | 244 | ORDER as to (15-Cr-867-01) Reza Zarrab. Counsel are requested also to include in their pending submissions to the Court the following: 1. Comment (as it pertains to the Curcio hearing) with respect to the following colloquy found in the May 2, 2017 transcript: THE COURT: Then the last question from yesterday's [May 1, 2017] order, do office holders and/or members or affiliates of the governments of the United States or Turkey do business with Mr. Zarrab and/or any of Mr. Zarrab's affiliates? If the answer is yes, could you explain. MR. BRAFMAN: I think the answer might be yes and yet might be privileged, given the dynamics of this case in its present posture and some of the charges. THE COURT: I see. MR. BRAFMAN: But they certainly do not impact on what Mr. Giuliani's firm does or does not do on behalf of Turkey. THE COURT: Okay. So let me take those answers under advisement and proceed with the Curcio proceeding.... (H'rg Tr, dated May 2, 2017, at 13:18-14:5); 2. Supplementation to the submissions made in response to the Court s question: "Whether Messrs. Giuliani and Mukasey and/or their firms---or any other defense counsel in this case---have also been retained by Iran, Halkbank, Turkey (apart from what already has been submitted), or the United States." (Order, filed May 1, 2017, at 1.) The question was meant to embrace, for example, (i) work performed for President Trump's Administration, including participation on United States commissions, such as those relating to the so-called "Muslim Ban" Executive Orders; (ii) cybersecurity projects; and (iii) work performed by Greenberg Traurig, and Debevoise & Plimpton (and other defense counsel) for the United States. These topics were not included in the affidavits of Mr. Giuliani (dated Apr. 14, 2017, and May 4, 2017) or Mr. Mukasey (dated Apr. 13, 2017, and May 3, 2017). (Signed by Judge Richard M. Berman on 5/15/2017)(bw) (Entered: 05/15/2017) |
| 05/16/2017 | 245 | ORDER as to Reza Zarrab, Mehmet Hakan Atilla ( Responses due by 9/22/2017, Pretrial Conference set for 10/23/2017 at 11:00 AM before Judge Richard M. Berman.) Upon defense counsels' request for additional time, the Court is rescheduling the trial of this matter to Monday, October 30, 2017.Joint pretrial submissions, including joint jury charges, joint verdict sheet, names of witnesses, locations and any motions in limine are due September 15, 2017. Responses to motions in limine are due September 22, 2017. A final pretrial conference will be held on October 23, 2017 at 11 :00 am. (Signed by Judge Richard M. Berman on 5/16/17)(jw) (Entered: 05/16/2017) |
| 05/17/2017 | 246 | |

| | | |
|---|---|---|
| | | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman re: Curcio hearing (Rocco, Victor) (Entered: 05/17/2017) |
| 05/18/2017 | 247 | ORDER as to Reza Zarrab ( Suppression Hearing set for 5/25/2017 at 09:30 AM before Judge Richard M. Berman.) The conference is rescheduled from 11:00 am on May 18, 2017 to 9:30 am on May 25, 2017. (Signed by Judge Richard M. Berman on 5/18/17)(jw) (Entered: 05/18/2017) |
| 05/18/2017 | 248 | ORDER as to Mehmet Hakan Atilla. C.J.A. attorney Joshua Dratel is appointed to represent the Defendant as Curcio counsel effective May 3, 2017. (Signed by Judge Richard M. Berman on 5/18/2017)(ft) (Entered: 05/18/2017) |
| 05/18/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Curcio Hearing as to Mehmet Hakan Atilla held on 5/18/2017 as to Mehmet Hakan Atilla( Curcio Hearing set for 6/6/2017 at 10:00 AM before Judge Richard M. Berman.) AUSAs Sid Kamaraju, David Denton and Dean Sovolos present;Defendant Mehmet Hakan Atilla present with defense attorneys Victor Rocco and Thomas Thornhill; Also present is Joshua Dratel, Curcio counsel for defendant Atilla; Turkish interpreters Asiye Kay and Seyhan Sirtalan present; Curcio hearing held; Curcio hearing will continue on 6/6/17 at 10:00 am; speedy trial time is excluded for the reasons set forth on the record until 10/30/17 pursuant to 18 USC 3161(h)(7)(A) and (B). (jw) (Entered: 05/18/2017) |
| 05/19/2017 | 249 | ORDER as to Reza Zarrab. The Government and defense counsel for Mr. Zarrab are directed to file the outstanding written submissions related to the Curcio proceedings by Monday, May 22, 2017 at 4:00 p.m. (Signed by Judge Richard M. Berman on 5/19/17)(jw) (Entered: 05/19/2017) |
| 05/22/2017 | 250 | LETTER by Reza Zarrab addressed to Judge Richard M. Berman from Benjamin Brafman dated May 22, 2017 re: The Court's May 19, 2017 Order (Brafman, Benjamin) (Entered: 05/22/2017) |
| 05/22/2017 | 251 | LETTER by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla addressed to Judge Richard M. Berman from USA dated 05/22/17 re: The Court's May 11, 2017 Order Document filed by USA. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Kamaraju, Sidhardha) (Entered: 05/22/2017) |
| 05/23/2017 | 252 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Conference held on 5/11/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2017. Redacted Transcript Deadline set for 6/23/2017. Release of Transcript Restriction set for 8/21/2017. (McGuirk, Kelly) (Entered: 05/23/2017) |
| 05/23/2017 | 253 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Conference proceeding held on 5/11/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice |

Case 18-1910, Document 25, 08/06/2018, 2383239, Page74 of 257

| | | |
|---|---|---|
| | | of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 05/23/2017) |
| 05/24/2017 | 254 | LETTER MOTION addressed to Judge Richard M. Berman from USA dated 5/24/17 re: Adjournment of the 6/6/17 Curcio Hearing to 6/12/17 . Document filed by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla. (Kamaraju, Sidhardha) (Entered: 05/24/2017) |
| 05/24/2017 | 255 | MEMO ENDORSEMENT granting 254 LETTER MOTION as to Mehmet Hakan Atilla (5). ENDORSEMENT: Application granted on consent. SO ORDERED. (Signed by Judge Richard M. Berman on 5/24/2017) (ft) (Entered: 05/24/2017) |
| 05/25/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Curcio Hearing as to Reza Zarrab held on 5/25/2017. AUSAs Sid Kamaraju, Dean Sovolos present; Defendant Reza Zarrab present with defense attorneys Benjamin Brafman and Erich Ferrari; CJA counsel James DeVita present; Court Reporter Vincent Bologna present; Turkish Interpreters Asiye Kay and Seyhan Sirtalan present; Curcio hearing continues; Defendant Zarrab is sworn; Court poses additional Curcio questions to defendant; Curcio hearing is concluded as to defendant Zarrab speedy trial time is excluded for the reasons set forth on the record from 5/25/17 to 10/30/17 pursuant to 18 USC 3161(h) (7)(A) and (B). (jbo) (Entered: 06/06/2017) |
| 05/26/2017 | 256 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Conference held on 5/18/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/16/2017. Redacted Transcript Deadline set for 6/26/2017. Release of Transcript Restriction set for 8/24/2017. (McGuirk, Kelly) (Entered: 05/26/2017) |
| 05/26/2017 | 257 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Conference proceeding held on 5/18/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 05/26/2017) |
| 05/26/2017 | 258 | ENDORSED LETTER as to Reza Zarrab addressed to Judge Richard M. Berman from Ben Brafman dated 5/8/2017 re: I submit under seal additional affidavits from Messrs. Giuliani and Mukasey in response to the Court's additional questions regarding their representation. ENDORSEMENT: Clerk to docket and file. (Signed by Judge Richard M. Berman on 5/26/2017)(ft) (Entered: 05/26/2017) |
| 06/01/2017 | 259 | |

DECISION AND ORDER as to (15-Cr-867-1) Reza Zarrab. Having reviewed the (comprehensive) record herein including, without limitation, the Government submissions, dated March 27, 2017, March 31, 2017, April 18, 2017, April 28, 2017, May 22, 2017; the Defense submissions, dated March 27, 2017, March 30, 2017, March 31, 2017, April 14, 2017, April 18, 2017, April 27, 2017, May 22, 2017; Rudolph Giuliani's affidavits, dated April 14, 2017, May 4, 2017, and May 22, 2017; Michael B. Mukasey's affidavits, dated April 13, 2017, May 3, 3017, and May 19, 2017; Laurence Levy's affidavit, dated April 14, 2017; Robert Mangas' affidavit, dated April 14, 2017; Registration Statements filed by Greenberg Traurig LLP with the United States Department of Justice (for 2014-2016); the Court's earlier Curcio Decision and Order, dated February 15, 2017; and having conducted numerous conferences and hearings and heard oral argument by all counsel on April 4, 2017, April 13, 2017, April 24, 2017, May 2, 2017, May 11, 2017, and May 25, 2017, the Court finds as follows: 1- Mr. Mukasey appears to have a potential conflict of interest as a result of his firm's (Debevoise & Plimpton LLP) representation of eight "victim banks" (i.e., Deutsche Bank, Bank of America, JP Morgan Chase, Citibank, HSBC, Standard Chartered, UBS and Wells Fargo); 2- Mr. Giuliani appears to have potential conflicts of interest as a result of his firm's (Greenberg Traurig LLP) representation of the same eight victim banks and also as a result of Greenberg Traurig's serving as an "agent" of the Republic of Turkey;...[See this Decision And Order]... 9- In reaching its conclusions, the Court has also taken into consideration the importance of maintaining the integrity of these proceedings as the case heads toward trial on October 30, 2017. See Wheat v. United States, 486 U.S. 153, 160 (1988) ("Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."); and United States v. Cunningham, 672 F.2d 1064, 1070 (2d Cir. 1982) ("In determining whether the right of the accused to counsel of his choosing should be honored in a particular case, we must balance the defendant's constitutional right against the need to preserve the highest ethical standards of professional responsibility.") 10- These conflict situations must continue to be closely monitored, principally by the Defense. Counsel are directed promptly to advise the Court of any change of circumstances which may result in actual conflict or which may exacerbate potential conflict(s) of interest. See Decision and Order, dated February 15, 2017 at 10 ("At the same time, these conflict matters must be closely monitored, principally by the Defense. Counsel are directed promptly to advise the Court of any change of circumstances which may result in actual or which may exacerbate potential conflict(s) of interest."). (Signed by Judge Richard M. Berman on 6/1/2017) (bw) (Entered: 06/01/2017)

| 06/02/2017 | 260 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Hearing held on 5/25/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Vincent Bologna, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/23/2017. Redacted Transcript Deadline set for 7/3/2017. Release of Transcript Restriction set for 8/31/2017. (McGuirk, Kelly) (Entered: 06/02/2017) |

| 06/02/2017 | 261 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Hearing proceeding held on 5/25/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 06/02/2017) |
| 06/08/2017 | 262 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Victor J. Rocco dated June 8, 2017 re: issues raised by Court at Mr. Atilla's initial Curcio hearing on May 18, 2017 (Rocco, Victor) (Entered: 06/08/2017) |
| 06/09/2017 | 263 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman re: trial date (Rocco, Victor) (Entered: 06/09/2017) |
| 06/09/2017 | 264 | NOTICE OF ATTORNEY APPEARANCE: Cathy Ann Fleming appearing for Mehmet Hakan Atilla. Appearance Type: Retained. (Fleming, Cathy) (Entered: 06/09/2017) |
| 06/12/2017 | 265 | ORDER as to (15-Cr-867-05) Mehmet Hakan Atilla. Having considered all the relevant factors, including, without limitation, defense and government counsels' need for trial preparation, the Speedy Trial Act, 18 U.S.C. § 3161, the Court's trial calendar, and the public interest in the issues presented, the Court confirms that the trial will commence on October 30, 2017 at 9:30 am. The Court notes that it earlier adjourned the trial - principally at Counsel for Mr. Atilla's request - from August 21 to October 30, 2017; Defense has yet to work out a protective order (typically one of defense counsels' initial responsibilities); the Government has offered to work with Mr. Rocco to expedite discovery; and that Mr. Rocco's application to be permitted "to return to the Court [by August 1, 2017] with [its] assessment of whether the October 30th trial date remains feasible" is wholly inadequate to accommodate the interests of the various parties who will be involved in the trial of this case. Mr. Rocco's application is, therefore, respectfully denied. See Morris v. Slappy, 461 U.S. 1, 11 (1983) ("Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons.") and United States v. Ortiz, 220 Fed. App'x. 13, *1 (2d Cir. 2007) ("The matter of whether or not to adjourn a trial date is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel.") (internal quotations and citation omitted). See also Court's Order dated May 16, 2017. (Signed by Judge Richard M. Berman on 6/12/2017)(bw) (Entered: 06/12/2017) |
| 06/12/2017 |  | Minute Entry for proceedings held before Judge Richard M. Berman: Curcio Hearing as to Mehmet Hakan Atilla held on 6/12/2017. AUSAs Sid Kamaraju, Dean Sovolos and David Denton present; Defendant Mehmet Hakan Atilla present with defense attorneys Victor Rocco, Thomas Thornhill and Cathy Fleming;Also present is Joshua Dratel, Curcio counsel for defendant Atilla; |

| | | |
|---|---|---|
| | | Defendant Atilla is sworn; Curcio hearing continued; Curcio hearing is concluded; Court rules that defendant has knowingly and voluntarily waived any potential conflict of interest posed by the retention of the Herrick firm; Parties to meet and confer re: protective order; motion schedule; BOP (jw) (Entered: 06/13/2017) |
| 06/19/2017 | 266 | LETTER by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from USA dated June 19, 2017 re: Protective Order and Proposed Motions Schedule Document filed by USA. (Attachments: # 1 Text of Proposed Order Protective Order)(Denton, David) (Entered: 06/19/2017) |
| 06/19/2017 | 267 | MEMO ENDORSEMENT as to Mehmet Hakan Atilla on re: 266 Letter, filed by USA. ENDORSEMENT: The Court's practice is one omnibus motion (25pp). Oral Argument on 9/7/17 @ 11:00 A.M. SO ORDERED. (Signed by Judge Richard M. Berman on 6/19/2017)(ft) (Entered: 06/19/2017) |
| 06/19/2017 | | Set/Reset Deadlines/Hearings as to Mehmet Hakan Atilla: Oral Argument set for 9/7/2017 at 11:00 AM before Judge Richard M. Berman. (ft) (Entered: 06/19/2017) |
| 06/19/2017 | 268 | PROTECTIVE ORDER as to Mehmet Hakan Atilla...regarding procedures to be followed that shall govern the handling of confidential material..... (Signed by Judge Richard M. Berman on 6/19/2017)(ft) (Entered: 06/19/2017) |
| 06/26/2017 | 269 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Hearing held on 6/12/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Andrew Walker, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/17/2017. Redacted Transcript Deadline set for 7/27/2017. Release of Transcript Restriction set for 9/25/2017. (McGuirk, Kelly) (Entered: 06/26/2017) |
| 06/26/2017 | 270 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Hearing proceeding held on 6/12/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 06/26/2017) |
| 07/14/2017 | 271 | LETTER MOTION addressed to Judge Richard M. Berman from Benjamin Brafman dated July 14, 2017 re: Request to Adjourn 10/30/2017 Trial . Document filed by Reza Zarrab. (Brafman, Benjamin) (Entered: 07/14/2017) |
| 07/14/2017 | 272 | ORDER denying 271 LETTER MOTION re: Request to Adjourn 10/30/2017 Trial as to Reza Zarrab (1). Application to further adjourn the trial is respectfully denied. Counsel and his team have been given ample time to ready Mr. Zarrab's defense. The Court has taken into consideration the concerns of the defendants, the Govt, the public, as well as the Court's calendar, in fairly |

| | | |
|---|---|---|
| | | setting the trial date. (Signed by Judge Richard M. Berman on 7/14/2017) (clt) (Entered: 07/14/2017) |
| 07/19/2017 | 273 | MOTION for Robert J. Fettweis to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13914469. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Mehmet Hakan Atilla. (Attachments: # 1 Affidavit, # 2 Text of Proposed Order)(Fettweis, Robert) (Entered: 07/19/2017) |
| 07/19/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 273 MOTION for Robert J. Fettweis to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13914469. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (ma)** (Entered: 07/19/2017) |
| 07/20/2017 | 274 | LETTER MOTION addressed to Judge Richard M. Berman re: application for bail . Document filed by Mehmet Hakan Atilla. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rocco, Victor) (Entered: 07/20/2017) |
| 07/20/2017 | 275 | ORDER FOR ADMISSION PRO HAC VICE granting 273 Motion for Robert J. Fettweis to Appear Pro Hac Vice as to Mehmet Hakan Atilla (5). Applicant is admitted to practice Pro Hac Vice in the above captioned case. (Signed by Judge Richard M. Berman on 7/20/2017) (ft) (Entered: 07/20/2017) |
| 07/24/2017 | 276 | ORDER as to Mehmet Hakan Atilla. Counsel for :Mr. Atilla is respectfully requested to revise the July 20, 2017 bail application (and resubmit as soon as possible) to include: 1- the specific terms of the bail package which, according to Counsel's letter, has been rejected by the Government and the specific terms of the current (proposed) bail package, if different; 2- analysis of specific cases and other legal authorities which Colllsel contends directly support the bail application; 3- efforts which Counsel has undertaken with the BOP to facilitate access to Mr. Atilla and the results of such efforts; 4- additional details of ownership of Halkbank, including any American and any Turkish shareholders. (Seep. 4 of Mr. Rocco's letter.) Going forward, it would be helpful if all counsel would incorporate any information they feel is important and germane into the body of the submissions, rather than in footnotes. Once the revised application is received, the Court will direct the Government to respond in writing. (Signed by Judge Richard M. Berman on 7/24/2017)(ft) (Entered: 07/24/2017) |
| 07/28/2017 | 277 | LETTER MOTION addressed to Judge Richard M. Berman dated July 28, 2017 re: 276 Order,,,, re: application for bail . Document filed by Mehmet Hakan Atilla. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Fleming, Cathy) (Entered: 07/28/2017) |
| 07/31/2017 | 278 | ORDER as to Mehmet Hakan Atilla. Government to reply to Mr. Atilla's bail application by August 7, 2017 (noon). The Court is available for a hearing on August 15, 2017 at 9:00 am. If counsel wish to make brief oral argument, the Court will allot 10-15 minutes per side. Please advise chambers of your availability by tomorrow August 1, 2017 (noon). (Signed by Judge Richard M. Berman on 7/31/2017)(jw) (Entered: 07/31/2017) |
| | | |

| 07/31/2017 | 279 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Cathy Fleming dated July 31, 2017 re: availability for Oral Argument (Fleming, Cathy) (Entered: 07/31/2017) |
| 07/31/2017 | 280 | MOTION to Dismiss *Superseding Indictment S3.*, MOTION to Dismiss for Lack of Jurisdiction ., MOTION to Sever Defendant . Document filed by Mehmet Hakan Atilla as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla. Return Date set for 9/7/2017 at 11:00 AM. (Rocco, Victor) (Entered: 07/31/2017) |
| 07/31/2017 | 281 | MEMORANDUM in Support by Mehmet Hakan Atilla re 280 MOTION to Dismiss *Superseding Indictment S3*. MOTION to Dismiss for Lack of Jurisdiction . MOTION to Sever Defendant .. *Defendant Mehmet Hakan Atilla's Memorandum of Law in Support of Omnibus Pretrial Motions* (Rocco, Victor) (Entered: 07/31/2017) |
| 07/31/2017 | 282 | DECLARATION of Thomas E. Thornhill in Support as to Mehmet Hakan Atilla re: 280 MOTION to Dismiss *Superseding Indictment S3*. MOTION to Dismiss for Lack of Jurisdiction . MOTION to Sever Defendant .. (Attachments: # 1 Exhibit A)(Rocco, Victor) (Entered: 07/31/2017) |
| 08/01/2017 | 283 | ORDER as to Mehmet Hakan Atilla. The Government is requested to respond to Mr. Atilla's motion to dismiss by August 14, 2017; and the defense may reply by August 21, 2017. Oral argument on the motion to dismiss is scheduled for September 7, 2017 at 11 :00 am. Note: as earlier suggested to the parties, the Court may regard footnotes in these motion to dismiss pleadings as immaterial. (Replies due by 8/21/2017, Responses due by 8/14/2017, Oral Argument set for 9/7/2017 at 11:00 AM before Judge Richard M. Berman.) (Signed by Judge Richard M. Berman on 8/1/2017)(ft) (Entered: 08/01/2017) |
| 08/01/2017 | 284 | LETTER MOTION addressed to Judge Richard M. Berman from Jeffrey M. Harris dated August 1, 2017 re: Withdrawal of Counsel . Document filed by Reza Zarrab. (Harris, Jeffrey) (Entered: 08/01/2017) |
| 08/02/2017 | 285 | MEMO ENDORSEMENT granting 284 LETTER MOTION filed by Reza Zarrab (1), addressed to Judge Richard M. Berman from Attorney Jeffrey M. Harris dated August 1, 2017 re: Withdrawal of Counsel. I write on behalf of the defendant, Reza Zarrab, to inform the Court that, subject to the Court's approval, I plan to withdraw as counsel because I will be leaving Kirkland & Ellis LLP. Brafman & Associates P.C., Kirkland & Ellis LLP, and Ferrari & Associates, P.C. continue as counsel of record on Mr. Zarrab's behalf. ENDORSEMENT: Application granted. SO ORDERED: (Signed by Judge Richard M. Berman on 8/2/2017) (bw) (Entered: 08/02/2017) |
| 08/02/2017 | | Attorney update in case as to Reza Zarrab (1). Attorney Jeffrey M. Harris terminated. (bw) (Entered: 08/02/2017) |
| 08/07/2017 | 286 | MEMORANDUM in Opposition by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla re 274 LETTER MOTION addressed to Judge Richard M. Berman re: application for bail ., 277 LETTER MOTION addressed to Judge Richard M. Berman dated July 28, 2017 re: 276 Order,,,, re: application for bail .. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Kamaraju, Sidhardha) (Entered: 08/07/2017) |
| 08/14/2017 | 287 | MEMORANDUM in Opposition by USA as to Mehmet Hakan Atilla re 280 MOTION to Dismiss *Superseding Indictment S3*. MOTION to Dismiss for Lack of Jurisdiction . MOTION to Sever Defendant .. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Denton, David) (Entered: 08/14/2017) |
| 08/15/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Detention Hearing as to Mehmet Hakan Atilla held on 8/15/2017. AUSA Sid Kamaraju and AUSA David Denton present; US Pretrial Services Officer Jonathan Letteri present; Defendant Atilla present with defense attorneys Catherine Fleming, Thomas Thornhill, and Robert Fettweis; Turkish Interpreter Asiye Kay present; Court Reporter Vincent Bologna present; bail hearing held; bail is denied for Atilla; remand is continued; see transcript of proceedings held for a complete record (jw) (Entered: 08/16/2017) |
| 08/21/2017 | 288 | REPLY MEMORANDUM OF LAW in Support as to Mehmet Hakan Atilla re: 280 MOTION to Dismiss *Superseding Indictment S3*. MOTION to Dismiss for Lack of Jurisdiction . MOTION to Sever Defendant . . (Rocco, Victor) (Entered: 08/21/2017) |
| 08/21/2017 | 289 | SEALED DOCUMENT placed in vault. (rz) (Entered: 08/21/2017) |
| 08/22/2017 | 290 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Hearing held on 8/15/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Vincent Bologna, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/12/2017. Redacted Transcript Deadline set for 9/22/2017. Release of Transcript Restriction set for 11/20/2017. (McGuirk, Kelly) (Entered: 08/22/2017) |
| 08/22/2017 | 291 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Hearing proceeding held on 8/15/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 08/22/2017) |
| 08/29/2017 | 292 | NOTICE OF ATTORNEY APPEARANCE: David Michael Rosenfield appearing for Mehmet Hakan Atilla. Appearance Type: Retained. (Rosenfield, David) (Entered: 08/29/2017) |
| 09/06/2017 | 293 | (S4) SUPERSEDING INDICTMENT FILED as to Reza Zarrab (1) count(s) 1ssss, 2ssss, 3ssss, 4ssss, 5ssss, 6ssss, Camelia Jamshidy (2) count(s) 1ssss, 2ssss, 3ssss, 4ssss, 5ssss, 6ssss, Hossein Najafzadeh (3) count(s) 1ssss, 2ssss, 3ssss, 4ssss, 5ssss, 6ssss, Mohammad Zarrab (4) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, Mehmet Hakan Atilla (5) count(s) 1s, 2s, 3s, 4s, 5s, 6s, Mehmet Zafer Caglayan (6) count(s) 1, 2, 3, 4, 5, 6, Suleyman Aslan (7) count(s) 1, 2, 3, 4, 5, |

| | | |
|---|---|---|
| | | 6, Levent Balkan (8) count(s) 1, 2, 3, 4, 5, 6, Abdullah Happani (9) count(s) 1, 2, 3, 4, 5, 6. (jm) (Entered: 09/07/2017) |
| 09/07/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Status Conference as to Mehmet Hakan Atilla (5) held on 9/7/2017. AUSAs David Denton, Sid Kamaraju, Michael Lockard and Dean Sovolos present; Defendant Atilla present with defense attorneys Cathy Fleming, David Rosenfield and Thomas Thornhill present; Court Reporter Eve Giniger present; Turkish Interpreters Asiye Kay and Seyhan Sirtalan present; defendant Atilla arraigned on superseding indictment S4; defendant Atilla waives a public reading and enters a plea of not guilty; defendant Atilla's pending motion to dismiss is denied as moot; counsel to submit proposal to court re: schedule; next conference is scheduled for 9/25/17 at 12:00 noon; speedy trial time is excluded for the reasons set forth on the record from 9/7/17 to 9/25/17 pursuant to 18 USC 3161(h)(7)(A) and (B). (bw) (Entered: 09/07/2017) |
| 09/07/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Arraignment (on S4-15-Cr-867) as to Mehmet Hakan Atilla (5) Count 1s,2s,3s,4s,5s,6s held on 9/7/2017. Plea entered by Mehmet Hakan Atilla (5) Count 1s,2s,3s,4s,5s,6s -- Not Guilty. (bw) (Entered: 09/07/2017) |
| 09/07/2017 | | ORAL ORDER as to Mehmet Hakan Atilla (5). Time excluded from 9/7/2017 until 9/25/2017. Status Conference set for 9/25/2017 at 12:00 PM before Judge Richard M. Berman. (bw) (Entered: 09/07/2017) |
| 09/11/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Arraignment as to Reza Zarrab (1) Count 1ssss,2ssss,3ssss,4ssss,5ssss,6ssss held on 9/11/2017. AUSAs Sid Kamaraju and Michael Lockard present; Also present is Special Agent McReynolds and paralegal Michael Chang-Frieden; Defendant Zarrab present with attorneys Benjamin Brafman and Joshua Kirshner; Court Reporter Steven Greenblum present; Turkish Interpreters Asiye Kay and Seyhan Sirtalan present; conference held; defendant arraigned on superseding indictment S4; defendant waives a public reading and enters a plea of not guilty; next conference is scheduled for 9/25/17 at 12:00 noon; speedy trial time is excluded for the reasons set forth on the record from 9/11/17 to 9/25/17 pursuant to 18 USC 3161(h)(7)(A) and (B). (bw) (Entered: 09/12/2017) |
| 09/11/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Plea entered by Reza Zarrab (1) Count 1ssss,2ssss,3ssss,4ssss,5ssss,6ssss -- Not Guilty. (bw) (Entered: 09/12/2017) |
| 09/11/2017 | | ORAL ORDER as to (S4-15-Cr-867-01) Reza Zarrab. Time excluded from 9/11/2017 until 9/25/2017. Status Conference set for 9/25/2017 at 12:00 PM before Judge Richard M. Berman. (bw) (Entered: 09/12/2017) |
| 09/25/2017 | 301 | ORDER as to Reza Zarrab (1), Mehmet Hakan Atilla (5). The Court grants defense counsels' request for an adjournment of the trial to November 27, 2017 as follows: -Defendant Atilla's motion to dismiss is due on October 9, 2017; Government response is due October 16, 2017; Defense reply, if any, is due October 23, 2017; Joint pretrial submissions, including joint jury charges, joint verdict sheet, names of witnesses, and locations are due by October 30, 2017; |

| | | Motions in limine are due by October 30, 2017; Responses to motions in limine are due November 6, 2017; A final pretrial conference will be held on November 16, 2017 at 11:00 am; and Jury selection will take place on Monday, November 20, 2017 and Tuesday, November 21, 2017; Trial will commence at 9:30 am on November 27, 2017. (Signed by Judge Richard M. Berman on 9/25/2017)(bw) (Entered: 09/25/2017) |
|---|---|---|
| 09/25/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Status Conference as to Reza Zarrab, Mehmet Hakan Atilla held on 9/25/2017. AUSAs Michael Lockard, Sid Kamaraju, David Denton and Dean Sovolos present; Also present is Special Agent McReynolds and paralegal Michael Chang-Frieden; Defendant Zarrab present with attorney Benjamin Brafman; Court Reporter Karen Gorlaski present; Turkish Interpreters Asiye Kay and Seyhan Sirtalan present; conference held; defense proposes 11/27/17 as trial date; trial date of 10/30/17 is vacated; speedy trial time is excluded for the reasons set forth on the record from 9/25/17 to 11/27/17 pursuant to 18 USC 3161(h)(7)(A) and (B). (jbo) (Entered: 09/27/2017) |
| 10/03/2017 | 302 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Conference held on 9/7/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Eve Giniger, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/24/2017. Redacted Transcript Deadline set for 11/3/2017. Release of Transcript Restriction set for 1/1/2018. (McGuirk, Kelly) (Entered: 10/03/2017) |
| 10/03/2017 | 303 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Conference proceeding held on 9/7/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 10/03/2017) |
| 10/05/2017 | 304 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Conference held on 9/11/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/26/2017. Redacted Transcript Deadline set for 11/6/2017. Release of Transcript Restriction set for 1/3/2018. (McGuirk, Kelly) (Entered: 10/05/2017) |
| 10/05/2017 | 305 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Conference proceeding held on 9/11/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the |

| | | |
|---|---|---|
| | | transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 10/05/2017) |
| 10/09/2017 | 306 | MOTION to Dismiss *Superseding Indictment S4 or Alternatively for Severance*. Document filed by Mehmet Hakan Atilla. (Rocco, Victor) (Entered: 10/09/2017) |
| 10/09/2017 | 307 | MEMORANDUM in Support by Mehmet Hakan Atilla re 306 MOTION to Dismiss *Superseding Indictment S4 or Alternatively for Severance*.. (Attachments: # 1 Appendix)(Rocco, Victor) (Entered: 10/09/2017) |
| 10/16/2017 | 308 | MEMORANDUM in Opposition by USA as to Mehmet Hakan Atilla re 306 MOTION to Dismiss *Superseding Indictment S4 or Alternatively for Severance*.. (Denton, David) (Entered: 10/16/2017) |
| 10/16/2017 | 364 | (S5) SUPERSEDING INFORMATION (Felony) filed as to Reza Zarrab (1) count(s) 1sssss, 2sssss, 3sssss, 4sssss, 5sssss, 6sssss, 7sssss. (jm) (Entered: 11/28/2017) |
| 10/20/2017 | 309 | LETTER MOTION addressed to Judge Richard M. Berman from Cathy Fleming dated October 20, 2017 re: Vacate or Modify Protective Order . Document filed by Mehmet Hakan Atilla. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C (Proposed Order))(Fleming, Cathy) (Entered: 10/20/2017) |
| 10/21/2017 | 310 | MEMO ENDORSEMENT as to Mehmet Hakan Atilla on re: 309 LETTER MOTION addressed to Judge Richard M. Berman from Cathy Fleming dated October 20, 2017 re: Vacate or Modify Protective Order. ENDORSEMENT: Parties to meet and confer forthwith and endeavor in good faith to resolve these matters. Thereafter, the Government to advise the Court in writing by October 26, 2017 (noon). SO ORDERED. (Signed by Judge Richard M. Berman on 10/21/2017) (lnl) (Entered: 10/23/2017) |
| 10/23/2017 | 311 | REPLY MEMORANDUM OF LAW in Support as to Mehmet Hakan Atilla re: 306 MOTION to Dismiss *Superseding Indictment S4 or Alternatively for Severance*. . (Rocco, Victor) (Entered: 10/23/2017) |
| 10/24/2017 | 312 | TRANSCRIPT of Proceedings as to Reza Zarrab re: Conference held on 9/25/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Karen Gorlaski, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/14/2017. Redacted Transcript Deadline set for 11/24/2017. Release of Transcript Restriction set for 1/22/2018. (McGuirk, Kelly) (Entered: 10/24/2017) |
| 10/24/2017 | 313 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Reza Zarrab. Notice is hereby given that an official transcript of a Conference proceeding held on 9/25/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 10/24/2017) |

| 10/26/2017 | 314 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MEMORANDUM in Opposition by USA as to Mehmet Hakan Atilla re 309 LETTER MOTION addressed to Judge Richard M. Berman from Cathy Fleming dated October 20, 2017 re: Vacate or Modify Protective Order .. (Denton, David) Modified on 10/26/2017 (ka). (Entered: 10/26/2017) |
|---|---|---|
| 10/26/2017 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Mehmet Hakan Atilla: Notice to Attorney David William Denton, Jr. to RE-FILE Document 314 Memorandum in Opposition to Motion. Use the event type Response in Oppositon to Motion found under the event list Replies, Opposition and Supporting Documents. (ka)** (Entered: 10/26/2017) |
| 10/26/2017 | 315 | LETTER REPLY TO RESPONSE to Motion by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Cathy Fleming dated 10/26/17 re 309 LETTER MOTION addressed to Judge Richard M. Berman from Cathy Fleming dated October 20, 2017 re: Vacate or Modify Protective Order .. (Attachments: # 1 Exhibit A)(Fleming, Cathy) (Entered: 10/26/2017) |
| 10/26/2017 | 365 | WAIVER OF INDICTMENT by Reza Zarrab. (jm) (Entered: 11/28/2017) |
| 10/26/2017 | 366 | Advice of Rights Form. as to Reza Zarrab. (jm) (Entered: 11/28/2017) |
| 10/26/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: AUSAs Lockard, Kamaraju, Denton and Sovolos and their supervisors are present. FBI Special Agents and paralegal Michael-Chang Frieden are present. Defendant is present with attorneys Brafman, Kirshner, Anello & Dubrowski. Buleny Bulut is sworn in as Turkish Interpreter who will provide interpretation services as needed. The Court receives a signed advice of rights form and signed waiver of indictment. An S(5) superseding information is filed. Arraignment as to Reza Zarrab (1) Count 1sssss,2sssss,3sssss,4sssss,5sssss,6sssss,7sssss held on 10/26/2017. Plea entered by Reza Zarrab (1) Guilty as to Count 1sssss,2sssss,3sssss,4sssss,5sssss,6sssss,7sssss. The Court accepts the plea. (jm) (Entered: 11/28/2017) |
| 10/27/2017 | 316 | LETTER RESPONSE in Opposition by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from USA dated October 26, 2017 re: 309 LETTER MOTION addressed to Judge Richard M. Berman from Cathy Fleming dated October 20, 2017 re: Vacate or Modify Protective Order .. (Denton, David) (Entered: 10/27/2017) |
| 10/27/2017 | 317 | NOTICE OF ATTORNEY APPEARANCE: Jonathan Adam Stern appearing for Mehmet Hakan Atilla. Appearance Type: Retained. (Stern, Jonathan) (Entered: 10/27/2017) |
| 10/30/2017 | 318 | MOTION in Limine . Document filed by Mehmet Hakan Atilla. (Rocco, Victor) (Entered: 10/30/2017) |
| 10/30/2017 | 319 | MEMORANDUM in Support by Mehmet Hakan Atilla re 318 MOTION in Limine .. (Rocco, Victor) (Entered: 10/30/2017) |
| 10/30/2017 | 320 | |

| | | DECLARATION of Cathy Fleming in Support as to Mehmet Hakan Atilla re: 318 MOTION in Limine .. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Rocco, Victor) (Entered: 10/30/2017) |
|---|---|---|
| 10/30/2017 | 321 | DECLARATION of David M. Rosenfield in Support as to Mehmet Hakan Atilla re: 318 MOTION in Limine .. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rocco, Victor) (Entered: 10/30/2017) |
| 10/30/2017 | 322 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION in Limine . Document filed by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Lockard, Michael) Modified on 10/31/2017 (ka). (Entered: 10/30/2017) |
| 10/30/2017 | 323 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** Proposed Voir Dire Questions by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani. (Lockard, Michael) Modified on 10/31/2017 (ka). (Entered: 10/30/2017) |
| 10/30/2017 | 324 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** Proposed Jury Instructions by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani. (Lockard, Michael) Modified on 10/31/2017 (ka). (Entered: 10/30/2017) |
| 10/31/2017 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani: Notice to Attorney Michael Dennis Lockard to RE-FILE Document 323 Proposed Voir Dire Questions. Use the event type Proposed Examination of Jurors found under the event list Trial Documents. (ka) (Entered: 10/31/2017)** |
| 10/31/2017 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani: Notice to Attorney Michael Dennis Lockard to RE-FILE Document 324 Proposed Jury Instructions. Use the event type Request to Charge found under the event list Trial Documents. (ka) (Entered: 10/31/2017)** |
| 10/31/2017 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani: Notice to Attorney Michael Dennis Lockard to RE-FILE Document 322 MOTION in Limine .. Use the event type Memorandum in Support of Motion found under the event list Replies, Opposition and Supporting Documents.***NOTE: First, file Motion In Limine, then re-file and link** |

| | | |
|---|---|---|
| | | **supporting Memorandum. Separate docket entry for each. (ka)** (Entered: 10/31/2017) |
| 10/31/2017 | 325 | ENDORSED LETTER as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Cathy Fleming dated 10/26/17 re: Vacate or Modify Protective Order....ENDORSEMENT: Conference re: Protective Order on Monday, November 6, 2017 at 9:00am. The Court will hear brief oral argument from counsel unless the parties wish to have the Court decide on the basis of their letters. SO ORDERED ( Status Conference set for 11/6/2017 at 09:00 AM before Judge Richard M. Berman) (Signed by Judge Richard M. Berman on 10/31/17)(jw) (Entered: 10/31/2017) |
| 11/03/2017 | 326 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Cathy Fleming and Victor Rocco dated November 3, 2017 re: additional issues to be discussed at November 6 motion argument (Fleming, Cathy) (Entered: 11/03/2017) |
| 11/03/2017 | 327 | ENDORSED LETTER as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Victor J. Rocco and Cathy Fleming dated 11/3/2017 re: Both the Defendant and the Government filed their motions in limine on October 30, 2017. As a result of those motions, we respectfully request the following items for discussion. ENDORSEMENT: Respectfully, the current schedule is not only realistic but it is also real. The parties should meet and confer in good faith regarding all the issues set forth in this letter and advise the Court in writing sufficiently in advance of Monday's conference (It is helpful.) SO ORDERED. (Signed by Judge Richard M. Berman on 11/3/2017)(ft) (Entered: 11/03/2017) |
| 11/05/2017 | 328 | LETTER by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from USA dated November 5, 2017 re: Court Order dated November 3, 2017 Document filed by USA. (Denton, David) (Entered: 11/05/2017) |
| 11/05/2017 | 329 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Victor J. Rocco and Cathy Fleming dated November 5, 2017 re: Meet and Confer with Government (Rocco, Victor) (Entered: 11/05/2017) |
| 11/06/2017 | 330 | MEMO ENDORSEMENT as to Mehmet Hakan Atilla on re: 329 Letter filed by Mehmet Hakan Atilla. ENDORSEMENT: Today's conference is adjourned from 9:00 A.M. to 11:00 A.M. The parties are advised that there are to be NO further filings in this case with the Court, without the Court's order or its (written) prior approval. (Signed by Judge Richard M. Berman on 11/6/2017) (clt) (Entered: 11/06/2017) |
| 11/06/2017 | | Set/Reset Hearings as to Mehmet Hakan Atilla: Status Conference set for 11/6/2017 at 11:00 AM before Judge Richard M. Berman. (clt) (Entered: 11/06/2017) |
| 11/06/2017 | 331 | DECLARATION of David M. Rosenfield in Opposition as to Mehmet Hakan Atilla re: 322 MOTION in Limine .. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Rocco, Victor) (Entered: 11/06/2017) |
| 11/06/2017 | 332 | MEMORANDUM in Opposition by Mehmet Hakan Atilla re 322 MOTION in Limine .. (Rocco, Victor) (Entered: 11/06/2017) |

| | | |
|---|---|---|
| 11/06/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Oral Argument as to Mehmet Hakan Atilla held on 11/6/2017. AUSAs Michael Lockard, Sid Kamaraju, David Denton and Dean Sovolos; Also present is Special Agent McReynolds and paralegal Michael-Chang Frieden; Defendant Atilla present with defense attorneys Victor Rocco, Cathy Fleming and Thomas Thornhill; Turkish Interpreters Asiye Kay and Seyhan Sirtalan present; Court reporters Tara Jones and Kelly Surina present; motion to adjourn the trial is denied; conference/oral argument held re: protective order; motion to vacate the protective order is denied; motion to modify the protective order is granted; see transcript of proceedings held for a complete record including discussion re: Rule 15 application. (jbo) (Entered: 11/06/2017) |
| 11/06/2017 | 333 | MEMORANDUM in Opposition by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani re 318 MOTION in Limine .. (Kamaraju, Sidhardha) (Entered: 11/06/2017) |
| 11/07/2017 | 334 | MOTION to Take Deposition . Document filed by Mehmet Hakan Atilla. (Fleming, Cathy) (Entered: 11/07/2017) |
| 11/07/2017 | 335 | MEMORANDUM in Support by Mehmet Hakan Atilla re 334 MOTION to Take Deposition .. (Fleming, Cathy) (Entered: 11/07/2017) |
| 11/07/2017 | 336 | DECLARATION of Cathy Fleming in Support as to Mehmet Hakan Atilla re: 334 MOTION to Take Deposition .. (Attachments: # 1 Exhibit A - REDACTED, # 2 Exhibit B - Declaration of Defendant Mehmet Hakan Atilla) (Fleming, Cathy) (Entered: 11/07/2017) |
| 11/08/2017 | 337 | ORDER as to Mehmet Hakan Atilla. Less than three weeks before jury selection (scheduled for November 20, 2017) and four weeks before the commencement of trial (scheduled for November 27, 2017), Defense counsel wrote to the Court on Friday afternoon on November 3, 2017, seeking the third postponement of trial in this matter and advising the Court that "perhaps" depositions under Rule 15 of the Federal Rules of Criminal Procedure ("Rule 15") would be sought. Having reviewed the record, along with Defendant Atilla's Rule 15 motion, and the parties oral presentations on November 6, 2017, the Court grants the Rule 15 motion subject to the conditions enumerated below which are intended to ensure that there is no interference, disruption or delay of the impending trial, including the trial schedule. As noted at the November 6, 2017 conference, "The Court has taken and will continue to take all appropriate steps to ensure that Mr. Atilla receives a fair and speedy trial and to support the presumption of innocence that all defendants enjoy." (11 /6/17 Tr. at 42: 14-19.) The Court authorizes depositions to be taken of the four individuals identified by Defendant Atilla upon the following conditions: 1) The four depositions will be conducted in accordance with applicable rules of evidence, and laws, including without limitation, the Mutual Legal Assistance Treaty; 2) The four depositions shall be of "first class" and trial ready quality (as to both sound and video). By authorizing the above depositions, the Court is not in any way determining their admissibility at the trial of this case. Admissibility will be reviewed when the depositions are made |

| | | available. (Signed by Judge Richard M. Berman on 11/8/17)(jw) (Entered: 11/08/2017) |
|---|---|---|
| 11/09/2017 | 338 | SEALING ORDER as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani. ORDERED THAT the following documents be filed under seal, with redacted versions to be filed electronically via ECF: 1. Defendant Mehmet Hakan Atilla's Notice of Motion for eave to Take Rule 15 Foreign Discovery, or in the Alternative, Live Video Testimony During Trial from Defense Witnesses in Turkey; 2. Declaration of Cathy A. Fleming, Esq. dated November 7, 2017 in Support of Defendant Mehmet Hakan Atilla's Motion for Leave to Take Rule 15 Foreign Depositions or, in the Alternative, Live Streamed Video Testimony During Trial from Defense Witnesses from Turkey; 3. Declaration of Mehmet Hakan Atilla signed October 27, 2017; and 4. Memorandum of Law in Support of Defendant Mehmet Hakan Atilla's Motion for Leave to Take Rule 15 Foreign Discovery or, in the Alternative, Live Streamed Video Testimony During Trial from Defense Witnesses from Turkey. SO ORDERED. (Signed by Judge Richard M. Berman on 11/9/2017)(ft) (Entered: 11/09/2017) |
| 11/09/2017 | | Transmission to Sealed Records Clerk: as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani. Transmitted re: 338 Order to the Sealed Records Clerk for the sealing or unsealing of document or case. (ft) (Entered: 11/09/2017) |
| 11/13/2017 | 339 | MOTION to Take Deposition *(Redacted)*. Document filed by Mehmet Hakan Atilla. (Fleming, Cathy) (Entered: 11/13/2017) |
| 11/13/2017 | 340 | MEMORANDUM in Support by Mehmet Hakan Atilla re 339 MOTION to Take Deposition *(Redacted)*.. (Fleming, Cathy) (Entered: 11/13/2017) |
| 11/13/2017 | 341 | DECLARATION of Cathy Fleming Esq. in Support as to Mehmet Hakan Atilla re: 339 MOTION to Take Deposition *(Redacted)*.. (Fleming, Cathy) (Entered: 11/13/2017) |
| 11/13/2017 | 342 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Conference held on 11/6/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Kelly Surina, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/4/2017. Redacted Transcript Deadline set for 12/14/2017. Release of Transcript Restriction set for 2/12/2018. (McGuirk, Kelly) (Entered: 11/13/2017) |
| 11/13/2017 | 343 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Conference proceeding held on 11/6/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically |

| | | |
|---|---|---|
| | | available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 11/13/2017) |
| 11/14/2017 | 344 | SEALED DOCUMENT placed in vault. (rz) (Entered: 11/14/2017) |
| 11/14/2017 | 345 | LETTER MOTION addressed to Judge Richard M. Berman from USA dated November 14, 2017 re: Protective Order as to 3500 Material . Document filed by USA as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani. (Attachments: # 1 Text of Proposed Order)(Denton, David) (Entered: 11/14/2017) |
| 11/15/2017 | 346 | PROTECTIVE ORDER as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani...regarding procedures to be followed that shall govern the handling of confidential material.... (Signed by Judge Richard M. Berman on 11/15/2017) (lnl) (Entered: 11/15/2017) |
| 11/16/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Pretrial Conference as to Mehmet Hakan Atilla held on 11/16/2017. AUSAs Lockard, Kamaraju, Denton and Sovolos present; Also present is Special Agent McReynolds and paralegal Michael Chang-Friedan Defendant Atilla present with defense attorneys Victor Rocco, Cathy Fleming, Thomas Thornhill and Robert Fettweis; Turkish interpreters Asiye Kay and Seyhan Sirtalan present; Court Reporter Elena Lynch present; Court hears argument on motion to dismiss; Court issues ruling on motion to dismiss; motion to dismiss is denied; Court also issues rulings on motions in limine; see transcript of proceedings held for a complete record of the rulings on the motions in limine; Defense counsel may serve subpoenas; Conference scheduled for 11/21/17 at 2:00 pm; jury selection begins on 11/20/17. (Status Conference set for 11/21/2017 at 02:00 PM before Judge Richard M. Berman.) (jbo) (Entered: 11/16/2017) |
| 11/16/2017 | 347 | ORDER as to Mehmet Hakan Atilla. Upon the application of Victor J. Rocco, attorney for the above-referenced defendant/inmate, and upon all proceedings previously herein, the M C is hereby ordered to accept the following clothing and to permit Mr. Atilla to wear this clothing for jury selection and the duration of his trial. Jury selection is scheduled to take place on November 20th and November 21st; trial is scheduled to begin on November 27th: 2 SUITS; 2 DRESS SHIRTS; 2 TIES; 5 PAIR OF SOCKS; 1 LEATHER BELT; 1 PAIR OF DRESS SHOES. SO ORDERED. (Signed by Judge Richard M. Berman on 11/16/2017)(ft) (Entered: 11/16/2017) |
| 11/16/2017 | 348 | ORDER as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani. It is hereby ORDERED that the following individuals are authorized to bring the Personal Electronic Device and/or the General Purpose Computing Device (collectively "Devices") listed below into the Courthouse for use in a proceeding or trial in the action captioned UNITED STATESES OF AMERICA v. REZA ZARRAB, et al., Case Number 15-CR-00867 (RMB). The dates for whichsuch authorization is |

| | | provided are November 20, 2017 through the end of trial. (Signed by Judge Richard M. Berman on 11/16/2017)(ft) (Entered: 11/16/2017) |
| --- | --- | --- |
| 11/20/2017 | 349 | NOTICE OF ATTORNEY APPEARANCE: Todd R. Harrison appearing for Mehmet Hakan Atilla. Appearance Type: Retained. (Attachments: # 1 Cover Letter)(Harrison, Todd) (Entered: 11/20/2017) |
| 11/20/2017 | 350 | ORDER as to Mehmet Hakan Atilla. The trial and jury selection are adjourned for one week and will commence on Monday, November 27, 2017. Once the jury is selected we will immediately proceed to openings and witness testimony. The conference originally scheduled for 2:00 pm tomorrow, November 21, 2017 is rescheduled to 10:00 am tomorrow, November 21, 2017. The Court will also hold a Curcio hearing at that time with respect to the addition of Todd Harrison, of McDermott Will & Emery LLP as defense counsel. Counsel for the Government and the Defense shall submit to the Court for its review by 5:00 pm today any proposed Curcio questions, reflecting any conflicts of interest (potential or actual) of McDermott Will & Emery LLP. Mr. Harrison is also directed to submit to the Court by 5:00 pm today a copy of his firm's retainer agreement with Mr. Atilla for in camera review. All Defense counsel are requested to meet and confer prior to tomorrow's conference to coordinate their respective roles. (Status Conference set for 11/21/2017 at 10:00 AM before Judge Richard M. Berman.) (Signed by Judge Richard M. Berman on 11/20/2017)(clt) (Entered: 11/20/2017) |
| 11/20/2017 | 351 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Conference held on 11/16/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Alena Lynch, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/11/2017. Redacted Transcript Deadline set for 12/21/2017. Release of Transcript Restriction set for 2/20/2018. (McGuirk, Kelly) (Entered: 11/20/2017) |
| 11/20/2017 | 352 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Conference proceeding held on 11/16/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 11/20/2017) |
| 11/20/2017 | 353 | LETTER by Mehmet Hakan Atilla as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani addressed to Judge Richard M. Berman from Todd Harrison dated 11/20/17 re: Proposed Curcio Questions Document filed by Mehmet Hakan Atilla. (Attachments: # 1 Proposed Curcio Questions)(Harrison, Todd) (Entered: 11/20/2017) |
| 11/20/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Status Conference as to Mehmet Hakan Atilla held on 11/20/2017, as to Mehmet Hakan Atilla. AUSAs Lockard, Kamaraju, Sovolos and Denton present;Also |

| | | present is Special Agent McReynolds and paralegal Michael Chang-Friedan;Defendant Atilla present with defense attorneys Victor Rocco, Cathy Fleming, Thomas Thornhill and Robert Fettweis; Also present is defense attorney Joshua Dratel; Court Reporters Jerry Harrison and Andrew Walker present; Turkish Interpreters Asiye Kay and Seyhan Sirtalan present; jury selection and trial rescheduled to 11/27/17; next conference is scheduled for 11/21/17. (jw) (Entered: 11/22/2017) |
|---|---|---|
| 11/21/2017 | 354 | NOTICE OF ATTORNEY APPEARANCE: Joseph B. Evans appearing for Mehmet Hakan Atilla. Appearance Type: Retained. (Evans, Joseph) (Entered: 11/21/2017) |
| 11/21/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Curcio Hearing as to Mehmet Hakan Atilla held on 11/21/2017. AUSAs Lockard and Denton present; Also present is Special Agent McReynolds; Defendant Atilla present with defense attorneys Victor Rocco, Cathy Fleming, Thomas Thornhill and Robert Fettweis; Also present are defense attorneys Joshua Dratel, Todd Harrison and Joseph Evans; Court Reporter Pamela Utter present; Turkish Interpreters Asiye Kay and Seyhan Sirtalan present; Curcio hearing held re: McDermott Will & Emery law firm; At the conclusion of the hearing, Court permits McDermott Will & Emery to join defense team; Parties to submit letter to the Court by 11/22/17 re: outstanding issues (jw) (Entered: 11/22/2017) |
| 11/22/2017 | 355 | LETTER by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from USA dated November 22, 2017 re: Status of Outstanding Motions in Limine Document filed by USA. (Denton, David) (Entered: 11/22/2017) |
| 11/22/2017 | 356 | LETTER by Mehmet Hakan Atilla as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani addressed to Judge Richard M. Berman from Cathy Fleming dated November 22, 2017 re: compel testimony Document filed by Mehmet Hakan Atilla. (Fleming, Cathy) (Entered: 11/22/2017) |
| 11/22/2017 | 357 | ORDER as to Mehmet Hakan Atilla. The Court may provide the jury with the following limiting instruction: The Defendant is not charged with any terrorism offense, nor is there any suggestion that the Defendant was involved in any terrorist attack. You should consider the evidence admitted in this case only for the purpose of determining whether the Defendant is guilty of the crimescharged in the Indictment and for no other purpose. No further submissions by either party will be considered. (Signed by Judge Richard M. Berman on 11/22/2017)(ft) (Entered: 11/22/2017) |
| 11/25/2017 | 358 | LETTER by USA as to Mehmet Hakan Atilla from USA dated 11/25/2017 re: Opposition to motion to compel (Dkt. Entry No. 356) and to quash Document filed by USA. (Lockard, Michael) (Entered: 11/25/2017) |
| 11/27/2017 | 359 | Voir Dire Questions as to Mehmet Hakan Atilla. (clt) (Entered: 11/27/2017) |
| 11/27/2017 | 360 | |

| | | |
|---|---|---|
| | | LETTER MOTION addressed to Judge Richard M. Berman re: adjournment in the commencement of trial . Document filed by Mehmet Hakan Atilla. (Rocco, Victor) (Entered: 11/27/2017) |
| 11/27/2017 | 361 | MEMO ENDORSEMENT 360 LETTER MOTION For all the foregoing reasons, the defense respectfully requests that commencement of trial in this matter be postponed for two weeks, until December 11, 2017 as to Mehmet Hakan Atilla...Clerk to docket. Government to respond ASAP via ECF - and by PDF or Fax. (Signed by Judge Richard M. Berman on 11/27/17) (jw) (Entered: 11/27/2017) |
| 11/27/2017 | 362 | LETTER by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Michael D. Lockard, Sidhardha Kamaraju, David W. Denton, Jr, and Dean C. Sovolos dated 11/27/17 re: The Government respectfully submits this letter in response to the defense counsels letter earlier today today requesting an adjournment of the trial for two weeks. In their letter, counsel contends that late Brady disclosure (Ltr. at 2-3), "massive last-minute document productions" (id. at 3-4), late disclosure of trial exhibits (id. at 5), late production of 3500 material (id. at 5-6), and improper redactions from 3500 material (id. at 6-7), warrant an adjournment. For the foregoing reasons, the adjournment request should be denied. (jw) (Entered: 11/27/2017) |
| 11/27/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Voir Dire held on 11/27/2017 as to Mehmet Hakan Atilla. AUSAs Lockard, Kamaraju, Denton, Sovolos present; Also present is Special Agent McReynolds and paralegal Michael Chang-Friedan; Defendant present with defense attorneys Rocco, Fleming, Thornhill, Harrison, Dratel. Court Reporters Rose Prater and Rebecca Forman present; Turkish Interpreters Asiye Kay and Seyhan Sirtalan present (jw) (Entered: 11/28/2017) |
| 11/27/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Selection as to Mehmet Hakan Atilla held on 11/27/2017. jury selection begins; jury selection to continue 11/28/17. (jw) (Entered: 11/28/2017) |
| 11/28/2017 | 363 | ORDER as to Mehmet Hakan Atilla. Defendant's November 27, 2017 letter application to adjourn the trial (submitted on the very day the trial was to commence) is respectfully denied. (As further set forth in this order). (Signed by Judge Richard M. Berman on 11/28/2017)(clt) (Entered: 11/28/2017) |
| 11/28/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Jury Trial as to Mehmet Hakan Atilla held on 11/28/2017. All appearances remain the same; jury selection concludes; trial begins; opening statements given; witnesses sworn and evidence admitted; jury trial to continue tomorrow. (jbo) (Entered: 11/29/2017) |
| 11/29/2017 | 367 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Todd Harrison dated 11/27/17 re: Proposed GX 8001 (Harrison, Todd) (Entered: 11/29/2017) |
| 11/29/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman: Jury Trial as to Mehmet Hakan Atilla held on 11/29/2017. All appearances remain the |

| | | |
|---|---|---|
| | | same; trial continues; jury trial will continue tomorrow. (jbo) (Entered: 11/30/2017) |
| 11/30/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 11/30/2017. All appearances remain the same; trial continues; jury trial will continue tomorrow (jw) (Entered: 12/01/2017) |
| 12/01/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/1/2017. All appearances remain the same; trial continues; trial will continue on 12/4/17. (jw) (Entered: 12/04/2017) |
| 12/04/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/4/2017. All appearances remain the same; trial continues; jury trial will continue 12/5/17. (jw) (Entered: 12/05/2017) |
| 12/05/2017 | 369 | ORDER as to Mehmet Hakan Atilla. The Court is directing that both the Defense and Government letters of December 4, 2017 be placed on the public docket. It is always best to have both sides of the story before drawing conclusions. This is especially true, where, as here, the disputed materials are not subject to Brady v. Maryland, 373 U.S. 83 (1963). They may be used for impeachment. (Signed by Judge Richard M. Berman on 12/5/2017) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(clt) (Entered: 12/05/2017) |
| 12/05/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/5/2017. All appearances remain the same; trial continues; jury trial will continue 12/6/17. (jw) (Entered: 12/06/2017) |
| 12/06/2017 | 370 | LETTER by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from USA dated December 6, 2017 re: Treasury Witnesses Document filed by USA. (Denton, David) (Entered: 12/06/2017) |
| 12/06/2017 | 371 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Victor J. Rocco dated December 6, 2017 re: Treasury Witnesses (Rocco, Victor) (Entered: 12/06/2017) |
| 12/06/2017 | 372 | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/6/2017. All appearances remain the same; trial continues; jury trial will continue 12/7/17. (jw) (Entered: 12/07/2017) |
| 12/07/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/7/2017. All appearances remain the same; trial continues; jury trial will continue 12/8/17. (jw) (Entered: 12/08/2017) |
| 12/08/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/8/2017. All appearances remain the same; trial continues; jury trial will continue 12/11/17. (jw) (Entered: 12/11/2017) |

Case 18-1910, Document 25, 08/06/2018, 2383239, Page94 of 257

**A87**

| | | |
|---|---|---|
| 12/10/2017 | 373 | LETTER by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from United States dated 12/10/2017 re: Scope of cross-examination of witnesses Document filed by USA. (Lockard, Michael) (Entered: 12/10/2017) |
| 12/10/2017 | 374 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Victor J. Rocco dated December 10, 2017 re: Scope of Cross-Examination of Witnesses (Rocco, Victor) (Entered: 12/10/2017) |
| 12/11/2017 | 375 | ORDER as to Mehmet Hakan Atilla. C.J.A. attorney Susan Kellman is appointed to represent witness Huseyin Korkmaz effective November 29, 2017. (Signed by Judge Richard M. Berman on 12/11/2017)(ft) (Entered: 12/11/2017) |
| 12/11/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/11/2017. All appearances remain the same; trial continues; jury trial will continue on 12/12/17. (jw) (Entered: 12/12/2017) |
| 12/12/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/12/2017. All appearances remain the same; trial continues; jury trial will continue on 12/13/17. (jw) (Entered: 12/13/2017) |
| 12/13/2017 | 376 | LETTER MOTION addressed to Judge Richard M. Berman from Cathy Fleming dated December 13, 2017 re: Motion for Mistrial . Document filed by Mehmet Hakan Atilla. (Fleming, Cathy) (Entered: 12/13/2017) |
| 12/13/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/13/2017. All appearances remain the same; trial continues; jury trial will continue on 12/14/17. (jw) (Entered: 12/14/2017) |
| 12/14/2017 | 377 | LETTER MOTION addressed to Judge Richard M. Berman from Cathy Fleming dated December 14, 2017 re: Motion for Mistrial . Document filed by Mehmet Hakan Atilla. (Fleming, Cathy) (Entered: 12/14/2017) |
| 12/14/2017 | 378 | MEMORANDUM in Opposition by USA as to Mehmet Hakan Atilla re 377 LETTER MOTION addressed to Judge Richard M. Berman from Cathy Fleming dated December 14, 2017 re: Motion for Mistrial .. (Kamaraju, Sidhardha) (Entered: 12/14/2017) |
| 12/14/2017 | 379 | MEMO ENDORSEMENT as to Reza Zarrab, Camelia Jamshidy, Hossein Najafzadeh, Mohammad Zarrab, Mehmet Hakan Atilla, Mehmet Zafer Caglayan, Suleyman Aslan, Levent Balkan, Abdullah Happani on re: 356 Letter, filed by Mehmet Hakan Atilla. ENDORSEMENT: Defense application denied. The Court agrees with Judge Kaplan's ruling in U.S. v. Gonzalez, cited at p2 above. It applies equally in U.S. v. Atilla. (Signed by Judge Richard M. Berman on 12/14/2017)(ft) (Entered: 12/14/2017) |
| 12/14/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/14/2017. All appearances remain the |

| | | |
|---|---|---|
| | | same; trial continues; jury trial will continue on 12/15/17. (jw) (Entered: 12/18/2017) |
| 12/15/2017 | 380 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION for Acquittal *pursuant to Federal Rule of Criminal Procedure 29(a) - by letter*. Document filed by Mehmet Hakan Atilla. (Rocco, Victor) Modified on 12/15/2017 (ka). (Entered: 12/15/2017) |
| 12/15/2017 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Mehmet Hakan Atilla: Notice to Attorney Victor J. Rocco to RE-FILE Document 380 MOTION for Acquittal pursuant to Federal Rule of Criminal Procedure 29(a) - by letter. Use the event type Letter Motion found under the event list Motions. (ka)** (Entered: 12/15/2017) |
| 12/15/2017 | 381 | LETTER MOTION addressed to Judge Richard M. Berman re: Acquittal pursuant to Federal Rule of Criminal Procedure 29(a) . Document filed by Mehmet Hakan Atilla. (Rocco, Victor) (Entered: 12/15/2017) |
| 12/15/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/15/2017. All appearances remain the same; trial continues; jury trial will continue on 12/18/17. (jw) (Entered: 12/18/2017) |
| 12/16/2017 | 382 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MEMORANDUM in Opposition by USA as to Mehmet Hakan Atilla re 381 LETTER MOTION addressed to Judge Richard M. Berman re: Acquittal pursuant to Federal Rule of Criminal Procedure 29(a) .. (Kamaraju, Sidhardha) Modified on 12/18/2017 (ka). (Entered: 12/16/2017) |
| 12/17/2017 | 383 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Victor J. Rocco dated December 17, 2017 re: Government Exhibits (Rocco, Victor) (Entered: 12/17/2017) |
| 12/18/2017 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Mehmet Hakan Atilla: Notice to Attorney Sidhardha Kamaraju to RE-FILE Document 382 Memorandum in Opposition to Motion. Use the event type Response in Opposition to Motion found under the event list Replies, Opposition and Supporting Documents. (ka)** (Entered: 12/18/2017) |
| 12/18/2017 | 384 | LETTER MOTION addressed to Judge Richard M. Berman from Cathy Fleming dated 12/18/17 re: Admit Zarrab Jail Recording and Transcript . Document filed by Mehmet Hakan Atilla. (Attachments: # 1 Exhibit A) (Fleming, Cathy) (Entered: 12/18/2017) |
| 12/18/2017 | 385 | LETTER MOTION addressed to Judge Richard M. Berman from USA dated December 18, 2017 re: 384 LETTER MOTION addressed to Judge Richard M. Berman from Cathy Fleming dated 12/18/17 re: Admit Zarrab Jail Recording and Transcript . re: Def. Application to Admit Extrinsic Evidence for Impeachment . Document filed by USA as to Mehmet Hakan Atilla. (Denton, David) (Entered: 12/18/2017) |
| 12/18/2017 | 386 | |

Case 18-1910, Document 25, 08/06/2018, 2383239, Page96 of 257

| | | | |
|---|---|---|---|
| | | | LETTER MOTION addressed to Judge Richard M. Berman from Victor J. Rocco dated December 18, 2017 re: Conscious Avoidance Charge . Document filed by Mehmet Hakan Atilla. (Rocco, Victor) (Entered: 12/18/2017) |
| 12/18/2017 | 387 | | LETTER MOTION addressed to Judge Richard M. Berman . Document filed by Mehmet Hakan Atilla. (Attachments: # 1 Proposed Good Faith Instruction) (Evans, Joseph) (Entered: 12/18/2017) |
| 12/18/2017 | | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/18/2017. All appearances remain the same; trial continues; jury trial will continue on 12/19/17. (jw) (Entered: 12/20/2017) |
| 12/19/2017 | 388 | | SEALED DOCUMENT placed in vault. (rz) (Entered: 12/19/2017) |
| 12/19/2017 | | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/19/2017. All appearances remain the same;trial continues; defense rests; summations given; jury charge to be held 12/20/17. (jw) (Entered: 12/20/2017) |
| 12/20/2017 | 389 | | MOTION for Declaration of Mistrial . Document filed by Mehmet Hakan Atilla. (Evans, Joseph) (Entered: 12/20/2017) |
| 12/20/2017 | 390 | | MEMO ENDORSEMENT as to Mehmet Hakan Atilla on re: 389 MOTION for Declaration of Mistrial filed by Mehmet Hakan Atilla. ENDORSEMENT: Govt to respond in writing by 5 P.M. today. (Signed by Judge Richard M. Berman on 12/20/2017)(clt) (Entered: 12/20/2017) |
| 12/20/2017 | 391 | | LETTER by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from United States dated 12/20/2017 re: Opposition to Defendant's second mistrial motion Document filed by USA. (Lockard, Michael) (Entered: 12/20/2017) |
| 12/20/2017 | | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/20/2017. All appearances remain the same; jury is charged; Deliberations begin; deliberations to continue 12/21/17. (jw) (Entered: 12/22/2017) |
| 12/21/2017 | 392 | | DECISION & ORDER denying 384 LETTER MOTION re: Admit Zarrab Jail Recording and Transcript as to Mehmet Hakan Atilla (5). For the reasons stated above, the defense application to admit the audio recording and the translated transcript of Mr. Zarrab's September 15, 2016 call from the Metropolitan Correctional Center is denied. (Signed by Judge Richard M. Berman on 12/21/2017) (clt) (Entered: 12/21/2017) |
| 12/21/2017 | 393 | | CORRECTED DECISION & ORDER denying 384 LETTER MOTION re: Admit Zarrab Jail Recording and Transcript as to Mehmet Hakan Atilla (5). For the reasons stated above, the defense application to admit the audio recording and the translated transcript of Mr. Zarrab's September 15, 2016 call from the Metropolitan Correctional Center is denied. (Signed by Judge Richard M. Berman on 12/21/2017)(clt) (Entered: 12/21/2017) |
| 12/21/2017 | | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/21/2017. All appearances remain the |

| | | same; deliberations continue; deliberations to continue 12/22/17 (jw) (Entered: 12/26/2017) |
|---|---|---|
| 12/22/2017 | 394 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman (Evans, Joseph) (Entered: 12/22/2017) |
| 12/22/2017 | 395 | LETTER by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from USA dated December 22, 2017 re: Jury Note Document filed by USA. (Denton, David) (Entered: 12/22/2017) |
| 12/22/2017 | 396 | PROTECTIVE ORDER WITH RESPECT TO CERTAIN DISCOVERY as to Reza Zarrab, Mehmet Hakan Atilla...regarding procedures to be followed that shall govern the handling of confidential material.... (Signed by Judge Richard M. Berman on 12/21/2017)(ft) (Entered: 12/22/2017) |
| 12/22/2017 | | Minute Entry for proceedings held before Judge Richard M. Berman:Jury Trial as to Mehmet Hakan Atilla held on 12/22/2017. All appearances remain the same; deliberations continue; defense rule 29 motion is due 12/29/17; government response is due 1/5/18; deliberations to continue on 1/3/18. (jw) (Entered: 12/26/2017) |
| 12/28/2017 | 397 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/28/2017) |
| 12/29/2017 | 398 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman (Evans, Joseph) (Entered: 12/29/2017) |
| 01/02/2018 | 399 | DECISION AND ORDER denying 389 Motion for Declaration of Mistrial as to Mehmet Hakan Atilla (5). For the reasons stated above, the mistrial motion [#389] is denied. (Signed by Judge Richard M. Berman on 1/2/2018) (clt) (Entered: 01/02/2018) |
| 01/03/2018 | | Minute Entry for proceedings held before Judge Richard M. Berman: Jury Trial as to Mehmet Hakan Atilla held on 1/3/2018. All appearances remain the same; deliberations continue; Verdict reached; guilty on counts one, two, three, four and six; not guilty on count five; sentence is scheduled for 4/11/18; defense sentencing submission is due 3/26/18; government sentencing submission is due 4/2/18; defense rule 29 motion is due 1/24/18; government response is due 2/14/18. (jbo) (Entered: 01/22/2018) |
| 01/03/2018 | | JURY VERDICT as to Mehmet Hakan Atilla (5) Guilty on Count 1s,2s,3s,4s,6s, Not Guilty on Count 5s. (jbo) (Entered: 01/22/2018) |
| 01/12/2018 | 400 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 11/28/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 401 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 11/28/17 has been filed by the court reporter/transcriber in the above- |

Case 18-1910, Document 25, 08/06/2018, 2383239, Page98 of 257

| | | |
|---|---|---|
| | | captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 402 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 11/29/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 403 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 11/29/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 404 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 11/29/17 CORRECTED TRIAL before Judge Richard M. Berman. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 405 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 11/29/17 CORRECTED TRIAL has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 406 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 11/30/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |

| 01/12/2018 | 407 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 11/30/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
|---|---|---|
| 01/12/2018 | 408 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/1/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 409 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/1/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 410 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/4/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 411 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/4/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 412 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/5/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set |

| | | |
|---|---|---|
| | | for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | [413](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/5/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | [414](#) | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/6/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | [415](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/6/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | [416](#) | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/7/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | [417](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/7/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | [418](#) | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Plea held on 12/8/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for |

| | | |
|---|---|---|
| | | Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 419 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/8/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 420 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/11/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 421 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/11/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 422 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/12/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 423 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/12/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 424 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/13/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose |

| | | |
|---|---|---|
| | | Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | [425](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/13/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | [426](#) | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/14/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | [427](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/15/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | [428](#) | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/15/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | [429](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/15/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |

Case 18-1910, Document 25, 09/06/2018, 2383239, Page103 of 257

| 01/12/2018 | 430 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/18/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| --- | --- | --- |
| 01/12/2018 | 431 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/18/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 432 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/19/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rose Prater, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 433 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/19/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 434 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/20/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 435 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/20/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public |

| | | |
|---|---|---|
| | | without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 436 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/21/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 437 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/21/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 438 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 12/22/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 439 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 12/22/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 440 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Trial held on 1/3/18 before Judge Richard M. Berman. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2018. Redacted Transcript Deadline set for 2/12/2018. Release of Transcript Restriction set for 4/12/2018. (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/12/2018 | 441 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 1/3/18 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court |

| | | |
|---|---|---|
| | | a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/12/2018) |
| 01/18/2018 | 442 | ORDER as to Reza Zarrab, Mehmet Hakan Atilla: In connection with the upcoming sentencings in this case and the Court's 18 U.S.C. § 3553(a) analyses, the parties are directed to include in their written submissions a description of all non attorney client privileged contacts (i.e. meetings, calls, texts, emails etc.) by all counsel, including Turkish counsel, with any officials of the United States and/or Turkish governments and relating to the prosecution and/or disposition of this case. Please include: 1) the date of such contact(s); 2) the names of those present or otherwise involved or copied; 3) the purpose of the contact; and 4) the outcome of such contact. (Signed by Judge Richard M. Berman on 1/18/2018) (lnl) (Entered: 01/18/2018) |
| 01/18/2018 | 443 | COURT EXHIBIT A, 11/21/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 444 | COURT EXHIBIT B, 11/21/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Main Document 444 replaced on 1/18/2018) (clt). (Entered: 01/18/2018) |
| 01/18/2018 | 445 | COURT EXHIBIT C, 11/29/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 446 | COURT EXHIBIT D, 11/29/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 447 | COURT EXHIBIT E, 12/7/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 448 | COURT EXHIBIT F, 12/7/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 449 | COURT EXHIBIT G, 12/15/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 450 | COURT EXHIBIT H, 12/15/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 451 | COURT EXHIBIT I, 12/17/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 452 | COURT EXHIBIT J, 12/17/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 453 | COURT EXHIBIT K, 12/17/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 454 | COURT EXHIBIT L, 12/19/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 455 | COURT EXHIBIT M, 12/19/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| | | |

| | | |
|---|---|---|
| 01/18/2018 | 456 | COURT EXHIBIT N, 12/20/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 457 | COURT EXHIBIT O: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 458 | COURT EXHIBIT P, 12/20/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 459 | COURT EXHIBIT Q, 12/20/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 460 | COURT EXHIBIT R, 12/20/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 461 | COURT EXHIBIT S: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 462 | COURT EXHIBIT T, 12/21/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 463 | COURT EXHIBIT U: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 464 | COURT EXHIBIT V: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 465 | COURT EXHIBIT W: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 466 | COURT EXHIBIT X: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 467 | COURT EXHIBIT Y: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 468 | COURT EXHIBIT Z: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 469 | COURT EXHIBIT AA: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 470 | COURT EXHIBIT BB: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 471 | COURT EXHIBIT CC: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 472 | COURT EXHIBIT DD, 12/21/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 473 | COURT EXHIBIT EE, 12/21/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 474 | COURT EXHIBIT FF, 12/21/2017: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |

| 01/18/2018 | 475 | COURT EXHIBIT GG: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 476 | COURT EXHIBIT HH: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 477 | COURT EXHIBIT II: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 478 | COURT EXHIBIT JJ: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 479 | COURT EXHIBIT KK: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 480 | COURT EXHIBIT LL: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 481 | COURT EXHIBIT MM: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 482 | COURT EXHIBIT NN: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 483 | COURT EXHIBIT OO: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 484 | COURT EXHIBIT PP: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 485 | COURT EXHIBIT QQ: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/18/2018 | 486 | COURT EXHIBIT RR: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 01/18/2018) |
| 01/24/2018 | 487 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman re: claims under Fed. R. Crim. P. 29(c) (Rocco, Victor) (Entered: 01/24/2018) |
| 01/25/2018 | 488 | ORDER as to (15-Cr-867-05) Mehmet Hakan Atilla. In response to Defense counsel's letter, dated January 24, 2018, the Court directs as follows: 1- The Government may respond in writing to the Defense letter on or before 12:00 noon on January 29, 2018; and 2- The Court will hold a conference on February 6, 2018 at 12:00 noon to consider whether the Defendant's waiver of his right to file a Rule 29(c) motion is both knowing and voluntary. (Signed by Judge Richard M. Berman on 1/25/2018)(bw) (Entered: 01/25/2018) |
| 01/29/2018 | 489 | LETTER by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from USA dated 1/29/2018 re: In Response to Atilla's January 24, 2018 Letter Document filed by USA. (Kamaraju, Sidhardha) (Entered: 01/29/2018) |
| 02/02/2018 | 490 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Victor J. Rocco dated February 2, 2018 re: Court's January 25, 2018 Order (Rocco, Victor) (Entered: 02/02/2018) |

| 02/05/2018 | 491 | ORDER as to Mehmet Hakan Atilla. The Court hereby vacates the February 6, 2018 conference in accordance with Defense counsel's February 2, 2018 letter. The Court expects to resolve Defense counsel's Rule 29(a) motion expeditiously and, subject to such resolution, to proceed to sentencing on April 11, 2018 at 11:00 am in accordance with the schedule which has previously been established. (Sentencing set for 4/11/2018 at 11:00 AM before Judge Richard M. Berman.) (Signed by Judge Richard M. Berman on 2/5/2018)(ft) (Entered: 02/05/2018) |
| --- | --- | --- |
| 02/05/2018 | 492 | ORDER as to Mehmet Hakan Atilla. CJ.A. attorney Susan Kellman is appointed to represent witness Huseyin Korkmaz effective December 11, 2017. (Signed by Judge Richard M. Berman on 2/5/2018)(ft) (Entered: 02/05/2018) |
| 02/07/2018 | 493 | DECISION AND ORDER as to Mehmet Hakan Atilla re: 306 MOTION to Dismiss *Superseding Indictment S4 or Alternatively for Severance.* filed by Mehmet Hakan Atilla, 280 MOTION to Dismiss *Superseding Indictment S3* MOTION to Dismiss for Lack of Jurisdiction MOTION to Sever Defendant filed by Mehmet Hakan Atilla. Based upon the foregoing, and having reviewed the Defendant's Letter Motion, dated December 15, 2017, and the Government's Opposition, dated December 16, 2017, the Court concludes that the evidence presented during the Government's case in chief against Atilla, when viewed in the light most favorable to the Government and drawing all reasonable inferences in the Government's favor, supports a reasonable jury's finding of guilt with respect to each of (the elements of) the six counts in the Superceding Indictment. Accordingly, the Atilla Rule 29(a) Motion to Dismiss is respectfully denied (Signed by Judge Richard M. Berman on 2/7/2018)(jw) (Entered: 02/07/2018) |
| 02/08/2018 | 494 | AMENDED ORDER as to Mehmet Hakan Atilla. C.J.A. attorney Susan Kellman is appointed to represent witness Huseyin Korkrnaz effective November 29, 2017. (Signed by Judge Richard M. Berman on 2/8/18)(jw) (Entered: 02/08/2018) |
| 02/14/2018 | 495 | SEALED DOCUMENT placed in vault. (rz) (Entered: 02/14/2018) |
| 02/22/2018 | 496 | SEALED DOCUMENT placed in vault. (rz) (Entered: 02/22/2018) |
| 03/26/2018 | 497 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman re: description of all non attorney client privileged contacts as per Court's January 18, 2018 Order (Rocco, Victor) (Entered: 03/26/2018) |
| 03/26/2018 | 498 | SENTENCING SUBMISSION by Mehmet Hakan Atilla. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Compendium to Sentencing Memorandum. Redacted Letters of Support - Mehmet Hakan Atilla. Part One - Family, # 6 Part Two - Colleagues, # 7 Part Three - Friends) (Rocco, Victor) (Entered: 03/26/2018) |
| 03/30/2018 | 499 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Victor J. Rocco dated March 30, 2018 re: Clarification of March 26th Letter to Court (Rocco, Victor) (Entered: 03/30/2018) |
| 04/02/2018 | 500 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Conference held on 11/21/17 before Judge Richard M. Berman. Court Reporter/Transcriber: |

| | | |
|---|---|---|
| | | Pamela Utter, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/23/2018. Redacted Transcript Deadline set for 5/3/2018. Release of Transcript Restriction set for 7/2/2018. (McGuirk, Kelly) (Entered: 04/02/2018) |
| 04/02/2018 | 501 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Conference proceeding held on 11/21/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/02/2018) |
| 04/02/2018 | 502 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Conference held on 11/20/17 before Judge Richard M. Berman. Court Reporter/Transcriber: Jerry Harrison, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/23/2018. Redacted Transcript Deadline set for 5/3/2018. Release of Transcript Restriction set for 7/2/2018. (McGuirk, Kelly) (Entered: 04/02/2018) |
| 04/02/2018 | 503 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Conference proceeding held on 11/20/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/02/2018) |
| 04/03/2018 | 504 | ORDER as to Mehmet Hakan Atilla. The Government's sentencing submission which was due by April 2, 2018 is now due by April 4, 2018 at 1:00 p.m. sharp. (Brief due by 4/4/2018.) (Signed by Judge Richard M. Berman on 4/3/2018)(ft) (Entered: 04/03/2018) |
| 04/04/2018 | 505 | SENTENCING SUBMISSION by USA as to Mehmet Hakan Atilla. (Lockard, Michael) (Entered: 04/04/2018) |
| 04/09/2018 | 507 | ORDER as to Mehmet Hakan Atilla. Because of the number of issues raised by the parties in their (extensive) sentencing submissions, the sentencing scheduled for April 11, 2018 is hereby adjourned to May 7, 2018 at 10:30 am. (Sentencing set for 5/7/2018 at 10:30 AM before Judge Richard M. Berman.) (Signed by Judge Richard M. Berman on 4/9/2018)(clt) (Entered: 04/09/2018) |
| 04/10/2018 | 508 | ORDER as to Mehmet Hakan Atilla. The Court requests that Defense Counsel respond to questions 1-5, and that Government Counsel respond to questions 6-7, by Friday, April 13, 2018 at noon: 1- How many times did Mehmet Hakan Atilla visit the United States on business during his career? And, how many |

| | | |
|---|---|---|
| | | times did he meet with U.S. officials at the U.S. Department of the Treasury in Washington, D.C.? Who, if anyone, from Turkey accompanied Mr. Atilla on these visits? 2- Who (name) is Mr. Atilla's Turkish Counsel? What is that person's firm affiliation? Did he or she ever represent Reza Zarrab? 3- How long (dates) did Stileyman Aslan work at Halkbank? What position(s) did he hold at Halkbank? 4- Please furnish a copy of the letter which the Turkish Consul sent to the U.S. Department of State on Mr. Atilla' s behalf as described in the Defense letter, dated March 26, 2018 [#497] (pages 1-2). 5- What principles of "comity" is Defense Counsel referring to in its sentencing memorandum, dated March 26, 2018 [#498] (page 58)? Explain. 6- Have the sanctions which were the subject of the Atilla trial ended? If so, why and when did they end? Explain. 7- Who does the Government contend were the chief financial beneficiaries of the sanctions evasion scheme which was the subject of the Atilla trial? How did they benefit? (Signed by Judge Richard M. Berman on 4/10/2018)(clt) (Entered: 04/10/2018) |
| 04/13/2018 | 509 | LETTER by Mehmet Hakan Atilla addressed to Judge Richard M. Berman re: response to Order 508 dated April 10, 2018 (Rocco, Victor) (Entered: 04/13/2018) |
| 04/13/2018 | 510 | Sentencing Letter by USA as to Mehmet Hakan Atilla addressed to Honorable Richard M. Berman, U.S. District Judge from USA dated 4/13/2018 re: Court's April 10, 2018 Order. (Lockard, Michael) (Entered: 04/13/2018) |
| 04/16/2018 | 511 | ORDER as to Mehmet Hakan Atilla. There are two new developments which necessitate an adjournment of the sentence from May 7, 2018 to May 16, 2018 at 10:00 am. 1- The SDNY interpreter's office has advised the Court that the Turkish interpreters are unavailable May 5 through May 14, 2018.2- On April 13, 2018, the Defense as is their right has made an extensive (70 plus page) submission which the Court has taken under review. (Sentencing set for 5/16/2018 at 10:00 AM before Judge Richard M. Berman.) (Signed by Judge Richard M. Berman on 4/16/2018)(ft) (Entered: 04/16/2018) |
| 04/16/2018 | 512 | Sentencing Letter by Mehmet Hakan Atilla addressed to Judge Richard M. Berman from Victor J. Rocco dated April 13, 2018 re: response to the final presentence investigation report prepared on 4/4/18. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rocco, Victor) (Entered: 04/16/2018) |
| 05/08/2018 | 513 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** SENTENCING SUBMISSION by Mehmet Hakan Atilla. (Attachments: # 1 Attachments to Affidavit of Jack Donson)(Rocco, Victor) Modified on 5/9/2018 (ka). (Entered: 05/08/2018) |
| 05/09/2018 | | **NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR as to Mehmet Hakan Atilla: Notice to Attorney Rocco, Victor to RE-FILE Document 513 Sentencing Submission. Use the event type Affidavit (non-motion) found under the event list Other Documents. (ka)** (Entered: 05/09/2018) |
| 05/09/2018 | 514 | AFFIDAVIT of of Jack Donson related to sentencing by Mehmet Hakan Atilla. (Attachments: # 1 Exhibit)(Rocco, Victor) (Entered: 05/09/2018) |
| | | |

| | | |
|---|---|---|
| 05/09/2018 | 515 | ORDER as to (S4-15-Cr-867-05) Mehmet Hakan Atilla. To: Warden, Metropolitan Correctional Center, MCC New York. Re: Atilla, Mehmet Hakan, Reg. No. 75971-054. Upon the application of counsel for the above-referenced defendant/inmate, and upon all proceedings previously herein, the MCC is hereby ordered to accept the following clothes and to permit Mr. Atilla to wear this clothing for sentencing, which is scheduled for May 16, 2018, at 10:00 a.m.: 1 SUIT; 1 DRESS SHIRT; 1 TIE; 1 PAIR OF SOCKS; 1 LEATHER BELT; 1 PAIR OF DRESS SHOES. SO ORDERED: (Signed by Judge Richard M. Berman on 5/9/2018)(bw) (Entered: 05/09/2018) |
| 05/14/2018 | 516 | Sentencing Letter by USA as to Mehmet Hakan Atilla addressed to Judge Richard M. Berman from USA dated 5/14/2018 re: Sentencing. (Lockard, Michael) (Entered: 05/14/2018) |
| 05/16/2018 | 517 | COURT EXHIBIT 1: as to USA v. Mehmet Hakan Atilla. (bw) (Entered: 05/16/2018) |
| 05/16/2018 | | Minute Entry for proceedings held before Judge Richard M. Berman: Sentencing held on 5/16/2018 for Mehmet Hakan Atilla (5) Count 1s,2s,3s,4s,6s. AUSAs Lockard, Kamaraju, Denton, Sovolos present; Also present is Special Agent Jennifer McReynolds; Also present is Paralegal Michael Chang Friedan; Defendant present with defense attorneys Victor Rocco, Cathy Fleming, Thomas Thornhill, Todd Harrison and Joshua Dratel; Turkish Interpreters Asiye Kay and Seyhan Sirtalan present; Court reporters Rebecca Forman and Sam Mauro present; defendant sentenced; see judgment and commitment order; defendant advised of his right to appeal; any open counts are dismissed on motion of the government. (bw) (Entered: 05/16/2018) |
| 05/16/2018 | | DISMISSAL OF COUNTS on Government Motion as to Mehmet Hakan Atilla (5) Count 2,3. (bw) (Entered: 05/16/2018) |
| 05/16/2018 | 518 | JUDGMENT In A Criminal Case (S4-15-Cr-867). Date of Imposition of Judgment: 5/16/2018. Defendant Mehmet Hakan Atilla (5) was found guilty on Count(s) 1s, 2s, 3s, 4s, and 6s, after a plea of not guilty. Count(s) any open are dismissed on the motion of the United States. IMPRISONMENT: 32 months on each count. Each term of imprisonment on each count to run concurrently with one another. -The court makes the following recommendations to the Bureau of Prisons: It is recommended that the defendant be incarcerated in a BOP operated, non-administrative facility which provides medical care, and is near NYC, specifically FCI Danbury which will facilitate family and Turkish Consulate visits. -The defendant is remanded to the custody of the United States Marshal. ASSESSMENT: $500.00, due immediately. (Signed by Judge Richard M. Berman on 5/16/2018)(bw) (Entered: 05/16/2018) |
| 05/17/2018 | 519 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/17/2018) |
| 05/21/2018 | 520 | TRANSCRIPT of Proceedings as to Mehmet Hakan Atilla re: Sentence held on 5/16/18 before Judge Richard M. Berman. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2018. Redacted |

Case 18-1910, Document 25, 08/06/2018, 2383239, Page112 of 257

| | | |
|---|---|---|
| | | Transcript Deadline set for 6/21/2018. Release of Transcript Restriction set for 8/20/2018. (McGuirk, Kelly) (Entered: 05/21/2018) |
| 05/21/2018 | 521 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mehmet Hakan Atilla. Notice is hereby given that an official transcript of a Trial proceeding held on 5/16/18 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 05/21/2018) |
| 05/23/2018 | 522 | SEALED DOCUMENT placed in vault. (mps) (Entered: 05/23/2018) |
| 05/23/2018 | 523 | SEALED DOCUMENT placed in vault. (mps) (Entered: 05/23/2018) |
| 05/23/2018 | 524 | SEALED DOCUMENT placed in vault. (mps) (Entered: 05/23/2018) |
| 05/25/2018 | 525 | NOTICE OF APPEAL by Mehmet Hakan Atilla from 518 Judgment. Filing fee $ 505.00, receipt number 465401210152. (nd) (Entered: 05/25/2018) |
| 05/25/2018 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Mehmet Hakan Atilla to US Court of Appeals re: 525 Notice of Appeal - Final Judgment. (nd) (Entered: 05/25/2018) |
| 05/25/2018 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Mehmet Hakan Atilla re: 525 Notice of Appeal - Final Judgment were transmitted to the U.S. Court of Appeals. (nd) (Entered: 05/25/2018) |
| 05/29/2018 | 526 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/29/2018) |
| 05/29/2018 | 527 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/29/2018) |
| 05/29/2018 | 528 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/29/2018) |
| 05/29/2018 | 529 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/29/2018) |
| 06/24/2018 | 531 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT** - NOTICE of NOTICE OF APPEAL as to Mehmet Hakan Atilla re: 518 Judgment,,, 525 Notice of Appeal - Final Judgment. (Lockard, Michael) Modified on 6/25/2018 (ka). (Entered: 06/24/2018) |
| 06/25/2018 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF DOCUMENT ERROR. Note to Attorney Lockard, Michael as to Mehmet Hakan Atilla: to MANUALLY RE-FILE Document Document No. 531 Notice of Appeal. This document is not filed via ECF. (ka)** (Entered: 06/25/2018) |
| 06/25/2018 | 532 | NOTICE OF APPEAL by USA as to Mehmet Hakan Atilla from 518 Judgment. (nd) (Entered: 06/25/2018) |
| 06/25/2018 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Mehmet Hakan Atilla by USA to US Court of Appeals re: 532 Notice of Appeal. (nd) (Entered: 06/25/2018) |

| | | |
|---|---|---|
| 06/25/2018 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Mehmet Hakan Atilla re: 532 Notice of Appeal were transmitted to the U.S. Court of Appeals. (nd) (Entered: 06/25/2018) |
| 06/27/2018 | 533 | SEALED DOCUMENT placed in vault. (rz) (Entered: 06/27/2018) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/02/2018 09:20:31 | | |
| **PACER Login:** | ve000005:2658087:4378416 | **Client Code:** ATI150-91000-202987 |
| **Description:** | Docket Report | **Search Criteria:** 1:15-cr-00867-RMB |
| **Billable Pages:** | 30 | **Cost:** 3.00 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: **9/26/16**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA,

              Government,

   -v-

REZA ZARRAB,

              Defendant.

---------------------------------------------------------------X

**DECISION & ORDER**

15 Cr 867 (RMB)

## I.  Introduction

Defendant Reza Zarrab's ("Defendant's" or "Zarrab's") motion, dated August 30, 2016,

to recuse the Court from participation in this case is without merit. See, e.g., Silver v.

Kuehbeck, 217 F. App'x 18, 23 (2d Cir. 2007); CODE OF CONDUCT FOR UNITED STATES

JUDGES CANON 4.

Among other reasons, recusal was waived by the Defense at the arraignment on April 27,

2016. See Donato v. Rhode Island Hosp. Trust Nat. Bank, 52 F. Supp. 2d 317, 320 (D.R.I.

1999). The recusal motion is also untimely, having been filed four months after the

arraignment and following discovery, extensive motion practice, and the selection of an early

trial date. [1] See Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp., 2003 WL

282187, at *2 (S.D.N.Y. Feb. 7, 2003).

---

[1] The trial was set for January 23, 2017 after Defense counsel made the following suggestion:
"[I]n view of the Defendant's current remand status . . . we should try our best to expedite the
proceedings." (See Transcript, dated June 20, 2016, at 2:25-3:2.) The Court is fully committed
to an early trial date.

1

Where, as here, the standards governing disqualification have not been met, "disqualification is not optional; rather, it is prohibited." In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001).

The Defense motion to recuse is centered upon a two-day international legal symposium entitled "International Symposium on the Rule of Law and Justice" in which the Court participated in Istanbul in May of 2014 ("Symposium" or "International Symposium"). [2]

At the time of the 2014 Symposium, the Court had never heard of Defendant Reza Zarrab. The Court first learned of Zarrab two years after the Symposium, on March 21, 2016, when Zarrab was arrested by U.S. officials in Miami, Florida and his criminal case alleging, among other things, conspiracy to violate U.S. sanctions against Iran, was randomly assigned.[3]

On April 27, 2016, at the outset of Zarrab's arraignment, the Court disclosed to the parties that it had been to Istanbul in 2014 and had moderated a panel discussion entitled "Independent and Effective Judiciary" on the second day of the Symposium. Immediately following the Court's comments, Defense counsel Benjamin Brafman stated that he was already aware of the Court's participation and remarks at the Symposium. (See Transcript, dated April 27, 2016 ("Tr."), at 4:17-19.) He said the following: "I was familiar with your Honor's remarks and appearance in Istanbul because, in our thoroughness, we try and follow

_____

[2] The other U.S. participants at the Symposium were Professor Heather Gerken, Yale Law School; Professor Richard Pildes, New York University School of Law; Professor Richard Fallon, Harvard Law School; and William Sorrell, Attorney General of Vermont. (See also n.5 for a complete list of Symposium participants.)

[3] At the time of the 2014 Symposium, the Court was also unaware of the criminal charges which had been brought against Zarrab by Turkish prosecutors in 2013.

2

everything that everyone does . . . My experience here has allowed me to conclude that you are indeed a fair and impartial judge . . . . **We have seen nothing to date which would suggest that you could not participate in any way.**"  (Tr. at 4:17-5:3) (emphasis added.) [4]

The Defense recusal motion includes incorrect allegations and out of context quotes to support the Defense claim that the Symposium was "largely focused" upon Mr. Zarrab and the criminal charges filed against him by Turkish prosecutors in 2013, and that the Court and other Symposium speakers discussed Mr. Zarrab and his Turkish criminal charges at length. See Metropolitan Opera Association v. Local 100, 332 F. Supp. 2d 667, 671 (S.D.N.Y. 2004) (where, as here, movant impermissibly "isolated words or phrases" while "ignoring the substance and context.").  Defendant contends that the Court's comments could be understood to suggest that the Court is biased against Zarrab.  (See, e.g., Defendant's Motion to Recuse the Court, dated Aug. 30, 2016 ("Def.'s Mot."), at 3 ("The Court attended a conference that was largely focused on the Turkish prosecution of Mr. Zarrab and others, and made public comments on that prosecution that can be understood as sympathetic to the view that Mr. Zarrab avoided conviction through purportedly corrupt ties to Turkish officials.").)

---

[4] **Astonishingly, Defense counsel (Christine H. Chung appears principally to have drafted the recusal motion) fails to mention Mr. Brafman's comments at the arraignment either in the Defense recusal memorandum or in the accompanying Declaration, dated August 30, 2016.**  (See Declaration of Christine H. Chung, dated Aug. 30, 2016 ("Chung Decl.").)  Mr. Brafman's comments were discussed in the Government's Opposition Brief, dated September 14, 2016.  (See Government's Memorandum in Opposition, dated Sept. 14, 2016 ("Mem. in Opp."), at 7 ("After the Court raised the issue at the defendant's first appearance before it, Zarrab's counsel indicated that he was 'familiar with [the Court's] remarks and appearance in Istanbul,' and he had concluded that the Court was a 'fair and impartial judge,' and that there was 'nothing to date which would suggest that [the Court] could not participate in any way.'").)  Mr. Brafman's comments are first mentioned by the Defense in their Reply Brief, dated September 21, 2016.

3

The Defendant's allegations are untrue and are debunked by the verbatim transcript of the Symposium.[5] The transcript shows that neither Mr. Zarrab nor the criminal charges brought against him by Turkish prosecutors in 2013 were discussed by the Court at the Symposium. (The Symposium transcript is included as Ex. 2 to the Chung Decl.) Rather, Symposium speakers devoted their remarks to universal principles of the "Rule of Law and Justice."[6]

Dr. Yilmaz Argüden, Chairman of the United Nations Global Compact for Turkey, gave the opening (welcoming) remarks at the Symposium:

---

[5] The Symposium was transcribed in both Turkish and English. (See Chung Decl., Ex. 2.)

[6] The 28 Symposium speakers included law professors, judges, and public officials from many countries. In order of appearance at the Symposium, they were: Dr. Yilmaz Argüden, Chairman of the United Nations Global Compact for Turkey; Professor Emin Artuk, Dean and Faculty of Law at Marmara University; Charles Hunter, U.S. Consul General in Istanbul; Marietje Schaake, member of the European Parliament; Stefano Manservisi, the European Union's Ambassador to Turkey; Professor Richard Pildes, Professor of Constitutional Law at New York University; Professor Richard Fallon, Professor of Constitutional Law at Harvard University; Professor Heather Gerken, Professor of Constitutional Law at Yale University; Professor Ergun Özbudun, Professor of Constitutional Law at Istanbul Sehir University and Turkey's Representative in the Venice Commission; Sir Edward Garnier, member of the UK Parliament and former Solicitor General of England & Wales; William Sorrell, Attorney General of Vermont; Helena Lišuchová, Head of the International Cooperation Department at the Ministry of Justice for the Czech Republic; Professor Sami Selçuk, Professor of Criminal Law at Bilkent University and Honorary President of the Court of Cassation of Turkey; Hanes Swoboda, member of the European Parliament; Berl Bernhard, Chairman of the Middle East Investment Initiative; Marina Wes, Lead Economist with the World Bank; Professor Juergen Tasck, State Judge on the Hessian Administrative Court of Justice; Christina Koulias, representative of the United Nations Global Compact; Lord Harry Woolf, Former Lord Chief Justice of England & Wales; Judge Richard M. Berman, Southern District of New York; Gabriela Knaul, United Nations Special Rapporteur on the Independence of Judges and Lawyers; Professor Işil Karakaş, Judge on the European Court of Human Rights in Turkey; Professor Lucian Mihai, Former President of the Constitutional Court of Romania and Member of the Venice Commission for the Council of Europe; Judge Thomas Guddat, Vice-President of the European Association of Judges and Prosecutors; Baroness Patricia Scotland, member of the House of Lords and Former Attorney General for England & Wales; Professor Paul Lemmens, Judge for the European Court of Human Rights; Professor Osman Doğru, Professor of Human Rights and Faculty of Law at Marmara University; and Róisín Pillay, Director of the Europe Regional Programme at the International Commission of Jurists.

4

> On behalf of the board of directors of Global Compact Turkey, I would like to
> thank you all for your participation in this important event . . . . As you may
> know, the UN Global Compact is an initiative started by the United Nations 10
> years ago . . . . [W]e attach utmost importance to this Symposium.
> Development takes its basis from trust, which is created by uninterrupted
> governance and a legal system that functions in a fair, impartial, and rapid
> manner . . . . Our benchmark for this purpose is the EU and EU Council that
> hosts advanced practices in the field of universal legal norms and democracy,
> rights, law and freedoms.  We have to absolutely complete our structural
> deficiencies in this area.  However, completing these norms on paper is not
> sufficient.  At the same time, we have to ensure the judiciary which
> implements these norms is independent and impartial.

(See Chung Decl., Ex. 2 at 16.)

The Symposium compendium sets forth the purpose of the Symposium as follows:

> The purpose of the Symposium was to collect information about successful
> practices across the world in these areas and finally create an intellectual
> accumulation of knowledge . . . . As part of the Symposium, discussions
> focused on the protection of justice and the rule of law, establishment of
> separation of powers and effects of an ideal rule of law on economy and
> development . . .

(Id. at 8.)[7]

---

[7] In his keynote address to the Symposium, Lord Harry Woolf, Former Lord Chief Justice of
England and Wales, stated:

> The rule of law is international.  It may not be precisely the same in all
> jurisdictions but it is international . . . . It needs to be emphasized there is nothing
> western or eastern or northern or southern about the underlying principle of rule
> of law.  It has a global reach and dimension.  Rule of law symbolizes the quest of
> civilized democratic societies, be they eastern or western, to combine that degree
> of liberty without which law is tyranny, with that degree of law without which
> liberty becomes license . . . The rule of law is the heritage of all mankind because
> it is the underlying rationale, which is belief in the human rights and human
> dignity of all individuals everywhere in the world.

(Chung Decl., Ex. 2 at 76.)

The Defense recusal motion aggressively disparages the Istanbul law firm, YükselKarkinKüçük ("YKK"). The Court understands that YKK helped to organize the Symposium, invited the Court and other Symposium participants, and paid participants' travel and lodging expenses. Defense counsel incorporates into their recusal motion, and specifically into Ms. Chung's Declaration, accusations that YKK attorneys are "criminals and terrorists," and "members of an Armed Terrorist Organization." (See Def.'s Mot. at 13, 18; see also Chung Decl., Exs. 16-19.) As far as the Court knew in 2014 when it accepted an invitation to participate in the Symposium, YKK was an affiliate of DLA Piper and was regarded as one of the preeminent (and largest) law firms in Istanbul.[8] (See Firm Profile, "YükselKarkinKüçük Attorney Partnership," THE LEGAL 500.)

## II.    Background

The Court, as noted supra p. 2, disclosed to the parties at the April 27, 2016 arraignment that it was among the participants at the International Legal Symposium.[9] The Court stated that its "participation in this [2014 Symposium] does not impact my ability to preside over this case fairly and impartially, and to ensure that Mr. Zarrab, who is presumed to be innocent . . . receives a fair and impartial hearing and eventual trial." (Tr. at 3:24-4:3.) The Court provided the parties with an outline of its panel presentation which was also made a court exhibit at the arraignment (and is attached hereto as Exhibit A).

---

[8] YKK, to the Court's knowledge, was also the only law firm in Turkey to be awarded the "Chambers Europe Award for Excellence – Law Firm of the Year" for two consecutive years in 2012 and 2013. (See Firm Profile, "YükselKarkin Attorney Partnership," CHAMBERS AND PARTNERS.)

[9] The Symposium audience appears to have consisted primarily of lawyers, academics, business people, and law students. (See Tr. at 3:1-18; see also supra n.6.)

6

The panel discussion which the Court moderated, as noted, was entitled "Independent and Effective Judiciary." The panelists included Gabriela Knaul, United Nations Special Rapporteur on the Independence of Judges and Lawyers, who discussed "the principle of the independence of the judiciary [as] enshrined in the Universal Declaration of Human Rights, the International Covenant on Civil and Political Rights, and the Basic Principles on the Independence of the Judiciary"; Professor Işil Karakaş, Judge on the European Court of Human Rights in Turkey, who spoke about "the rule of law and independence of [the] judiciary, which originated from the European Court of Human Rights' case law"; Professor Lucian Mihai, Former President of the Constitutional Court of Romania and Member of the Venice Commission for the Council of Europe, who discussed "the role of the Venice Commission [which is] to provide legal advice to its member states and in particular to help states wishing to bring their legal and institutional structures in line with European standards"; and Judge Thomas Guddat, Vice-President of the European Association of Judges and Prosecutors, who reviewed an "important opinion on councils of the judiciary . . . [wherein the] Consultative Council of European judges set out 42 . . . tasks which must be carried out in an independent manner." (Chung Decl., Ex. 2 at 85-91.) None of the panelists mentioned Mr. Zarrab or the charges brought against him by Turkish prosecutors in 2013.

In response to the Court's disclosure, also as noted supra pp. 2-3, Defense counsel Brafman advised the Court at the arraignment that he had already investigated the 2014 Symposium, including the Court's role and remarks, and had concluded that he saw no basis for recusal.

> I was familiar with your Honor's remarks and appearance in Istanbul because, in our thoroughness, we try and follow everything that everyone does . . . my experience here has allowed me to conclude that you are indeed a fair and

7

> impartial judge . . . . We have seen nothing to date which would suggest that
> you could not participate in any way.

(Id. at 4:17-5:5.)

Defense counsel's remarks at the arraignment constitute a waiver and are sufficient to

deny the motion to recuse. See United States v. Sampson, 12 F. Supp. 3d 203, 207 (D. Mass.

2014) ("[A] waiver of grounds for recusal generally cannot be withdrawn at a later date

[where] the defendant approved of the district judge's continued service after the pertinent

facts were disclosed.") (quoting United States v. Rogers, 119 F.3d 1377, 1382 (9th Cir.

1997)).

There is (also) another reason to deny the recusal motion, which is that it is untimely.[10]

After stating on April 27, 2016 that there was nothing to prevent the Court "in any way"

from presiding in this case, the Defense waited more than four months to file a recusal

motion.  And, during that four month period, the Defense fully engaged in litigating the

case, i.e., by filing three (separate) motions, by participating in discovery, and by agreeing to

January 23, 2017 as the trial date.  See Silver, 217 F. App'x at 23 ("We need not reach the

merits of [movant's] argument that the district court below abused its discretion in not

granting his motion for recusal because [movant] did not bring such motion at the earliest

possible moment after obtaining knowledge of facts demonstrating the basis for such a

claim.").

---

[10] See Mem. in Opp. at 1 ("The defendant's motion is untimely . . . [as] the facts underlying
the defendant's motion – the Court's participation at a conference in Istanbul two years ago –
were known to the defendant more than four months ago, before this defendant began to
vigorously litigate this case in the Court . . . . The defendant has delayed too long to now
seek a new judge."); see also Apple v. Jewish Hospital and Medical Ctr., 829 F.2d 326, 333
(2d Cir. 1987).

The first of the three above mentioned motions brought by Defendant was an application for bail, which was premised upon privately funded round-the-clock armed security. (See Bail Application, dated May 18, 2016.) On June 16, 2016, the Court denied Defendant's bail application. [11]  United States v. Zarrab, 2016 WL 3681423, at *1 (S.D.N.Y. June 16, 2016).

Second, on July 19, 2016, the Defense filed a motion to suppress evidence seized from Mr. Zarrab's iPhone and iPod and certain statements made by Mr. Zarrab following his arrest. (See Defendant's Motion to Suppress, dated July 19, 2016.) This motion is fully briefed and is *sub judice*.

Third, the Defense filed a motion to dismiss the Superseding Indictment. (See Defendant's Motion to Dismiss, dated July 19, 2016.) This motion was fully briefed on August 22, 2016 and is *sub judice*.

Oral argument was scheduled to take place on September 6, 2016 but was cancelled by the Court on August 31, 2016, the day after Defendant's recusal motion was filed. (See Order, dated Aug. 31, 2016, at 1.)

The recusal motion, in substantial part, relies upon Turkish media (press) accounts. An example is the following:

> The Turkish press has reported that your Honor, during the Istanbul conference and in an interview at the time, commented on prosecutions commenced in Turkey, beginning on December 17, 2013, of several persons alleged to be close to the Turkish government, which included Mr. Zarrab . . . . These high-profile arrests led to a scandal in Turkey, in which government officials were accused of

---

[11] In rejecting Defendant's proposed bail package, the Court referred to the Second Circuit Court of Appeals summary order in United States v. Banki. "[I]t was 'not legal error for a district court to decline to accept . . . as a substitute for detention' hiring private security guards to monitor the defendant while he is on home confinement. 'Indeed, such conditions might be best seen not as specific conditions of release, but simply as a less onerous form of detention available only to the wealthy.'" Zarrab, 2016 WL 3681423, at *2 (quoting Banki, 369 Fed. Appx. 152, 153 (2d Cir. 2010)).

9

> accepting bribes.  The Turkish government, for its part, viewed the prosecutions to
> be politically motivated and . . . [i]n the next months, it reassigned, replaced, and
> dismissed thousands of police, prosecutors, and judges, including one of the
> prosecutors in Mr. Zarrab's case.  Mr. Zarrab, who had been arrested on
> December 17, 2013, was freed in February 2014."

(Def.'s Mot. at 1.)

On September 14, 2016, the Government filed an opposition to Zarrab's motion to recuse

the Court.  (See Mem. in Opp., dated Sept. 14, 2016.)  The Government argues, among other

things, that "the defendant's bases for recusal are without merit . . . the defendant's claims

rely on a mischaracterization of the Court's remarks at the Istanbul conference, rank

speculation, and impermissible consideration of press coverage.  The comments about which

the defendant complains were no more than noncontroversial opinions about fundamental

principles of a fair and effective justice system."  (Id. at 1.)

On September 21, 2016, Zarrab filed a reply. [12]  (See Defendant's Reply in Support,

dated Sept. 21, 2016 ("Reply").)

## III.   Legal Standard

The legal principles upon which the Court resolves Defendant's recusal motion include

the following:

"[A] judge 'shall disqualify himself in any proceeding in which his impartiality might

reasonably be questioned.'"  Diamondstone v. Macaluso, 148 F.3d 113, 120 (2d Cir. 1998)

---

[12] On September 27, 2016, Defense counsel also filed an unsolicited 7-page letter, with
accompanying exhibits, in further support of Defendant's motion to recuse (and its motion to
dismiss).  (See Letter to the Court, dated Sept. 27, 2016.)  Such supplemental filings (i.e., what
amounts to a second reply brief) are improper absent prior Court approval.  See Vaughn v. Air
Line Pilots Ass'n, Int'l, 395 B.R. 520, 534 (E.D.N.Y. 2008), aff'd, 604 F.3d 703 (2d Cir. 2010),
and aff'd sub nom. Vaughn v. Air Line Pilots Ass'n, 377 F. App'x 88 (2d Cir. 2010); see also
Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 361, 369-70 (S.D.N.Y.
1997).

(quoting 28 U.S.C. § 455(a)). "Movants must overcome a presumption of impartiality, and the burden for doing so is substantial." Giladi v. Strauch, 1996 WL 18840, at *1 (S.D.N.Y. Jan. 18, 1996). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." Cheney v. U.S. Dist. Court for D.C., 541 U.S. 913, 914 (2004).

"A judge may engage in extrajudicial activities, including law-related pursuits and civic, charitable, educational, religious, social, financial, fiduciary, and governmental activities, and may speak, write, lecture, and teach on both law-related and nonlegal subjects." CODE OF CONDUCT FOR UNITED STATES JUDGES CANON 4.

"If the only basis for recusal is an appearance of partiality . . . the parties may, after full disclosure on the record of the basis for disqualification, waive this ground for recusal. United States v. Salemme, 164 F. Supp. 2d 49, 52 (D. Mass. 1998) (citing 28 U.S.C. § 455(e)).

"[I]t is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Six W. Retail, 2003 WL 282187, at *2 (quoting Apple, 829 F.2d at 333). "[J]udicial resources should not be wasted; and [] a movant may not hold back and wait, hedging its bets against the eventual outcome." Apple, 829 F.2d at 334.

"Judicial inquiry may not [] be defined by what appears in the press. If such were the case, those litigants fortunate enough to have easy access to the media could make charges against a judge's impartiality that would effectively veto the assignment of judges. Judge-shopping would then become an additional and potent tactical weapon in the skilled

11

practitioner's arsenal." In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1309 (2d Cir. 1988).

"The Court has an affirmative duty not to disqualify itself unnecessarily." Thorpe v. Zimmer, Inc., 590 F. Supp. 2d 492, 494 (S.D.N.Y. 2008) (citing Rosen v. Sugarman, 357 F.2d 794, 797 (2d Cir. 1966)). "[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." In re Aguinda, 241 F.3d at 201. "[R]ecusal motions should not be allowed to be used as strategic devices to judge shop." Hoffenberg v. United States, 333 F. Supp. 2d 166, 173 (S.D.N.Y. 2004).

## IV.   Analysis

### A) A Movant May Not Hold Back and Wait, Hedging its Bets Against the Eventual Outcome

The Defense waived recusal at the arraignment and Defendant's recusal motion is untimely.

The Court's participation in the International Symposium, as noted, was disclosed by the Court at the outset of the arraignment on April 27, 2016. Following the Court's disclosure, Defense counsel stated that "with all modesty, you have proven me correct . . . . I said that the first thing the Judge is going to do is raise the fact that he participated in the panel, so I'm glad that you proved me correct." (See Tr. at 4:16-23.) Defense counsel acknowledged that he had already investigated the Court's involvement in the Symposium and "Your Honor's remarks," and had concluded that the Court was "indeed a fair and impartial judge" and there was no basis for recusal. Defense counsel stated unequivocally that "[w]e have seen nothing to date which would suggest that you could not participate in any way." (See Tr. at 5:1-3.)

As a result, Defense counsel waived recusal on the basis of an alleged appearance of partiality. See Salemme, 164 F. Supp. 2d at 52 (citing 28 U.S.C. § 455(e)) ("The parties may, after full disclosure on the record of the basis for disqualification," waive an appearance of partiality.); see also In re Cargill, Inc., 66 F.3d 1256, 1261 (1st Cir. 1995) ("Counsel's unqualified assent, combined with [their] subsequent silence for a substantial period of time, creates a sturdy foundation on which the validity of the waiver might rest."); Rogers, 119 F.3d at 1382 (where defendant "expressly approved of the district judge's continued service . . . [defendant's] election to proceed after th[e] disclosure constitutes an effective waiver under § 455(e).").

Defendant's recusal motion is also untimely. "Recusal motions must be made at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Apple, 829 F.2d at 333; see also Six W. Retail Acquisition, 2003 WL 282187, at *1, 3. The International Symposium was held on May 8-9, 2014 and it was transcribed and publicly reported. Defense counsel was aware of the Court's participation in the Symposium and of the Court's remarks. Nonetheless, Defense counsel waited over four months from and after the April 27, 2016 arraignment to seek recusal. Defense counsel did so after they had advised the Court on April 27, 2016 that they had independently investigated the Symposium and found "nothing to date which would suggest that you could not participate in any way," and after they had participated fully in extensive motion practice, pretrial discovery, and the setting of an early trial date. Six W. Retail, 2003 WL 282187, at *3; see also discussion at supra pp. 2, 8-9.

Defense counsels' efforts to support its recusal motion by relating it to the attempted coup in Turkey in July of 2016 (and after) are unavailing. "A judge should not recuse

himself on unsupported, irrational, or highly tenuous speculation." Lamborn v. Dittmer, 726

F. Supp. 510, 514 (S.D.N.Y. 1989); see also Estate of Ginor v. Landsberg, 1997 WL 414114,

at *2 (S.D.N.Y. July 24, 1997) ("Where the basis for recusal is not direct, but is remote,

contingent, or speculative, recusal is not warranted."); In re Aguinda, 241 F.3d at 201

("Where a case . . . involves remote, contingent, indirect or speculative interests,

disqualification is not required.").

### B) The Symposium Focused Upon Universal Principles Underlying the Rule of Law and Justice: There Was No Mention of Mr. Zarrab or The Charges Filed Against Him By Turkish Prosecutors

There is no need to reach the merits of Defendant's recusal motion because of waiver and

untimeliness. See Silver, 217 F. App'x at 23; In re IBM Corp., 45 F.3d 641, 643 (2d Cir.

1995) (A "prompt application avoids the risk that a party is holding back a recusal

application as a fall-back position in the event of adverse rulings on pending matters."); see

also Universal City Studios, Inc. v. Reimerdes, 104 F. Supp. 2d 334, 349-50 (S.D.N.Y.

2000). Even assuming, arguendo, that there were a need to review the merits of Defendant's

recusal motion (which plainly there is not), an objective and informed observer could not

reasonably question the Court's impartiality. See United States v. Bayless, 201 F.3d 116,

126 (2d Cir. 2000).

First, the International Symposium was focused upon universal principles of the Rule of

Law and Justice. It included, among others, representatives of the European Union and the

Council of Europe, and respected professors, judges, lawyers and scholars. The Symposium

was organized into five panel sessions, entitled "Rule of Law," "Threats to the Rule of Law,"

"Impact of Rule of Law on Business and Economy," "Protection of Fundamental Rights and

Freedoms," and "Independent and Effective Judiciary." (See Chung Decl., Ex. 2.)

14

Second, the Court's remarks at the Symposium focused upon universal principles of the Rule of Law and Justice and, particularly, the importance of an independent and effective judiciary. [13] The Court moderated a discussion of "critical questions for every democracy, not just Turkey." (See Chung Decl., Ex. 2 at 86.) The Court's principal contention was that "without a fearless, strong, well-qualified, fair and independent judiciary, there can be no real democracy. And even that is not enough; there also needs to be . . . constant vigilance by the bar, the judges, the law schools, the media, and, of course, the citizenry to maintain and foster judicial independence." (Id. at 86.) The Court also stated that "the separation of powers [and] the rule of law [are] what prevent the state from unilaterally and arbitrarily relocating or firing judges and prosecutors who are actively pursuing an investigation, removing police officers, crashing [sic] investigations, disrespecting court decisions, closing down the means of communications, and otherwise attempting to dominate the judiciary." (Id.)

The Court also commented that: "It is no secret that the rule of law as contrasted with the rule of man is under some attack in Turkey"; "the Turkish Constitution [] speaks of the security of [judicial] tenure, it is not life tenure." (Id. at p. 86.)

And, the Court pointed out that "to be sure, this [judicial independence] is a complex, nuanced and multidimensional issue . . . . [C]ourts do not exist in a vacuum. [T]here is therefore an obvious political context in which all of our respective judiciaries operate. And in that connection [] the [word] politics is not used negatively or pejoratively, it is not a dirty word. In

---

[13] The Court made a similar presentation at a weeklong conference for Albanian judges in Tirana, Albania in 2013.

fact, it is a reality and it is unavoidable. And so to understand this debate and to participate in this debate we need to understand the Turkish politics as well." (Id.)

The Court's remarks at the Symposium were entirely proper. They made no mention of Zarrab or the Turkish charges brought against him. And, it would be objectively unreasonable to conclude from these remarks that the Court was biased or partial against Mr. Zarrab. "Engaging in such law-related activities – including speeches that comment on current events and legal developments – is permitted not only because judges are citizens, but because they are particularly knowledgeable on such topics." Da Silva Moore v. Publicis Groupe, 868 F. Supp. 2d 137, 137 (S.D.N.Y. 2012) (quoting In re Judicial Misconduct, 632 F.3d 1289, 1289 (9th Cir. 2011)); see also CODE OF CONDUCT FOR UNITED STATES JUDGES CANON 4.

### Press Articles

Defense counsels' motion for recusal relies upon press articles, including an article entitled "Rule of Law and Freedom of Press Under Attack in Turkey," dated May 9, 2014, from the Turkish newspaper Today's Zaman. (See Chung Decl., Ex. 1.) Defense counsel states: "[t]he Turkish press has reported that your Honor, during the Istanbul conference and in an interview at the time, commented on prosecutions commenced in Turkey, beginning on December 17, 2013, of several persons alleged to be close to the Turkish government, which included Mr. Zarrab as the most prominent defendant." (See Def.'s Mot. at 1.)

The Today's Zaman article attributes several remarks to the Court. (See Chung Decl., Ex. 1.) Two of the remarks, i.e., that "it is inappropriate to change the rules of the game while the game is taking place," and that there should be "complete separation of powers between the executive and the judiciary," appear to have been excerpted from comments made during the

16

Symposium. (See Chung Decl., Ex. 2, at 86.)  The un-excerpted remarks were as follows: (i)

"[W]hat we should not be doing in the political realm is encouraging politics, or politicians,

to diminish the judicial independence or to introduce new rules and/or to change the rules of

the game much less change the participants in the game while the very game is in progress.

That in my opinion will surely be to substitute the rule of man for the rule of law"; and (ii)

"[T]he first principle of the independent judiciary is that there must be a fiercely guarded

separation of powers . . . [that] must be among the branches of government." (Id.)  There

was no mention of Mr. Zarrab or the Turkish charges brought against him.  And, it would be

objectively unreasonable to conclude from these remarks that the Court was biased or partial

against Mr. Zarrab.[14]

   The Second Circuit has held: "Judicial inquiry may not [] be defined by what appears in

the press.  If such were the case, those litigants fortunate enough to have easy access to the

media could make charges against a judge's impartiality that would effectively veto the

assignment of judges. Judge-shopping would then become an additional and potent tactical

weapon in the skilled practitioner's arsenal." In re Drexel Burnham Lambert Inc., 861 F.2d

at 1309; see also Bayless, 201 F.3d at 129 (quoting In re United States, 666 F.2d 690, 695

(1st Cir.1981) ("Although public confidence may be as much shaken by publicized

inferences of bias that are false as by those that are true, a judge considering whether to

_____

[14] Other remarks attributed to the Court, i.e., that the Court found the April 25, 2014 speech
of the Turkish Constitutional Court President Haşim Kiliç discussing reversal of a
government ban on Twitter to be "very impressive," and, relatedly, that "it sends a bad
message to citizens" when government officials disparage decisions of the courts, (see id.,
Ex. 1.), also do not refer to Mr. Zarrab or the Turkish charges brought against him.  It would
be objectively unreasonable to conclude from these remarks that the Court was biased or
partial against Mr. Zarrab.

disqualify himself must ignore rumors, innuendos, and erroneous information published as

fact in the newspapers. To find otherwise would allow an irresponsible, vindictive or self-

interested press informant . . . to control the choice of judge."); United States v. Cutler, 796

F. Supp. 710, 714 (E.D.N.Y. 1992).

**Remarks of Other Symposium Speakers**

Defense counsel have unfairly and inaccurately disparaged other Symposium participants

by mischaracterizing and by reshaping their remarks.  For example, Defendant contends that

Charles Hunter, the U.S. Consul General in Istanbul, singled out Zarrab when Consul

General Hunter "criticized the steps taken by the Erdogan government in response to the

December cases by . . . observing that the rule of law requires equal treatment for any

criminal 'regardless of whether he is an ordinary citizen, a wealthy businessman, a law

enforcement official or a high government official.'"  (Def.'s Mot. at 8.)  In fact, Consul

General Hunter discussed basic Rule of Law principles and made no mention of Mr. Zarrab

or the Turkish charges against him.  Consul General Hunter stated:

> Thank you for inviting me to participate in this impressive gathering of
> dignitaries and experts from around the world to discuss the topic of profound
> importance: the rule of law and its role in a successful and democratic modern
> society.  As we have seen in countries transitioning to democracy in this
> region and around the world, the overall health of any democratic society can
> be measured by the extent to which it is governed by its own laws.  People,
> citizens, and non-citizens, must know that they have access to public justice
> when they believe that they have been wronged.  Those suspected of crimes
> must believe that a system of laws is in place which ensures fair treatment and
> fair trials.  Anyone who considers committing a crime must know that he will
> likely be caught and punished regardless of whether he is an ordinary citizen, a
> wealthy businessman, a law enforcement official, or a high government
> official.  And businesses must know that they operate in a relatively stable
> environment, that their legitimate contracts will be honored, and that
> reasonable regulations will be fairly enforced by administrative bodies.  All
> these expectations relate directly to the rule of law and should be met in
> modern democratic societies.

(Chung Decl., Ex. 2 at 16.)

Similarly, Defense counsel misconstrues the context of the European Union's Ambassador to Turkey, Stefano Manservisi, when they emphasize that Ambassador Manservisi "spoke of 'following developments since the 17th of December with great attention and increasing concern.'" (Def.'s Mot. at 7.)  Ambassador Maservisi did not mention Mr. Zarrab or the Turkish charges against him, but, instead, focused upon "shap[ing] and driv[ing] the reforms that have transformed Turkey in the fifteen years since the country became a candidate for accession," to the European Union.  (Chung Decl., Ex. 2 at 22.)  Ambassador Manservisi summarized the history of judicial reform in Turkey and said:

> It is worth noting that notwithstanding the achievements made since 1999, it nevertheless bears repeating that reform of the system of justice in Turkey and consolidation of the rule of law remains a work-in-progress, unfinished business.  And even more important, in terms of legitimate ambitions, in terms of institutional changes.  And with the convincing track record of the judiciary's capacity to act independently, efficiently and with impartiality still to become evident.  Laws are important; but implementation of laws and the perception of the credibility of the system are equally important.  In this context [] we have been following developments since the 17th of December with great attention and increasing concern.

(Id.)

Defense counsel unfairly mischaracterizes Harvard Professor Richard Fallon's remarks by saying that Professor Fallon was referring to Zarrab when he "criticized the steps taken by the Erdogan government in response to the December cases by . . . disapproving of 'tampering with the judicial branch.'"  (Def.'s Mot. At 8.)  Professor Fallon did not mention Mr. Zarrab or the Turkish charges against him.  Speaking on the first day of the Symposium about the "Rule of Law," Professor Fallon stated: "[M]y remarks are going are going to fall

into three categories.  First, I'm going to talk about the nature of the rule of law as a political

ideal.  Then, second, I'm going to talk about what I will call the cultural preconditions for the

rule of law.  And then third and finally, I will talk about some of the challenges in creating

the right cultural conditions for a robust version of the rule of law and moving to those right

cultural conditions from ones which [are] more fluid and fragile."  (Id. at 33.)

> I will finish with a kind of cry from the heart.  And the cry from the heart is
> focused on the paradigm of a situation that appears in many places throughout
> the world.  Where political leaders, under conditions in which atmosphere for
> the rule of law is fraught or fragile, put the kind of trust that is necessary for
> the existence of the rule of law at risk either by changing rules of political
> democracy . . . or using levers of power to initiate faceless prosecutions or
> tampering with the judicial branch in a way that tends to squander the
> society's rule of law or to betray the kind of trust that is necessary for the rule
> of law's flowering.  For political leaders to behave that way anywhere in the
> world is both a political tragedy and a moral crime.

(Id.)

And, Defense counsel criticize Professor Ergun Özbudun of Istanbul Sehir University for

"decr[ying] the 'effort of a majoritarian party . . . to take control of the other state

institutions.'"  (Def.'s Mot. at 8.)  Professor Özbudun discussed historical development of

the Rule of Law, including "establish[ing] judicial control over the acts of the administration

[and] the introduction of the judicial review of constitutionality of laws."  (Chung Decl., Ex.

2 at 35.)  Professor Özbudun made no mention of Mr. Zarrab or the Turkish charges against

him:

> [L]et me go back to the point . . . the danger of a majoritarian drift of a
> democracy.  The effort of a majoritarian party, especially a pre-dominant
> party, to take control of the other state institutions, to dominate them in a way
> to eliminate the instruments of, what we called in political science literature,
> instruments of horizontal accountability.

(Id.)

**C) The 2016 Attempted Coup in Turkey and the Law Firm YKK**

As noted <u>supra</u> pp. 13-14, the Defense attempts unpersuasively to support recusal by reference to the attempted coup on July 15, 2016 and by alleging that YKK "plotted to overthrow the Turkish government." (<u>See</u> Def.'s Mot. at 12-13.) Defendant states that "it has recently come to light that the lawyers who hosted the Symposium at which your Honor spoke are now being prosecuted and branded as terrorists by the same Turkish government that, according to prosecutors here, is aligned with Mr. Zarrab." (Def.'s Mot. at 3.) According to Defendant:

> It appears that YKK, the law firm that sponsored the conference and thus the Court's attendance, is in active conflict with the same Turkish authorities . . . within weeks of the coup attempt in Turkey in July, the Chief Public Prosecutor in Istanbul charged four YKK partners . . . with being members of an 'Armed Terrorist Organization' led by Fethullah Gülen and banned them from leaving Turkey. The <u>Hürriyet</u> newspaper also reported in late July that the law firm's office had been subjected to a raid by 'armed police' and the law firm was shut down.

(<u>Id.</u> at 2, 13.)

The Defense argument is speculation which does not support their motion. <u>See</u> <u>Landsberg</u>, 1997 WL 414114, at *2 ("Where the basis for recusal is not direct, but is remote, contingent, or speculative, recusal is not warranted."); <u>see also</u> <u>Zavalidroga v. Cote</u>, 395 Fed. Appx. 737, 739 (2d Cir. 2010). In making this tenuous argument, Defense counsel unpersuasively relies upon <u>In re School Asbestos Litigation</u>, 977 F.2d 764 (3d Cir. 1992). (<u>See</u> Def.'s Mot. at 18.) There, a district judge had "approved an *ex parte* request by the plaintiffs for $50,000 from a settlement fund to support a scientific conference on a key merits issue—the hazards of asbestos." 977 F.2d at 770. Thereafter, the judge accepted an invitation to the conference and was "exposed to a Hollywood-style 'pre-screening' of the

plaintiffs' case: thirteen of the eighteen expert witnesses the plaintiffs were intending to call gave presentations very similar to what they expected to say at trial." Id. at 770, 782. "[A]t oral argument and in his opinion . . . [the judge] recognized that some people could reasonably suspect a taint." Id. at 783.

There are no substantive similarities between the Zarrab case and In re School Asbestos. The Court in Zarrab was not assigned to preside until March 2016, some two years after the Symposium. It did not authorize any funds to sponsor the Symposium. The Symposium was focused upon the Rule of Law, not on Mr. Zarrab and his 2013 criminal charges. The Court did not address any "key merits issues" at the Symposium, and was not exposed to any "Hollywood-style" prescreening of the Government's case. And, the panelists at the Symposium were all prominent judges, government officials, professors, and attorneys who discussed universal legal principles and, excluding the Court, are not involved in the Zarrab case.

The Zarrab case presents facts which are, if anything, even more benign than the facts of either Da Silva Moore v. Publicis Groupe or In re Aguinda – where recusal was found to be inappropriate. In In re Aguinda, plaintiffs, in a case against Texaco, moved for recusal after the district judge attended a "five-day conference on various environmental law issues . . . [where] one of the numerous speakers at the conference was a private consultant who formerly had been chairman of defendant Texaco, Inc." and the conference was sponsored and funded in part by Texaco. 139 F. Supp. 2d 438, 438-39 (S.D.N.Y. 2000). The district judge denied plaintiffs' motion, finding that "neither [the former chairman] nor any of the other speakers or participants at the conference addressed any aspect of the merits of" the case at bar. Aguinda,

139 F. Supp. 2d at 439.  The Second Circuit Court of Appeals held that "a reasonable person would not doubt the judge's impartiality . . ."  In re Aguinda, 241 F.3d at 206.

In Moore v. Publicis Groupe SA & MSL Grp., plaintiffs sought to recuse a mag judge who, "while presiding over the parties' dispute on predictive coding," spoke at several e-Discovery panels where "another panelist on two of the panels was . . . e-Discovery counsel [for Defendant]," and the mag judge had made "passing references" to the case.  868 F. Supp. 2d at 140.  On appeal, the district court found that "[a] disinterested observer fully informed of the facts in this case would find no basis for recusal."  2012 WL 12528637, at *3 (S.D.N.Y. Nov. 8, 2012).

"A judge may engage in extrajudicial activities, including law-related pursuits and civic, charitable, educational, religious, social, financial, fiduciary, and governmental activities, and may speak, write, lecture, and teach on both law-related and nonlegal subjects."  CODE OF CONDUCT FOR UNITED STATES JUDGES CANON 4.

> As a judicial officer and person specially learned in the law, a judge is in a unique position to contribute to the improvement of the law, the legal system, and the administration of justice . . .

In re Charges of Judicial Misconduct, 404 F.3d 688, 693 (2d Cir. 2005) (quoting CODE OF CONDUCT FOR UNITED STATES JUDGES, COMMENTARY TO CANON 4).

## V.    Conclusion & Order

For the reasons set forth above, Defendant Reza Zarrab's motion to recuse the Court [#79] is denied.

The Court will hold oral argument on the pending motion to dismiss and will also discuss the pending motion to suppress at a conference with the parties on October 5, 2016 at 10:30 a.m.  (See Order, dated Aug. 21, 2016, at 1) ("Among the issues the parties address at oral

23

argument should be: whether a suppression hearing is necessary and/or helpful; inevitable discovery; whether the Government search warrant includes password/access to the contents to Defendant Zarrab's phone.").)

Dated: New York, New York
     September 29, 2016

                                     *RMB*

                           **RICHARD M. BERMAN, U.S.D.J.**

# EXHIBIT A

International Symposium on the Rule of Law and Justice

May 8–9, 2014, Istanbul, Turkey

# Five "Basics" of an Independent and Effective Judiciary

Richard M. Berman
United States District Judge, Southern District of New York

1. **Separation of Powers**
   - Judiciary must be independent of legislature and executive branches
   - Cases must be decided fairly, impartially, and based upon the facts and the law: no "telephone justice" or "ex parte" communications
   - Mechanisms: Secure tenure for judges and constitutional review power of judiciary

2. **Transparency**
   - Court decisions must be written and legally compelling
   - Public "dockets" and open court records
   - Media must have access to court proceedings

3. **Judges must be highly qualified and above reproach**
   - "Vetting" for strong academic and professional credentials
   - Good character, integrity, and judicial temperament

4. **Adherence to High Ethical Standards**
   - Judicial Codes of Conduct
   - Judges must uphold the integrity and independence of the judiciary
   - Avoid even the appearance of impropriety

5. **Deference to the Rule of Law, Not the Rule of Man**
   - Laws enacted and legal institutions established
   - Competent staffing for judicial institutions
   - Public respect for the law and its role in society

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        Government,

       -v-

REZA ZARRAB,

                    Defendant.

--------------------------------------------------------------X

**DECISION & ORDER**

15 Cr 867 (RMB)

> **USDC SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> DOC #:_____
> DATE FILED: 10/17/16

I.    **Background**

    On March 19, 2016, Reza Zarrab ("Defendant" or "Zarrab"), a Turkish/Iranian

businessman, was arrested upon arriving in Florida, from Istanbul. Zarrab was enroute to

Disney World with his wife and five-year-old daughter. He had been under criminal

investigation by the United States Attorney's Office for the Southern District of New York.

    On March 30, 2016, Zarrab was charged in a four-count Superseding Indictment

("Indictment") with the following crimes: conspiracy to defraud the United States and to

impede the lawful functions of the United States Department of Treasury, Office of Foreign

Assets Control ("OFAC") in violation of 18 U.S.C. § 371; conspiracy to violate the

International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1706, and the

Iranian Transactions and Sanctions Regulations ("ITSR"), 31 C.F.R. §§ 560.202-205;

conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344, 1349; and conspiracy to

commit money laundering in violation of 18 U.S.C. §§ 1956-1957. (See Superseding

Indictment ¶¶ 13, 15, 16, 17, 19, 20, 22, 23.)

    The Government alleges that Zarrab owns and operates a multi-billion dollar network of

companies located in Turkey and the United Arab Emirates, including a group of companies

held by Royal Holding A.S., such as Royal Emerald Investments; Durak Doviz Exchange, a

"money services" business in Turkey; and Al Nafees Exchange LLC, a "money services"

business in the United Arab Emirates.[1]  (Id. at ¶ 9.)  According to the Indictment, Zarrab, his

employees, Camelia Jamshidy ("Jamshidy") and Hossein Najafzadheh ("Najafzadheh"), and

others, conspired (in addition to the three other conspiracies described above) to evade the

U.S. economic sanctions imposed against Iran by the IEEPA and ITSR.  (Id. at ¶ 12.)  The

Defendant is accused of "conducting international financial transactions using Turkish and

Emirati companies on behalf of and for the benefit of [] Iranian individuals and entities in

order to conceal from U.S. banks and others that services were being provided to Iran, the

Government of Iran, and to agents or affiliates of the Islamic Revolutionary Guard Corp."[2]

(Id.)

On July 18, 2016, Zarrab filed a motion to dismiss the Indictment in its entirety.[3]  (Def.'s

Motion to Dismiss, dated July 18, 2016 ("Mot. to Dismiss").)  Zarrab argues, among other

things, that as a foreign [non-U.S.] national, "he is free to engage in transactions with Iranian

---

[1] A "money services" business is defined as "any person doing business, whether or not on a regular basis or as an organized business concern, in one or more of the following capacities: (1) currency dealer or exchanger; (2) check casher; (3) issuer of traveler's checks, money orders or stored value; (4) seller or redeemer of traveler's checks, money order or stored value; (5) money transmitter . . ." See "Definitions: Money Services Business," U.S. DEPT. OF TREASURY FINCEN (https://www.fincen.gov/financial_institutions/msb/definitions/msb.html).

[2] "In order to convict a defendant of the crime of conspiracy, the government must show that two or more persons entered into a joint enterprise for an unlawful purpose[.]" United States v. Torres, 604 F.3d 58, 65 (2d Cir. 2010).

[3] A principal focus of Zarrab's motion to dismiss brief is on Count II of the Indictment, i.e., conspiracy to violate the IEEPA and the ITSR.  (See Mot. to Dismiss at 9 ("The heart of the government's case against Zarrab is an IEEPA conspiracy charge (Count Two) that is as unprecedented as it is wrong.").)

businesses without running afoul of U.S. laws that criminalize U.S. sanctions against Iran . . . So long as he does not engage in such transactions in or from the U.S., he is unencumbered by restrictions placed on U.S. citizens as a function of U.S. foreign policy." (Mot. to Dismiss at 1.) Zarrab also contends that, despite what he argues are "obvious" limitations on U.S. sanctions law, "not to mention the presumptions against extraterritoriality," he, nevertheless, "stands accused of violating U.S. law for agreeing with *foreign* persons in *foreign* countries to direct *foreign* banks to send funds transfers from *foreign* companies to other *foreign* banks for *foreign* companies. This is prosecutorial overreach of the first order." (Id.) (emphasis in original.) Zarrab argues that the Government has "manufactured" "unprecedented" charges against him "out of the incidental involvement of a U.S. bank at some mid-point in the payment chain of a transaction that originated *from a foreign country and occurred between two foreign entities.*" (Id. at 2-3) (emphasis in original.)

On August 8, 2016, the Government filed its opposition to Zarrab's motion to dismiss. (Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss, dated Aug. 8, 2016 ("Opp.").) The Government contends, among other things, that "what certainly is unprecedented is Zarrab's novel proposition that the United States is not entitled to prosecute those who willfully seek to exploit the American financial system to help a nation that, through its sponsorship of terrorism and fomenting of global unrest, presents a significant threat to this country's national security." (Opp. at 3-4.) The Government argues that "Zarrab is not charged with offenses arising out of incidental use of the United States banking system in connection with legitimate foreign business, as his motion wrongfully contends. To the contrary, Zarrab's and his co-conspirators' use of the U.S. financial system to process U.S.-dollar transactions for Iranian banks and entities, including companies and entities owned by the Government of

Iran and listed on the U.S. OFAC list of Specially Designated Nationals ('SDNs'), was knowing and intentional." (Opp. at 2.) According to the Government, Zarrab surreptitiously concealed the identity of his Iranian clients because he "was aware that U.S. banks would not knowingly and voluntarily process his U.S.-dollar financial transfers if they learned that the transactions were for the benefit of blocked Iranian entities." (Id. at 2.)

According to the Government, "[p]ut simply, without Zarrab and his network of exchange houses and front companies to secretly conduct sanctions-evading international financial transfers, Zarrab's Iranian co-conspirators would have been excluded from access to the U.S. financial system and the ability to engage in U.S. dollar transactions through U.S. correspondent banks. Zarrab's charged conduct goes to the heart of what U.S. sanctions laws are intended to prohibit." (Id.)

On August 22, 2016, Zarrab filed a reply. (Def.'s Reply, dated Aug. 22, 2016 ("Reply").)[4] Helpful oral argument was held on October 5, 2016. (See Tr. of Proceedings, dated October 5, 2016 ("Tr.").)

**For the reasons set forth below, the defense motion to dismiss the superseding Indictment is denied.[5]**

---

[4] On September 27, 2016, Defense counsel sent an unsolicited letter to the Court in further support of Defendant's motion to recuse (and this motion to dismiss), despite the fact that briefing had concluded. (See Letter to the Court, dated Sept. 27, 2016.) Such filings are improper absent prior Court approval. See Vaughn v. Air Line Pilots Ass'n, Int'l, 395 B.R. 520, 534 (E.D.N.Y. 2008), aff'd, 604 F.3d 703 (2d Cir. 2010), and aff'd sub nom. Vaughn v. Air Line Pilots Ass'n, 377 F. App'x 88 (2d Cir. 2010); see also Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 361, 369-70 (S.D.N.Y. 1997).

[5] **The Court is not here ruling upon the ultimate merits of either parties' claims. Any issues raised by the parties not specifically addressed herein were considered by the Court on the merits and rejected.**

## II.    Legal Standard

The dismissal of an indictment is an "extraordinary remedy" reserved only for extremely limited circumstances implicating fundamental rights.  United States v. De La Pava, 268 F.3d 157, 165 (2d Cir. 2001).

In reviewing a motion to dismiss an indictment, the Court must take the allegations of the indictment as true.  United States v. Hashmi, 2009 WL 4042841, at *1 (S.D.N.Y. Nov. 18, 2009) (citing Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16 (1952)).  An indictment is sufficient if it contains the elements of the offense(s) charged and fairly informs a defendant of the charge(s) against which he must defend.  United States v. Solomonyan, 451 F. Supp. 2d 626, 640 (S.D.N.Y. 2006) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).  It is said that "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."  United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992) (citing United States v. Tramunti 513 F.2d 1087, 1113 (2d Cir. 1975)).

"[T]he presumption against extraterritoriality does apply to criminal statutes, except in situations where the law at issue is aimed at protecting the right of the government to defend itself."  United States v. Vilar, 729 F.3d 62, 73 (2d Cir. 2013).  The presumption against extraterritoriality does not apply where the failure to extend the scope of the statute to a foreign setting will result in adverse effects within the United States or where the conduct regulated by the government occurs within the United States.  Torrico v. Int'l Bus. Machines Corp., 213 F. Supp. 2d 390, 397 (S.D.N.Y. 2002) (citing Environmental Defense Fund, Inc. v. Massey, 986 F.2d 528, 531 (D.C. Cir. 1993)).

## III.    Analysis

**(1) Count I: Conspiracy to Defraud the United States in Violation of 18 U.S.C. § 371 ("Section 371")**

Zarrab argues, among other things, that "Count One [] fails under the text of Section 371 . . . [which] reaches schemes which deprive the government of money or property or attack the integrity of the United States and its agencies," principally because "the alleged conspiracy to defraud OFAC occurred entirely abroad, with Zarrab and his co-conspirators acting overseas to arrange transactions between foreign banks on behalf of foreign entities." (Mot. to Dismiss at 34-35.) Zarrab acknowledges that "some courts have applied Section 371 to include actions that merely conceal information that obstructs an agency's attempts to enforce its regulations," but argues that "the government goes even further here, contending that nearly any violation of an agency regulation is an attempt to 'defraud' that agency." (Id. at 35.)

The Government counters that the Indictment clearly includes "the elements of this type of Section 371 offense – commonly called a 'Klein conspiracy.'" (Opp. at 42) (citing United States v. Klein, 247 F.2d 908 (2d Cir. 1957).) It "makes clear that the defendant is alleged to have deceitfully obstructed OFAC's administration of the sanctions regulations [against Iran] . . . by concealing payments involving Iran behind a network of exchanges and companies, preventing both U.S. banks and the United States government from identifying the fact that he was transmitting prohibited payments on behalf of Iran through U.S. banks." (Id. at 43.) According to the Government, "it is now well established that § 371 . . . reaches any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government." (Id. at 42.)

6

The Court finds that the Indictment clearly sets forth each of the elements of a <u>Klein</u> conspiracy.[6]  The Indictment states that, "from at least in or about 2010, up to and including in or about 2015, in the Southern District of New York, Turkey, the United Arab Emirates, and elsewhere, Reza Zarrab, Camelia Jamshidy, and Hossein Najafzadeh . . . knowingly and willfully did combine, conspire, confederate, and agree together and with each other to defraud the United States and an agency therefore, to wit, to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of OFAC in the enforcement of economic sanctions laws and regulations administered by that agency."  (Indictment at ¶ 13.)  The Government asserts that "the defendant willfully concealed information knowing that screening functions implemented by [U.S.] banks seeking to comply with OFAC regulations would block the transactions in which he was engaging, and thereby explicitly obstructed the lawful function of OFAC regulations by deceitfully processing transactions with incomplete information."  (Opp. at 43-44); <u>see</u> <u>Coluccio v. United States</u>, 313 F. Supp. 2d 150, 153 (E.D.N.Y. 2004) ("[T]he indictment was sufficient as a matter of law [in] that it fully informed the Petitioner of the 'deceitful/dishonest means' element of the crime . . . even without the ritualistic recitations of the words 'deceitful and dishonest.'").

The Indictment includes a series of overt acts alleged to have been taken in furtherance of the conspiracy, including, among other things, that in January 2011, Royal Emerald Investments, owned and operated by Zarrab, "caused an international wire transfer from the

---

[6] To establish a <u>Klein</u> conspiracy, the government must show "(1) that the defendant entered into an agreement (2) to obstruct a lawful function of the Government (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy." <u>United States v. Ballistrea</u>, 101 F.3d 827, 832 (2d Cir. 1996).

U.A.E. to [a] Canadian company in the amount of approximately $953,289, which was processed by a United States bank . . . [where] the wire transfer information provided to [the] U.S. Bank purported that the payment was related to fire equipment" but made no mention of the fact that the transfer was requested by and for MAPNA, an Iranian construction and power plant company. (See Indictment at ¶ 14(b).)

The Indictment alleges a violation of § 371 against Zarrab and his co-conspirators also because, among other things, "all that is necessary is that the scheme had the object of making it more difficult for the [government agency, i.e., OFAC] to carry out its lawful functions and that the scheme depend on 'dishonest or deceitful means.'" United States v. Shellef, 507 F.3d 82, 104 (2d Cir. 2007). The Indictment provides detailed allegations that Zarrab and his co-conspirators willfully "us[ed] intermediary shell companies in third countries and stripp[ed] Iran-revealing information from payment instructions to U.S. banks." (See Opp. at 14; Indictment at ¶ 14.) Defendant "explicitly obstructed the lawful function of OFAC regulations by deceitfully processing transactions with incomplete information." (See Opp. at 44; Indictment at ¶ 14); see also United States v. Bilzerian, 926 F.2d 1285, 1302 (2d Cir. 1991) (where evidence of defendants' "mere failure to comply with a regulatory requirement to provide information" was sufficient to sustain conviction).

Zarrab's argument that "Count One must also be dismissed because Section 371 does not apply to foreign conduct . . . [and] the conspiracy only touched the U.S. twice, when foreign banks directed funds transfers through U.S. banks en route to other foreign banks . . . [and therefore] the alleged conduct is overwhelmingly (if not entirely) foreign, with effects felt almost entirely abroad" is unpersuasive. (Mot. to Dismiss at 35.) Case law points in a different direction. In United States v. Budosvky, the defendant, an owner and operator of an

online currency exchange incorporated in Costa Rica, was indicted for violating Section 371

by "intentionally creat[ing], structur[ing], and operat[ing] [a currency exchange] as a

business venture designed to help criminals conduct illegal transactions and launder the

proceeds of their crimes" and allowing clients to "hide their account numbers when

transferring funds . . . [and] exchange real currency [] through third-party exchangers . . .

[The latter] were often foreign unregulated and unlicensed money transmitting businesses."

2015 WL 5602853, at *1 (S.D.N.Y. Sept. 23, 2015). The defendant argued in <u>Budosvky</u> that

the indictment should have been dismissed "due to a lack of nexus between [his] alleged

conduct and the United States." <u>Id.</u> at *4. In rejecting the defendant's argument, District

Judge Denise Cote recognized that "'Congress has the authority to enforce its laws beyond

the territorial boundaries of the United States.'" <u>Id.</u> (quoting <u>United States v. Yousef</u>, 327

F.3d 56, 86 (2d Cir. 2003)). Judge Cote held that "[a]ssuming that the Government is

required to state the nexus of the alleged crimes to the United States in an indictment, the

Indictment includes several allegations that establish a sufficient nexus with the United

States . . . [including that the defendant] moved $13.5 million from a Costa Rican bank

account held by [the exchange company] through a correspondent bank account in the

Southern District of New York." <u>Id.</u> at 5.

And, in <u>Licci v. Lebanese Canadian Bank, SAL</u>, plaintiffs, foreign citizens who were

injured or whose family members were killed in a series of Hezbollah rocket attacks in Israel,

brought suit under the Alien Tort Statute against Lebanese Canadian Bank ("LCB"), "a

Lebanese bank with no branches, offices, or employees in the United States," and alleged

that LCB, through a third-party bank account in New York, "effectuate[d] U.S.-dollar-

denominated transactions . . . [and] conduct[ed] dozens of international wire transfers on

behalf of Shadid (Martyrs) Foundation . . . an 'integral part' of Hezbollah and 'part of its financial arm.'" 2016 WL 4470977, at *2 (2d Cir. Aug. 24, 2016). Plaintiffs also alleged that "LCB was aware that the U.S. sanction regime 'is and was intended to prevent Hezbollah from conducting banking activities, including wire transfers.'" Id.[7] And, in a parallel forfeiture action against LCB, the Government alleged that "LCB engaged in activity intended to conceal and disguise the true source, nature, ownership, and control of proceeds of illegal activities in a scheme that benefitted Hezbollah." Id. at *12.[8]

The Second Circuit in Licci found that "Plaintiffs' allegations 'touch and concern' the United States with sufficient force to displace the presumption [against extraterritoriality]," and that "Plaintiffs specifically allege that LCB carried out the specific banking services which harmed the plaintiffs and their decedents *in and through the State of New York*. Plaintiffs here have alleged that LCB engaged in numerous New York-based payments and 'financing arrangements' conducted exclusively through a New York bank account . . . . [T]hese allegations [are] both specific and domestic." Id. at *11 (emphasis in original). The Second Circuit held that "the relevant conduct alleged – i.e., LCB's alleged act of carrying out wire transfer services on Hezbollah's behalf through the State of New York – satisfies a

---

[7] Compare Opp. at 2 ("Zarrab was aware that U.S. banks would not knowingly and voluntarily process his U.S.-dollar financial transfers if they learned that the transactions were for the benefit of blocked Iranian entities.").

[8] Compare Opp. at 43 (Zarrab and his co-conspirators "deceitfully obstructed OFAC's administration of the sanctions regulations [against Iran] . . . by concealing payments involving Iran behind a network of exchanges and companies, preventing both U.S. banks and the United States government from identifying the fact that he was transmitting prohibited payments on behalf of Iran through U.S. banks.").

preliminary determination that such conduct provided practical assistance to Hezbollah that

substantially affected Hezbollah's perpetration of the underlying violations." Id.

### (2) Count II: Conspiracy to Violate the IEEPA and ITSR

Zarrab states that "the linchpin of this prosecution is the purported conspiracy to violate

[31 C.F.R. §560.204], which expressly applies only to exports 'from the United States, or by

a United States person, wherever located.' Here, there is no allegation that Zarrab, or the

other alleged conspirators, are either U.S. citizens or permanent residents, nor that they were

physically located within U.S. territory at the time of the alleged overt acts." (Mot. to

Dismiss at 10.)

Zarrab also contends that "none of the[] executed or contemplated transactions trigger

criminal liability because Zarrab did not export or conspire to export anything 'from the

United States' [in violation of] 31 C.F.R. § 560.204 . . . . [T]he funds Zarrab and his alleged

co-conspirators sent to third countries, purportedly for the benefit of Iran, all came 'from'

accounts held outside of the U.S. by foreign persons at foreign banks." (Id. at 11.)

According to Zarrab, "the mere fact that a U.S. bank cleared a payment originating and

terminating at foreign banks without any involvement of Zarrab . . . does not somehow

transform the payment into a 'U.S. export' by Zarrab." (Id. at 12.)

Zarrab also argues that the IEEPA and the ITSR do not apply extraterritorially to reach

his actions. (Id. at 19.) According to Zarrab, "far from containing a clear indication of an

extraterritorial application, both Section 204 and . . . Section 203 make abundantly clear that

they do not apply to foreign conduct by foreign persons." (Id. at 20.) "The government's

sweeping reading of IEEPA disregards the statute's jurisdictional limits and transforms it

from a classic prohibition on U.S. nationals and territory in service of U.S. foreign policy

into a highly controversial effort to prosecute anyone in the world who engages in dollar-denominated transactions with Iran." (Id. at 9-10.) This point was also emphasized by Defense counsel at oral argument. "The government's sanctions theory would effectively convert a sanctions regime into a boycott that raises . . . issues under international law that Congress didn't contemplate" and "would be a radical expansion of the statute." (Tr. at 7:3-6; 17-18.)

The Government counters that "there is no doubt that a financial transaction [as here] in which a U.S. bank sends funds overseas is a 'service' [within the meaning of § 560.204] that is exported or supplied from the United States or by a U.S. person." (Opp. at 16.) The Government also contends that "the Indictment is not an extraterritorial application of the IEEPA and the ITSR . . . [because] Zarrab is charged in connection with his scheme to intentionally export and supply financial services from the United States and to cause U.S. banks to export and supply financial services – in other words, with causing conduct and effects in the United States." (Id. at 18-19.)

The Government further argues that, "even if the Indictment were considered an extraterritorial application of the IEEPA and the ITSR, there is no presumption against extraterritoriality here . . . [because] the IEEPA and the ITSR are an exercise of the government's right to defend itself . . . . [T]he IEEPA and the ITSR are part of Congress' delegation of authority to the President to deal with foreign threats." (Id. at 19-20.)

**IEEPA & ITSR**

Enacted in 1977, the IEEPA empowers the President of the United States to employ a variety of economic sanctions and other measures in response to situations which the President has declared to be national emergencies. See 50 U.S.C. § 1701 *et seq*. On October

12

29, 1987, President Reagan declared that "the Government of Iran is actively supporting terrorism as an instrument of state policy" and ordered that "no goods or services of Iranian origin may be imported into the United States." See Exec. Order 12613, 52 Fed Reg. 41940 (Oct. 29, 1987). Pursuant to President Reagan's order, OFAC promulgated the ITSR, 31 C.F.R. § 560 et seq., to implement the Iranian embargo.

On May 6, 1995, President Clinton, after declaring that "the actions and policies of the Government of Iran constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States," ordered new sanctions to prohibit more broadly transactions involving export to, financing of, and investment in Iran. See Exec. Order No. 12957, 60 Fed. Reg. 14615 (Mar. 15, 1995); Exec. Order 12959, 60 Fed Reg. 24757 (May 6, 1995). 31 C.F.R. § 560.204 of the ITSR prohibits "the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, wherever located, of any goods, technology, or services to Iran or the Government of Iran." 31 C.F.R. § 560.204. 31 C.F.R. § 560.203 prohibits "any transaction . . . that evades or avoids, has the purpose of evading or avoiding . . . any of the prohibitions" set forth in § 560, and prohibits "any conspiracy formed to violate any of the prohibitions" set forth in § 560. 31 C.F.R. § 560.203(a)-(b).

The Court finds that the Indictment clearly sets forth the elements of a conspiracy to violate the IEEPA and the ITSR. The Indictment notifies the Defendant that he, with others, violated the IEEPA and the ITSR, stating that "from at least in or about 2010, up to and including in or about 2015, in the Southern District of New York, Turkey, the United Arab Emirates, and elsewhere, Reza Zarrab, Camelia Jamshidy, and Hossein Najafzadeh . . . knowingly and willfully did combine, conspire, confederate, and agree together and with

each other to violate, and to cause a violation of, licenses, order, regulations, and prohibitions issued under the IEEPA .... [I]t was a part and object of the conspiracy . . . [that] the defendants, and others known and unknown, would and did export, reexport, sell and supply, and cause to be exported, reexported, sold, and supplied, directly and indirectly, from the United States, services, to wit, international financial transactions, to Iran and to the Government of Iran . . . in violation of 50 U.S.C. §§ 1701-1707, and 31 C.F.R. § 560.204." (Indictment at ¶¶ 15-16.)

The Indictment also alleges that, "in furtherance of the conspiracy and to effect the illegal object thereof," Zarrab, Jamshidy, and Najafzadeh committed a series of "overt acts" which included "design[ing] layered transactions using intermediary shell companies in third countries and stripping Iran-revealing information from payment instructions that would be provided to U.S. banks." (See Opp. at 14) (citing Indictment at ¶¶ 12, 14(a)-(b).) For example, the Indictment alleges that Zarrab "caused an international wire transfer from the UAE to [a] Canadian company in the amount of approximately $953,289.00, which was processed by a United States bank .... The wire transfer information provided to the U.S. Bank purported that the payment was related to fire equipment." (See Indictment at ¶ 14(b).) The wire transfer made no mention of the fact that the transfer was performed on behalf of MAPNA, an Iranian construction and power plant company. (Id.; see also supra pp. 7-8.)

The Indictment alleges that Zarrab "knew that U.S. banks would block his transactions if the Iranian nexus were revealed, and, in fact, sometimes did block his transactions."[9] (Opp.

---

[9] For example, on or about June 1, 2011, an employee of Mellat Exchange "sent an email to Zarrab with the subject line, in Farsi, 'very urgent' and attaching (1) a portion of a SWIFT [a financial messaging service] message noting that a payment in the amount of approximately $9,225 had been blocked by a United States bank 'pursuant to sanctions imposed by the U.S.

at 14.) (citing Indictment at ¶ 14(f), (h).)  Nonetheless, "Zarrab continued to engage in similar unlawful transactions after the U.S. banks had blocked others."  (Id. at 14-15) (citing Indictment at ¶ 14(j)-(m).)

Zarrab's contention that "the mere fact that a U.S. bank cleared a payment originating and terminating at foreign banks without any involvement of Zarrab . . . does not somehow transform the payment into a 'U.S. export' by Zarrab," is unpersuasive.  (Mot. to Dismiss at 12.)  The Second Circuit Court of Appeals has made clear that "the execution of money transfers on behalf of others from the United States to Iran" may constitute the exportation or supply of a prohibited "service," in violation of the IEEPA and the ITSR.  United States v. Banki, 685 F.3d 99, 106 (2d Cir. 2012), as amended (Feb. 22, 2012).  In Banki, the defendant, an Iranian-born naturalized U.S. citizen, had been convicted of conspiring to violate the ISTR under 31 C.F.R. §§ 560.203-204, by employing an Iranian "hawaladar" or broker to "facilitate the transfer of funds from Iran to the United States" and also "send[ing] approximately the same amount to Iran" from the U.S. in a series of offsetting transfers.  See 685 F.3d at 103.  In rejecting the defendant's argument that "executing money transfers to Iran on behalf of others qualified as 'services' under the ITSR only if undertaken for a fee," the Second Circuit held that "the execution of money transfers from the United States to Iran on behalf of another, whether or not performed for a fee, constitutes the **exportation of a**

---

Gov. Dept. of Treasury OFAC'; (2) a letter from [a] Hong Kong company's bank advising that a payment to [the] Hong Kong Company from Asi Kiymetli Madenler Turizm Otom [a Turkish company] in the amount of approximately $9,200.00 had been blocked by [a] U.S. bank because of OFAC; [and] (3) a portion of a second SWIFT message noting that payment of a second international transfer to [a] Hong Kong company in the amount of approximately $35,000.00 had been blocked by a United States bank as a result of OFAC sanctions." (Indictment at ¶ 14(h).)

service."[10] Banki, 685 F. 3d at 108 (emphasis added).  The Second Circuit also recognized

that "the Iranian embargo is intended to deal with the unusual and extraordinary threat to the

national security, foreign policy, and economy of the United States posed by the actions and

policies of the Government of Iran . . . [and] by design[,] the embargo is deliberately

overinclusive."  Id.

    Similarly, in United States v. Homa International Trading Corp., where the defendant was

convicted of violating the IEEPA and the ISTR by "planning and implementing the transfer

of funds from the United States to bank accounts in Iran via Dubai, U.A.E.," the Second

Circuit rejected the defendant's argument that "there was insufficient evidence to

demonstrate that [his] money-transfer services were 'services' prohibited by the [] Embargo

regulations." 387 F.3d 144, 146 (2d Cir. 2004).  "In our view, the execution on behalf of

others of money transfers from the United States to Iran is a 'service' under the terms of the

Embargo."  Id.  The Second Circuit also held that "the Embargo's prohibition on the

exportation of services applies where the benefit of such services is received in Iran, if such

services were performed in the United States."  Id.; see also United States v. Saboonchi,

2014 WL 1831149, at *4 (D. Md. May 7, 2014) (the "embargo to include all exportation and

reexportation, direct and indirect, with the specific destination of Iran . . . [is a] simple,

unambiguous bar . . . of all exportation to Iran.") (quoting United States v. Ehsan, 163 F.3d

855, 858–59 (4th Cir. 1998)).[11]

_____

[10] According to the Government, Zarrab is similarly charged with "caus[ing] United States
banks [to] unwittingly conduct financial transfers on behalf of and for the benefit of Iranian
entities, including Iranian government-owned companies." (Opp. at 1.)
[11] The Government states: "if a foreign bank had its own store of U.S. dollars that it wished
to send to [a foreign entity], then it could simply have done so, without involving the U.S.
bank. There would be no need for the foreign bank to use (and thus pay for) the services of

Zarrab and his co-conspirators' conduct, as alleged in the Indictment, was also contrary
to OFAC's goal of "precluding transfers designed to dollarize transactions through the U.S.
financial system for the direct or indirect benefit of Iranian banks or other persons in Iran or
the Government of Iran." 73 Fed. Reg. 66541 (Nov. 10, 2008); see also OFAC, *The Use of
Exchange Houses and Trading Companies to Evade U.S. Economic Sanctions Against Iran*
(Jan. 10, 2013) ("[T]hird-country exchange houses or trading companies that are acting as
money transmitters to process funds transfers through the United States in support of
business with Iran [are] not exempt or otherwise authorized by OFAC"; "The evasive
practices identified by OFAC involve transactions omitting referencing to Iranian addresses;
omitting the names of Iranian persons or entities in the originator or beneficiary fields; and
transmitting funds from an exchange house or trading company located in a third country to
or through the United States on behalf of an individual or company located in Iran . . .
without referencing the involvement of Iran or the designated persons.").[12]

**Extraterritoriality**

The Court finds that the Indictment alleges a domestic nexus between Zarrab and his co-
conspirators' conduct and the United States, i.e. the exportation of services from the United
States. See United States v. Banki, 685 F.3d 99, 106 (2d Cir. 2012), as amended (Feb. 22,

---

the U.S. bank. The entire purpose behind the banking relationship that Zarrab exploited was
to get access to the dollars in the custody of the U.S. bank." (Opp. at 37); see also
Indictment at ¶ 12 (the purpose of the conspiracy was to "assist[] Iranian individuals and
companies . . . to evade U.S. sanctions by conducting international financial transactions
using Turkish and Emirati companies on behalf of and for the benefit of [] Iranian
individuals and entities in order to conceal from U.S. banks and others that services were
being provided to Iran, the Government of Iran, and to agents or affiliates of the [Islamic
Revolutionary Guard Corp].").

[12] See Indictment at ¶ 14(b); see also discussion supra pp. 7-8, 14.

2012). Therefore, the question of whether the IEEPA and the ITSR apply extraterritorially need not be reached. See United States v. Mostafa, 965 F. Supp. 2d 451, 469 (S.D.N.Y. 2013) ("[T]here is a sufficient domestic nexus between the allegations . . . to avoid the question of extraterritorial application altogether. Overt acts occurred in the United States.").

 Assuming, *arguendo*, that the issue of extraterritoriality were to be reached, Zarrab's argument that IEEPA and ISTR do not apply extraterritorially would likely prove to be unpersuasive. Several provisions of the IEEPA and the ITSR would (expressly) support the Court's jurisdiction and any presumption against extraterritoriality would be overcome by the United States' interest in defending itself. The cases support this conclusion. For example, in United States v. Vilar, which involved Section 10(b) of the Securities Exchange Act of 1934, the Second Circuit Court of Appeals held that the "presumption against extraterritoriality does apply to criminal statutes, except in situations where the law at issue is aimed at protecting the right of the government to defend itself." 729 F.3d at 73. The Court went on to say that "statutes prohibiting crimes against the United States government may be applied extraterritorially even in the absence of clear evidence that Congress so intended." Id. (quoting United States v. Gatlin, 216 F.3d 207, 211 at n.5 (2d Cir. 2000). Similarly, in United States v. Siddiqui, where the defendant had challenged the extraterritorial application of 18 U.S.C. § 1114, the Second Circuit reasoned that "the nature of the offense – protecting U.S. personnel from harm when acting in their official capacity – implies an intent that [the statute] apply outside of the United States." 699 F.3d 690, 700 (2d Cir. 2012), as amended (Nov. 15, 2012) (quoting United States v. Al Kassar, 660 F.3d 108, 118 (2d Cir. 2011)).

The enactment and promulgation of the IEEPA and the ITSR reflect the United States'
interest in protecting and defending itself against, among other things, Iran's sponsorship of
international terrorism, Iran's frustration of the Middle East peace process, and Iran's pursuit
of weapons of mass destruction, which implicate the national security, foreign policy, and the
economy of the United States. See United States v. Ehsan, 163 F.3d 855, 859 (4th Cir. 1998)
(citing Message to Congress on Iran, 31 *Weekly Comp. Pres. Doc.* 1584 (Sept. 25, 1995))
(and reversing district court's dismissal of an indictment charging defendant with violating
the IEEPA and the ITSR by sending technology to Iran).

50 U.S.C. § 1701(a) of the IEEPA is instructive. It reads: "Any authority granted to the
President by section 1702 of this title may be exercised to deal with any unusual or
extraordinary threat, which has its source in whole or substantial part outside the United
States, to the national security, foreign policy, or economy of the United States." 50 U.S.C.
§ 1701(a); see also Massey, 986 F.2d at 531 (finding that "the presumption [against
extraterritoriality] is generally not applied where the failure to extend the scope of the statute
to a foreign setting will result in adverse effects within the United States.").

50 U.S.C. § 1702(a)(1)(B) grants the President broad powers, including the power to
"investigate, block during the pendency of an investigation, regulate, direct and compel . . .
any property in which any foreign country or a national thereof has any interest . . . subject to
the jurisdiction of the United States." 50 U.S.C. § 1705(c) establishes criminal penalties for
"[a] person who willfully commits, willfully attempts to commit, or willfully conspires to
commit, or aids or abets in the commission of, an unlawful act" described in the statute. 50
U.S.C. § 1705(c) is **not** limited to individuals (such as U.S. citizens) who are subject to the

jurisdiction of the United States, indicating that Congress intended the statute to be applied extraterritorially.[13]

31 C.F.R. § 560.204 of the ITSR, relatedly, prohibits the "exportation, re-exportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, wherever located, of any goods, technology, or services to Iran or the Government of Iran." The prohibition set out in Section 204 is not directed against (only) "a United States person," but also includes certain conduct emanating "from the United States."[14]

Zarrab's reliance upon United States v. Yakou and United States v. Chalmers for the proposition that the IEEPA and the ITSR may not be applied extraterritorially is misplaced.

---

[13] According to the Government, Section 1702 "gives the authority to the President to investigate, regulate, or prohibit, broadly speaking, two different types or categories of transactions. The first category of transactions are those that involve persons subject to the jurisdiction of the United States, and that is the provision where the Defense has focused almost all of their attention, but it also gives the President the authority to investigate, regulate, or prohibit transactions that involve **property** that are in the jurisdiction of the United States. And the fact that there is that second category is significant for this extraterritoriality problem because the first category already deals with U.S. persons . . . . So the property provision doesn't do anything if it [is] also limited to U.S. persons, but it is not. It also applies to foreign nationals or persons acting outside of the United States, if they are engaging in a transaction that involves property that is subject to the jurisdiction of the United States. . . . [I]n Section 1702, the statutory scheme is contemplating both U.S. persons **and non-U.S. persons when there is U.S. property involved**." (See Tr. at 34:2-25 emphasis added.)

[14] The Government contends persuasively that the two categories of transactions that Section 1702 prohibits "carr[y] forward into the regulations in the particular regime that is [at] issue here, which is the Iranian Transactions and Sanctions Regulations [ITSR] . . . Section 204 of those regulations . . . [also] talks about two different types of transactions that are prohibited. The export, sale, or supply of goods, technology, or services by a U.S. person, or the export, sale, or supply of technology, goods, or services, from the United States . . . The statutory language answers the extraterritoriality question that has been brought to the Court's attention by the Defense argument. And what the IEEPA says is, yes, foreign nationals who cause a violation, violate, who attempt to violate, or who conspire to violate the IEEPA, can be criminally charged and can be prosecuted for those offenses." (Id. at 35:20-36:10.)

(See Reply at 5; see also Tr. at 10:7-17.)  These cases are readily distinguishable from the

Zarrab case.  In Yakou, the United States Court of Appeals for the District of Columbia

emphasized that "it was undisputed that the conduct identified in the indictment took place

outside the United States" **and** that "the United States does not argue that Yakou is

'otherwise subject to the jurisdiction of the United States.'"  428 F.3d 241, 245 (D.C. Cir.

2005).  As noted supra pp. 13-14, the Government in the Zarrab case very clearly charges

that Zarrab "conspired to export and supply U.S. dollar-transfer services from the United

States directly and indirectly to Iran."  (See Opp. at 12; see also Tr. at 39:2-4 ([Government]:

"It has been clear for a long time that foreign nationals are not permitted to use the U.S.

financial system to conduct transactions that are for the benefit of Iran or for the government

of Iran.").)

    In addition, the defendant in Yakou was charged under International Traffic in Arms

Regulations, 22 C.F.R. § 129 et. seq., which "applies only to 'U.S. persons, wherever

located, and any foreign person located in the United States or otherwise subject to the

jurisdiction of the United States.'"  See Yakou, 428 F.3d at 253.  Zarrab, by contrast, is

charged under the ITSR, which prohibits, among other things, "the exportation, re-

exportation, sale, or supply directly or indirectly, from the United States, or by a United

States person, wherever located, of any goods, technology, or services to Iran or the

Government of Iran."  See 31 C.F.R. § 560.204; see also supra pp. 13-14.  Zarrab is also

charged under the IEEPA which encompasses "transactions involving[] any property in

which any foreign country or a national thereof has any interest by any person, or with

respect to any property, subject to the jurisdiction of the United States."  See 50 U.S.C. §

1702(a)(1)(B); see also discussion of Government's argument on Oct. 5, 2016, supra p. 20

n.13 ("[T]he property provision [of 50 U.S.C. § 1702] doesn't do anything if it [is] also limited to U.S. persons . . . It also applies to foreign nationals or persons acting outside of the United States, if they are engaging in a transaction that involves property that is subject to the jurisdiction of the United States.") (emphasis added.)

The Chalmers court relied upon Yakou in dismissing criminal charges brought against a Bahamian corporation which had "paid secret and illegal surcharges to the Government of Iraq in exchange for the right to receive allocations of Iraqi oil under the United Nations Office of the Iraq Programme, Oil-for-Food." 474 F. Supp. 2d 555, 558 (S.D.N.Y. 2007). The defendant in Chalmers was charged under 18 U.S.C. § 2332d, which applies (only) to "United States persons," defined as "any United States citizen or national, permanent resident alien, juridical person organized under the laws of the United States, or any person in the United States." Id. at 565. But, as noted above, Zarrab is charged under the ITSR which prohibits conduct not only of a United States person, but also prohibits conduct emanating "from the United States." And, Zarrab is charged under the IEEPA which reaches "transactions involving[] any property [] subject to the jurisdiction of the United States." See 31 C.F.R. § 560.204; 50 U.S.C. § 1702(a)(1)(B). The Government in Zarrab underscores that "Zarrab and his co-conspirators conspired to cause the export or supply of [] financial services *from the United States*, and thus are properly charged under Section 1705(b) with a conspiracy to violate or cause a violation of Section 204." (See Opp. at 17 (emphasis added); see also Indictment at ¶¶ 15-16.)

In sum, while Zarrab may not be a "U.S. person" and would not fall within the ambit of 18 U.S.C. § 2332 (or, as in Yakou, within the ambit of 22 C.F.R. § 129), he may nonetheless

be charged under the IEEPA and the ITSR which encompass conduct emanating "from the United States," and/or involves "property [] subject to the jurisdiction of the United States."

### (3) Count III: Conspiracy to Commit Bank Fraud in Violation of 18 U.S.C. § 1344

Zarrab contends that Count III must be dismissed because "there is no allegation that [he] conspired to make a material misrepresentation to a U.S. bank, harm a U.S. bank, or obtain money or property from a U.S. bank." (Mot. to Dismiss at 25.) Zarrab argues that "the government is attempting to convert allegations that Zarrab participated in a scheme to structure transactions for the purpose of evading sanctions, by wiring funds to or from non-restricted entities, into a separate conspiracy to mislead financial institutions that happened to have a role in effecting those transactions." (Id. at 27.)

The Government responds that the Indictment makes clear that Zarrab and his co-conspirators made multiple false statements in connection with a scheme to defraud U.S. banks. (Opp. at 27.) They did this, according to the Government, over a period of five years by, among other things, "layering [] transactions through multiple front companies and stripping information from wire instructions that revealed connections to sanctioned entities," including Iran. (Id.) The Government argues that "the transactions in which Zarrab and his co-conspirators engaged are themselves misrepresentations . . . . [T]hese transactions are designed to deceive the bank that their true participants are sanctioned entities and that, as a result, these transactions are illegal." (Id.) The Government also contends that the conspiracy, among other things, "exposed U.S. banks to loss . . . [by, among other things,] robb[ing] the U.S. banks of critical information with respect to these funds transfer instructions, and thus . . . deny[ing] the victim banks the right to control their assets by depriving them of information to make necessary discretionary economic

23

decisions." (Id. at 31.) The Government further argues that "the potential consequences for the bank from executing barred transactions is tremendous," including potential civil liability and "massive fines and forfeiture."[15] (Id. at 32.)

18 U.S.C. § 1344 prohibits "knowingly execut[ing], or attempt[ing] to execute, a scheme or artifice -- (1) to defraud a financial institution; or (2) to obtain any of the money, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344. "A scheme to defraud requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property." United States v. Martin, 803 F.3d 581, 588 (11th Cir. 2015). A conviction under

---

[15] During oral argument, the Government also said the following regarding the bank fraud charge:

> We expect to be able to show several different kinds of risk of loss. One type of risk of loss which is shown directly in the overt acts alleged in the Indictment is the risk that there will be a transaction that gets blocked, as one bank or another in the chain of these payments realizes the Iranian nexus, and in accordance with OFAC regulations, blocks the payment[.] [O]ne of the banks in the chain is going to be out the money because they will already have paid it out and they won't get paid back. That is a real concrete risk of an actual financial loss to one of those banks.

> There is the risk of civil liability from the Office of Foreign Assets Control. It is no secret that almost every major bank in the United States in the past several years has had some encounter or another with OFAC, or with other regulators relating to their compliance procedures, and whether they have been appropriately followed and . . . [A] scheme that passes huge sums of Iranian money through a U.S. bank substantially increases the risk of that potential liability and certainly the cost of responding to any inquiries relating to it.

(Tr. at 44:7-45:1.)

the "scheme to defraud" clause of the bank fraud statute requires that the defendant engage in or attempt to engage in a pattern or course of conduct designed to deceive a federally chartered or insured financial institution into releasing property, with the intent to victimize the institution by exposing it to actual or potential loss. <u>Stavroulakis</u>, 952 F.2d at 694.

The Court finds that the Indictment clearly states the elements of a conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344. The Indictment alleges that, "from at least in or about 2010, up to and including in or about 2015, in the Southern District of New York, Turkey, the United Arab Emirates, and elsewhere . . . it was a part and an object of the conspiracy that Mr. Zarrab [and others] . . . would and did knowingly execute and attempt to execute a scheme or artifice to defraud a [U.S.] financial institution, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a [U.S.] financial institution, by means of false and fraudulent pretenses, representations, and promises." (Indictment at ¶¶ 19-20.) The Indictment includes details which are sufficient to provide notice to the Defendant of violating the bank fraud statute by tracking the relevant statutory language. <u>See United States v. Badoolah</u>, 2014 WL 4793787, at *13 (E.D.N.Y. Sept. 25, 2014) (denying defendant's motion to dismiss an indictment for bank fraud which alleged that defendant "prepared and oversaw the preparation of mortgage loan applications that contained numerous material misrepresentations to make [] buyers appear creditworthy").[16]

---

[16] An indictment need do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime. <u>See Stavroulakis</u>, 952 F.2d at 693; <u>see also United States v. Harris</u>, 805 F. Supp. 166, 169-71 (S.D.N.Y. 1992) (where defendant "concealed the true financial condition of [their company] from the lending banks.").

**Material Misrepresentation(s) and Concealment**

Zarrab's argument that the Indictment fails to allege material misrepresentations to a U.S. bank is refuted by the Indictment. (Mot. to Dismiss at 26.) That is, the Indictment alleges that Zarrab and his co-conspirators, through the use of "layered transactions using intermediary shell companies in third countries and stripping Iran-revealing information from payment instructions that would be provided to U.S. banks," made material misrepresentations (plus concealment and omissions) which deceived the U.S. banks into processing transfers on behalf of sanctioned entities. (See Opp. at 14.) The Indictment, as also noted supra pp. 7-8, 14, charges, for example, that in January 2011, Royal Emerald Investments, owned and operated by Zarrab, "caused an international wire transfer from the U.A.E. to [a] Canadian company in the amount of approximately $953,289, which was processed by a United States bank . . . [and] the wire transfer information provided to the U.S. Bank purported that the payment was related to fire equipment." (See Indictment at ¶ 14(b).) The wire transfer information failed to disclose to the U.S. bank – i.e., stripped out information – that the transfer was requested by and for MAPNA, an Iranian construction and power plant company. (Id.) According to the Government, "these financial institutions would not have processed these transactions had they known of the true beneficiaries." (Opp. at 27.)

Defendant argues that "[t]here is no allegation in the Indictment that Zarrab conspired to make any representation of any kind to a U.S. bank [and] there can be no 'material misrepresentation' to a U.S. bank in the absence of *any* representation to a U.S. bank." (Mem. at 26) (emphasis in original.) During oral argument, Defense counsel contended that "there would be no misrepresentation at all . . . . There isn't any duty . . . that would turn an

omission into a misrepresentation or a fraudulent scheme." (See Tr. at 16:21-22; 18:6-9.)

These arguments are unpersuasive under the case law.  In United States v. Autuori, the Court

recognized that "[u]nder the [bank] fraud statute, it is just as unlawful to speak 'half truths'

or to omit to state facts necessary to make the statements made, in light of the circumstances

under which they were made, not misleading." 212 F.3d 105, 118 (2d Cir. 2000) (quoting

United States v. Townley, 665 F.2d 579, 585 (5th Cir. 1982)).  And, in United States v.

Colton, the defendant was convicted of bank fraud in violation of § 1344 when, after

defaulting on a personal bank loan, the defendant approached the bank posing as an

independent third-party trust, and purchased the loan at a substantial discount – but without

disclosing to the bank his ownership and control of the trust.  231 F.3d 890 (4th Cir. 2000).

Had the bank known of the defendant's ownership of the trust, "the bank 'would not [have

sold] the loan at a discount' but rather would [have sought] full payment." Colton, 231 F.3d

at 895.  The defendant appealed his conviction of bank fraud, arguing, as Zarrab does, that

"[because] the government offered no evidence that he made any affirmative

misrepresentations or breached any fiduciary, statutory, or other independent legal duty to

disclose information, he cannot be held to have violated the federal bank fraud statute."

Colton, 231 F.3d at 894.

In affirming the defendant's conviction, the Fourth Circuit Court of Appeals found the

defendant's argument to be "a cramped construction of the bank fraud statute."  Id.  The

Court held that "the language of the bank fraud statute [should] be broadly construed so as to

reach anyone engaged in a scheme or artifice to defraud, including a scheme to actively

conceal material information through deceptive conduct, with the intent to mislead and

suppress the truth, even in the absence of an independent legal duty to disclose such

information." Id. at 903; see also United States v. Keplinger, 776 F.2d 678, 697-98 (7th Cir. 1985) ("It requires no extended discussion of authority to demonstrate that omissions or concealment of material information . . . can constitute fraud cognizable under the [bank] fraud statute."); Autuori, 212 F.3d at 119.

The kind of conduct alleged in the Indictment has been found to constitute material misrepresentation by other courts as well. In United States v. Dupree, the defendant was convicted of a conspiracy to commit bank fraud after obtaining loans from a bank by providing false income statements and by forming shell corporations in order to conceal financial information. 2012 WL 5333946, at *1 (E.D.N.Y. Oct. 26, 2012), aff'd, 620 F. App'x 49 (2d Cir. 2015). In finding that the defendant "engaged in a course of conduct designed to deceive [the bank] into making or maintaining loans by means of materially false representations," District Judge Kiyo Matsumoto recognized that "a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed." Id. at *22 (quoting Neder v. United States, 527 U.S. 1, 16 (1999)). Similarly, in United States v. Harris, the defendant moved to dismiss a charge of conspiracy to commit bank fraud, under 18 U.S.C. § 1344, after obtaining loans from a bank, by "concealing the true financial condition" of defendant's company and "concealing from the banks [] trading practices prohibited by the loan agreement." 805 F. Supp. at 169. In denying defendant's motion to dismiss the indictment and finding that "the bank fraud counts are facially sufficient," District Judge Charles Haight recognized there were material misrepresentations where "throughout the entire time embraced by the loan agreement and its extensions, defendant is alleged to have fraudulently

overstated the [company's] assets and understated its liabilities, concealing [] practices prohibited by the loan agreement, and falsified numerous documents." Id. at 172.

Because Zarrab and his co-conspirators are alleged in the Indictment to have provided false and misleading statements through the use of multiple layered entities and by stripping material information from wire transfer instructions which influenced the decision-making of the U.S. banks, at the motion to dismiss stage he made material misrepresentations under both "prongs" of 18 U.S.C. § 1344.[17] See Neder, 527 U.S. at 1; see also United States v. Rigas, 490 F.3d 208, 234 (2d Cir. 2007) ("[M]ost bank fraud is committed when a defendant makes a misrepresentation to a bank in an effort to persuade the bank to make a discretionary decision in a way that benefits him.").

**Loss**

The defense also argues that the Indictment fails to allege that Zarrab conspired to expose the bank to loss. (Mot. to Dismiss at 30.)  Defense counsel claims that "there is simply no indication . . . that a bank would face a real threat of loss on account of processing a transaction that, unbeknownst to the bank, was meant to evade OFAC sanctions." (Id. at 28.) The Government counters that by concealing the true beneficiaries of these transactions from the U.S. banks, Zarrab and his co-conspirators, among other things, robbed the U.S. banks of the ability to "properly assess the risk from engaging in these transactions" and exposed the banks to actual or potential loss.  (See Opp. at 32; see also Tr. at 44:7-8; 17-25.)

---

[17] See also Tr. at 43:3-5 ([Government]: "We expect there will be evidence of the use of false documents to create the appearance of non-Iranian economic activity supporting these transactions, again, all for the purpose of deceiving the banks.").

The Court finds that the Indictment adequately alleges that Zarrab and his co-conspirators intended to and did victimize the U.S. banks and exposed them to actual or potential losses. See United States v. Ragosta, 970 F.2d 1085, 1089 (2d Cir. 1992). As noted, Zarrab and his co-conspirators are alleged to have deliberately deceived U.S. banks by, among other things, stripping or concealing material information and otherwise providing misleading wire transfer information intended to hide the fact that the transactions were performed on behalf of sanctioned entities. (See also Indictment at ¶¶ 14(a)-(b).) "[T]hese financial institutions would not have processed these transactions had they known of the true beneficiaries." (Opp. at 27.)

In United States v. Schwartz, defendants were convicted of defrauding Litton, a producer of night vision devices, by conspiring to purchase and ship "$7 million worth of night vision devices . . . for the Argentine military forces to use against the British in the then ongoing Falkland Islands War," and failing to disclose that the equipment was destined for Argentina and that their customer was an Argentine businessman. 924 F.2d 410, 414 (2d Cir. 1991). "Rather, they told Litton that their customer was Texas Armaments Advisors – an inactive corporate shell controlled by [defendants]." Id. In affirming defendants' convictions, the Second Circuit held that in order to "adequately convey[] the intent element of the fraud statutes . . . the government must prove defendants contemplated a harm, which need not be pecuniary in nature, but which would be proven if the jury found that defendants intended by their misrepresentations to obtain equipment that Litton would not have sold to them but for the fraudulent representations." Id. at 420-21; see also United States v. Laljie, 184 F.3d 180, 189 (2d Cir. 1999) ("Presentation to a financial institution of a fraudulent document that

exposes the institution itself to a potential loss if the document be honored and funds be released, such as a forged or altered document, is within the scope of § 1344.").

At oral argument, Defense counsel contended that "what makes this [case] different from every other case of bank fraud of which I am aware is that, if this scheme were to succeed here, the U.S. bank would be better off.  They process the wire transfer [and] have gotten some compensation for that.  If the scheme works, the bank is better off.  Every other bank fraud case I have ever seen, if the scheme works, the bank is worse off."  (Tr. at 20:1-6.)  But where, as here, it is alleged that a defendant "intentionally withholds or falsifies material information . . . the defendant will have already exposed the [bank] to 'immediate harm by denying [the bank] the right to control [its] assets by depriving [the bank] of the information necessary to make discretionary economic decisions.'"  See United States v. Watts, 934 F. Supp. 2d 451, 471 (E.D.N.Y. 2013) (quoting United States v. Levis, 488 Fed. Appx. 481, 486 (2d Cir. 2012)); see also United States v. Chandler, 98 F.3d 711, 716 (2d Cir. 1996) (where "[t]he [defendant's] pseudonym prevented the bank from acquiring full information, exposing it to [] risk."); see also supra p. 30.

The Government also argues that "the potential consequences for the bank from executing barred transactions is tremendous," including "massive fines and forfeiture." (Opp. at 32.)  By way of example, on December 11, 2012, the United States Department of Justice announced that HSBC Bank had agreed to forfeit $1.256 billion and to enter into a deferred prosecution agreement because it had violated the IEEPA. See Press Release 12-1478, "HSBC Holdings Plc. and HSBC Bank USA N.A. Admit to Anti-Money Laundering and Sanctions Violations, Forfeit $1.256 Billion in Deferred Prosecution Agreement," U.S. Dept. of Justice (Dec. 11, 2012).  "[B]anks are the first layer of defense against money

launderers and other criminal enterprises who choose to utilize our nation's financial system to further their criminal activity . . . In particular, banks have a special responsibility to use appropriate due diligence in monitoring the cash transactions flowing through their financial system and identifying the sources of that money in order not to assist in criminal activity. By allowing such illicit transactions to occur, HSBC failed in its global responsibility to us all." Id.

### (4) Count IV: Conspiracy to Commit Money Laundering in Violation of § 18 U.S.C. § 1956(a)(2)(A)

Zarrab argues that "the Indictment's duplicative money laundering charge merges with the IEEPA charge and should thus be dismissed." (Mot. to Dismiss at 33.) He contends that "the government simultaneously charges Zarrab with (1) conspiracy to violate [IEEPA] sanctions for arranging international financial transactions, and (2) conspiracy to launder money for arranging *the exact same transactions*." (Id. at 34) (emphasis in original.) According to Zarrab, "it is well settled that the specified unlawful activity must be distinct from the money laundering allegation itself." (Id. at 33.)

The Government counters that "Zarrab's challenge that the money laundering conspiracy . . . merges with the IEEPA and bank fraud conspiracies fails as a matter of law [because] Zarrab relies on case law concerning a different provision of the money laundering statute than is at issue here." (Opp. at 39.) The Government contends that "it is well settled that there is no so-called 'merger' concern with respect to 18 U.S.C. § 1956(a)(2)(A), which is the provision that Zarrab is charged with conspiring to violate." (Id.) According to the Government, Zarrab "rel[ies] exclusively on inapposite case law addressing [a] different statutory provision[], i.e., Section 1956(a)(1)." (Id. at 41.)

To find a violation of 18 U.S.C. § 1956(a)(2)(A), a defendant must have: (1) transmitted or transferred a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States, (2) with the intent to promote the carrying on of specified unlawful activity.  18 U.S.C. § 1956(a)(2)(A); see also United States v. Piervinanzi, 23 F.3d 670, 680 (2d Cir. 1994).

The Court finds that the Indictment clearly alleges the elements of a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(2)(A).  The Indictment alleges that "from at least in or about 2010, up to at least in or about 2015, in the Southern District of New York, Turkey, the United Arab Emirates, and elsewhere . . . it was part and an object of the conspiracy [to commit money laundering] that Mr. Zarrab [and others] . . . would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds to places in the United States from and through places outside the United States, in amounts exceeding $10,000, with the intent to promote the carrying on of specified unlawful activity, to wit, the illegal export of services to Iran as charged in Count Two . . . and bank fraud as charged in Count Three."  (Indictment at ¶¶ 22-23.)

The Indictment describes one overt act of this conspiracy as follows: "On or about January 16, 2013, Zarrab sent an email to a co-conspirator . . . attaching a SWIFT message for a payment in the amount of approximately $1,000,000 from Gunes General Trading LLC, a company located in the U.A.E.," to an energy company located in Turkmenistan.  (Id. at 14(k).)  According to the Indictment, "on or about January 16, 2013, Gunes General Trading LLC . . . caused an international wire transfer from the U.A.E. to [the] Turkmeni company in the amount of approximately $999,907, which was processed by a United States bank."  (Id.

at 14(l).)  The Indictment also alleges that "[i]n or about November 11, 2013, a co-conspirator [of Zarrab] . . . sent an email to Zarrab attaching . . . a letter from [the] Turkmeni company, dated May 30, 2013, addressed to the Deputy Minister of Iran's Oil Ministry, instructing that payment to [the] Turkmeni company be made in U.S. currency." (Id. at 14(m).)

The Indictment sets forth the elements of § 1956(a)(2)(A) and "identifies the amounts transferred, dates of transfer, and institutions to and from which the money was transferred." 1996 WL 665621, at *3 (S.D.N.Y. Nov. 18, 1996).  In United States v. Bodmer, a case similar in this respect to the Zarrab case, the district court denied the defendant's motion to dismiss the charge of conspiracy to commit money laundering in violation of § 1956(a)(2)(A), where the indictment alleged that the defendant "would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument from a place in the United States to and through a place outside the United States, *with the intent* to promote the carrying on of specified unlawful activity."  342 F. Supp. 2d 176, 192 (S.D.N.Y. 2004) (emphasis in original.)  "Clearly, the Government has adequately alleged . . . that [defendant] had specific intent to violate the money laundering statute."  Id.  The Court in Bodmer also held that the indictment's "allegations sufficiently provide [defendant] with a plain, concise and definite written statement of the essential facts constituting the offense charged."  Id.

Zarrab's argument that the conspiracy to commit money laundering charge "merges" with the IEEPA and bank fraud conspiracies is unpersuasive.  Section 1956(a)(2)(A) "clearly penalizes the transportation of monetary instruments in promotion of unlawful activity, not the underlying unlawful activity; in passing the money laundering statute, Congress

34

determined that the transportation of monetary instruments in promotion of unlawful activity itself constitutes a crime." Id. at 191.

And, in United States v. Piervinanzai, the defendants raised an argument nearly identical to the merger argument which Zarrab raises here, namely that "the overseas transmission of funds [i.e., money laundering] 'merges' with the underlying bank fraud, precluding independent liability under § 1956(a)(2)." 23 F.3d at 679. The Second Circuit rejected the defendants' argument, holding that "the statute does not 'merge' the underlying criminal activity and promotion through laundering into one." Id. Similarly, in United States v. Nazemzadeh, the defendant argued that "Count 3 of the Indictment, international money laundering [in violation of] 18 U.S.C. § 1956(a)(2)(A) should be dismissed . . . [because it] was not separate and apart from the [IEEPA] offenses alleged . . . and therefore the money laundering charge impermissibly imposes additional liability for the same offense, violating the merger doctrine." 2014 WL 310460, at *11 (S.D. Cal. Jan. 28, 2014). The court rejected the defendant's argument, finding that "the money laundering statute with which Defendant is charged requires only that money be transmitted or transferred to the United States from a place outside the United States with the intention of promoting the carrying on of specified unlawful activity." Id. at *12 (citing Piervinanzi, 23 F.3d at 680). "[T]he specified unlawful activity need not be separate and distinct from the [underlying] transaction." Id.

**IV.    Conclusion & Order**

For the foregoing reasons, the Court respectfully denies Defendant's motion to dismiss

the Indictment [#66].

Dated: New York, New York
        October 17, 2016

RICHARD M. BERMAN, U.S.D.J.

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :        **SUPERSEDING INDICTMENT**
                                    :
          - v. -                    :        S3 15 Cr. 867 (RMB)
                                    :
REZA ZARRAB,                        :
     a/k/a "Rıza Sarraf,"           :
MEHMET HAKAN ATILLA,                :
MOHAMMAD ZARRAB,                    :
     a/k/a "Can Sarraf,"            :
     a/k/a "Kartalmsd,"             :
CAMELIA JAMSHIDY,                   :
     a/k/a "Kamelia Jamshidy," and  :
HOSSEIN NAJAFZADEH,                 :
                                    :
                    Defendants.     :
                                    :
- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:    APR 0 6 2017

The Grand Jury charges:

## BACKGROUND

### The International Emergency Economic Powers Act

1.   The International Emergency Economic Powers Act
("IEEPA"), codified at Title 50, United States Code, Sections
1701-1706, confers upon the President authority to deal with
unusual and extraordinary threats to the national security and
foreign policy of the United States.  Section 1705 provides, in
part, that "[i]t shall be unlawful for a person to violate,
attempt to violate, conspire to violate, or cause a violation of
any license, order, regulation, or prohibition issued under this
title."  50 U.S.C. § 1705(a).

2.    Beginning with Executive Order No. 12170, issued
on November 14, 1979, the President found that "the situation in
Iran constitutes an unusual and extraordinary threat to the
national security, foreign policy and economy of the United
States and declare[d] a national emergency to deal with that
threat."

3.    On May 6, 1995, the President issued Executive
Order No. 12959, adopting and continuing Executive Order No.
12170 (collectively, the "Executive Orders"), and prohibiting,
among other things, the exportation, reexportation, sale, or
supply, directly or indirectly, to Iran of any goods,
technology, or services from the United States or by a United
States person.  The Executive Orders authorized the United
States Secretary of the Treasury to promulgate rules and
regulations necessary to carry out the Executive Orders.
Pursuant to this authority, the Secretary of the Treasury
promulgated the Iranian Transactions Regulations (renamed in
2013, the Iranian Transactions and Sanctions Regulations, the
"ITSR") implementing the sanctions imposed by the Executive
Orders..

4.    The ITSR, Title 31, Code of Federal Regulations,
Section 560.204, prohibits, among other things, the exportation,
reexportation, sale, or supply, directly or indirectly, from the

2

United States, or by a United States Person, of goods,
technology, or services to Iran or the Government of Iran (with
certain limited exceptions), including the exportation,
reexportation, sale or supply of goods, technology or services
to a third country knowing that such goods, technology or
services are intended for Iran or the Government of Iran,
without a license from the United States Department of the
Treasury, Office of Foreign Assets Control ("OFAC").

   5. The ITSR further prohibit transactions that evade
or avoid, have the purpose of evading or avoiding, cause a
violation of, or attempt to violate the ITSR.   31 C.F.R.
§ 560.203.

   6. Appendix A to the ITSR contained a list of
persons determined to be the Government of Iran.   At all times
relevant to this Indictment, Bank Mellat was an Iranian state-
owned bank on the list in Appendix A.   At all times relevant to
this Indictment, the National Iranian Oil Company ("NIOC") was
an Iranian Oil Company on the list in Appendix A.   At all times
relevant to this Indictment, Naftiran Intertrade Company Ltd.
("NICO"), an Iranian company located in the United Kingdom and
Naftiran Intertrade Company Sarl ("NICO Sarl"), an Iranian
company located in Switzerland, were on the list in Appendix A.

7.    Bank Mellat and all of its branches and subsidiaries were designated by OFAC on or about October 25, 2007, as Specially Designated Nationals ("SDNs") under the ITSR, the Iranian Financial Sanctions Regulations ("IFSR"), 31 C.F.R. Part 561, and the Weapons of Mass Destruction Proliferators Sanctions Regulations ("WMD Sanctions"), 31 C.F.R. Part 544. Mellat Exchange Company ("Mellat Exchange") was a money services business owned and controlled by Bank Mellat.  At all times relevant to this Indictment, Bank Mellat was an SDN.

8.    On or about July 12, 2012, OFAC designated Hong Kong Intertrade Company ("HKICO") as an SDN pursuant to the ITSR.  OFAC further identified NIOC as an agent or affiliate of Iran's Islamic Revolutionary Guard Corp ("IRGC") pursuant to Executive Order 13599 on or about September 24, 2012, and designated Seifollah Jashnsaz, chairman of NICO, NICO Sarl, and HKICO, as an SDN under the WMD Sanctions on or about May 23, 2012.  At all times relevant to this Indictment after on or about July 12, 2012, HKICKO was an SDN. At all times relevant to this Indictment after May 23, 2012, Jashnsaz was an SDN.  At all times relevant to this Indictment after September 24, 2012, NIOC was identified as an agent or affiliate of the IRGC.

9.    On or about October 12, 2011, OFAC designated Mahan Air as an SDN pursuant to Executive Order 13224 for

4

providing financial, material and technological support to the

Islamic Revolutionary Guard Corps-Qods Force ("IRGC-QF").

According to OFAC, Mahan Air, based in Tehran, provided

transportation, funds transfers and personnel travel services to

the IRGC-QF, including by providing travel services to IRGC-QF

personnel flown to and from Iran and Syria for military

training, facilitating the covert travel of suspected IRGC-QF

officers into and out of Iraq by bypassing normal security

procedures and not including information on flight manifests to

eliminate records of the IRGC-QF travel, facilitated IRGC-QF

arms shipments, and received funds for the procurement of

controlled goods by the IRGC-QF.  Further according to OFAC,

Mahan Air also provided transportation services to Hizballah, a

Lebanon-based designated Foreign Terrorist Organization, and has

transported personnel, weapons and goods on behalf of Hizballah

and omitted from Mahan Air cargo manifests secret weapons

shipments bound for Hizballah.

### The Defendants

10.  At all times relevant to this Indictment, REZA

ZARRAB, a/k/a "Riza Sarraf," the defendant, owned and operated a

network of companies located in Turkey and in the United Arab

Emirates, including a group of companies under Royal Holding

A.S. ("Royal Holding"), a holding company in Turkey, Durak Doviz

5

Exchange, a money services business in Turkey, and Al Nafees

Exchange LLC ("Al Nafees Exchange"), a money services business

in the United Arab Emirates.  The Royal Holding group of

entities includes Royal Emerald Investments, among others.

11.   At all times relevant to this Indictment, MEHMET

HAKAN ATILLA, the defendant, was the Deputy General Manager of

International Banking at a financial institution headquartered

in Istanbul, Turkey ("Turkish Bank-1").

12.   At all times relevant to this Indictment,

MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," the

defendant, owned and operated a network of companies located in

Turkey and in the United Arab Emirates, including Flash Doviz

Exchange ("Flash Doviz"), a money services business in Turkey;

Sam Exchange, a money services business in the UAE; and Hanedan

General Trading LLC ("Hanedan General Trading"), a company in

the UAE, among others.

13.   At all times relevant to this Indictment, CAMELIA

JAMSHIDY, a/k/a "Kamelia Jamshidy," the defendant, was an

employee of REZA ZARRAB, a/k/a "Riza Sarraf," the defendant, at

Royal Holding and related entities.

14.   At all times relevant to this Indictment, HOSSEIN

NAJAFZADEH, the defendant, was a senior officer at Mellat

Exchange.

15.  At all times relevant to this Indictment, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADHEH, the defendants, and others assisted Iranian individuals and companies, including Bank Mellat, Mellat Exchange, NIOC, HKNICO, and others, to evade U.S. sanctions by conducting international financial transactions using Turkish and Emirati companies on behalf of and for the benefit of these Iranian individuals and entities in order to conceal from U.S. banks and others that services were being provided to Iran, to the Government of Iran, and to agents or affiliates of the IRGC in violation of the IEEPA, the ITSR, and the IFSR.

### STATUTORY ALLEGATIONS

### COUNT ONE

### (Conspiracy to Defraud the United States)

The Grand Jury further charges:

16.  The allegations contained in paragraphs 1 through 15 of this Indictment are repeated and realleged as if fully set forth herein.

17.  From at least in or about 2010, up to and including in or about 2015, in the Southern District of New York, Turkey, the United Arab Emirates, and elsewhere, REZA ZARRAB, a/k/a "Riza Sarraf," MOHAMMAD ZARRAB, a/k/a "Can

7

Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia

Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, and others

known and unknown, knowingly and willfully did combine,

conspire, confederate, and agree together and with each other to

defraud the United States and an agency thereof, to wit, to

impair, impede, and obstruct the lawful and legitimate

governmental functions and operations of the U.S. Department of

the Treasury, Office of Foreign Assets Control ("OFAC") in the

enforcement of economic sanctions laws and regulations

administered by that agency.

### Overt Acts

18.    In furtherance of the conspiracy and to effect

the illegal object thereof, REZA ZARRAB, a/k/a "Riza Sarraf"

("ZARRAB"), MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a

"Kartalmsd" ("MOHAMMAD ZARRAB"), CAMELIA JAMSHIDY, a/k/a

"Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, and

others committed the following overt acts, among others:

a.    On or about December 3, 2011, ZARRAB and

NAJAFZADEH received an email attaching a draft letter in Farsi

addressed to the General Manager of the Central Bank of Iran and

prepared for ZARRAB's signature, stating in part:

> The role that the Supreme Leader [the
> Ayatollah Khamenei] and the esteemed
> officials and employees of Markazi Bank [the

Central Bank of Iran] play against the sanctions, wisely neutralizes the sanctions and even turns them into opportunities by using specialized methods.  It is no secret that the trend is moving towards intensifying and increasing the sanctions, and since the wise leader of the Islamic Revolution of Iran has announced this to be the year of the Economic Jihad, the Zarrab family, which has had half a century of experience in foreign exchange, while establishing branches in Turkey, United Arab Emirates, Russia, and Azerbaijan, considers it to be our national and moral duty to declare our willingness to participate in any kind of cooperation in order to implement monetary and foreign exchange anti-sanction policies . . . .

Hoping that the efforts and cooperation of the zealous children of Islamic Iran will result in an upward increase in the progress of our dear nation in all international and financial arenas.

### Transactions for Mellat Exchange

b.   On or about January 26, 2011, a co-conspirator not named as a defendant herein ("CC-1"), an employee of Mellat Exchange, described in paragraph 7 above, sent an email to a second co-conspirator not named as a defendant herein ("CC-2"), an employee of Al Nafees Exchange, described in paragraph 9 above, with instructions for Al Nafees Exchange to make international financial transfers on behalf of Mellat Exchange.  Included in the instructions was a payment in the amount of approximately $953,288.85 to a company located in Canada ("Canadian Company-1") described as "transfer by MAPNA."

9

MAPNA is a reference to MAPNA Group, an Iranian construction and power plant company.

       c.   On or about January 27, 2011, Royal Emerald Investments, a co-conspirator not named as a defendant herein, caused an international wire transfer from the UAE to Canadian Company-1 in the amount of approximately $953,289, which was processed by a United States bank ("U.S. Bank-1"). The wire transfer information provided to U.S. Bank-1 purported that the payment was related to fire equipment, but made no mention of MAPNA Group.

       d.   On or about February 28, 2011, CC-1 of Mellat Exchange sent an email to CC-2 of Al Nafees Exchange with instructions for making several international financial transfers, including four transfers in United States currency, on behalf of Mellat Exchange. Included in the instructions was a payment in the amount of approximately $76,950 to a company located in China ("Chinese Company-1"), identifying the "Intermediary Bank" for the transaction as a bank located in the United States ("U.S. Bank-2").

       e.   On or about March 1, 2011, CC-1 sent an email to ZARRAB and to a co-conspirator not named as a defendant herein ("CC-3"), an employee of Royal Holding, attaching a list

10

of the four U.S.-currency payment instructions for Mellat

Exchange described in paragraph 16(c) above.

f.    On or about March 9, 2011, CC-1 of Mellat

Exchange sent an email to CC-2 of Al Nafees Exchange with

instructions for making several international financial

transfers in United States currency on behalf of Mellat

Exchange.  Included in the instructions was a payment in the

amount of approximately $9,225 to a company located in Hong Kong

("Hong Kong Company-1").

g.    On or about May 24, 2011, CC-1 of Mellat

Exchange sent an email to ZARRAB, JAMSHIDY, and CC-3 of Royal

Holdings with the subject line, in Farsi, "very very

urgent!!!!!!!!!!"  Attached to the email were (1) a portion of a

SWIFT message addressed to the attention of "OFAC/Compliance

Unit" indicating that an international wire transfer in the

amount of approximately €3,711,365 had been stopped by U.S.

Bank-1 because of global sanctions; (2) a statement that the

payment related to services provided in connection with

development of a gas field in Iran; and (3) a letter from Mellat

Exchange to ZARRAB stating in part, in Farsi:

> Based on the results of the continuous
> follow-ups regarding the above transfer, and
> your suggestion regarding communication with
> the OFAC agency in Turkey regarding
> facilitating transfers or returns thereof,

the information received from the credit
applicant is reflected exactly for follow up
and appropriate action.

h.   On or about May 31, 2011, JAMSHIDY sent an
email to CC-2 of Al Nafees Exchange attaching a letter from
Mellat Exchange, signed by NAJAFZADEH, to Al Nafees Exchange
requesting the delivery of approximately $30 million in U.S.
currency to Mellat Exchange in Tehran, Iran.

i.   On or about June 1, 2011, CC-1 of Mellat
Exchange sent an email to ZARRAB with the subject line, in
Farsi, "very urgent" and attaching, among other things, (1) a
portion of a SWIFT message noting that a payment in the amount
of approximately $9,225 had been blocked by a United States bank
("U.S. Bank-3") "pursuant to the sanctions imposed by the U.S.
Gov Dept. of Treasury OFAC"; (2) a letter from Hong Kong
Company-1's bank advising that a payment to Hong Kong Company-1
from Asi Kiymetli Madenler Turizm Otom in the amount of
approximately $9,200 had been blocked by U.S. Bank-3 because of
OFAC; (3) a portion of a second SWIFT message noting that
payment of a second international transfer to Hong Kong Company-
1 in the amount of approximately $35,000 had been blocked by a
United States bank ("U.S. Bank-4") as a result of OFAC
sanctions; (4) a letter from Mellat Exchange dated May 15, 2011,
to a relative of ZARRAB's at Al Nafees Exchange, signed by

12

NAJAFZADEH, concerning the two blocked payments; and (5) a
letter from Mellat Exchange dated June 1, 2011, to Durak Doviz
Exchange, signed by NAJAFZADEH, concerning the two payments
"through the Nafees Exchange," which stated in part, in Farsi:

> [T]he above amounts were blocked by OFAC,
> and despite repeated follow-ups to execute
> these transfers by providing all necessary
> documents, unfortunately, the transfers have
> not been executed and deposited in the
> beneficiary's account.  Therefore, despite
> the lack of communication with you regarding
> the covered topic, and only with regard to
> your excellent achievements regarding
> similar prior cases, it is requested:
> Regarding the passage of more than 2 months,
> and the lack of any results from the follow-
> ups of Nafiss Exchange, please arrange that
> with your guidance this case can be closed.

### Transactions for the Iranian Ministry of Oil, NIOC, NICO, and HKNICO

j.    On or about January 7, 2013, ZARRAB sent an
email to a co-conspirator not named as a defendant herein
("CC-4"), an employee of Royal Holding, attaching instructions
for an international financial transfer from Turkish company ECB
Kuyumculuk Ic Vedis Sanayi Ticaret Limited Sirketi in the amount
of approximately $600,000 to an energy company located in
Turkmenistan ("Turkmeni Company-1").

k.    On or about January 16, 2013, ZARRAB sent an
email to a co-conspirator not named as a defendant herein
("CC-5") attaching a SWIFT message for a payment in the amount

13

of approximately $1,000,000 from Gunes General Trading LLC, a company located in the U.A.E., to Turkmeni Company-1.

l.    On or about January 16, 2013, Gunes General Trading LLC, a co-conspirator not named as a defendant herein, caused an international wire transfer from the U.A.E. to Turkmeni Company-1 in the amount of approximately $999,907, which was processed by a United States bank ("U.S. Bank-5").

m.    On or about November 11, 2013, a co-conspirator not named as a defendant herein ("CC-6") sent an email to ZARRAB attaching (1) a letter from HKICO, signed by Seifollah Jashnsaz and stamped "CONFIDENTIAL," addressed to HKICO's bank concerning an approximately €100 million transfer to HKICO's account; (2) a letter from NIOC concerning an international financial transfer; and (3) a letter from Turkmeni Company-1 dated May 30, 2013, addressed to the Deputy Minister of Iran's Oil Ministry, instructing that payment to Turkmeni Company-1 be made in U.S. currency.

### Transactions for Mahan Air

n.    On or about October 13, 2011, a co-conspirator not named as a defendant herein ("CC-7"), an individual affiliated with Mahan Air's office in Dubai, received an email from a representative of Mahan Air with the subject "IMPORTANT !! -- MAHAN AIR has been OFAC listed from US Treasury

Department" and including, among other things, a statement that a bank had advised that "all transactions to/from Mahan Air will be rejected as per sanctions policy, following the addition of Mahan Air to the OFAC list[.]"

       o.   On or about December 18, 2013, CC-2 received an email from an employee of the Al Nafees Exchange with the subject line: "ASCOT" and attaching electronic copies of (1) license information for Ascot General Trading, a Dubai company, showing CC-7 as the licensee and manager, on which was a handwritten note in Farsi referencing "Mahan" and the name of an officer in Mahan Air's Dubai office, a co-conspirator not named as a defendant herein ("CC-8"); (2) pages from the passport of CC-7; (3) an Al Nafees Exchange account signature card for Ascot General Trading showing CC-7 as the account signatory; and (4) a letter dated December 17, 2013, on Ascot General Trading letterhead, signed by CC-7 and addressed to Al Nafees Exchange, directing a transfer from Ascot General Trading's account to a beneficiary with an account at an Iranian bank.

       p.   On or about January 19, 2015, CC-7 received an email from a money services business advising that a wire transfer had been returned, and including a portion of a SWIFT message stating, among other things, "ORIGINATOR IN OFAC SANCTIONLIST."

q.   On or about June 25, 2015, MOHAMMAD ZARRAB received an email from an employee of the Al Nafees Exchange attaching an electronic copy of an Al Nafees Exchange Payment Order for Flash Doviz, MOHAMMAD ZARRAB's company, concerning a payment of $1,180,238.00 (U.S. dollars) and a second payment of €129,901.00 from Ascot General Trading to Flash Doviz Exchange "FOR MAHAN" and naming CC-8. A handwritten note on the payment order, in Farsi, read in part: "Please deposit the above amounts in the Mahan account and show us the transfer slips."

r.   On or about July 6, 2015, CC-2 sent an email to MOHAMMAD ZARRAB attaching electronic copies of (1) an Al Nafees Exchange Payment Order for Flash Doviz concerning a payment of approximately €570,613.00 from Ascot General Trading to Flash Doviz Exchange "FOR MAHAN" and naming CC-8, with a handwritten note in Farsi that read: "Should be deposited into the Mahan account with you;" and (2) four Funds Transfer Request Forms concerning requested payments totaling approximately €560,613 to recipients in Austria, Greece, Singapore, and Germany, each bearing an Ascot General Trading stamp.

s.   On or about July 7 and July 8, 2015, MOHAMMAD ZARRAB sent CC-2 approximately four emails attaching electronic copies of wire transfer records concerning payments corresponding to the Funds Transfer Requests that CC-2 had sent

16

to MOHAMMAD ZARRAB on or about July 6, 2015.  The originators on the wire transfers were two Turkish companies ("Turkish Company-1" and "Turkish Company-2").

        t.   On or about July 9, 2015, CC-2 sent two emails to an officer with Mahan Air, a co-conspirator not named as a defendant herein ("CC-9"), attaching the wire transfer records that CC-2 had received from MOHAMMAD ZARRAB on July 7 and July 8, 2015.

        u.   On or about July 13, 2015, MOHAMMAD ZARRAB sent CC-2 an email attaching an electronic copy of a SWIFT message concerning a transfer of $324,690 from Turkish Company-1 to a company in Malaysia ("Malaysian Company-1").  The SWIFT message record reflected that the message had been sent from a bank in Turkey to a United States bank ("U.S. Bank-6") in "New York, NY, United States of America," indicating that the payment would be transferred through a correspondent account held at Bank-6.

        v.   On or about July 21, 2015, CC-2 sent an email to MOHAMMAD ZARRAB with the subject: "tt's" -- a reference to telegraphic transfers, or wire transfers.  Attached to the email was an Al Nafees Exchange Payment Order concerning four payments from Ascot General Trading to Flash Doviz Exchange for Mahan Air in the amounts of $116,385, €363,971, $100,000, and

€298,984.  A handwritten note on the payment order read, in Farsi, "Put in the Mahan account."  Also attached to the email were four Fund Transfer Request Forms, bearing an Ascot General Trading stamp, concerning payments (1) to a company in Hong Kong ("Hong Kong Company-2") for $100,000, and (2) an entity purportedly located in Belize (but having an account in Latvia) and entities located in Greece and Belgium in the amounts of €363,971, €75,524, and €45,208, respectively.

        w.  On or about July 22, 2015, an email was sent from an employee of MOHAMMAD ZARRAB, a co-conspirator not named as a defendant herein ("CC-10"), to CC-2 attaching an electronic copy of a Wire Transfer Send Money Receipt from a money services business in Dubai reflecting a wire transfer of $100,000 from Hanedan General Trading to Hong Kong Company-2.

        x.  On or about July 23, 2015, CC-2 sent an email to MOHAMMAD ZARRAB attaching electronic copies of (1) an Al Nafees Exchange Payment Order concerning transfers (a) from Ascot General Trading to a co-conspirator not named as a defendant herein ("CC-11"), an employee of MOHAMMAD ZARRAB, in the amount of €200,000, (b) to Flash Doviz for Mahan Air in the amount of €87,520, and (c) to Flash Doviz for Mahan Air in the amount of $50,000; and (2) Ascot General Trading Funds Transfer Requests concerning payments to Hong Kong Company-2 in the

18

amount of $50,000 and to entities located in France and Germany for €27,520 and €60,000, respectively.

        y.   On or about July 23, 2015, CC-7 sent an email to CC-2 with the subject: "Re: 100.000,00 USD MAHAN AIR" and attaching an electronic copy of a wire transfer record reflecting a transfer in the amount of approximately $99,940.00 from Hanedan General Trading to Hong Kong Company-2 and identifying the intermediary bank for the transfer as U.S. Bank-4 in "New York, NY USA."

        z.   Later on July 23, 2015, CC-2 sent an email to CC-9 attaching an electronic copy of the wire transfer record described in paragraph 16(y) above, with portions of the information blacked out but reflecting, among other things, the originator, beneficiary, and intermediary bank (U.S. Bank-4).

        aa.  On or about July 27, 2015, CC-7 sent an email to CC-2 attaching an electronic copy of a Wire Transfer Send Money Receipt from a money services business in Dubai reflecting a wire transfer of $50,000 from Hanedan General Trading to Hong Kong Company-2.

        bb.  On or about July 29, 2015, CC-7 sent an email to CC-2 with the subject: "Re: 50.000,00 USD MAHAN AIR" and attaching an electronic copy of a wire transfer record reflecting a transfer in the amount of approximately $49,950.00

19

from Hanedan General Trading to Hong Kong Company-2, and
identifying the intermediary bank for the transfer as U.S.
Bank-4 in "New York, NY USA."

(Title 18, United States Code, Section 371).

### COUNT TWO

#### (Conspiracy to Violate the
International Emergency Economic Powers Act)

The Grand Jury further charges:

19.   The allegations contained in paragraphs 1 through
15 of this Indictment are repeated and realleged as if fully set
forth herein.

20.   From at least in or about 2010, up to and
including in or about 2015, in the Southern District of New
York, Turkey, the United Arab Emirates, and elsewhere, REZA
ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MOHAMMAD
ZARRAB, /k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY,
a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the
defendants, and others known and unknown, knowingly and
willfully did combine, conspire, confederate, and agree together
and with each other to violate, and to cause a violation of,
licenses, orders, regulations, and prohibitions issued under the
International Emergency Economic Powers Act, Title 50, United
States Code, Sections 1701 to 1707, Part 560 of Title 31, Code

20

of Federal Regulations, and Part 561 of Title 31, Code of
Federal Regulations.

21.   It was a part and an object of the conspiracy
that REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA,
MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA
JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the
defendants, and others known and unknown, would and did export,
reexport, sell, and supply, and cause to be exported,
reexported, sold, and supplied, directly and indirectly, from
the United States, services, to wit, international financial
transactions, to Iran and to the Government of Iran, without
first obtaining the required approval of the Office of Foreign
Assets Control, within the United States Department of Treasury,
in violation of Title 50, United States Code, Sections 1701 to
1707, and Title 31, Code of Federal Regulations, Section
560.204.

22.   It was further a part and an object of the
conspiracy that REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN
ATILLA, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd,"
CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN
NAJAFZADEH, the defendants, and others known and unknown, would
and did engage in a transaction that evaded and avoided, had the
purpose of evading and avoiding, caused a violation of, and

attempted to violate one or more of the prohibitions set forth

in Title 31, Code of Federal Regulations, Part 560, in violation

of Title 50, United States Code, Sections 1701 to 1707, and

Title 31, Code of Federal Regulations, Section 560.203.

### Overt Acts

23.   In furtherance of the conspiracy and to effect

the illegal objects thereof, REZA ZARRAB, a/k/a "Riza Sarraf,"

MEHMET HAKAN ATILLA, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a

"Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and

HOSSEIN NAJAFZADEH, the defendants, and others known and

unknown, committed the overt acts set forth in paragraph 18 of

this Indictment, among others, which are fully incorporated by

reference herein.

(Title 50, United States Code, Section 1705;
Title 31, Code of Federal Regulations, Sections 560.203,
560.204, 560.205, 561.202, & 561.205.)

### COUNT THREE

#### (Conspiracy to Commit Bank Fraud)

The Grand Jury further charges:

24.   The allegations contained in paragraphs 1 through

15 of this Indictment are repeated and realleged as if fully set

forth herein.

25.   From at least in or about 2010, up to and

including in or about 2015, in the Southern District of New

22

York, Turkey, the United Arab Emirates, and elsewhere, REZA
ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MOHAMMAD
ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY,
a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the
defendants, and others known and unknown, and others known and
unknown, knowingly and willfully did combine, conspire,
confederate, and agree together and with each other to commit
bank fraud, in violation of Title 18, United States Code,
Section 1344.

     26.   It was a part and an object of the conspiracy
that REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA,
MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA
JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the
defendants, and others known and unknown, would and did
knowingly execute and attempt to execute a scheme or artifice to
defraud a financial institution, and to obtain moneys, funds,
credits, assets, securities, and other property owned by and
under the custody and control of a financial institution, by
means of false and fraudulent pretenses, representations, and
promises, in violation of Title 18, United States Code, Section
1344.

23

<u>Overt Acts</u>

27.   In furtherance of the conspiracy and to effect the illegal object thereof, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, and others known and unknown, committed the overt acts set forth in paragraph 18 of this Indictment, among others, which are fully incorporated by reference herein.

(Title 18, United States Code, Section 1349.)

### COUNT FOUR

### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

28.   The allegations contained in paragraphs 1 through 15 of this Indictment are repeated and realleged as if fully set forth herein.

29.   From at least in or about 2010, up to and including in or about 2015, in the Southern District of New York, Turkey, the United Arab Emirates, and elsewhere, REZA ZARRAB, a/k/a "Riza Sarraf," MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, and others known and unknown, together with others known and unknown,

24

willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

30.   It was a part and an object of the conspiracy that REZA ZARRAB, a/k/a "Riza Sarraf," MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds to places in the United States from and through places outside the United States, in amounts exceeding $10,000, with the intent to promote the carrying on of specified unlawful activity, to wit, the illegal export of services to Iran as charged in Count Two of this Indictment and bank fraud as charged in Count Three of this Indictment, in violation of Section 1956(a)(2)(A) of Title 18, United States Code.

### Overt Acts

31.   In furtherance of the conspiracy and to effect the illegal object thereof, REZA ZARRAB, a/k/a "Riza Sarraf," MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the

25

defendants, and others known and unknown, committed the overt acts set forth in paragraph 18 of this Indictment, among others, which are fully incorporated by reference herein.

(Title 18, United States Code, Section 1956(h).)

### FORFEITURE ALLEGATION

### (Counts Two and Three)

32.    As a result of committing the offenses alleged in Counts Two and Three of this Indictment, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts Two and Three of this Indictment, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

### Substitute Assets Provision

33.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

            a)    cannot be located upon the exercise of due
                  diligence;

26

b)   has been transferred or sold to, or
deposited with, a third person;

c)   has been placed beyond the jurisdiction of
the court;

d)   has been substantially diminished in value;
or

e)   has been commingled with other property
which cannot be subdivided without
difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of said defendants up to the value of the above

forfeitable property.

### FORFEITURE ALLEGATION

### (Count Four)

34.   As a result of committing the money laundering

offense alleged in Count Four of this Indictment, REZA ZARRAB,

a/k/a "Riza Sarraf," MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a

"Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and

HOSSEIN NAJAFZADEH, the defendants, shall forfeit to the United

States, pursuant to Title 18, United States Code, Section 982,

all property, real and personal, involved in the money

laundering offense and all property traceable to such property,

including but not limited to, a sum of money representing the

27

amount of property that was involved in the money laundering

offense or is traceable to such property.

### Substitute Assets Provision

35.  If any of the above-described forfeitable

property, as a result of any act or omission of the defendants:

a)  cannot be located upon the exercise of due diligence;

b)  has been transferred or sold to, or deposited with, a third person;

c)  has been placed beyond the jurisdiction of the court;

d)  has been substantially diminished in value; or

e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of said defendants up to the value of the above

forfeitable property.

(Title 18, United States Code, Sections 981, 982;
Title 21, United States Code, Section 853;
Title 28, United States Code, Section 2461.)

_____             _____
Foreperson                           JOON H. KIM
                                     Acting United States Attorney

28

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

REZA ZARRAB, a/k/a "Riza Sarraf,"
MEHMET HAKAN ATILLA,
MOHAMMAD ZARRAB, a/k/a "Can Sarraf,"
a/k/a "Kartalmsd,"
CAMELIA JAMSHIDY, a/k/a "Kamelia
Jamshidy," and
HOSSEIN NAJAFZADEH,

                                    Defendants.

SUPERSEDING INDICTMENT

S3 15 Cr. 867 (RMB)

(18 U.S.C. § 371; 50 U.S.C. § 1705; 31
C.F.R. §§ 560.203, 560.205; 18 U.S.C.
§§ 1349, & 1956.)

                              JOON H. KIM
               Acting United States Attorney.

A TRUE BILL

                                    Foreperson.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x
               :

UNITED STATES OF AMERICA      :

       - v. -          :

REZA ZARRAB,              :
   a/k/a "Riza Sarraf,"
MEHMET HAKAN ATILLA,      :
MEHMET ZAFER CAGLAYAN,
   a/k/a "Abi,"          :
SULEYMAN ASLAN,
LEVENT BALKAN,           :
ABDULLAH HAPPANI,
MOHAMMAD ZARRAB,        :
   a/k/a "Can Sarraf,"
   a/k/a "Kartalmsd,"    :
CAMELIA JAMSHIDY,
   a/k/a "Kamelia Jamshidy," and  :
HOSSEIN NAJAFZADEH,
                 :

        Defendants.    :

                 :

- - - - - - - - - - - - - - - - - - -x

**SUPERSEDING INDICTMENT**

S4 15 Cr. 867 (RMB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 0 6 2017

ORIGINAL

## BACKGROUND

1.     The charges in this indictment arise out of a multi-year scheme to violate and evade U.S. national security controls against the Government of Iran.  In particular, money service businesses and front companies in Iran, Turkey, the United Arab Emirates, and elsewhere were used to violate and evade prohibitions against Iran's access to the U.S. financial system and restrictions on the use of proceeds of Iranian oil and gas sales and on the supply of gold to the Government of Iran and Iranian entities and persons.

2.      High-ranking government officials in Iran and
Turkey participated in and protected this scheme.  Some
officials received bribes worth tens of millions of dollars paid
from the proceeds of the scheme so that they would promote the
scheme, protect the participants, and help to shield the scheme
from the scrutiny of U.S. regulators.

3.      The leaders of a Turkish bank majority-owned by
the Government of Turkey ("Turkish Bank-1") knowingly
facilitated the scheme, participated in the design of fraudulent
transactions intended to deceive U.S. regulators and foreign
banks, and lied to U.S. regulators about Turkish Bank-1's
involvement.

4.      The proceeds of Iran's sale of oil and gas to
Turkey's national oil company and gas company, among others,
were deposited at Turkish Bank-1, in accounts in the names of
the Central Bank of Iran, the National Iranian Oil Company
("NIOC"), and the National Iranian Gas Company.  Because of U.S.
sanctions against Iran and the anti-money laundering policies of
U.S. banks, it was difficult for Iran to access these funds in
order to transfer them back to Iran or to use them for
international financial transfers for the benefit of Iranian
government agencies, banks, and businesses.

2

5.    Turkish Bank-1 participated in several types of transactions for the benefit of Iran that, if discovered, exposed Turkish Bank-1 to sanctions under U.S. law, including: (1) allowing the proceeds of sales of Iranian oil and gas deposited at Turkish Bank-1 to be used to buy Turkish gold that was not exported to Iran, in violation of the so-called "bilateral trade" rule; (2) allowing the proceeds of sales of Iranian oil and gas deposited at Turkish Bank-1 to be used to buy gold for the benefit of the Government of Iran; and (3) facilitating transactions fraudulently designed to appear to be purchases of food and medicine by Iranian customers, in order to appear to fall within the so-called "humanitarian exception" to certain sanctions against the Government of Iran, when in fact no purchases or food or medicine actually occurred. Turkish Bank-1 officials concealed the true nature of these transactions from officials with the U.S. Department of the Treasury so that Turkish Bank-1 could supply billions of dollars' worth of services to the Government of Iran without risking being sanctioned by the U.S. and losing its ability to hold correspondent accounts with U.S. financial institutions.

### The International Emergency Economic Powers Act

6.    The International Emergency Economic Powers Act ("IEEPA"), codified at Title 50, United States Code, Sections

1701-1706, confers upon the President authority to deal with unusual and extraordinary threats to the national security and foreign policy of the United States.  Section 1705 provides, in part, that "[i]t shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this title."  50 U.S.C. § 1705(a).

        7.    Beginning with Executive Order No. 12170, issued on November 14, 1979, the President found that "the situation in Iran constitutes an unusual and extraordinary threat to the national security, foreign policy and economy of the United States and declare[d] a national emergency to deal with that threat."

### The Iranian Transactions and Sanctions Regulations

        8.    On March 15 and May 6, 1995, the President issued Executive Orders Nos. 12957 and 12959, prohibiting, among other things, the exportation, reexportation, sale, or supply, directly or indirectly, to Iran of any goods, technology, or services from the United States or by a United States person, and on August 19, 1997, issued Executive Order No. 13059 clarifying the previous orders (collectively, the "Executive Orders").  The Executive Orders authorized the United States Secretary of the Treasury to promulgate rules and regulations

4

necessary to carry out the Executive Orders.  Pursuant to this authority, the Secretary of the Treasury promulgated the Iranian Transactions Regulations (renamed in 2013, the Iranian Transactions and Sanctions Regulations, the "ITSR") implementing the sanctions imposed by the Executive Orders.

       9.    The ITSR, Title 31, Code of Federal Regulations, Section 560.204, prohibits, among other things, the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States Person, of goods, technology, or services to Iran or the Government of Iran (with certain limited exceptions), including the exportation, reexportation, sale or supply of goods, technology or services to a third country knowing that such goods, technology or services are intended for Iran or the Government of Iran, without a license from the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC").

       10.    The ITSR provide that the transfer of funds, directly or indirectly, from the United States or by a U.S. person to Iran or the Government of Iran is a prohibited export, reexport, sale, or supply of services to Iran or the Government of Iran.  See 31 C.F.R. § 560.427(a).

       11.    The ITSR further prohibit transactions that evade or avoid, have the purpose of evading or avoiding, cause a

violation of, or attempt to violate the ITSR.   31 C.F.R.
§ 560.203.

<u>Sanctions Concerning Proceeds of Iranian Oil Sales<br>and the Supply of Gold to Iran</u>

12.   On December 11, 2011, the National Defense
Authorization Act for Fiscal Year 2012 was enacted (the "2012
NDAA"), requiring the imposition of sanctions on foreign
financial institutions--including banks and money service
business, among others--following a determination by the
President that a foreign financial institution violated certain
prohibitions with respect to the Central Bank of Iran or another
Iranian financial institution designated under the IEEPA.   These
prohibitions applied to government-owned foreign financial
institutions with respect to transactions for the sale or
purchase of petroleum or petroleum products to or from Iran
conducted or facilitated on or after 180 days from the enactment
of the 2012 NDAA, unless the foreign country significantly
reduced its volume of petroleum and petroleum products purchased
from Iran.   These prohibitions included an exception for
transactions for the sale of food, medicine, or medical devices
to Iran.

13.   On July 30, 2012, the President issued Executive
Order 13622 to take additional steps with respect to the
national emergency declared in Executive Order 12957.   The

6

President, among other things, imposed additional restrictions

with respect to the sale of Iranian petroleum and petroleum

products, authorizing the Secretary of the Treasury to impose

sanctions on a foreign financial institution that knowingly

conducted or facilitated any significant financial transaction

with NIOC, the Naftiran Intertrade Company Ltd. ("NICO"), or the

Central Bank of Iran, or for the purchase or acquisition of

petroleum or petroleum products from Iran, unless the President

determined the foreign country had significantly reduced its

volume of petroleum and petroleum products purchased from Iran

pursuant to the 2012 NDAA.  Exec. Order 13622, 77 Fed. Reg.

45897 (Jul. 30, 2012).

        14.  Executive Order 13622 also authorized the

Secretary of the Treasury to impose sanctions against any person

who "materially assisted, sponsored, or provided financial,

material, or technological support for, or goods or services in

support of, NIOC, NICO, or the Central Bank of Iran, or the

purchase or acquisition of U.S. bank notes or precious metals by

the Government of Iran."  Exec. Order 13622, 77 Fed. Reg. 45897

(Jul. 30, 2012).  Executive Order 13622 prohibited any

transaction that evaded or avoided, had the purpose of evading

or avoiding, caused a violation of, or attempted to violate any

of the prohibitions set forth in that order.

15.   On August 10, 2012, the Iran Threat Reduction and
Syria Human Rights Act of 2012, codified at 22 U.S.C. §§ 8711 et
seq. (the "Iran Threat Reduction Act" or "ITRA"), extended the
sanctions against Iranian oil sales.  The ITRA amended the 2012
NDAA by imposing a "bilateral trade" restriction on Iranian oil
proceeds:  financial transactions by foreign financial
institutions with respect to the sale or purchase of petroleum
or petroleum products to or from Iran were permitted only for
trade between the foreign country and Iran, with any funds owed
to Iran deposited in an account within that foreign country.
See 22 U.S.C. § 8513a(d)(4)(D).  In other words, the proceeds of
Iranian oil sales to Turkey had to be deposited into accounts in
Turkey and could only be used for trade between Turkey and Iran;
otherwise, any foreign financial institution facilitating these
transactions faced U.S. sanctions.  These requirements went into
effect on or about February 6, 2013.

16.   On January 2, 2013, the Iranian Freedom and
Counterproliferation Act (the "IFCA"), imposed additional
restrictions on supplying gold to Iran.  The IFCA broadened the
prohibition in Executive Order 13622 on supplying precious
metals to the Government of Iran to prohibit the sale, supply,
or transfer of precious metals, directly or indirectly, to the
country of Iran, including non-Government entities.  See 22

8

U.S.C. § 8804(a)(1)(A).  The IFCA also extended the ITRA's
bilateral trade restriction to the proceeds of Iranian natural
gas sales.  The IFCA's restrictions went into effect on or about
July 1, 2013.

17.  On June 3, 2013, the President implemented, among
other things, the IFCA's prohibition on dealings in precious
metals on behalf of Iran pursuant to his authorities under the
IFCA, the IEEPA, and other statutes.  Exec. Order 13645, 78 Fed.
Reg. 33945 (June 3, 2013).  Executive Order 13645 prohibited any
transaction that evaded or avoided, had the purpose of evading
or avoiding, caused a violation of, or attempted to violate any
of the prohibitions set forth in that order.

18.  The Secretary of the Treasury promulgated the
Iranian Financial Sanctions Regulations (the "IFSR")
implementing the sanctions imposed by the Executive Orders 13622
and 13645, the 2012 NDA, the IFCA, and the ITRA, among others.
See 31 C.F.R. §§ 561.203, 204, 205.  The IFSR prohibited, among
other things, transactions that evaded or avoided, had the
purpose of evading or avoiding, caused a violation of, or
attempted to violate any of the provisions of the IFSR.  See 31
C.F.R. § 561.205.

## Designated or Identified Entities and Individuals

19.   Appendix A to the ITSR contained a list of persons determined to be the Government of Iran.  At all times relevant to this Indictment, Bank Mellat was an Iranian state-owned bank on the list in Appendix A.  At all times relevant to this Indictment, NIOC was an Iranian Oil Company on the list in Appendix A.  At all times relevant to this Indictment, NICO and Naftiran Intertrade Company Sarl ("NICO Sarl") were on the list in Appendix A.

20.   At all times relevant to this Indictment, Bank Sarmayeh was an Iranian state-owned bank and, beginning on July 12, 2012, was identified as a state-owned bank by OFAC on the Specially Designated Nationals ("SDN") List.  At all times relevant to this Indictment, Sarmayeh Exchange was a money services business in Iran owned and controlled by Bank Sarmayeh.

21.   Bank Mellat and all of its branches and subsidiaries were designated by OFAC on or about October 25, 2007, as SDNs under the ITSR, the IFSR, and the Weapons of Mass Destruction Proliferators Sanctions Regulations ("WMD Sanctions"), 31 C.F.R. Part 544.  Mellat Exchange Company ("Mellat Exchange") was a money services business owned and controlled by Bank Mellat.  At all times relevant to this Indictment, Bank Mellat was an SDN.

10

22.  On or about July 12, 2012, OFAC designated Hong
Kong Intertrade Company ("HKICO") as an SDN pursuant to the
ITSR.  OFAC further identified NIOC as an agent or affiliate of
Iran's Islamic Revolutionary Guard Corp ("IRGC") pursuant to
Executive Order 13599 on or about September 24, 2012.  On or
about May 23, 2013, OFAC designated Seifollah Jashnsaz, chairman
of NICO, NICO Sarl, and HKICO; Ahmad Ghalebani, managing
director of NIOC and a director of both Petro Suisse Intertrade
Company SA and HKICO; Farzad Bazargan, managing director of
HKICO; Hashem Pouransari, NICO official and managing director of
Asia Energy General Trading LLC; and Mahmoud Nikousokhan, NIOC
finance director and a director of Petro Suisse Intertrade
Company SA as SDNs under the WMD Sanctions.  At all times
relevant to this Indictment after on or about July 12, 2012,
HKICKO was an SDN. At all times relevant to this Indictment
after May 23, 2012, Jashnsaz, Ghalebani, Bazargan, Pouransari,
and Nikousokhan were each an SDN.  At all times relevant to this
Indictment after September 24, 2012, NIOC was identified as an
agent or affiliate of the IRGC.

23.  On or about October 12, 2011, OFAC designated
Mahan Air as an SDN pursuant to Executive Order 13224 for
providing financial, material and technological support to the
Islamic Revolutionary Guard Corps-Qods Force ("IRGC-QF").

11

According to OFAC, Mahan Air, based in Tehran, provided transportation, funds transfers and personnel travel services to the IRGC-QF, including by providing travel services to IRGC-QF personnel flown to and from Iran and Syria for military training, facilitating the covert travel of suspected IRGC-QF officers into and out of Iraq by bypassing normal security procedures and not including information on flight manifests to eliminate records of the IRGC-QF travel, facilitated IRGC-QF arms shipments, and received funds for the procurement of controlled goods by the IRGC-QF.  Further according to OFAC, Mahan Air also provided transportation services to Hizballah, a Lebanon-based designated Foreign Terrorist Organization, and has transported personnel, weapons, and goods on behalf of Hizballah and omitted from Mahan Air cargo manifests secret weapons shipments bound for Hizballah.

### The Defendants

24.   At all times relevant to this Indictment, REZA ZARRAB, a/k/a "Riza Sarraf," the defendant, owned and operated a network of companies located in Turkey and in the United Arab Emirates, including a group of companies under Royal Holding A.S. ("Royal Holding"), a holding company in Turkey, and Durak Doviz, a money services business in Turkey later known as Duru Doviz; and did business through the Al Nafees Exchange LLC ("Al

12

Nafees Exchange"), a money services business in the United Arab
Emirates.  The Royal Holding group of entities includes Royal
Denizcilik, Safir Altin Ticaret, Royal Emerald Investments,
among others.

       a.    ZARRAB and his business associates used
high-level contacts in the Turkish and Iranian governments to
secure a role in transferring Iranian funds held in Turkey in
evasion of U.S. sanctions against Iran.  For example, ZARRAB
signed a letter written to then-President of Iran Mahmoud
Ahmadinejad describing the ZARRAB family's experience in
international finance and their willingness and ability to help
the Government of Iran defeat U.S. and international sanctions:

> Respectfully, at this point in time, when
> the world-devouring imperialism has been
> using the weapon of economic blockade and
> negative propaganda to isolate our beloved
> homeland, the Islamic Iran, and tightens the
> grip of sanctions further day-by-day, and
> considering that serving our beloved nation
> is a religious duty for every Iranian, in
> the year of Economic Jihad, under the
> guidance of the almighty God, hereby the
> Zarrab family with a half a century of
> experience in exchange and moving of
> currency and having been able to set up
> branches in the United Emirates, Turkey,
> Russia and Azerbaijan, and doing currency
> transfers (over three billion euros),
> sending paper money to Iran (indirectly) and
> . . . to have a role, however negligible, in
> serving our beloved homeland, we declare our
> readiness for any collaboration in moving
> currency as well as adjusting the rate of
> exchange under the direct supervision of the

honorable economic agents of the government,
within the framework of the international
and macroeconomic policies of the blessed
regime of the Islamic Republic of Iran, and
by using the lease credit facilities and
interest.

It is hoped that with the zealous efforts of
the children of Islamic Iran we can witness
the ever increasing progress of the Islamic
homeland and to reach the high summits of
respect and honor more than before.

b.    ZARRAB and co-conspirators exchanged and
reviewed drafts of a similar letter addressed to a senior
official of the Central Bank of Iran in December 2011.

25.   At all times relevant to this Indictment, MEHMET
HAKAN ATILLA, the defendant, was the Deputy General Manager of
International Banking at Turkish Bank-1.

26.   MEHMET ZAFER CAGLAYAN, the defendant, was the
Turkish Minister of the Economy from approximately July 2011
until December 2013 and currently serves in the Turkish
Parliament.  While Minister of the Economy, CAGLAYAN received
tens of millions of dollars' worth of bribes in cash and jewelry
from the proceeds of the scheme to provide services to the
Government of Iran and to conceal those services from U.S.
regulators.  CAGLAYAN directed other members of the scheme to
engage in certain types of deceptive transactions, approved the
steps taken by other members to implement the scheme, and
protected the scheme from competitors as well as from scrutiny.

14

27.   SULEYMAN ASLAN, the defendant, was the General Manager of Turkish Bank-1 until approximately February 2014. While General Manager, ASLAN received tens of millions of dollars' worth of bribes in cash from the proceeds of the scheme to provide services to the Government of Iran and to conceal those services from U.S. regulators.   In meetings and communications with officials from the U.S. Department of the Treasury, ASLAN concealed the true nature of these transactions so that Turkish Bank-1 could supply billions of dollars' worth of services to the Government of Iran without being sanctioned by the U.S.

28.   LEVENT BALKAN, the defendant, was an Assistant Deputy Manager for International Banking at Turkish Bank-1 until approximately February 2013.

29.   At all times relevant to this Indictment, ABDULLAH HAPPANI, the defendant, was an associate of REZA ZARRAB, a/k/a "Riza Sarraf," the defendant, working at Durak Doviz and Duru Doviz.

30.   At all times relevant to this Indictment, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," the defendant, owned and operated a network of companies located in Turkey and in the United Arab Emirates, including Flash Doviz ("Flash Doviz"), a money services business in Turkey; Sam

Exchange, a money services business in the UAE; and Hanedan

General Trading LLC ("Hanedan General Trading"), a company in

the UAE, among others.

31. At all times relevant to this Indictment, CAMELIA

JAMSHIDY, a/k/a "Kamelia Jamshidy," the defendant, was an

employee of REZA ZARRAB, a/k/a "Riza Sarraf," the defendant, at

Royal Holding and related entities.

32. At all times relevant to this Indictment, HOSSEIN

NAJAFZADEH, the defendant, was a senior officer at Mellat

Exchange.

### The Gold Export Scheme

33. As alleged above, in 2012 the United States

sanctions relating to the sale of Iranian oil and the supply of

currency and precious metals to Iran and the Government of Iran

grew more restrictive.  In response, REZA ZARRAB, a/k/a "Riza

Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a

"Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI, the

defendants, and others devised a scheme to use exports of

Turkish gold to allow Iran access to the proceeds of Iranian oil

sales to Turkey, to evade these restrictions, and to deceive

foreign banks and U.S. regulators.

34. First, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET

HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN

16

ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI, CAMELIA JAMSHIDY, a/k/a

a/k/a "Kamelia Jamshidy," the defendants, and others conspired

to transfer Iranian oil proceeds at Turkish Bank-1 to exchange

houses and front companies controlled by ZARRAB in order for

those exchange houses and front companies to buy gold for export

from Turkey.  After being exported from Turkey, the gold could

be converted into cash or currency and remitted to Iran or used

to conduct international financial transfers on behalf of

Iranian persons and entities.  Although these gold purchases

were made by or on behalf of the Government of Iran, including

Iranian banks owned or controlled by the Government of Iran, in

violation of Executive Order 13622, ASLAN and ATILLA represented

to U.S. Treasury officials that the gold purchases were by

private Iranian companies and individuals.

     35.  Second, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET

HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN

ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI, CAMELIA JAMSHIDY, a/k/a

"Kamelia Jamshidy," the defendants, and others conspired to use

false documentation and misrepresentations to make it appear

that, after gold was purchased in Turkey with the proceeds of

Iranian oil sales deposited at Turkish Bank-1, the gold was then

exported to Iran when, in fact, the gold was exported to Dubai

and sold there, in violation of the ITRA, 22 U.S.C.

17

§ 8513a(d)(4)(D), in order to obtain U.S. dollars, Euros, and

other currencies that could be used to fund the activities of

the Government of Iran and Iranian companies and persons.

      36.   Third, after the IFCA broadened the gold

prohibitions to include supply to private Iranian companies and

individuals, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN

ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN,

ABDULLAH HAPPANI, CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy,"

the defendants, and others conspired to transfer the proceeds of

Iranian oil sales held at Turkish Bank-1 to exchange houses and

front companies controlled by ZARRAB in order for those exchange

houses and front companies to secretly continue buying gold for

export from Turkey on behalf of and for the benefit of Iranian

persons and companies.

      37.   REZA ZARRAB, a/k/a "Riza Sarraf," the defendant,

arranged meetings in Turkey between approximately October 4 and

8, 2012, among MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN

ASLAN, MEHMET HAKAN ATILLA, the defendants, and others, and

Iranian government banking and oil officials, including the

then-Governor of the Central Bank of Iran and Mahmoud

Nikousokhan, then the finance director of NIOC and a director of

Petro Suisse Intertrade Company SA.   At these meetings the

participants discussed, among other things, ZARRAB conducting

financial transfers using the proceeds of Iranian sales of
natural gas at Turkish Bank-1 and transferring the proceeds of
Iranian sales of oil from China to Turkish Bank-1.

38.   On or about October 6, 2012, REZA ZARRAB, a/k/a
"Riza Sarraf," and ABDULLAH HAPPANI, the defendants, spoke.
During this conversation, ZARRAB told HAPPANI that he just left
a meeting with SULEYMAN ASLAN, the defendant, and described an
arrangement to pay ASLAN just like ZARRAB already was paying
MEHMET ZAFER CAGLAYAN, the defendant.   ZARRAB advised, "It's the
same arrangement as Abi.   You know, it's the same system."
HAPPANI asked if CAGLAYAN would be aware of the payments to
ASLAN: "If we use the same system, will Abi not know?"   ZARRAB
informed HAPPANI that CAGLAYAN knew and approved: "I told Abi.
He already called me over.   He was the one who told me to get it
going."   "Abi," Turkish for an older brother, was a reference to
CAGLAYAN.

39.   REZA ZARRAB, a/k/a "Riza Sarraf," the defendant,
arranged meetings in Turkey in early May 2013 among MEHMET ZAFER
CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, the defendants, and
others, and Iranian government banking and oil officials,
including the then-Iranian Minister of Oil; Ahmad Ghalebani,
then the managing director of NIOC; Nikousokhan; and Seifollah
Jashnsaz, then the chairman of NICO.   At these meetings the

19

participants discussed, among other things, arranging for the
Turkish national oil company to transfer payments for Iranian
oil to NIOC at an account held at Turkish Bank-1 by Bank
Sarmayeh, an Iranian government-owned bank.  ZARRAB had a
contract with Sarmayeh Exchange to conduct currency exchange and
wire transfers for that entity, giving him preferential access
to these Iranian oil revenues.

    40.  On or about May 6, 2013, REZA ZARRAB, a/k/a "Riza
Sarraf," and SULEYMAN ASLAN, the defendants, spoke.  During this
conversation, ASLAN told ZARRAB that MEHMET HAKAN ATILLA, the
defendant, reported that NIOC transferred 70 million (apparently
Turkish lira or Euro) directly to an account controlled by
ZARRAB at Turkish Bank-1.  ZARRAB complained, "No it's not
direct, they did it wrong and it will go bank . . . you stop it
and I will fix it, they are stupid, they are retarded. . . .
Please count that as if it did not happen."  ZARRAB later
explained that, after ASLAN had left the meeting with the
Iranian officials, "we talked and stuff so I would control
[that] they wouldn't say something wrong to this they would not
say something wrong to that."

    41.  After IFCA's restrictions on the supply of
precious metals to Iran, REZA ZARRAB, a/k/a "Riza Sarraf,"
continued to use proceeds of Iranian oil and gas sales at

Turkish Bank-1 to buy gold for export from Turkey in order to
give the Government of Iran and Iranian persons and companies
access to these funds.  For example, on or about September 16,
2013, ZARRAB and SULEYMAN ASLAN, the defendant, spoke and,
during this conversation, ASLAN reported on a meeting that he
recently had with Turkish government officials who asked to
increase Turkey's gold exports.  ASLAN reported, "the request
is, well, they exported $11 billion in gold last year."  ZARRAB
responded, "They are asking for the same to be done again,
aren't they?"  ASLAN replied, "Well, they are saying, 'do
something, whatever the method, but help us out, take care of
this job,' you know."  ASLAN also stated, "I said, 'Iran -- it
would not be through Iran, but we -- um, we will find a way,
don't you worry.'"  ZARRAB responded in part, "We have a method,
we will use that.  We need to sit down and talk in person."

        42.  On or about November 11, 2013, a representative
of Turkish Bank-1 emailed employees of REZA ZARRAB, a/k/a "Riza
Sarraf," the defendant, spreadsheets of transactions relating to
exports of gold from Turkey to the United Arab Emirates and Iran
that purported to show tens of millions of Euros' worth of gold
being exported by Royal Denizcilik and Safir Altin Ticaret to
Iran as recently as September and October 2013, including to
entities owned and controlled by the Government of Iran.

43.   Often REZA ZARRAB, a/k/a "Riza Sarraf," ABDULLAH HAPPANI, CAMELIA JAMSIDY, a/k/a "Kamelia Jamshidy," the defendants, and others caused gold exported from Turkey to be sold in Dubai rather than reexported to the Iranian buyers and the proceeds transferred back to companies owned and controlled by ZARRAB in Turkey, where the proceeds could be further transferred secretly on behalf of and for the benefit of the Government of Iran and Iranian companies and persons.   On other occasions, ZARRAB, HAPPANI, JAMSHIDY and others would cause the gold to be re-purchased by companies owned and controlled by ZARRAB in Turkey and imported back to Turkey, where it could be sold.   These transactions to sell gold in Dubai or to repurchase and reimport the gold to Turkey on behalf of and for the benefit of the Government of Iran and Iranian companies and persons were often conducted in U.S. dollars.   Between at least approximately December 2012 and October 2013, more than $900 million in such transactions were conducted by U.S. financial institutions through correspondent accounts held in the United States.

### The Fraudulent Food and Medicine Trade Scheme

44.   In response to the broadened prohibition against the supply of gold to include private Iranian companies and individuals, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN,

22

ABDULLAH HAPPANI, CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy,"
the defendants, and others also conspired to transfer Iranian
oil revenues held at Turkish Bank-1 outside Turkey by falsely
pretending that these transfers were in connection with the sale
of food and medicine to Iran from Dubai.

     45.  SULEYMAN ASLAN, MEHMET HAKAN ATILLA, the
defendants, and others at Turkish Bank-1 designed the fraudulent
food and medicine scheme with REZA ZARRAB, a/k/a "Riza Sarraf,"
ABDULLAH HAPPANI, the defendants, and others.  In addition to
designing the scheme, ASLAN and ATILLA concealed the scheme from
U.S. Treasury officials in order to avoid potential sanctions
against Turkish Bank-1 pursuant to the 2012 NDAA, the ITSR, the
IFCA, and the IFSR.  MEHMET ZAFER CAGLAYAN, a/k/a "Abi," the
defendant, and other Turkish government officials both approved
of and directed that the fraudulent food and medicine scheme be
adopted and implemented.

     46.  On or about October 24, 2012, REZA ZARRAB, a/k/a
"Riza Sarraf," and LEVENT BALKAN, the defendants, spoke.  During
that conversation, ZARRAB and BALKAN discussed a transfer of
U.S. dollars between ZARRAB's account and Safir Altin's account
at Turkish Bank-1.  BALKAN warned ZARRAB about the transfer
because it was conducted by a U.S. financial institution through
its correspondent account in the United States ("U.S. Bank-1").

BALKAN stated, "I mean I'm talking about, one, an American Bank; two, dollars; three, Safir; I mean... many factors are all bundled up here." ZARRAB asked if the transfer would cause an issue, and BALKAN replied, "I just wanted to share it with you. When I mentioned strategic thinking, I meant we should access this together briefly. . . . The balance, the balance is not important. What's more important is security."

47. On or about February 12, 2013, representatives of the U.S. Treasury Department met in Turkey with MEHMET HAKAN ATILLA, the defendant, and other officials of Turkish Bank-1. During this meeting, among other things, the representatives of the U.S. Treasury Department warned Turkish Bank-1 about Iranian attempts to evade sanctions, including through the use of transactions to buy food for import to Iran.

48. On or about March 26, 2013, REZA ZARRAB, a/k/a "Riza Sarraf," and ABDULLAH HAPPANI, the defendants, spoke. During that conversation, ZARRAB and HAPPANI discussed a conversation that ZARRAB just had with SULEYMAN ASLAN, the defendant, about the fact that "they will stop the gold after one-and-a-half months" and that "[h]e [ASLAN] is insisting that we do food and then he will extend it for about two to three months." HAPPANI asked, "How are we going to make it food?", and ZARRAB went on, in part: "He [ASLAN] is saying that we can

24

send it from Dubai to Iran." ZARRAB later said, "He says that
wherever you can provide a document from, do it." ZARRAB later
went on to explain, in part: "He [ASLAN] says, 'It's not that,
provide it, it is not a problem; whichever way you provide it,
provide it. Provide it to Cikinova [coded language meaning false
documentation, among other things] and Cikinova will send it; it
is not a problem.'"

49. REZA ZARRAB, a/k/a "Riza Sarraf," the defendant,
arranged meetings in Turkey between approximately April 9 and
10, 2013, among MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN
ASLAN, the defendants, and others, and Iranian government
banking and oil officials, including Nikousokhan and Jashnsaz.
At these meetings the participants discussed, among other
things, designing transactions with the proceeds of Iranian oil
sales at Turkish Bank-1 that appeared to be for the purpose of
importing food into Iran.

50. On or about July 2, 2013, REZA ZARRAB, a/k/a
"Riza Sarraf," and MEHMET HAKAN ATILLA, the defendants, spoke.
During that conversation, ZARRAB and ATILLA discussed bills of
lading requested by Turkish Bank-1 in connection with ZARRAB's
purported food transactions using the proceeds of Iranian oil
sales at Turkish Bank-1. ZARRAB explained his purported
inability to provide bills of lading because he used small,

25

five-ton wooden ships for transport between Dubai and Iran that would not provide bills of lading. ATILLA expressed his concern about this explanation: "I'm thinking it would be slightly difficult to carry [goods] weighing 140-150 thousand tons in things that carry five thousand tons." ATILLA later noted, "that's not physically possible." ZARRAB explained that, while he could not provide bills of lading, he could provide customs documents: "The document is being prepared by the government. Customs. Dubai Customs is arranging which ship it will go with, how much, and what's being carried. And also there's the Dubai seal on margin." ATILLA agreed: "You can get those documents? Then give us those documents and I will look at the bill of lading issue later." ZARRAB acknowledged that he had made an error by making the transfer too large: "Hakan, we made an error there. We should have sent it in five million." After further discussion, ZARRAB agreed to also send bills of lading, despite having earlier denied being able to obtain them.

        51. On or about July 9, 2013, REZA ZARRAB, a/k/a "Riza Sarraf," and MEHMET HAKAN ATILLA, the defendants, spoke again. During that conversation, ZARRAB and ATILLA discussed, among other things, false supporting documents submitted in connection with ZARRAB's transfers of Iranian oil proceeds at Turkish Bank-1. ATILLA reiterated, "Some of these ships are

26

very large.  There are ships that carry 50,000, 80,000, 90,000 tons of goods.  These are not small ships.  I beg you to ask our colleagues to take a look at the tonnage."  ZARRAB acceded: "Of course.  Should they only look at the larger ships?"  ATILLA warned of the even greater risks of documents identifying smaller ships:

> They should look at the small ones, too.  On
> the larger ships, it's possible to give a
> bill of lading.  On smaller ships, that can
> carry 13,000, 14,000, the goods are 20,000.
> That brings attention to these ships.  You
> need to check that out.  There are larger
> goods on the smaller tonnage ships.

ZARRAB asked: "Should I do anything about them?"  ATILLA instructed: "They should pay attention that the tonnage should match."  ATILLA gave these instructions despite having been earlier informed by Zarrab that the documents he [Zarrab] provided were prepared by Dubai Customs.

    52.  On or about July 9, 2013, after the call described above in Paragraph 51, REZA ZARRAB, a/k/a "Riza Sarraf," and ABDULLAH HAPPANI, the defendants, spoke.  During that conversation, ZARRAB stated, in part, "[T]hese guys loaded 20 thousand tons on a vessel with a capacity of 13 thousand tons; he says to pay attention to these, that's all.  The man is just openly saying that don't stick it into our eyes, that's it, what else could he say?"  HAPPANI responded, "Thank you, God

bless him, what else can I say?"

53.   On or about September 16, 2013, REZA ZARRAB, a/k/a "Riza Sarraf," and SULEYMAN ASLAN, the defendants, spoke. During this conversation, ZARRAB and ASLAN discussed, among other things, the fact that Turkish Bank-1 intended to preclude non-Turkish companies, including two specifically identified American companies, from selling food to Iran in exchange for the proceeds of Iranian oil and gas sales held at Turkish Bank-1 so that ZARRAB would have sole access to these funds.

54.   REZA ZARRAB, a/k/a "Riza Sarraf," ABDULLAH HAPPANI, the defendants, and others continued to use fraudulent documentation to represent that transfers of proceeds of Iranian oil and gas sales from Turkish Bank-1 were related to sales of food or medicine.   For example, on or about October 14, 2014, ZARRAB sent an email to an official with Turkish Bank-1 attaching documents purportedly relating to the sale of food products by a Dubai company to Iran.

55.   On or about October 10, 2014, representatives of the U.S. Department of the Treasury met with MEHMET HAKAN ATILLA, the defendant, and other officials of Turkish Bank-1. During this meeting, representatives of the U.S. Department of the Treasury asked about Turkish Bank-1's dealings with REZA ZARRAB, a/k/a "Riza Sarraf," the defendant.   ATILLA denied that

28

Turkish Bank-1 knowingly participated in any transactions with
ZARRAB intended to evade or avoid U.S. sanctions against Iran
and claimed to have conducted due diligence on ZARRAB's
counterparties.

### Scheme To Provide International Wire Transfer Services for the Government of Iran and Iranian Companies and Persons

56.   In addition to providing the Government of Iran
access to the proceeds of Iranian oil and gas sales deposited at
Turkish Bank-1, the defendants also conducted international
financial transfers with these proceeds and other funds held for
the benefit of Iranian companies and individuals while
concealing the true nature of these transfers from banks and
U.S. regulators.  As a result of this scheme, U.S. financial
institutions, among others, were deceived into providing
financial services for the benefit of the Government of Iran and
Iranian companies and persons that they would not otherwise have
provided.

57.   Among the Iranian beneficiaries of this scheme
were NIOC, NICO, HKICO, Mellat Exchange, Sarmayeh Exchange, and
Mahan Air.

### Transfers for NIOC, NICO, and HKICO

58.   On or about January 7, 2013, REZA ZARRAB, a/k/a
"Riza Sarraf," the defendant, sent an email to a co-conspirator
not named as a defendant herein ("CC-1"), an employee of Royal

29

Holding, attaching instructions for an international financial transfer from Turkish company ECB Kuyumculuk Ic Ve Dis Sanayi Ticaret Limited Sirketi in the amount of approximately $600,000 to an energy company located in Turkmenistan ("Turkmeni Company-1").

59.  On or about January 16, 2013, REZA ZARRAB, a/k/a "Riza Sarraf," the defendant, sent an email to a co-conspirator not named as a defendant herein ("CC-2") attaching a SWIFT message for a payment in the amount of approximately $1,000,000 from Gunes General Trading LLC, a company located in the U.A.E., to Turkmeni Company-1.

60.  On or about January 16, 2013, Gunes General Trading LLC, a co-conspirator not named as a defendant herein, caused an international wire transfer from the U.A.E. to Turkmeni Company-1 in the amount of approximately $999,907, which was processed by a United States bank ("U.S. Bank-2").

61.  On or about November 11, 2013, a co-conspirator not named as a defendant herein ("CC-3") sent an email to REZA ZARRAB, a/k/a "Riza Sarraf," the defendant,  attaching (1) a letter from HKICO, signed by Seifollah Jashnsaz and stamped "CONFIDENTIAL," addressed to HKICO's bank concerning an approximately €100 million transfer to HKICO's account; (2) a letter from NIOC concerning an international financial transfer;

and (3) a letter from Turkmeni Company-1 dated May 30, 2013, addressed to the Deputy Minister of Iran's Oil Ministry, instructing that payment to Turkmeni Company-1 be made in U.S. currency.

### Transfers for Mellat Exchange

62.   On or about January 26, 2011, a co-conspirator not named as a defendant herein ("CC-4"), an employee of Mellat Exchange, described in paragraph 21 above, sent an email to a second co-conspirator not named as a defendant herein ("CC-5"), an employee of Al Nafees Exchange, described in paragraph 25 above, with instructions for Al Nafees Exchange to make international financial transfers on behalf of Mellat Exchange. Included in the instructions was a payment in the amount of approximately $953,288.85 to a company located in Canada ("Canadian Company-1") described as "transfer by MAPNA." MAPNA was a reference to MAPNA Group, an Iranian construction and power plant company.

63.   On or about January 27, 2011, Royal Emerald Investments, a co-conspirator not named as a defendant herein, caused an international wire transfer from the UAE to Canadian Company-1 in the amount of approximately $953,289, which was processed by a United States bank ("U.S. Bank-3"). The wire transfer information provided to U.S. Bank-3 purported that the

payment was related to fire equipment, but made no mention of MAPNA Group.

64. On or about February 28, 2011, CC-4 of Mellat Exchange sent an email to CC-5 of Al Nafees Exchange with instructions for making several international financial transfers, including four transfers in United States currency, on behalf of Mellat Exchange. Included in the instructions was a payment in the amount of approximately $76,950 to a company located in China ("Chinese Company-1"), identifying the "Intermediary Bank" for the transaction as a bank located in the United States ("U.S. Bank-4").

65. On or about March 1, 2011, CC-4 sent an email to REZA ZARRAB, a/k/a "Riza Sarraf," the defendant, and to a co-conspirator not named as a defendant herein ("CC-6"), an employee of Royal Holding, attaching a list of the four U.S.-currency payment instructions for Mellat Exchange described in paragraph 64 above.

66. On or about March 9, 2011, CC-4 of Mellat Exchange sent an email to CC-5 of Al Nafees Exchange with instructions for making several international financial transfers in United States currency on behalf of Mellat Exchange. Included in the instructions was a payment in the amount of approximately $9,225 to a company located in Hong Kong

("Hong Kong Company-1").

67.   On or about May 24, 2011, CC-4 of Mellat Exchange
sent an email to REZA ZARRAB, a/k/a "Riza Sarraf," CAMELIA
JAMSHIDY, a/k/a "Kamelia Jamshidy," the defendants, and CC-6 of
Royal Holdings with the subject line, in Farsi, "very very
urgent!!!!!!!!!!!"   Attached to the email were (1) a portion of a
SWIFT message addressed to the attention of "OFAC/Compliance
Unit" indicating that an international wire transfer in the
amount of approximately €3,711,365 had been stopped by U.S.
Bank-3 because of global sanctions; (2) a statement that the
payment related to services provided in connection with
development of a gas field in Iran; and (3) a letter from Mellat
Exchange to ZARRAB stating in part, in Farsi:

> Based on the results of the continuous
> follow-ups regarding the above transfer, and
> your suggestion regarding communication with
> the OFAC agency in Turkey regarding
> facilitating transfers or returns thereof,
> the information received from the credit
> applicant is reflected exactly for follow up
> and appropriate action.

68.   On or about May 31, 2011, CAMELIA JAMSHIDY, a/k/a
"Kamelia Jamshidy," the defendant, sent an email to CC-5 of Al
Nafees Exchange attaching a letter from Mellat Exchange, signed
by HOSSEIN NAJAFZADEH, the defendant, to Al Nafees Exchange
requesting the delivery of approximately $30 million in U.S.
currency to Mellat Exchange in Tehran, Iran.

69.  On or about June 1, 2011, CC-4 of Mellat Exchange sent an email to REZA ZARRAB, a/k/a "Riza Sarraf," the defendant, with the subject line, in Farsi, "very urgent" and attaching, among other things, (1) a portion of a SWIFT message noting that a payment in the amount of approximately $9,225 had been blocked by U.S. Bank-1 "pursuant to the sanctions imposed by the U.S. Gov Dept. of Treasury OFAC"; (2) a letter from Hong Kong Company-1's bank advising that a payment to Hong Kong Company-1 from Asi Kiymetli Madenler Turizm Otom in the amount of approximately $9,200 had been blocked by U.S. Bank-1 because of OFAC; (3) a portion of a second SWIFT message noting that payment of a second international transfer to Hong Kong Company-1 in the amount of approximately $35,000 had been blocked by a United States bank ("U.S. Bank-5") as a result of OFAC sanctions; (4) a letter from Mellat Exchange dated May 15, 2011, to a relative of ZARRAB's at Al Nafees Exchange, signed by HOSSEIN NAJAFZADEH, the defendant, concerning the two blocked payments; and (5) a letter from Mellat Exchange dated June 1, 2011, to Durak Doviz, signed by NAJAFZADEH, concerning the two payments "through the Nafees Exchange," which stated in part, in Farsi:

> [T]he above amounts were blocked by OFAC, and despite repeated follow-ups to execute these transfers by providing all necessary documents, unfortunately, the transfers have

34

not been executed and deposited in the
beneficiary's account.   Therefore, despite
the lack of communication with you regarding
the covered topic, and only with regard to
your excellent achievements regarding
similar prior cases, it is requested:
Regarding the passage of more than 2 months,
and the lack of any results from the follow-
ups of Nafiss Exchange, please arrange that
with your guidance this case can be closed.

### Transfers for Mahan Air

70.   On or about October 13, 2011, a co-conspirator
not named as a defendant herein ("CC-7"), an individual
affiliated with Mahan Air's office in Dubai, received an email
from a representative of Mahan Air with the subject "IMPORTANT
!! -- MAHAN AIR has been OFAC listed from US Treasury
Department" and including, among other things, a statement that
a bank had advised that "all transactions to/from Mahan Air will
be rejected as per sanctions policy, following the addition of
Mahan Air to the OFAC list[.]"

71.   On or about December 18, 2013, CC-5 received an
email from an employee of the Al Nafees Exchange with the
subject line: "ASCOT" and attaching electronic copies of
(1) license information for Ascot General Trading, a Dubai
company, showing CC-7 as the licensee and manager, on which was
a handwritten note in Farsi referencing "Mahan" and the name of
an officer in Mahan Air's Dubai office, a co-conspirator not
named as a defendant herein ("CC-8"); (2) pages from the

35

passport of CC-7; (3) an Al Nafees Exchange account signature card for Ascot General Trading showing CC-7 as the account signatory; and (4) a letter dated December 17, 2013, on Ascot General Trading letterhead, signed by CC-7 and addressed to Al Nafees Exchange, directing a transfer from Ascot General Trading's account to a beneficiary with an account at an Iranian bank.

72.   On or about January 19, 2015, CC-7 received an email from a money services business advising that a wire transfer had been returned, and including a portion of a SWIFT message stating, among other things, "ORIGINATOR IN OFAC SANCTIONLIST."

73.   On or about June 25, 2015, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," the defendant, received an email from an employee of the Al Nafees Exchange attaching an electronic copy of an Al Nafees Exchange Payment Order for Flash Doviz, MOHAMMAD ZARRAB's company, concerning a payment of $1,180,238.00 (U.S. dollars) and a second payment of €129,901.00 from Ascot General Trading to Flash Doviz "FOR MAHAN" and naming CC-8.  A handwritten note on the payment order, in Farsi, read in part: "Please deposit the above amounts in the Mahan account and show us the transfer slips."

74.   On or about July 6, 2015, CC-5 sent an email to

MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," the defendant, attaching electronic copies of (1) an Al Nafees Exchange Payment Order for Flash Doviz concerning a payment of approximately €570,613.00 from Ascot General Trading to Flash Doviz "FOR MAHAN" and naming CC-8, with a handwritten note in Farsi that read: "Should be deposited into the Mahan account with you;" and (2) four Funds Transfer Request Forms concerning requested payments totaling approximately €560,613 to recipients in Austria, Greece, Singapore, and Germany, each bearing an Ascot General Trading stamp.

75.   On or about July 7 and July 8, 2015, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," the defendant, sent CC-5 approximately four emails attaching electronic copies of wire transfer records concerning payments corresponding to the Funds Transfer Requests that CC-5 had sent to MOHAMMAD ZARRAB on or about July 6, 2015.  The originators on the wire transfers were two Turkish companies ("Turkish Company-1" and "Turkish Company-2").

76.   On or about July 9, 2015, CC-5 sent two emails to an officer with Mahan Air, a co-conspirator not named as a defendant herein ("CC-9"), attaching the wire transfer records that CC-5 had received from MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," the defendant, on July 7 and July 8, 2015.

77.   On or about July 13, 2015, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," the defendant, sent CC-5 an email attaching an electronic copy of a SWIFT message concerning a transfer of $324,690 from Turkish Company-1 to a company in Malaysia ("Malaysian Company-1").   The SWIFT message record reflected that the message had been sent from a bank in Turkey to U.S. Bank-4 in "New York, NY, United States of America," indicating that the payment would be transferred through a correspondent account held at U.S. Bank-4.

78.   On or about July 21, 2015, CC-5 sent an email to MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," the defendant, with the subject: "tt's" -- a reference to telegraphic transfers, or wire transfers.   Attached to the email was an Al Nafees Exchange Payment Order concerning four payments from Ascot General Trading to Flash Doviz for Mahan Air in the amounts of $116,385, €363,971, $100,000, and €298,984.   A handwritten note on the payment order read, in Farsi, "Put in the Mahan account."   Also attached to the email were four Fund Transfer Request Forms, bearing an Ascot General Trading stamp, concerning payments (1) to a company in Hong Kong ("Hong Kong Company-2") for $100,000, and (2) an entity purportedly located in Belize (but having an account in Latvia) and entities located in Greece and Belgium in the amounts of €363,971, €75,524, and

€45,208, respectively.

79.   On or about July 22, 2015, an email was sent from an employee of MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," the defendant, a co-conspirator not named as a defendant herein ("CC-10"), to CC-5 attaching an electronic copy of a Wire Transfer Send Money Receipt from a money services business in Dubai reflecting a wire transfer of $100,000 from Hanedan General Trading to Hong Kong Company-2.

80.   On or about July 23, 2015, CC-5 sent an email to MOHAMMAD ZARRAB attaching electronic copies of (1) an Al Nafees Exchange Payment Order concerning transfers (a) from Ascot General Trading to a co-conspirator not named as a defendant herein ("CC-11"), an employee of MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," the defendant, in the amount of €200,000, (b) to Flash Doviz for Mahan Air in the amount of €87,520, and (c) to Flash Doviz for Mahan Air in the amount of $50,000; and (2) Ascot General Trading Funds Transfer Requests concerning payments to Hong Kong Company-2 in the amount of $50,000 and to entities located in France and Germany for €27,520 and €60,000, respectively.

81.   On or about July 23, 2015, CC-7 sent an email to CC-5 with the subject: "Re: 100.000,00 USD MAHAN AIR" and attaching an electronic copy of a wire transfer record

reflecting a transfer in the amount of approximately $99,940.00
from Hanedan General Trading to Hong Kong Company-2 and
identifying the intermediary bank for the transfer as U.S.
Bank-4 in "New York, NY USA."

82.   Later on July 23, 2015, CC-5 sent an email to CC-
9 attaching an electronic copy of the wire transfer record
described in paragraph 81 above, with portions of the
information blacked out but reflecting, among other things, the
originator, beneficiary, and intermediary bank (U.S. Bank-1).

83.   On or about July 27, 2015, CC-7 sent an email to
CC-5 attaching an electronic copy of a Wire Transfer Send Money
Receipt from a money services business in Dubai reflecting a
wire transfer of $50,000 from Hanedan General Trading to Hong
Kong Company-2.

84.   On or about July 29, 2015, CC-7 sent an email to
CC-5 with the subject: "Re: 50.000,00 USD MAHAN AIR" and
attaching an electronic copy of a wire transfer record
reflecting a transfer in the amount of approximately $49,950.00
from Hanedan General Trading to Hong Kong Company-2, and
identifying the intermediary bank for the transfer as U.S.
Bank-1 in "New York, NY USA."

### STATUTORY ALLEGATIONS

### COUNT ONE

### (Conspiracy to Defraud the United States)

The Grand Jury charges:

85.   The allegations contained in paragraphs 1 through 84 of this Indictment are repeated and realleged as if fully set forth herein.

86.   From at least in or about 2010, up to and including in or about 2015, in the Southern District of New York, Turkey, the United Arab Emirates, and elsewhere, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to defraud the United States and an agency thereof, to wit, to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury in the enforcement of economic sanctions laws and regulations administered by that agency.

41

### Overt Acts

87.   In furtherance of the conspiracy and to effect the illegal object thereof, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, and others committed the overt acts set forth in paragraphs 33 to 84 of this Indictment, among others, which are fully incorporated by reference herein.

(Title 18, United States Code, Section 371.)

### COUNT TWO

### (Conspiracy to Violate the

### International Emergency Economic Powers Act)

The Grand Jury further charges:

88.   The allegations contained in paragraphs 1 through 84 of this Indictment are repeated and realleged as if fully set forth herein.

89.   From at least in or about 2010, up to and including in or about 2015, in the Southern District of New York, Turkey, the United Arab Emirates, and elsewhere, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH

42

HAPPANI, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd,"

CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN

NAJAFZADEH, the defendants, and others known and unknown,

knowingly and willfully did combine, conspire, confederate, and

agree together and with each other to violate, and to cause a

violation of, licenses, orders, regulations, and prohibitions

issued under the International Emergency Economic Powers Act.

90.  It was a part and an object of the conspiracy

that REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA,

MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, LEVENT

BALKAN, ABDULLAH HAPPANI, MOHAMMAD ZARRAB, a/k/a "Can Sarraf,"

a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy,"

and HOSSEIN NAJAFZADEH, the defendants, and others known and

unknown, would and did provide and cause others to provide

financial services to Iran and to the Government of Iran

prohibited by U.S. law, without first obtaining the required

approval of OFAC, and to evade and avoid the requirements of

U.S. law with respect to the provision of financial services to

Iran and to the Government of Iran, in violation of Executive

Orders 12959, 13059, 13224, 13599, 13622, and 13645 and 31

C.F.R. §§ 560.203, 560.204, 560.205, 561.203, 561.204, and

561.205.

(Title 50, United States Code, Section 1705;

43

Executive Orders 12959, 13059, 13224, 13599, 13622, and 13645; Title 31, Code of Federal Regulations, Sections 560.203, 560.204, 560.205, 561.203, 561.204 & 561.205.)

### COUNT THREE

### (Bank Fraud)

The Grand Jury further charges:

91.   The allegations contained in paragraphs 1 through 84 of this Indictment are repeated and realleged as if fully set forth herein.

92.   From at least in or about 2010, up to and including in or about 2015, in the Southern District of New York, Turkey, the United Arab Emirates, and elsewhere, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, and others known and unknown, did knowingly execute and attempt to execute a scheme or artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of such financial institution, by means of false and fraudulent pretenses, representations, and promises, and aided and abetted

44

the same, to wit, inducing U.S. financial institutions to

conduct financial transactions on behalf of and for the benefit

of the Government of Iran and Iranian entities and persons using

money and property owned by and under the custody and control of

such financial institutions, by deceptive means.

(Title 18, United States Code, Sections 1344 & 2.)

### COUNT FOUR

### (Conspiracy to Commit Bank Fraud)

The Grand Jury further charges:

93.  The allegations contained in paragraphs 1 through

84 of this Indictment are repeated and realleged as if fully set

forth herein.

94.  From at least in or about 2010, up to and

including in or about 2015, in the Southern District of New

York, Turkey, the United Arab Emirates, and elsewhere, REZA

ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER

CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH

HAPPANI, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd,"

CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN

NAJAFZADEH, the defendants, and others known and unknown, and

others known and unknown, knowingly and willfully did combine,

conspire, confederate, and agree together and with each other to

commit bank fraud, in violation of Title 18, United States Code, Section 1344.

95.    It was a part and an object of the conspiracy that REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, and others known and unknown, would and did knowingly execute and attempt to execute a scheme or artifice to defraud a financial institution, the deposits of which were then insured by the FDIC, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## COUNT FIVE

### (Money Laundering)

The Grand Jury further charges:

96.    The allegations contained in paragraphs 1 through 84 of this Indictment are repeated and realleged as if fully set forth herein.

46

97.   From at least in or about 2010, up to and
including in or about 2015, in the Southern District of New
York, Turkey, the United Arab Emirates, and elsewhere, REZA
ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER
CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH
HAPPANI, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd,"
CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN
NAJAFZADEH, the defendants, and others known and unknown,
together with others known and unknown, in an offense involving
and affecting interstate and foreign commerce, did knowingly
transport, transmit, and transfer, and attempt to transport,
transmit, and transfer, monetary instruments and funds to places
in the United States from and through places outside the United
States, in amounts exceeding $10,000, and aided and abetted the
same, with the intent to promote the carrying on of specified
unlawful activity, to wit, (i) the illegal export of services to
Iran as charged in Count Two of this Indictment, (ii) bank fraud
as charged in Counts Three and Four of this Indictment, and
(iii) an offense against a foreign nation involving bribery of a
public official.

(Title 18, United States Code, Sections 1956(a)(2)(A) & 2.)

47

## COUNT SIX

### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

98. The allegations contained in paragraphs 1 through 84 of this Indictment are repeated and realleged as if fully set forth herein.

99. From at least in or about 2010, up to and including in or about 2015, in the Southern District of New York, Turkey, the United Arab Emirates, and elsewhere, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, and others known and unknown, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

100. It was a part and an object of the conspiracy that REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy,"

and HOSSEIN NAJAFZADEH, the defendants, and others known and
unknown, in an offense involving and affecting interstate and
foreign commerce, would and did transport, transmit, and
transfer, and attempt to transport, transmit, and transfer,
monetary instruments and funds to places in the United States
from and through places outside the United States, in amounts
exceeding $10,000, with the intent to promote the carrying on of
specified unlawful activity, to wit, (i) the illegal export of
services to Iran as charged in Count Two of this Indictment,
(ii) bank fraud as charged in Counts Three and Four of this
Indictment, and (iii) an offense against a foreign nation
involving bribery of a public official, in violation of Section
1956(a)(2)(A) of Title 18, United States Code.

(Title 18, United States Code, Section 1956(h).)

### FORFEITURE ALLEGATION

#### (Counts Two, Three, and Four)

101. As a result of committing the offenses alleged in
Counts Two, Three, and Four of this Indictment, REZA ZARRAB,
a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER CAGLAYAN,
a/k/a "Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI,
MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA
JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the
defendants, shall forfeit to the United States, pursuant to

Title 18, United States Code, Section 981(a)(1)(C) and Title 28,
United States Code, Section 2461, all property, real and
personal, that constitutes or is derived from proceeds traceable
to the commission of the offenses alleged in Counts Two, Three,
and Four of this Indictment, including but not limited to a sum
of money representing the amount of proceeds obtained as a
result of the offenses.

### Substitute Assets Provision

102. If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

    a)    cannot be located upon the exercise of due
          diligence;

    b)    has been transferred or sold to, or
          deposited with, a third person;

    c)    has been placed beyond the jurisdiction of
          the court;

    d)    has been substantially diminished in value;
          or

    e)    has been commingled with other property
          which cannot be subdivided without
          difficulty;

it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any
other property of said defendants up to the value of the above
forfeitable property.

50



## FORFEITURE ALLEGATION

### (Counts Five and Six)

103. As a result of committing the money laundering offenses alleged in Counts Five and Six of this Indictment, REZA ZARRAB, a/k/a "Riza Sarraf," MEHMET HAKAN ATILLA, MEHMET ZAFER CAGLAYAN, a/k/a "Abi," SULEYMAN ASLAN, LEVENT BALKAN, ABDULLAH HAPPANI, MOHAMMAD ZARRAB, a/k/a "Can Sarraf," a/k/a "Kartalmsd," CAMELIA JAMSHIDY, a/k/a "Kamelia Jamshidy," and HOSSEIN NAJAFZADEH, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offenses and all property traceable to such property, including but not limited to, a sum of money representing the amount of property that was involved in the money laundering offenses or is traceable to such property.

### Substitute Assets Provision

104. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a)   cannot be located upon the exercise of due
         diligence;

    b)   has been transferred or sold to, or
         deposited with, a third person;

    c)   has been placed beyond the jurisdiction of
         the court;

    d)  has been substantially diminished in value; or

    e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 981, 982;
     Title 21, United States Code, Section 853;
     Title 28, United States Code, Section 2461.)

_David N. Fulton_____
Foreperson

_Joon H. Kim_____
JOON H. KIM
Acting United States Attorney

52

Form No. USA-33s-274 (Ed. 9-25-58)

---

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

REZA ZARRAB, a/k/a "Riza Sarraf,"
MEHMET HAKAN ATILLA,
MEHMET ZAFER CAGLAYAN, a/k/a "Abi,"
SULEYMAN ASLAN,
LEVENT BALKAN,
MOHAMMAD ZARRAB, a/k/a "Can Sarraf,"
a/k/a "Kartalmsd,"
CAMELIA JAMSHIDY, a/k/a "Kamelia
Jamshidy," and
HOSSEIN NAJAFZADEH,

Defendants.

---

### SUPERSEDING INDICTMENT

S4 15 Cr. 867 (RMB)

(18 U.S.C. § 371; 50 U.S.C. § 1705; 31
C.F.R. §§ 560.203, 560.205, 561.203,
561.204, 561.205; 18 U.S.C. §§ 1349,
1956, & 2.)

JOON H. KIM
Acting United States Attorney.

**A TRUE BILL**

*David R. Dutton*

Foreperson.

---

9/6/17     Filed Indictment          USMJ Parker          MP
           Arrest Warrants ordered